| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter __11__ |
| ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 85-3481247 |

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | 6606 W. Broad Street<br>Richmond, VA 23230<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Richmond City<br>County | **Location of principal assets, if different from principal place of business**<br>1796 Lee Highway Cloverdale, VA 24077<br>Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | https://www.agway.com/ |
|---|---|---|
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company**    Case number (*if known*) _____
     Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__4249__

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. Check **all** that apply:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

---

Debtor **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company**　　　　　　　　　Case number (*if known*)
Name

Debtor **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company**  Case number (*if known*)
Name

**11. Why is the case filed in *this district*?**

Check all that apply:

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July  5, 2022**
MM / DD / YYYY

X  **/s/ Jay Quickel**                     **Jay Quickel**
Signature of authorized representative of debtor        Printed name

Title  **President & CEO**

**18. Signature of attorney**

X  **/s/ Jeffrey R. Waxman**         Date  **July  5, 2022**
Signature of attorney for debtor                MM / DD / YYYY

**Jeffrey R. Waxman**
Printed name

**Morris James LLP**
Firm name

**500 Delaware Avenue
Suite 1500
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-888-6800**    Email address  **jwaxman@morrisjames.com**

**4159 DE**
Bar number and State

ACTION BY WRITTEN CONSENT
OF THE MANAGER AND THE SOLE MEMBER
OF
**AGWAY FARM & HOME SUPPLY, LLC**,
a Delaware limited liability company

The undersigned, being the Manager and the sole Member of AGWAY FARM & HOME SUPPLY, LLC, a Delaware limited liability company (the "Company"), and pursuant to the laws of the State of Delaware and the Operating Agreement of the Company, do hereby take the following actions by their unanimous written consent:

**OFFICER AUTHORIZATION/DESIGNATION -- CLO**

WHEREAS, the Manager, pursuant to Section 11 Officers of the Operating Agreement, may do whatever is advisable, necessary and proper, including the election and designation of officers, and may delegate to such officers such authority and duties as the Manager may deem advisable, including assigning titles to any such officer.

WHEREAS, the Manager deems it necessary and advisable to establish, elect, authorize and designate the office of Chief Liquidating Officer ("CLO") to and for the Company in order to assist with operations for the purposes of providing business advice and consultation to the Company, with any such CLO acting pursuant to such delegated authority and Section 11 of the Operating Agreement of the Company until such officer is removed by the Manager;

WHEREAS, the creation and establishment of the officer position of Chief Liquidating Officer ("CLO") was considered to be in the best interests of the Company and its Member, and is thereby approved;

NOW, THEREFORE, BE IT RESOLVED that the position of Chief Liquidating Officer ("CLO") is hereby created, established, authorized, elected and designated as an office of the Company with the authority and duties as the Manager may deem advisable.

RESOLVED FURTHER that the CLO may act pursuant to such delegated authority until he/she/it is removed by the Manager.

**CLO APPOINTMENT**

WHEREAS, the Company has experienced financial hardship and default of certain of its debt related to certain debt obligations;

WHEREAS, a proposal has been made to the Manager and the sole Member to elect and/or appoint a qualified individual or company as Chief Liquidating Officer ("CLO") for the purposes of providing business advice and consultation to the Company, including, evaluation of its financial position and development of a winddown plan;

WHEREAS, the Company has received and reviewed that certain CLO engagement letter from ABC Services Group, Inc., dated June 29, 2022 (the "CLO Engagement") outlining its available CLO business advice services to the Company and the retainer and fees required for those services (collectively the "Engagement Documents");

WHEREAS, on June 29, 2022, the Company executed the Engagement Documents, pending ratification by the Manager;

WHEREAS, after due deliberation, these proposals are considered to be in the best interests of the Company and its Member and are thereby approved;

NOW, THEREFORE, BE IT RESOLVED, that ABC Services Group, Inc. is hereby elected and appointed CLO (Chief Liquidating Officer) for the Company pursuant to the terms of that certain engagement letter from the ABC Services Group, Inc. dated June 29, 2022 (the "CLO Engagement") under which it will provide business advice and consultation to the Company, including as to the orderly winddown of the Company, and the Company will provide an indemnification to ABC Services Group, Inc. from and against any and all claims resulting from or arising out of the engagement, with the CLO reporting directly to Manager.

