# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: <br><br> AGWAY FARM & HOME SUPPLY, LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-10602 (JTD) |

**MOTION PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR, (II) DETERMINING THAT THE UTILITY COMPANIES ARE ADEQUATELY ASSURED OF POSTPETITION PAYMENT AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by its undersigned counsel, hereby moves (the "Motion") the Court for the entry of interim and final orders, the proposed form of which are attached hereto, pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), (i) prohibiting utility service providers from altering, refusing or discontinuing services to, or discriminating against, the Debtor as a result of the commencement of this case or on account of prepetition invoices, (ii) approving the Debtor's proposed form of adequate assurance, establishing procedures for resolving adequate assurance objections by utility providers, and (iii) scheduling a final hearing to consider the relief requested herein on a final basis (the "Final Hearing"). In support of this Motion, the Debtor relies on the *Declaration of Jay Quickel in Support of First Day Motions* (the "First Day Declaration"). In further support of this Motion, the Debtor submits as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

13688399.v1

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

**BACKGROUND**

3. On July 5, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No creditors' committee has been appointed in this case.

5. A full description of the Debtor's business operations, corporate structure, capital structure, and reasons for commencing this case is set forth in the First Day Declaration, which was filed contemporaneously with this Motion and which is incorporated herein by reference. Additional facts in support of the specific relief sought are set forth herein.

**RELIEF REQUESTED**

6. Utility services—power, water, cable, internet, and other similar utility services (collectively the "Utility Services")—are essential to the ability of the Debtor to sustain its operations while its chapter 11 case is pending and, therefore, to the success of the Debtor's liquidation process. Any interruption of the Utility Services, even for a brief period, would severely disrupt the Debtor's business operations and would be extremely harmful to its

customer relationships, revenues, profits, and ultimately its ability to maximize the recovery for its creditors. It is therefore critical that all Utility Services continue to be provided to the Debtor on an uninterrupted basis.

7. By this Motion, the Debtor seeks entry of interim and final orders, the proposed form of which are attached hereto: (i) prohibiting the Utility Companies (as defined below) from altering, refusing or discontinuing services to, or discriminating against, the Debtor as a result of the commencement of this case or on account of prepetition invoices; (ii) approving the Debtor's proposed form of adequate assurance; (iii) establishing procedures for resolving adequate assurance objections by the Utility Companies; and (iv) scheduling the Final Hearing.

**A.    The Utility Companies and Services Provided**

8. In the normal course of its business, the Debtor obtains Utility Services provided by a number of entities (each a "Utility Company" and collectively, the "Utility Companies"), including those identified in the nonexclusive list attached hereto as **Exhibit A** (the "Utilities List").[2] The Utility Companies do not include parties that are obligated to provide services to the Debtor pursuant to the terms of a contract.

9. The Debtor pays the Utility Companies, on average, approximately $44,198.00 per month for services rendered. To the best of its knowledge, prior to the commencement of this case, the Debtor was current with respect to undisputed invoices for Utility Services.

---

[2] For each Utility Company, Exhibit A identifies: (a) the name and address of the Utility Company; (b) the service provided; (c) the account number under which the Utility Company provides the service; and (d) the average amount due to each Utility Company per month. The inclusion of any entity on, as well as any omission of any entity from, Exhibit A is not an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights with respect thereto. In addition, the Debtor is requesting that this Motion apply to all of the Debtor's Utility Companies, whether or not such Utility Company is included on Exhibit A. The Debtor has proposed a procedure for supplementing the list of Utility Companies on Exhibit A.

**B.     The Proposed Adequate Assurance**

9.      Based upon cash flow from operations, the Debtor expects to have ample liquidity to pay timely all postpetition obligations owed to the Utility Companies.

