# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JTD) |
| Debtor. | **Re: Docket No. ___** |

**INTERIM ORDER GRANTING MOTION PURSUANT TO SECTIONS 105 AND 366 OF THE BANKRUPTCY CODE FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR, (II) DETERMINING THAT THE UTILITY COMPANIES ARE ADEQUATELY ASSURED OF POSTPETITION PAYMENT AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for an order (i) prohibiting utility service providers from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of prepetition invoices or as a result of the commencement of this case, (ii) approving the Debtor's Adequate Assurance Deposits, as described in the Motion, (iii) establishing procedures for resolving adequate assurance objections by the Utility Companies, and (iv) scheduling a Final Hearing; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003 and as more thoroughly provided in the Motion and the First Day Declaration, (iv) proper and adequate notice of the Motion and the opportunity for a

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

hearing thereon has been given under the particular circumstances and that no other or further notice is necessary, and (v) good and sufficient cause exists for granting of the relief requested in the Motion as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing ("Final Hearing") on the Motion shall be held on **________________, 2022 at _____ __.m. (prevailing Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **_____________, 2022, at 4:00 p.m. (prevailing Eastern Time)**, and shall be served on: (a) the Debtor, 6606 W. Broad Street, Richmond, VA 23230; (b) proposed counsel to the Debtor, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801; Attn: Jeffrey Waxman, JWaxman@morrisjames.com and Brya Keilson, BKeilson@morrisjames.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618; Attn: Alan J. Friedman, AFriedman@shulmanbastian.com, Melissa Davis Lowe, MLowe@shulmanbastian.com and Max Casal, MCasal@shulmanbastian.com; and (c) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov) (collectively, the "Notice Parties"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.

3. Until the Final Hearing, all utilities (as such term is used in section 366 of the Bankruptcy Code), including the Utility Companies, shall not alter, refuse or discontinue service,

or discriminate against the Debtor, on account of any unpaid prepetition charges or as a result of the commencement of this case.

4. The following Adequate Assurance Procedures are approved in their entirety on an interim basis:

(a) The Debtor will serve a copy of the Motion and the order approving the Motion on each Utility Company included in the Utilities List within three (3) business days after entry of the interim order by the Court.

(b) The Debtor will deposit into a Region 3 UDA account on account of each Utility Company included in the Utilities List (as may be amended) its respective Adequate Assurance Deposit within 10 business days of entry of the order granting this Motion. The total aggregate deposit shall be $25,000.00.

(c) Any Company that is not satisfied with its Adequate Assurance Deposit must serve a request for additional adequate assurance (the "Additional Adequate Assurance Request") upon: (a) the Debtor, 6606 W. Broad Street, Richmond, VA 23230); (b) counsel to the Debtor: Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Jeffrey Waxman jwaxman@morris.james.com and Brya M. Keilson bkeilson@morris.james.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive; Suite 600 Irvine, CA 92618, Attn: Alan Friedman afriedman@shulmanbastian.com, Melissa Davis Lowe, mlowe@shulmanbastian.com and Max Casal, MCasal@shulmanbastian.com.

(d) Any Additional Adequate Assurance Request must (a) be in writing; (b) set forth the location(s) for which Utility Services are provided; (c) identify why the Utility Company believes its Adequate Assurance Deposit is insufficient; (d) set forth what the Utility Company would accept as satisfactory adequate assurance of payment; and (e) provide an address, telephone number, and email address for a Utility Company representative to whom the Debtor may respond.

(e) Upon the Debtor's receipt of any Additional Adequate Assurance Request, the Debtor shall promptly negotiate with the Utility Company to resolve the request (the "Resolution Period").

(f) Without further order of the Court, the Debtor is authorized, but not directed, to enter into agreements granting additional adequate assurance to a Utility Company that served an Additional Adequate Assurance Request, if the Debtor, in its business judgment, determines that additional adequate assurance is necessary and such additional adequate assurance is reasonable.

(g) If the Debtor determines that the Additional Adequate Assurance Request is not necessary or reasonable and are not able to reach an alternative resolution with the Utility Company during the Resolution Period, the matter will be set for hearing at the next scheduled omnibus hearing date.

(h) Pending an alternative resolution, the Utility Company submitting such Additional Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the commencement of this case.

(i) The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Company that does not make an Additional Adequate Assurance Request.

(j) To the extent that additional Utility Companies are identified by the Debtor, the Debtor shall file an amendment to the Utilities List and shall serve copies of the Motion and all orders approving the Motion on such newly identified Utility Companies. Any Utility Company subsequently added to the Utilities List must comply with these Adequate Assurance Procedures. If a newly identified Utility Company believes its Adequate Assurance Deposit is insufficient, it must make an Additional Adequate Assurance Request, in accordance with these Adequate Assurance Procedures, any orders approving the Motion, and the amended Utilities List.

(k) All Adequate Assurance Deposits shall be released from deposit by the Debtor by no later than the earlier of five business days following the date upon which (a) a Chapter 11 plan is confirmed in this case or this case is dismissed, or (b) the Debtor provides notice to the Utility Companies that services provided to the Debtor by such Utility Company are no longer needed. Any such deposit will be released in accordance with applicable non-bankruptcy law.

5. Any Utility Company that fails to comply with the Adequate Assurance Procedures is deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code, without further application to, or order of, the Court.

6. Nothing contained herein or the inclusion or omission of any entity on the Utilities List is intended or should be construed as an admission by the Debtor that an entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor’s rights with respect to this issue are hereby reserved.

7. The Debtor is authorized, in its sole discretion, to amend the Utilities List to add or delete any Utility Company, and this Order shall apply to and be binding upon any such Utility Company that is subsequently added to the Utilities List. Any subsequently added Utility Company to the Utilities List must comply with the Adequate Assurance Procedures provided for in this Order.

8. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.