# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JTD) |
| Debtor. | **Re: Docket No.** ___ |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION CLAIMS OF SHIPPERS AND WAREHOUSEMEN; (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS; AND (III) GRANTING RELATED RELIEF**

The matter coming before the Court on the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing the Debtor to Pay Prepetition Claims of Shippers and Warehousemen; (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfer; and (III) Granting Certain Related Relief* (the "Motion");[2] filed by the above-captioned debtor (the "Debtor") for entry of an order (this "Interim Order") (i) authorizing, but not directing, the Debtor to pay certain prepetition claims of shippers and warehousemen, all in the ordinary course of business, (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks and electronic funds transfers related thereto, and (iii) granting related relief, as further described in the Motion; and upon consideration of the First Day Declaration and the record of this Case; and this Court having found that (i) this Court has jurisdiction over the Debtor, its estate, property of its estate and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29,

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined in this Interim Order shall have the meaning ascribed to them in the Motion.

1

13688982.v1

2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. On an interim basis, the Debtor is authorized, but not directed, in its business judgment, to pay in the ordinary course of business undisputed amounts due to Claimants in an amount not to exceed $75,000.00 in the aggregate, unless otherwise set forth in a subsequent order.

3. For any payments that are made to any Claimant on account of prepetition charges, unless otherwise waived by the Debtor, Claimant receiving the payments shall (i) continue to provide services to the Debtor during the pendency of this Case on the terms most favorable to the Debtor that existed in the twelve (12) months before the Petition Date, (ii) release any existing lien or inchoate lien rights that the Shippers and Warehousemen may currently have, and (iii) to the extent applicable, agree to not cancel any contract or agreement pursuant to which such Claimant provides services to the Debtor, on less than the greater of either (a) sixty (60) days' notice; or (b) the notice period required by the respective contract or agreement, and (iii) take whatever action

is necessary to remove any liens in respect of such claim, if any, at such Claimant's sole cost and expense; provided that no such payment shall be deemed to be a waiver of rights regarding the extent, validity, perfection or possible avoidance of any such liens.

4. If any Claimant accepts payment on account of a prepetition obligation of the Debtor and thereafter does not continue to provide goods or services to the Debtor on Customary Trade Terms, or other trade terms agreed upon by the Debtor, the Debtor reserves all rights to assert that such payments made were avoidable postpetition transfers under section 549 of the Bankruptcy Code and recoverable by the Debtor.  In the event that the Debtor recovers any such funds pursuant to the foregoing sentence, the claim of the Claimant as the case may be, shall be reinstated as a prepetition claim in the amount so recovered, less any costs incurred by the Debtor.

5. Upon any refusal by a third party to release Goods being held as security for such party's unsatisfied prepetition claim, the Debtor shall be entitled to seek an expedited hearing on no fewer than five (5) days' notice to compel the release of such property.

6. The Debtor shall maintain a list summarizing (a) the name of each Claimant that received payment on its Claim, (b) the amount paid to each Claimant on account of its Claim, and (c) the goods or services provided by such Claimants.

7. Nothing in this Interim Order shall impair the Debtor's ability to contest, without prejudice, the validity and amounts owing to the Claimants and nothing shall limit the Claimant's rights to assert additional amounts owed.

8. Nothing in this Interim Order shall be deemed to constitute the postpetition assumption of any executory contracts between the Debtor and the Claimants.

9. Notwithstanding the relief granted in this Interim Order and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant

3

to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien against the Debtor, (b) a waiver of the Debtor's rights to subsequently dispute such claim or lien, (c) an undertaking, obligation, or commitment to pay any claims hereunder, or (d) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

10. The authority granted by this Interim Order to pay certain prepetition claims of the Claimants shall not create any obligation on the part of the Debtor or its officers, directors, attorneys or agents to pay such claims.  None of the foregoing persons shall have any liability on account of any decision by the Debtor not to pay a Claim pursuant to the authority granted by this Interim Order, and nothing contained in this Interim Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise effect the claims of such Claimant.

11. The Banks are authorized, when requested by the Debtor in its discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtor's bank accounts, and to honor all fund transfer requests made, in respect to payments made by the Debtor to the Claimants, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments and rely on the Debtor's representations as to the identification of checks drawn and fund transfer requests made to satisfy any such claims pursuant to the Motion.

12. The Court will conduct a hearing to consider the entry of an order granting the relief requested in the Motion on a final basis on _____, 2022 at  :   .m. (prevailing Eastern Time), before The Honorable_____, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, ____ Floor, Courtroom

4

No. \_\_\_\_, Wilmington, Delaware 19801.  Responses or objections, if any, to the entry of a final order shall be made in writing and shall set forth the basis thereof, and such responses or objections must be: (i) filed with this Court on or before _____, 2022 at 4:00 p.m. (prevailing Eastern Time), and (ii) served upon (a) the Debtor, 6606 W. Broad Street, Richmond, VA 23230; (b) proposed counsel to the Debtor, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801; Attn: Jeffrey Waxman, JWaxman@morrisjames.com and Brya Keilson, BKeilson@morrisjames.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 Attn: Alan J. Friedman, AFriedman@shulmanbastian.com, Melissa Davis Lowe, MLowe@shulmanbastian.com, and Max Casal, MCasal@shulmanbastian.com; and (c) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov).  If no responses or objections are timely filed, the Court may enter the final order without further notice or hearing.

13. The requirements of Bankruptcy Rule 6003(b) are satisfied.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Interim Order.

18. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation or interpretation of this Interim Order.

13688982.v1