**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10602 (JKS)<br><br>**Objection Deadline: July 27, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: August 3, 2022 at 2:00 p.m. (ET)** |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
AND APPROVING THE EMPLOYMENT OF MORRIS JAMES LLP
AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO JULY 5, 2022**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and thorough their proposed counsel, file this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 327(a), 328 of title 11 of the United States (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtor to retain and employ Morris James LLP ("Morris James") as counsel to the Debtor *nunc pro tunc* to July 5, 2022. In support of this Application, the Debtor submits the Declaration of Jay Quickel (the "Quickel Declaration"), a copy of which is attached hereto as Exhibit B and incorporated herein and in support of this Application, the Debtor additionally relies on the Declaration of Jay Quickel in Support of First Day Motions [D.I. 10] (the "First Day Declaration"), and the declaration of Jeffrey R. Waxman of Morris James LLP (the "Waxman Declaration"), attached hereto as Exhibit C. In support of the Application, the Debtor respectfully represent as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

13699815/1

**JURISDICTION**

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy for the District of Delaware.

**BACKGROUND**

4.  On July 5, 2022 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing this Chapter 11 case (the "Chapter 11 Case").

5.  The Debtor has continued in the possession of their property and have continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

6.  By this Application, the Debtor seeks to employ and retain Morris James, as counsel to the Debtor *nunc pro tunc* to July 5, 2022, to perform legal services that will be necessary or appropriate during this case and granting certain related relief. Substantially contemporaneously, the Debtor is seeking to employ and retain Shulman Bastian Friedman & Bui LLP ("SBF&B") as co-counsel for the Debtor.

7.  The Debtor seeks to retain Morris James as counsel because of Morris James' experience and knowledge in the field of business reorganizations under Chapter 11 of the Bankruptcy Code, and because of Morris James' experience and knowledge practicing before this Court.

8.  Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Morris James on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Morris James. The principal attorneys and paralegals presently expected to represent the Debtor are as follows:

| **Individual** | **Position** | **Hourly Rate** |
|---|---|---|
| Jeffrey R. Waxman | Partner | $750.00 |
| Brya M. Keilson | Partner | $675.00 |
| Jason Levin | Associate | $395.00 |
| Stephanie Lisko | Paralegal | $295.00 |
| Douglas Depta | Paralegal | $295.00 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals employed by Morris James may from time to time serve the Debtor in connection with the matters herein described.

9.  These rates are set at a level designed to fairly compensate Morris James for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Morris James will also charge for normal and customary expenses incurred in connection with this

Chapter 11 Case. The expenses charged may include, among other things, ECF charges, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Morris James to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with the Morris James' customary practices and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

10. Subject to Court approval, the professional services that Morris James will render to the Debtor include, but shall not be limited to, the following:

   a. provide legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of their business, management of their properties and related matters;

   b. preparing and pursing confirmation of a plan and approval of disclosure statement;

   c. prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Debtor;

   d. appearing in Court and protecting the interests of the Debtor before the Court; and

   e. perform all other legal services for the Debtor that may be necessary and proper in these proceedings.

11. In addition to the services listed above, Morris James, in accordance with its obligations as counsel, will, prepare and review, all pleadings, motions, responses, objections and other documents prepared on behalf of the Debtor and attend all court hearings and other related proceedings. Morris James will assure that any pleadings comply with the Local Rules.

Morris James will advise the Debtor on matters of Delaware practice and procedure and Delaware law.

12. Morris James has conducted a review of potential conflicts with respect to all known creditors and equity holders of the Debtor's estates that have been identified to date by the Debtor. Subject to further review and supplementation as required by Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the potential conflicts identified by Morris James' conflict check are listed on Exhibit 1 to the Waxman Declaration. To the extent required, Morris James will periodically update its disclosures.

13. To the best of the Debtor's knowledge, and except as disclosed herein and in the Waxman Declaration, neither Morris James, nor any of its partners, of counsel or associates, represents any interest adverse to the Debtor, its estate, its creditors or the Committee, in the matters upon which Morris James is to be engaged. Brya M. Keilson, Partner at Morris James, was a trial attorney at the Office of the United States Trustee for Region 3 (the "United States Trustee") until March 13, 2019. Ms. Keilson did not have any involvement with the Debtor during her tenure at the United States Trustee. Morris James is a "disinterested person," as the Debtor understand this term to be defined, within the meaning of section 101(14) of the Bankruptcy Code.

14. To the best of the Debtor's knowledge, and except as disclosed in the annexed Waxman Declaration, Morris James has no prior connection with the Debtor, its creditors or any other party-in-interest, or their respective attorneys or accountants, in the matters upon which it is to be engaged that would in any way disqualify it from representing the Debtor.

15. Prior to the Petition Date, Morris James received payments totaling $214,479.50 (the "Prepetition Payments"), of which $ 79,479.50 was applied to services and expenses

incurred prior to the Petition Date, and the remaining $135,000.00 (the "Retainer"). The Prepetition Payments were utilized to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in the connection with, the Debtor's restructuring and the commencement of the Chapter 11 Case and as security to postpetition services and expenses. The Debtor proposes that the Retainer be held and paid to Morris James after entry of a final order. Given the extensive nature of the services that Morris James will provide to the Debtor, the continued maintenance of the Retainer by Morris James is appropriate and necessary to enable the Debtor to faithfully execute their duties as counsel to the Debtor. The Debtor proposes that the Retainer be held and paid to Morris James after entry of a final order. Given the extensive nature of the services that Morris James will provide to the Debtor, the continued maintenance of the Retainer by Morris James is appropriate and necessary to enable the Debtor to faithfully execute their duties as counsel to the Debtor.

16. The Debtor believes that, in light of Morris James' familiarity with the facts of this Chapter 11 Case, its understanding and knowledge of the Debtor's business issues, and its extensive experience before this Court, Morris James is well-suited to provide legal services to the Debtor.

17. The Debtor requests that any order entered authorizing such retention be effective as of the Petition date of July 5, 2022.

## **NOTICE**

18. Notice of this Application has been given to (i) the United States Trustee; (ii) the Debtor's twenty (20) largest unsecured creditors; and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor requests entry of an Order substantially in the form attached hereto, authorizing the Debtor to employ and retain Morris James as counsel for the Debtor, *nunc pro tunc* to July 5, 2022, and granting such other and further relief as is just and proper.

Dated: July 13, 2022                                            **Agway Farm & Home Supply, LLC**

/s/ _____
Jay Quickel
President and Chief Executive Officer

**Error! Unknown document property name.**