## **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JKS) |
| Debtor. | **Re: Docket No. ___** |

### ORDER GRANTING DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF MORRIS JAMES LLP AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO JULY 5, 2022

Upon consideration of the Debtor's Application for Entry of an Order Authorizing and Approving the Employment of Morris James LLP ("Morris James") as Counsel for the above-captioned Debtor and Debtor-in-Possession (the "Debtor"), *nunc pro tunc* to July 5, 2022 (the "Application"),[2] pursuant to, among other things, section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for entry of an order (the "Retention Order") authorizing the Debtor to retain and employ Morris James *nunc pro tunc* to July 5, 2022, the Petition Date, all as further described in the Application; and upon the Declaration of Jeffrey R. Waxman, an attorney with Morris James, in support of the Application (the "Waxman Declaration") and the Declaration of the Debtor's duly authorized representative Jay Quickel (the "Quickel Declaration"); and the Court being satisfied that the Application is in the best interest of the Debtor, their estate, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 134 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

having found that the Debtor's notice of this Application and opportunity for a hearing were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, and this Court being satisfied based on the representations made in the Application and in the Waxman Declaration that said attorneys represent no interest adverse to the Debtor, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Debtor, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Debtor is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Morris James as counsel, *nunc pro tunc* to July 5, 2022, on the terms and conditions set forth in the Application and Waxman Declaration.

3.      Morris James shall be entitled to allowance of compensation and reimbursement of expenses in this Chapter 11 Case upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, and such other orders as this Court may direct.

4.      Morris James shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court.

13699815/1

5.      The Retainer shall be treated as an evergreen retainer, and any remaining amount shall be held by Morris James as security throughout the Debtor's bankruptcy case until Morris James's fees and expenses are awarded and payable to Morris James on a final basis.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from the implemental of this Order.