# EXHIBIT C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | **)** | Chapter 11 |
| | **)** | |
| AGWAY FARM & HOME SUPPLY, LLC, | **)** | Case No. 22-10602 (JKS) |
| | **)** | |
| Debtor. | **)** | |
| | **)** | |

**DECLARATION OF MICHAEL DOLAND IN SUPPORT OF APPLICATION FOR
ORDER UNDER SECTION 327(A) OF THE BANKRUPTCY CODE AUTHORIZING
THE EMPLOYMENT AND RETENTION OF FOCUS MANAGEMENT GROUP USA,
INC. AS FINANCIAL ADVISOR TO DEBTOR AND DEBTOR IN POSSESSION**

I, Michael Doland, pursuant to 28 U.S.C. § 1746 declare as follows:

1.      I am the Chief Operating Officer of Focus Management Group USA, Inc. ("Focus"), which maintains an office at 30725 US HWY 19 N PMB 330, Florida 34684.  I submit this verified statement pursuant to Rule 2014 in support of the Application for Entry of Order Under § 327(a) Authorizing the Retention and Employment of Focus Management Group USA, Inc. as Financial Advisor for the Debtor and Debtor in Possession (the "Application"), filed contemporaneously with this Statement by the above-captioned debtors-in-possession (the "Debtors") in these chapter 11 cases. Except as otherwise indicated, I have personal knowledge of the matters set forth below and, if called as a witness, would testify competently thereto.

## QUALIFICATIONS

2.      Focus is well suited to serve as the Debtor's financial advisor in this case. Focus was initially retained by the Agway Farm & Home Supply LLC on or about January 26, 2022 to provide financial advisory services to prepare the Debtor in developing a wind down plan and advise the Debtor as it prepares and submits financial statements, borrowing bas certificates, other loan document reporting and financial models and budgets. Focus was subsequently retained on or about February 8, 2022 to assist the Debtor in a refinance of its existing debt obligations. Focus

has been retained on or about May 12, 2022 to provide financial advisory services as the Debtor for prepetition preparation. In these capacities, Focus obtained a familiarity with the Debtor's business, capital structure, and financial affairs and it played a significant role in the Debtor's preparation of this case. As such, Focus has the necessary breadth and depth of institutional knowledge that has made and will continue to make this engagement more efficient and effective.

3.      Focus is a full service solution that combines operational, managerial and financial expertise in a variety of Industries. Focus provides high level strategic assessments and assists management with developing business plans. It has extensive experience advising debtors in restructuring and bankruptcy settings and has been retained as financial advisor to debtors in numerous chapter 11 cases, including, most recently, the following: *In re American Housing Foundation Inc.* (debtor), *In re Monaco Coach Corporation* (debtor), *In re Johnson Memorial Corporation* (debtor), *MPC Computers LLC* (debtor), *Gems TV (USA) Limited* (debtor), *Majestic Liquor Stores Inc.* (debtor), *Advance Marketing Services Inc.* (debtor), *Advance Living Technologies Inc.* (debtor), *Gabriel Investment Group, Inc. (debtor), HBT JV, LLC. (debtor)* .

## **SERVICES TO BE RENDERED**

4.      The Focus Agreement dated January 26, 2022 provides that Focus will perform services for the Debtor as requested pursuant to one or more "Authorizations." To date, there has been three such Authorizations, a copy of which is attached to the Focus Agreement, pursuant to which Focus will perform the following non-exclusive list of service for the Debtor (capitalized terms having the definitions assigned in the Focus Agreement):

1.      Assistance in connection with the Client's Chapter 11 filing including preparation of cash forecasts, budgets, projections and filing documents;

2.      Review, prepare and assist and analyze the Client's business plans, cash flow projections, restructuring programs, and other reports or analyses prepared by the Client or its professionals in order to advise the Client on the viability of the continuing operations and the reasonableness of projections and underlying assumptions;

3.      Assist the Client in preparing SOFAs, Schedules and Monthly Operating Reports to be filed in connection with the Client's Chapter 11 case;

4.      Review, evaluate assist and analyze the financial ramifications of proposed transactions for which the Client seeks Bankruptcy Court approval, including, but not limited to, cash management, assumption/rejection of real property leases and other contracts, asset sales, management compensation and/or retention and severance plans;

5.      Review, evaluate and analyze the Client's internally prepared financial statements and related documentation, in order to evaluate the performance of the Client as compared to projected results on an ongoing basis;

6.      Attend and advise at meetings with the Client, its counsel, other financial advisors and representatives of the Creditors Committee (if formed);

7.      Assist and advise the Client and its counsel in the development, evaluation and documentation of any plan(s) of reorganization or strategic transaction(s), including developing, structuring and negotiating the terms and conditions of potential plan(s) or strategic transaction(s) and the consideration that is to be provided to unsecured creditors thereunder;

8.      Render testimony in connection with procedures (A) through (H) above, as required, on behalf of the Client;

9.      Coordinate operations of the Client with Client's management and counsel, and assist management with monitoring and reporting thereon to the Bankruptcy Court and all interested parties; and

10.      Provide such other services, as specifically requested by the Client and agreed by Consultant.

## **DISINTERESTEDNESS**

5.      To the best of my knowledge, information and belief, based on and other than as set forth in this Statement, Focus does not hold or represent an interest adverse to the Debtor's estates and is a "disinterested person," as that term is defined in § 101(14) and modified by § 1107(b), with respect to the matters for which it is to be retained.

