**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JKS) |
| Debtor. | **Objection Deadline: July 27, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: August 3, 2022 at 2:00 p.m. (ET)** |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING IT TO RETAIN AND EMPLOY ABC SERVICES GROUP, INC./CHARLES KLAUS AS CHIEF LIQUIDATING OFFICER EFFECTIVE _NUNC PRO TUNC_ TO THE PETITION DATE**

Agway Farm & Home Supply, LLC, the debtor and debtor in possession (the "Debtor"), hereby files this application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing it to retain and employ ABC Services Group, Inc., a Delaware corporation and its personnel ("ABCSG") as its chief liquidating officer effective _nunc pro tunc_ as of July 5, 2022 (the "Petition Date"), in accordance with the terms and conditions set forth in that certain engagement agreement dated June 29, 2022 (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit B**, and (b) approving the terms of ABCSG's employment and retention; and granting further relief as is just and proper. In support of this Application, the Debtor submits the Declaration of Charles Klaus, the President of ABCSG (the "Klaus Declaration"), which is attached hereto as **Exhibit C** and incorporated herein; and further respectfully states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

13702949.v1

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 147(b)(2).

2. The bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

**Background**

3. On July 5, 2022, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been appointed.

4. Additional information regarding the Debtor, including its business operations, corporate and capital structure, and the events leading to the Petition Date is more fully set forth in the *Declaration of Jay Quickel in Support of First Day Pleadings* [Docket No. 10].

**Relief Requested**

5. By this Application, the Debtor seeks entry of the Proposed Order authorizing it to retain and employ ABCSG as its chief liquidating officer *nunc pro tunc* to the Petition Date for the purpose of providing necessary liquidation services in connection with the Debtor's chapter 11 case and in accordance with the terms of the Engagement Agreement.

**ABCSG's Qualifications**

6. ABCSG is well qualified to represent the Debtor in connection with the types of services requested herein.  ABCSG is a leading business restructuring firm.  ABCSG has administered more than 200 general assignments and 200 auctions, ranging from "mom and pop"

companies to multimillion dollar entities. ABCSG has sold more than 200 businesses as going concerns, both private and public, real property, intellectual property, inventory, furniture, fixtures and equipment. ABCSG are leaders in bringing innovative, alternative solutions for distressed companies and at the same time maintaining its fiduciary duty to protect the interest of creditors, officers and shareholders.

7. ABCSG was initially retained by the Debtor on or about March 17, 2022, to provide services to prepare the Debtor in developing a wind down plan. In such capacities, ABCSG obtained a familiarity with the Debtor's business, capital structure, and financial affairs and has played a significant role in the Debtor's preparation of this case. As such, ABCSG has the necessary breadth and depth of institutional knowledge that has made and will continue to make this engagement more efficient and effective.

8. As stated above, ABCSG performed prepetition services for the Debtor and as a result has acquired significant knowledge of the Debtor and its business. ABCSG has also acquired familiarity with the Debtor's financial affairs, debt structure, operations, and related matters. Likewise, in providing prepetition services to the Debtor, ABCSG has worked closely with the Debtor's management, advisors and counsel. Accordingly, ABCSG has experience, expertise, and specifically relevant knowledge regarding the Debtor that will assist it in providing effective and efficient services in this chapter 11 case.

## Services to Be Provided

9. Subject to further order of the Court, ABCSG may provide the services described in the Engagement Agreement, including the following to the extent applicable:

(a) **Executive Services – Chief Liquidation Officer**. During the term of this Engagement, ABCSG shall provide Charles "Chuck" Klaus ("Mr. Klaus") to the Debtor to serve as chief liquidation officer ("CLO") for the Debtor. The CLO will work under the direction of,

and report to, the Board of the Debtor to: (i) manage the Debtor's restructuring efforts in the form of an orderly liquidation of the assets and properties of the Debtor, (ii) manage the Debtor's efforts to liquidate its assets and liabilities for the benefit of its creditors and stakeholders, including, without limitation, authorizing the CLO to administer and carry out the Debtor's duties as a debtor-in-possession; (iii) manage a sale process to marshal and sell the Debtor's assets under Section 363 of the Bankruptcy Code, as applicable; and (iv) manage the Debtor's efforts to confirm a plan of liquidation pursuant to the Bankruptcy Code.

(b) **Liquidation Services**. Mr. Klaus, as CLO, and ABCSG in aid of the CLO, will seek to utilize the expertise of ABCSG and its personnel, together with the Debtor's employees to efficiently provide the following services, as appropriate:

(i) Manage the affairs of the Debtor, supervise the Debtor's professionals and provide periodic reports to the Board;

(ii) Assist legal counsel and the Debtor in executing the Company's liquidation efforts in a chapter 11 case;

(iii) Supervise the engagement of the Debtor's financial advisor, if any, to the extent such party may be necessary to sell particular assets and properties for the highest and best price;

(iv) Seek to maximize the value of the Debtor's assets and operations through, one or more of the following: seeking the sale of one or both of the Debtor's Distribution Centers or their assets, in whole or in part, and/or continue with the orderly liquidation process with a clean-up auction sale at the end of the liquidation sale process (individually and collectively "Transaction");

(v) Assist in connection with motions, responses, or other court activity as directed by legal counsel;

(vi) Prepare periodic reporting to creditors, stakeholders, the Bankruptcy Court, and the Office of the United States Trustee;

