## **EXHIBIT B**

Redline Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JKS) |
| Debtor. | Re: Docket No. 9, 37 |

**INTERIM ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §363 AND 105(A) AND FEDERAL RULE OF BANKRUPTCY PROCEDURES 2002 FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO ESTABLISH DE MINIMIS ASSET SALE PROCEDURES**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for interim and final orders authorizing and establishing procedures (the "De Minimis Asset Sale Procedures") to (a) sell or transfer in the ordinary course of the Debtor's business and without further order of the Court certain assets, including any rights or interests therein (the "De Minimis Assets"; and the sales of such De Minimis Assets, the "De Minimis Asset Sales") and (b) pay all necessary expenses incurred by the Debtor in connection with the De Minimis Asset Sales, and recognizing the Court granted interim relief of the Motion as set forth in the Interim Order Granting Debtor's Motion Pursuant to 11 U.S.C. 363 and 105(a) and Federal Rule of Bankruptcy Procedure 2002 for Interim and Final Orders Authorizing Debtor to Establish De Minimis Asset Sale Procedures [Docket No. 37] ("Interim Order"); the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

1

Bankruptcy Rule 6003 and as more thoroughly provided in the Motion and the First Day Declaration, (iv) proper and adequate notice of the Motion and the opportunity for a hearing thereon has been given under the particular circumstances and that no other or further notice is necessary, and (v) good and sufficient cause exists for granting of the relief requested in the Motion as set forth herein. Therefore, for good cause shown.

**IT IS HEREBY ORDERED THAT:**

1. The interim relief granted in the Interim Order is granted and continued such that the Debtor may continue sales of its De Minimis Assets pursuant to the terms set forth in the Interim Order until the time of the final hearing on the Motion set for August 3, 2022 at 2:00 p.m. (prevailing Eastern Time).

~~1.~~2. ~~is GRANTED on an interim basis as set forth herein.~~

~~A further interim hearing on the Motion shall~~ was scheduled to ~~be held on July 18, 2022 at 4:30 p.m. (prevailing Eastern Time). Any objections or responses to the relief requested in the Motion may be made at the time of the interim hearing.~~

~~2. For good cause shown, the interim hearing shall be continued to the date of the Final Hearing defined below and the interim relief granting this motion shall continue until the date of the Final Hearing.~~

~~3. The final hearing ("Final Hearing") on the Motion shall be held on **August 3, 2022 at 2:00 p.m. (prevailing Eastern Time)**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **July 27, 2022, at 4:00 p.m. (prevailing Eastern Time)**, and shall be served on: (a) the Debtor, 6606 W. Broad Street, Richmond, VA 23230; (b) proposed counsel to the Debtor, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801; Attn: Jeffrey Waxman, JWaxman@morrisjames.com and Brya Keilson,~~

~~BKeilson@morrisjames.com, and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618; Attn: Alan J. Friedman, AFriedman@shulmanbastian.com, Melissa Davis Lowe, MLowe@shulmanbastian.com and Max Casal, MCasal@shulmanbastian.com; (c) counsel for any statutory committee appointed in this case; and (d) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov) (collectively, the "Notice Parties"). If no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without further notice or hearing.~~

~~4.    Subject to the terms of the De Minimis Asset Sale Procedures set forth below, the Debtor is authorized to sell any of its rights or interests in the De Minimis Assets in consultation with its counsel, financial advisors and management, at prices that the Debtor, in an exercise of its business judgment, believes are fair and appropriate.~~

~~5.    The Debtor shall sell its rights or interests in the De Minimis Assets pursuant to the De Minimis Asset Sale Procedures set forth below and in the Motion:~~

~~a. De Minimis Asset Sales Less than or Equal to $35,000.00:~~

~~i. The Debtor is authorized to sell or transfer any De Minimis Asset for a total purchase price per such buyer that is less than or equal to $35,000.00 (each sale, a "Non-Noticed De Minimis Asset Sale"), without further Court approval and without providing notice of the Non-Noticed De Minimis Sale to any party, whether by private sale or by auction. The Debtor is further authorized to take any actions that are reasonable and necessary to close the Non-Noticed De Minimis Sale and obtain the sale proceeds and pay any necessary expenses incurred in connection therewith; and~~

~~ii. If any of the De Minimis Assets to be sold or transferred by the Debtor pursuant to a Non-Noticed De Minimis Asset Sale are encumbered by liens, the Debtor will seek to obtain the consent of the applicable lienholder(s). If the Debtor is unable to obtain the consent of the applicable lienholder(s), the Debtor may seek to sell~~

3

~~or transfer the encumbered De Minimis Assets as a Noticed De Minimis Sale (as defined below) in accordance with the procedures below.~~

~~iii. No less than every week, the Debtor will make available to counsel to the Creditors Committee (if one is appointed) and to the U.S. Trustee a report that provides information with respect to the Non-Noticed De Minimis Asset Sales, including (i) a detailed description of the De Minimis Asset sold or transferred, (ii) the identity of the purchaser or transferee and any relationship such party has with the Debtor, (iii) the identities of any lienholder(s) known to the Debtor as holding liens on or with respect to the De Minimis Asset, (iv) the material economic terms and conditions of the Non-Noticed De Minimis Asset Sale (which may be provided by including the applicable contract or contracts to the Transaction Notice), and (v) any freight charges paid.~~

