# EXHIBIT "A"

**Proposed Order**

13710274.v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JKS) |
| Debtor. | Re: Docket No. ___ |

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION AMOUNTS TO CERTAIN CRITICAL VENDORS**

Upon consideration of the Motion[2] filed by the Debtor, pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rule 6004, seeking entry of an order: (a) authorizing, but not directing, the Debtor to pay, in the ordinary course of business, the prepetition, fixed, liquidated, and undisputed claims Critical Vendor Claims of certain critical vendors and suppliers which provide goods or services that the Debtor deems, in the exercise of its business judgment, to be essential for the continued operation of the Debtor's business and the preservation of the value of its assets, and (b) providing any additional relief in order to effectuate the foregoing; and upon the Quickel Declarations; and upon the statements of counsel in support of the relief requested in the Motion at the hearing before the Court; and this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

1

notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED.

    2.    The Debtor is authorized, but not directed, in its sole discretion, to continue its prepetition business operations, policies, and programs and pay any accrued but unpaid prepetition Critical Vendor Claims, on a postpetition basis in the ordinary course of business on customary trade terms or as may be necessary to secure a vendor's agreement to continue business with the Debtor on customary trade terms up to a total amount of no more than $30,000.00.

    3.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this order without any duty to inquire otherwise and without liability for following the Debtor's instructions.

    4.    The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with any of the prepetition Critical Vendor Claims.

    5.    Notwithstanding the relief granted in this this and any actions taken pursuant to such relief, nothing in this order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in

this order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights or the rights of any other person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6. In the event a Critical Vendor does not continue to provide goods or services on agreed-upon trade terms, then: (a) the Debtor reserves all rights to assert that such payments made were avoidable postpetition transfers under section 549 of the Bankruptcy Code and recoverable by the Debtor; and (b) upon recovery of the payment by the Debtor, the Critical Vendor claim shall be reinstated as if the payment had not been made. In lieu of recovery of such payments, if there exists an outstanding postpetition balance due from the Debtor to a Critical Vendor, the Debtor may recharacterize and apply any payment made pursuant to this order to such outstanding postpetition balance and such Critical Vendor will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.

8. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this order.

13710274.v1