IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor. | **Objection Deadline: August 17, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: August 24, 2022 at 10:00 a.m. (ET)** |

### DEBTOR'S APPLICATION FOR APPOINTMENT OF STRETTO AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtor and debtor in possession (collectively, the "Debtor") states as follows in support of this application:[1]

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (respectively, the "Order"), appointing Stretto, Inc. ("Stretto") as administrative advisor ("Administrative Advisor") in the Debtor's chapter 11 case effective as of the Petition Date, in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtor and Stretto effective as of May 20, 2022 (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit C**. In support of this application, the Debtor submits the declaration of Sheryl Betance (the "Betance Declaration"), attached hereto as **Exhibit B**.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Jay Quickel, President and CEO of Agway Farm & Home Supply, LLC, in Support of First Day Motions* (the "First Day Declaration") filed contemporaneously with the Debtor's voluntary petition for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 5, 2022 (the "Petition Date"). Capitalized terms used but not otherwise defined in this Application shall have the meanings given to them in the First Day Declaration.

the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Bankruptcy Court in connection with this application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 2014(a) and 2016, and Local Rule 2014-1.

**Stretto's Qualifications**

5. Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Stretto has substantial experience in matters of this size and complexity, and has acted as the official administrative advisor in many large bankruptcy cases pending in this District, including: *In re Rider Hotel, LLC*, Case No. 22-10522 (JTD) (Bankr. D. Del. July 8, 2022); *In re CCX*, Case No. 22-10252 (JTD) (Bankr. D. Del. Apr. 20, 2022); *In re Riverbed Tech., Inc.*, Case No. 21-11503 (CTG) (Bankr. D. Del. Dec. 8, 2021); *In re Balance Point LLC*, Case No. 21-11279 (JKS) (Bankr. D. Del. Nov. 3, 2021); *In re BL Santa Fe, LLC*, Case No. 21-

11190 (MWF) (Bankr. D. Del. Oct. 5, 2021); *In re Pipeline Foods, LLC*, Case No. 21-11002 (KBO) (Bankr. D. Del. Aug. 9, 2021); *In re Augustus Intelligence Inc.*, Case No. 21-10744 (JTD) (Bankr. D. Del. June 1, 2021); *In re WB Supply LLC*, Case No. 21-10729 (BLS) (Bankr. D. Del. May 17, 2021); *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Apr. 26, 2021); and *In re Nine Point Energy Holdings, Inc.*, Case No. 21-10570 (MFW) (Bankr. D. Del. Apr. 15, 2021).

### **Services to be Provided**

6.      Pursuant to the Engagement Agreement, the Debtor seeks to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested:

(a)     Assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan;

(b)     Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     Assist with the preparation of the Debtor's schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)     Provide a confidential data room;

(e)     Manage and coordinate any distributions pursuant to a chapter 11 plan if designated as distribution agent under such plan; and

(f)     Provide such other solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtor, the Bankruptcy Court or the Office of the Clerk of the Bankruptcy Court.

7.      Stretto's appointment as Administrative Advisor will provide the Debtor with experienced professionals and services that are essential to a successful reorganization. Stretto will coordinate with the Debtor's other retained professionals in this case to avoid any

unnecessary duplication of services. Accordingly, the relief requested in this application is in the best interests of the Debtor's estate and all parties in interest.

**Professional Compensation**

8. The fees Stretto will charge in connection with providing services to the Debtor are set forth in the Engagement Agreement. The Debtor submits that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtor conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor. The Debtor believes Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Engagement Agreement.

9. Prior to the Petition Date, the Debtor provided Stretto an advance in the amount of $25,000. Pursuant to the *Order Authorizing the Debtor to Retain and Appoint of Stretto as Claims and Noticing Agent Effective as of the Petition Date* (the "Section 156 Order" [Docket. 27], Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and to hold the advance under the Engagement Agreement during this chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement. However, Stretto will not apply the Retainer to any fees and expenses incurred as Administrative Advisor to the Debtor unless and until such fees and expenses have been approved by the Court in accordance with the proposed order granting this application.

10. Stretto intends to apply to the Bankruptcy Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it

6

13708820.v1

provides as Administrative Advisor pursuant to the Engagement Agreement. Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in this chapter 11 case regarding professional compensation and reimbursement of expenses.

11. Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement. The Debtor believes that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in this chapter 11 case.

**Disinterestedness**

12. Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

13. Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its

disclosure to the Bankruptcy Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

14. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Bankruptcy Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

15. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

16. In light of the size and complexity of this chapter 11 case, the Debtor submits that retaining and employing Stretto pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtor's estate and all parties in interest to this chapter 11 case. The Debtor also believes that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in this case.

17. The Debtor believes that administration of this chapter 11 case will require Stretto to perform duties outside of the scope authorized in the Section 156(c) Order. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in

interest that are expected to be involved in the Debtor's chapter 11 case, and the complexity of such cases, the Debtor requests the Bankruptcy Court enter an order appointing Stretto as the Administrative Advisor in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Notice

18.     The Debtor will provide notice of this application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel for the Committee; and (c) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank*]

13708820.v1

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: August 1, 2022
Wilmington, Delaware

**MORRIS JAMES LLP**

<u>/s/ Brya M. Keilson</u>
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman (admitted *pro hac vice*)
Melissa Davis Lowe (admitted *pro hac vice*)
Max Casal (admitted *pro hac vice*)
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com
E-mail: mcasal@shulmanbastian.com

*Proposed Counsel to the Debtor and Debtor in Possession*