RESOLVED FURTHER, that the Company and its Manager and officers are authorized to (i) execute the CLO Engagement, (ii) reimburse expenses to ABC Services Group, Inc. required thereunder, (iii) pay the initial retainer and all additional sums due thereunder, (iv) indemnify ABC Services Group Inc. from and against any and all claims resulting or arising from the CLO Engagement, and (v) enter into and execute certain instruments and documents as referenced, related and/or ancillary thereto and to take all such further actions as may be necessary to carry out the purpose and intent of the foregoing resolutions.

RESOLVED FURTHER, that any act or acts of any person or persons designated and authorized to act by the Manager of the Company, which acts would have been authorized by the foregoing resolutions, except that such acts were taken prior to the adoption of such resolutions, be, and they hereby are, severally ratified, confirmed, approved and adopted in all respects as acts in the name and on behalf of this Company.

### CHAPTER 11 FILING

WHEREAS, in order to streamline the winddown process, a proposal has been made to the Manager and the sole Member of the Company to, among other things, (a) prepare, authorize, and direct a process to be commenced by the Company under Title 11 of the U.S. Code (the "Bankruptcy Code"), the Canadian Bankruptcy and Insolvency Act, or any similar or alternative insolvency-related options or regimes (a "Bankruptcy Proceeding"), (b) authorize and direct the Company's retention of professionals, (c) select and authorize the Company to negotiate, finalize, consummate, and otherwise proceed with transactions to be consummated through a Bankruptcy Proceeding, and (d) approve and authorize decisions impacting the employment or retention of the Company's employees, agents, contractors, and representatives;

WHEREAS, after due consideration taking into account the information available to it at this time, and after consultation with the Company's management, legal, financial, and other advisors, and in the exercise of their reasonable business judgment, the Manager and the sole Member have determined that it is in the best interests of the Company, its stakeholders, and its creditors to commence a Bankruptcy Proceeding or Proceedings on behalf of the Company and undertake any other actions herein required or approved; and

NOW, THEREFORE, BE IT RESOLVED, that the Manager and the sole Member has declared, and hereby do declare, that it is in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code.

FURTHER RESOLVED, that the Company shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing.

### RETENTION OF PROFESSIONALS & CLAIMS/NOTICING AGENT

RESOLVED FURTHER, that the engagement by the Company of (a) Shulman Bastian Friedman & Bui LLP as general counsel, (b) Morris James LLP as local Delaware counsel, (c) ABC Services Group, Inc., or designee as CLO, (d) Focus Management Group as financial advisor and (e) Stretto as official claims and

noticing agent, including full responsibility for the distribution of notices and maintenance, processing and docketing of proofs of claims filed in the bankruptcy case to be filed, is hereby ratified, adopted and approved in all respects.

FURTHER RESOLVED, that Shulman Bastian Friedman & Bui LLP, Morris James LLP, and any additional co-counsel or special counsel selected by the Company, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and/or debtor in possession, in connection with any Chapter 11 Case commenced by or against it under the Bankruptcy Code.

### ADDITIONAL RESOLUTIONS

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by the Manager, sole Member or officers of the Company or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

FURTHER RESOLVED, that any and all actions and transactions by the Manager, sole Member or any officer for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes.

FURTHER RESOLVED, that the Manager of the Company is authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Manager of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company.

FURTHER RESOLVED, that the Manager or any officer of the Company shall, upon action by the Manager and the sole Member, be authorized, directed and empowered, in the name and on behalf of the Company, as debtor and/or debtor in possession, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any proper Manager or officer of the Company may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, as may be deemed necessary, desirable or appropriate.

IN WITNESS WHEREOF, the undersigned, being the Manager and the sole Member of the Company, have executed this action and adopted these resolutions by their written consent, evidenced by their signatures herein below, or on one or more counterparts of this action which, taken together shall constitute one action, and which may be delivered by facsimile, email or other

internet transmission of .pdf, .jpg, .tiff, or other image files or other signature mechanism. This action and such resolutions shall become effective as of and on July 5, 2022.