10.     However, to provide adequate assurance to the Utility Companies as required under section 366(c) of the Bankruptcy Code, the Debtor proposes to deposit on account of each Utility Company listed on the Utilities List (as may be amended) an amount equal to the value of two (2) weeks of Utility Services provided by the Utility Company, based upon the Debtor's estimated average monthly bill as set forth in Exhibit A (each an "Adequate Assurance Deposit" and collectively, the "Adequate Assurance Deposits").  The Debtor respectfully submits that the Adequate Assurance Deposits, together with the Debtor's ability to pay for postpetition Utility Services in the ordinary course of business, constitutes sufficient adequate assurance to the Utility Companies.

**C.     Additional Adequate Assurance Procedures**

11.     In light of the severe consequences to the Debtor that would result from any interruption in Utility Services, but recognizing the right of the Utility Companies to evaluate the Adequate Assurance Deposits on a case-by-case basis, the Debtor proposes that the Court approve and adopt the following procedures (the "Adequate Assurance Procedures"):

    (a)     The Debtor will serve a copy of this Motion and the order approving this Motion on each Utility Company included in the Utilities List within three business days after entry of the interim order by the Court.

    (b)     The Debtor will deposit into a Region 3 UDA account on account of each Utility Company included in the Utilities List (as may be amended) its respective Adequate Assurance Deposit within 10 business days of entry of the order granting this Motion.  The total aggregate deposit shall be $25,000.00.

    (c)     Any Company that is not satisfied with its Adequate Assurance Deposit must serve a request for additional adequate assurance (the

13688399.v1

"Additional Adequate Assurance Request") upon: (a) Agway Farm & Home Supply, LLC, 6606 W. Broad Street, Richmond, VA 23230; and (b) proposed counsel to the Debtor: Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Jeffrey Waxman jwaxman@morris.james.com and Brya M. Keilson bkeilson@morris.james.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive; Suite 600 Irvine, CA 92618, Attn: Alan Friedman afriedman@shulmanbastian.com, Melissa Davis Lowe, mlowe@shulmanbastian.com and Max Casal, mcasal@shulmanbastian.com.

(d) Any Additional Adequate Assurance Request must (a) be in writing; (b) set forth the locations for which Utility Services are provided; (c) identify why the Utility Company believes its Adequate Assurance Deposit is insufficient; (d) set forth what the Utility Company would accept as satisfactory adequate assurance of payment; and (e) provide an address, telephone number, and e-mail address for a Utility Company representative to whom the Debtor may respond.

(e) Upon the Debtor's receipt of any Additional Adequate Assurance Request, the Debtor shall promptly negotiate with the Utility Company to resolve the request (the "Resolution Period").

(f) Without further order of the Court, the Debtor is authorized, but not directed, to enter into agreements granting additional adequate assurance to a Utility Company that served an Additional Adequate Assurance Request, if the Debtor, in its business judgment, determines that additional adequate assurance is necessary and such additional adequate assurance is reasonable.

(g) If the Debtor determines that the Additional Adequate Assurance Request is not necessary or reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the matter will be set for hearing at the next scheduled omnibus hearing date.

(h) Pending an alternative resolution, the Utility Company submitting such Additional Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the commencement of this case, or on account of any objections to its Adequate Assurance Deposit.

(i) The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that does not make an Additional Adequate Assurance Request.

      (j)      To the extent that additional Utility Companies are identified by the Debtor, the Debtor shall file an amendment to the Utilities List and shall serve copies of this Motion and all orders approving this Motion on such newly identified Utility Companies. Any Utility Company subsequently added to the Utilities List must comply with these Adequate Assurance Procedures. If a newly identified Utility Company believes its Adequate Assurance Deposit is insufficient, it must make an Additional Adequate Assurance Request, in accordance with these Adequate Assurance Procedures, any orders approving this Motion, and the amended Utilities List.

      (k)      All Adequate Assurance Deposits shall be released from deposit by the Debtor by no later than the earlier of five business days following the date upon which (a) a Chapter 11 plan is confirmed in this case or this case is dismissed, or (b) the Debtor provides notice to the Utility Companies that services provided to the Debtor by such Utility Company are no longer needed. Any such deposit will be released in accordance with applicable non-bankruptcy law.