6.      To the best of my knowledge, information and belief, based on and other than as stated in this Statement, Focus has no connection with the Debtor (other than its engagement as financial advisor) or its affiliates, its creditors, its estate, any United States Bankruptcy Judge for the District of Delaware, the United States Trustee or any person employed in the office of the United States Trustee for the Region, any other party in interest, or their respective attorneys and accountants or any person employed in the office of the United States Trustee for the Region) which satisfy the requirements of Bankruptcy Rule 2014.

7.      Focus has conducted a preliminary conflicts check regarding its connections with the Debtor and other parties in interest (collectively, the "Potential Parties-in-Interest"). Such a search is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate. This search was as complete as possible under the circumstances, but Focus recognizes that additional parties in interest may surface during the

course of these cases. As parties become known or make appearances in these cases, Focus intends

to supplement its disclosures as necessary or appropriate.

8.      Focus has identified the following connections:

1.      Focus performed services for the Debtor (and received payments on account

of such services) prior to the Petition Date as described more fully below.

9.      To the best of my knowledge, neither Focus nor any person employed by Focus is

a creditor, insider, or equity security holder of the Debtor.

10.      To the best of my knowledge, neither Focus nor any person employed by Focus is

or was, within two years before the earliest of the Petition Dates (as defined in the Application), a

director, officer or employee of the Debtor.

11.      To the best of my knowledge, Focus does not have an interest materially adverse to

the interests of the estates or of any class of creditors or equity security holders, by reason of any

direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

12.      Because of the size, complexity and the number of parties involved in this case,

efforts have been and will continue to be required to identify all of Focus's connections with

Potential Parties-in-Interest. Focus will maintain an ongoing inquiry regarding the Potential

Parties-in-Interest and, if appropriate, will file promptly with the Court any appropriate

supplemental disclosure that becomes necessary.

13.      In view of the foregoing, Focus is a "disinterested person" within the meaning of

§ 101(14).

## COMPENSATION

14.     The Debtor seeks to compensate Focus on an hourly basis at the following rates, which are comparable to the rates Focus charges its other clients for similar engagements:

| Managing Directors | $475.00 per hour |
|---|---|
| Business Analysts | $350.00 per hour |

15.     Within the one (1) year prior to the Petition Date, Focus received payments totaling $241,898.68 (of which $100,989.38 was paid on or within ninety (90) days before the Petition Date) on account of, among other things, retainers, fees and expenses in connection with prepetition services rendered to the Debtor by Focus.  The payments for the prepetition fees and expenses billed under the January 26, 2022 and the February 8, 2022  Consulting Agreement with Agway Farm & Home Supply LLC and were paid by Agway Farm & Home Supply LLC.

16.     After deducting all fees and expenses previously billed for prepetition services rendered to the Debtor by Focus from the $241,898.68 amount that has been paid to Focus, $58,505.00 remains as a retainer.  The $58,505.00 balance will be available to be applied to post petition services, as approved by the Court, including pursuant to any procedures for interim compensation approved by the Court.

17.     Pursuant to the Focus Agreement, Focus will not receive any additional amounts from the Debtor to supplement the retainer, which will leave the total amount of the retainer at $58,505.00.

18.     As of the Petition Date, Focus had been compensated for all known fees and reimbursed for all known expenses incurred through a combination of the payments identified

above or application of the retainer.  Focus reserves the right, subject to Court approval, to apply the outstanding portion of the retainer to any prepetition fees and expenses accrued but not discovered or otherwise accounted for until after these cases were commenced.  Focus will retain all remaining amounts of the retainer in trust during the pendency of these cases to be applied to any professional fees, charges and disbursements that remain unpaid at the end of this case.

19.     Focus will provide the Debtor with periodic (no less than monthly) invoices for services rendered and disbursements incurred. During the course of these cases, the issuance of periodic invoices will constitute requests for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of these cases. Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.

20.     In addition to its hourly fees, Focus will charge the Debtor for all out of pocket expenses and other charges incurred in respect of this engagement.  Generally, these expenses and charges will include, among other things, telephone charges, photocopying, travel, business meals, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

21.     Focus intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this case in accordance with and subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Division, of  Delaware, and the orders of this Court.

22.     Other than as set forth above and in the Focus Agreement, no arrangement is proposed between the Debtor and Focus for compensation to be paid in this case.


Dated: July 8, 2022

_____
Michael J Doland