(vii) Evaluate and develop liquidation plans and other strategic alternatives for maximizing the value of the Debtor's assets through the vehicles of private or public sales under the supervision of the CLO. The CLO, in coordination with the Debtor's other professionals, shall recommend to the Board various plans and strategic alternatives from time to time, and upon receipt of Board's approval of a proposed course or courses of action, the CLO shall use commercially reasonable efforts to implement such course(s) of action, subject, as applicable, to approval of the Bankruptcy Court if appropriate;

(viii) Assist in the formulation and preparation of the Debtor's disclosure statement and plan of liquidation, including working with the Debtor's professionals and advisors in the creation of financial projections and supporting methodology, key assumptions and rationale, appropriate financial analysis and evaluation of the Debtor's operations, and

supporting financial statements and proforma budgets and projections for the liquidation process;

(ix) Assist in negotiations with the Debtor's creditors and in developing the response to any objections from parties in interest to the bankruptcy plan of liquidation or other courses of action undertaken by the Debtor; and

(x) Preparing and offering declarations, reports, depositions and testimony as may be required of Mr. Klaus from time to time.

10. The services as set forth above are necessary to the Debtor's liquidating efforts and in the ongoing operation and management of the Debtor's business while subject to chapter 11 of the Bankruptcy Code.

## No Duplication of Services

11. The services provided by ABCSG will complement and not duplicate the services to be rendered by any other professional retained in this chapter 11 case.

## ABCSG's Disinterestedness

12. To the best of the Debtor's knowledge, information, and belief and except to the extent disclosed herein and in the Klaus Declaration, ABCSG is: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) has no connection with the Debtor, its creditors, or other parties in interest, or the attorneys or accountants of the foregoing, or the U.S. Trustee for the District of Delaware (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtor's estate.

13. ABCSG has conducted a preliminary conflicts check regarding its connections with the Debtor and other parties in interest.  Such a search is designed to reveal any representation of, or potential conflict with, the entity searched or any known subsidiary or affiliate.  This search was as complete as possible under the circumstances, but ABCSG recognizes that additional parties in interest may surface during the course of this case.  As parties

13702949.v1

become known or make appearances in this case, ABCSG intends to supplement its disclosures as necessary or appropriate.

## Terms of Proposed Employment

15. ABCSG intends to charge the Debtor for its services on an hourly basis at the following rates which are comparable to the rates ABCSG charges its other clients for similar engagements:

| | |
|---|---|
| Principals | $295 per hour |
| Analysts | $150-$250 per hour |
| Clerks | $125 per hour |

16. In addition to compensation for professional services rendered by ABCSG's personnel, ABCSG will seek reimbursement for reasonable and necessary expenses incurred in connection with this chapter 11 case. ABCSG will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to ABCSG's other clients or as previously fixed by this Court. In accordance with Local Rule 2016-2(d)(ix), travel time during which no work is performed shall be separately described and billed at no more than 50% of regular hourly rates.

17. The fees and reimbursement of expenses are consistent with and typical of compensation arrangements entered into by ABCSG and other comparable firms that render similar services under similar circumstances. The Debtor believes that the fees are reasonable, market-based, and designed to compensate ABCSG fairly for its work and to cover fixed and routine overhead expenses.

13702949.v1

**Allowance of Fees and Expenses**

18. The Debtor understands that ABCSG intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case consistent with the terms set forth herein, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the District of Delaware, and any other applicable procedures and orders of this Court.

19. ABCSG will maintain records in support of any fees (in 1/10th of an hour increments), as well as costs, and expenses incurred in connection with services rendered in this chapter 11 case. Records will be arranged by category and nature of the services rendered and will include reasonably detailed descriptions of those services provided on behalf of the Debtor.

20. Such fee structure is consistent with and typical of compensation arrangements entered into by ABCSG and other comparable firms that render similar services under similar circumstances.

**Payments Prior to the Petition Date**

21. Within the one (1) year prior to the Petition Date, ABCSG received payments from the Debtor totaling $280,524.09 (of which $280,524.09 was paid on or within ninety (90) days before the Petition Date on account of, among other things, retainers, fees and expenses in connection with prepetition services rendered to the Debtor by ABCSG.

22. After deducting all fees and expenses previously billed for prepetition services rendered to the Debtor by ABCSG from the $280,524.09 amount that has been paid to ABCSG, $100,000.00 remains in the ABCSG's trust account ("Retainer"). The $100,000.00 balance will

be available to be applied to post petition services, as approved by the Court, including pursuant to any procedures for interim compensation approved by the Court.

23. Other than as set forth herein and in the Klaus Declaration, no arrangement is proposed between the Debtor and ABCSG for compensation to be paid in this case. ABCSG has informed the Debtor that, except for sharing arrangements among the members of ABCSG, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

### Basis for Relief

Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

11 U.S.C. § 327(a).

Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

25. The Debtor respectfully submits that section 327(a) of the Bankruptcy Code permits it to hire a professional firm like ABCSG to undertake an advisory role in this chapter 11 case. Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this

13702949.v1

Application. The retention of ABCSG as chief liquidating officer in this chapter 11 case is in the best interests of the Debtor's estate, creditors, and the parties in interest.

### Notice

26. The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtor's twenty largest unsecured creditors, (c) counsel to any statutory committee appointed in this case and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

27. The Debtor has not previously sought the relief requested herein from this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A,** granting the relief sought herein and granting to the Debtor such other and further relief as the Court may deem proper.

Dated: July  13 , 2022

_____
Jay Quickel