~~iv. Any single buyer must aggregate the total of its purchases to determine whether such purchases qualifies qualify as a Non-Noticed De Minimis Asset Sale and may not make another purchase from the Debtors for a period of four (4) weeks without providing notice reflecting the aggregates all purchases by the purchaser within that 4-week period. In other words, any single buyer cannot escape the sales price limit for a Non-Noticed De Minimis Asset sale by making multiple separate purchases.~~

~~b. De Minimis Asset Sales Greater than $35,000 but Less than or Equal to $70,000:~~

~~i. For any sale or transfer of De Minimis Assets where the total aggregate purchase price by buyer is greater than $35,000 but less than or equal to $70,000 (a "Noticed De Minimis Asset Sale"), the Debtor shall give notice of such transaction (the "Transaction Notice"), by electronic mail, overnight courier, or hand delivery on the Core Notice Parties (as defined below). Each Transaction Notice will include (i) a general description of the De Minimis Asset proposed to be sold or transferred, (ii) the identity of the purchaser or transferee and any relationship such party has with the Debtor, (iii) the identities of any lienholder(s) known to the Debtor as holding liens on or with respect to the De Minimis Asset, (iv) the material economic terms and conditions of the proposed De Minimis Asset Sale (which may be provided by attaching the applicable contract or contracts to the Transaction Notice), (v) any freight charges incurred, and (vi) instructions regarding the procedures for asserting an objection to the Noticed De Minimis Asset Sale;~~

~~ii. The Debtor shall serve any Transaction Notice on (i) counsel to the Creditors Committee (if any is appointed), (ii) the Office of the~~

4

~~United States Trustee for the District of Delaware, and (iii) any other creditors holding liens on the De Minimis Assets subject to the proposed transaction (collectively, the "Core Notice Parties"). The Debtor shall not be required to serve any Transaction Notice on any other parties, and no further or additional notice of the proposed Noticed De Minimis Asset Sale shall be required;~~

~~iii. The Core Notice Parties shall have five (5) business days after service of a Transaction Notice to object in writing to a Noticed De Minimis Asset Sale (the "Notice Period");~~

~~iv. Any objection to a Noticed De Minimis Asset Sale (each, an "Objection") must: (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; and (iv) be served by electronic mail on the Debtor's counsel, so as to be received on or before 4:00 p.m. (Eastern Time) on the last day of the Notice Period;~~

~~v. If an Objection is properly served: the Noticed De Minimis Asset Sale may not proceed absent (1) withdrawal of the Objection or (2) entry of an Order by the Court approving the Noticed De Minimis Asset Sale; and~~

~~vi. If no Objection is timely served, (1) such Noticed De Minimis Asset Sale shall be deemed final and fully authorized by the Court, and no additional or further notice or Court approval to consummate the Noticed De Minimis Asset Sale shall be required, and (2) the Debtor shall be authorized to take any actions that are reasonable and necessary to close the Noticed De Minimis Sale and obtain the sale proceeds and pay any freight charges incurred in connection therewith.~~

~~vii. Any single buyer must aggregate the total of its purchases to determine whether such purchases qualifies qualify as a Non-Noticed De Minimis Asset Sale and may not make another purchase from the Debtors for a period of four (4) weeks without providing notice reflecting the aggregates all purchases by the purchaser within that 4-week period. In other words, any single buyer cannot escape the sales price limit for a Non-Noticed De Minimis Asset sale by making multiple separate purchases.~~

~~c. Effects of De Minimis Asset Sales:~~

~~i. All buyers will take each De Minimis Asset sold by the Debtor pursuant to the De Minimis Asset Sale Procedures subject to the terms of the documentation executed in connection with the applicable De Minimis Asset Sale, which documentation may (but~~

5

~~is not required to) include provisions that the buyers are taking the De Minimis Assets "as is" and "where is," without any representations or warranties from the Debtor as to the quality or fitness of such De Minimis Assets. Buyers will, however, take title to the (i) Non-Noticed De Minimis Asset Sales with the consent of any applicable lienholder and (ii) Noticed De Minimis Assets free and clear of any liens or encumbrances pursuant to section 363(f) of the Bankruptcy Code. All such liens or encumbrances shall attach to the proceeds of the applicable Noticed De Minimis Asset Sale with the same validity, extent, and priority as had attached to the Noticed De Minimis Assets immediately prior to such sale or transfer.~~

~~d. Asset Sales Greater than $70,000:~~

~~i. For any sale or transfer of assets where the total aggregate purchase price is greater than $70,000, the Debtor shall obtain Court approval after notice and an opportunity for hearing pursuant to the normal procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.~~

~~6. The Debtor is authorized to use the Sale Discount Rates in negotiating and consummating the sale of any De Minimis Assets.~~

~~7. Notwithstanding anything to the contrary in this Order, there shall be no sales of De Minimis Assets to any insider or affiliate of the Debtor pending a further order of this Court.~~

~~8. The Debtor is authorized to pay all necessary freight charges incurred in connection with the sale or transfer of De Minimis Assets.~~

~~9. The Debtor is authorized permitted to sell De Minimis Assets that are encumbered by liens or encumbrances only if the transaction satisfies at least one of the five (5) enumerated requirements of section 363(f) of the Bankruptcy Code. If the Debtor sells or transfers any De Minimis Assets that are encumbered by liens, such liens shall attach to the proceeds of the sale or transfer with the same validity, extent, and priority as immediately prior to the De Minimis Asset Sale.~~

~~10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.~~

~~11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.~~

~~12.~~3.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

~~13.~~4.    This Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.