**MANAGER**:

By: *Lance Miller*
Name: Lance E. Miller

**SOLE MEMBER**:

AGWAY HOLDINGS, LLC, a Delaware limited liability company

By: *Lance Miller*
Name: Lance E. Miller
Its: Class A Manager

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Hub Group Trucking, Inc. PO Box 532083 Atlanta, GA 30353-2083 | GDeMartino@hubgroup.com 480-940-8800 | Transportation Services | Disputed | | | $2,160,816.85 |
| Tarter Farm & Ranch Equipment PO Box 10 Dunnville, KY 42528 | Kelly.Sanders@tarterusa.com 606-787-3535 | Trade debt | | | | $1,499,575.76 |
| Animal Health International, Inc. PO Box 561305 Denver, CO 80256 | SSCOOP-CS@ANIMALHEALTHINTERNATIONAL.COM 717-626-5660 | Trade debt | | | | $1,370,205.83 |
| Phillips Feed & Pet Supply 747 Hecktown Rd Easton, PA 18045 | none@none.com 314-952-0460 | Trade debt | | | | $1,237,562.09 |
| Cargill Salt Division PO Box 751992 Charlotte, NC 28275-1992 | jessica_fonseca@cargill.com 800-513-1098 | Trade debt | | | | $1,222,548.12 |
| American Wood Fibers, Inc. 9740 Patuxent Woods Dr. Columbia, MD 21046 | UMilinovich@AWF.com 800-624-9663 | Trade debt | | | | $1,073,075.95 |
| Cargill Animal Nutrition PO Box 74008099 Chicago, IL 60674-8099 | St_Marys_Orders@cargill.com 800-513-1098 | Trade debt | | | | $969,175.10 |
| Bekaert Corporation P.O. Box 101280 Atlanta, GA 30392 | Rachel.Allen@bekaert.com 800-214-4126 | Trade debt | | | | $848,872.28 |

Debtor **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim <br> If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Oldcastle OSP Lime & Rock<br>PO Box 281479<br>Atlanta, GA 30384-1479 | LGNEorders@oldcastle.com<br>207-998-5580 | Trade debt | | | | $614,660.97 |
| Vaporizor LLC<br>PO BOX 536192<br>Pittsburgh, PA 15253-5903 | | Trade debt | | | | $513,578.05 |
| Wildlife Sciences, LLC<br>11400K Tel Dr Ste A<br>Hopkins, MN 55343 | colton.gleason@wildlifesciences.net<br>952-238-1111 | Trade debt | | | | $489,529.40 |
| Sun Gro Horticulture<br>28793 Network Place<br>Chicago, IL 60674-8099 | ORDERS@SUNGRO.COM<br>704-782-6999 | Trade debt | | | | $461,635.90 |
| Capital Forest Products, Inc.<br>PO Box 536696<br>Pittsburgh, PA 15253 | chebert@capitalforest.com<br>781-718-4982 | Trade debt | | | | $448,000.37 |
| Woodgrain Millwork, Inc.<br>PO Box 202637<br>Dallas, TX 75320 | rhullette@woodgrain.com<br>704-689-1515 | Trade debt | | | | $407,441.55 |
| Espoma Company<br>6 Espoma Road<br>Millville, NJ 08332 | dmountford@espoma.com<br>856-825-0542 | Trade debt | | | | $390,674.89 |
| C M C Steel<br>Dept 1030<br>Atlanta, GA 30374-2438 | michael.swanson@cmc.com | Trade debt | | | | $382,715.79 |
| Madison Wood Preserves<br>216 Oak Park Rd<br>Madison, VA 22727 | CMILLER@MADWOOD.COM<br>803-361-0945 | Trade debt | | | | $372,795.02 |
| RSM, LLC<br>5155 Paysphere Circle<br>Chicago, IL 60674 | Bob.Jacobson@rsmus.com<br>410-246-9300 | Software Developer | Disputed | | | $363,130.49 |
| The Scotts Company-Lebanon Ct<br>PO BOX 93211<br>Chicago, IL 60673-3221 | | | | | | $361,755.79 |

| Debtor | **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company** | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Sunshine Mills, Inc.<br>PO Box 2153<br>Birmingham, AL 35287 | ARICHARDSON@SUNSHINEMILLS.COM<br>256-356-9541 | Trade debt | | | | $358,766.87 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. _____ |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**
_____

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for Agway Farm & Home Supply, LLC, a Delaware corp in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

| Name | Interest |
|---|---|
| Agway Holdings, LLC., a Delaware limited liability company | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: <br><br> AGWAY FARM & HOME SUPPLY, LLC., <br><br> Debtor. | Chapter 11 <br><br> Case No. _____ |

**LIST OF EQUITY SECURITY HOLDERS**
_____

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Agway Holdings, LLC., a Delaware limited liability Company | | 100% | Member |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration   **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 5, 2022**     X **/s/ Jay Quickel**
Signature of individual signing on behalf of debtor

**Jay Quickel**
Printed name

**President & CEO**
Position or relationship to debtor