12. The Debtor proposes that, subject to compliance with the Adequate Assurance Procedures outlined above, the Utility Companies shall be prohibited from altering, refusing, or discontinuing service, or discriminating against the Debtor as a result of the commencement of this case, unpaid prepetition invoices, or the Debtor's failure to provide additional adequate assurance of payment other than the Adequate Assurance Deposit, unless a final order of the Court is entered directing otherwise or the Debtor, in its business judgment, determines that additional adequate assurance is necessary and such additional adequate assurance is reasonable following an Additional Adequate Assurance Request.

13. The Debtor submits that the proposed Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for postpetition utility services in the ordinary course of business, constitutes sufficient adequate assurance to the Utility Companies.

**D.      Final Hearing Date**

14.     Pursuant to section 366(c)(2) of the Bankruptcy Code, in chapter 11 cases, a utility may alter, refuse or discontinue a debtor's utility service "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).  Based on the 30-day period established by section 366(c)(2), the Debtor requests that the Court schedule the Final Hearing no more than 25 days after the Petition Date so that it will be able to rule on the amount of adequate assurance to be provided to any objecting Utility Company.

## BASIS FOR THE RELIEF REQUESTED

15.     Section 366(a) of the Bankruptcy Code prevents utility companies from discontinuing, altering or refusing service to a debtor during the first twenty (20) days of a bankruptcy case. 11 U.S.C. § 366(a). A utility company, however, has the option of terminating its services thirty (30) days from the petition date pursuant to section 366(c)(2) of the Bankruptcy Code if a debtor has not furnished adequate assurance of payment. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, prepayment for utility service) while excluding from the definition certain other forms of security (e.g., administrative expense priority for a utility's claim).  11 U.S.C. § 366(c)(1).  In addition, section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts (e.g., a debtor's prepetition history of making timely payments to a utility) in making a determination of whether a utility has received adequate assurance of payment.  11 U.S.C. § 366 (c)(3)(B).

16.     While section 366(c) of the Bankruptcy Code clarifies what does and does not

constitute "assurance of payment" and what can be considered in determining whether such

assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what *amount*, if any, is necessary to provide adequate assurance of payment to a utility company. 11 U.S.C. § 366(c)(3)(A). Indeed, section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment," but explicitly empowers the Court to determine the appropriate level of adequate assurance required in each case. *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment").

17. Thus, there is nothing within section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure postpetition payment to a utility company is nominal, or even zero. Prior to the enactment of section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to section 366(b) of the Bankruptcy Code, and frequently did so. *See Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

18. Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." Courts construing section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc.-N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996)

(holding that section 366(b) requires a bankruptcy court "to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Virginia Elec. & Power Co.*, 117 F.3d at 646; *Steinebach v. Tucson Elec. & Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance. . . . all § 366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); *In re Adelphia Bus. Solutions. Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").[3] Therefore, despite its language allowing a utility to take adverse action against the debtor should the debtor fail to provide adequate assurance of postpetition payment "satisfactory to the utility," section 366 of the Bankruptcy Code does not require that the assurance provided be "satisfactory" once a party seeks to have the Court determine the amount of assurance that is "adequate."

19.     Given the foregoing, the Debtor submits that the proposed Adequate Assurance Deposits for the Utility Companies fully satisfy the requirements of section 366 of the Bankruptcy Code. Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtor proposes to reserve on account of the Utility Companies significant cash deposits. Furthermore, the Debtor anticipates having sufficient resources to

---

[3] Courts have recognized that "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and to require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'" Caldor, 117 F.3d at 650 (emphasis in original) (quoting Penn Jersey, 72 B.R. at 985).

pay, and intends to pay, all valid postpetition obligations for Utility Services in a timely manner. In addition, the Debtor has a powerful incentive to stay current on its utility obligations because of its reliance on Utility Services for the operation of its business. These factors significantly alleviate—if not eliminate—any honest concern of non-payment on the part of the Utility Companies, and is thus clearly "adequate" within the ambit of section 366 of the Bankruptcy Code.

20. Relief similar to that requested in this Motion has been granted in other chapter 11 cases in this District. *See, e.g., In re A123 Sys. Inc.*, Case No. 12-12859 (KJC) (Bankr. D. Del. Nov. 8, 2012); *In re Ritz Camera & Image, LLC*, Case No. 12-11868 (KG) (Bankr. D. Del. July 17, 2012); *In re NSA (USA) Liquidating Corp.*, Case No. 12-11817 (MFW) (Bankr. D. Del. July 3, 2012); *In re WP Steel Venture LLC*, Case No. 12-11661 (KJC) (Bankr. D. Del. June 18, 2012); *In re Capitol Infrastructure, LLC*, Case No. 12-11362 (KG) (Bankr. D. Del. May 15, 2012); In re *Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (KG) (Bankr. D. Del. Feb. 18, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (KG) (Bankr. D. Del. Dec. 10, 2010); *In re OTC Holdings Corp.*, Case No. 10-12636 (BLS) (Bankr. D. Del. Sept. 17, 2010); *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW) (Bankr. D. Del. July 13, 2010); *In re MiddleBrook Pharmaceuticals, Inc.*, Case No. 10-11485 (MFW) (Bankr. D. Del. June 3, 2010); *In re Atrium Corp.*, Case No. 10-10150 (BLS) (Bankr. D. Del. Feb. 25, 2010), *In re Sugarfina, Inc.,* No. 19-11973 (KBO) (Bank. D. Del. Sept. 6, 2019), and *In re Lear Capital Inc.*, No. 22-10165 (BLS) (Bank. D. Del. March 2, 2022).

21. The proposed relief requested in this Motion is necessary in this chapter 11 case. If the Motion is not approved, the Debtor could be forced to address requests by its Utility Companies in a disorganized manner during the critical first weeks of this case. Moreover, the

Debtor could be blindsided by a Utility Company unilaterally deciding on or after the 30th day following the Petition Date that it is not adequately protected and subsequently discontinuing service or making an exorbitant demand for payment to continue service.  Discontinuation of Utility Services could potentially shut down operations, and any significant disruption of operations could put this chapter 11 case in jeopardy.

## BANKRUPTCY RULE 6003

22. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm. The Debtor respectfully submits that the facts described herein demonstrate that the relief requested is necessary to avoid immediate and irreparable harm to business operations and the value of this estate.  Bankruptcy Rule 6003 is therefore satisfied.

## BANKRUPTCY RULES 6004(A) AND (H)

23. To successfully implement the relief requested in this Motion, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

24. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Utility Companies; (c) the top 20 list of creditors; and (d) counsel to any statutory committee appointed in this case.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR

9013-l(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter interim and final orders substantially in the forms annexed hereto as **Exhibit B** and **Exhibit C** granting the relief requested herein, and (b) grant to the Debtor such other and further relief as the Court may deem proper.

*[Signature Page to Follow]*

13688399.v1

| | |
|---|---|
| Dated: July 5, 2022<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (DE Bar No. 4152)<br>Brya M. Keilson (DE Bar No. 4643)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com<br>E-mail: bkeilson@morrisjames.com<br><br>and<br><br>**SHULMAN BASTIAN FRIEDMAN & BUI LLP**<br>Alan J. Friedman (CA Bar No. 132580)<br>Melissa Davis Lowe (CA Bar No. 245521)<br>Max Casal (CA Bar No. 342716)<br>100 Spectrum Center Drive; Suite 600<br>Irvine, CA 92618<br>Telephone: (949) 427-1654<br>Facsimile: (949) 340-3000<br>E-mail: afriedman@shulmanbastian.com<br>E-mail: mlowe@shulmanbastian.com<br>E-mail: mcasal@shulmanbastian.com<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* |

13688399.v1