# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | Re: Docket No. 70 |

### ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER APPROVING (1) KEY EMPLOYEE INCENTIVE PLAN; (2) KEY EMPLOYEE RETENTION PLAN, AND (3) GRANTING RELATED RELIEF

Upon the Motion of the Agway Farm & Home Supply, LLC, the debtor and debtor in possession in the above captioned case (the "Debtor"), for an Order Approving (1) Key Employee Incentive Plan; (2) Key Employee Retention Plan; and (3) Granting Related Relief to (A) Assume Existing Insurance Policies; and (B) Pay all Obligations in Respect Thereof (the "Motion");[2] and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed and considered the Preliminary Objection of the Official Committee of Unsecured Creditors to the Motion (Docket No. 88) and the Objection of the United States Trustee to the Motion (Docket No. 92; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtor's business and is in the best interests of the Debtor, its estate, and its creditors; and it appearing that the notice of the Motion having been given

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

13735363.v1

as set forth herein was appropriate and that no other or further notice need by given; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Except as provided to the contrary herein, all objections to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied.

3. The KEIP and the KERP are each approved on the terms described in the Motion with the following modification: The amount of the KEIP will be calculated based on the sale proceeds from the Sale Process other than any sale proceeds that result from the Debtor's de minimis asset sales of inventory at discounted rates ("De Minimis Asset Sales"). In other words, any sale proceeds from De Minimis Asset Sales will not count toward the calculation of the KEIP amount to be paid.

4. The Debtor is authorized to take all actions necessary to implement the KEIP and the KERP, and to make all payments provided under such plans.

5. All amounts earned and payable under the KEIP and the KERP shall have administrative expense priority under sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code for all purposes in this Case and in any other case under the Bankruptcy Code to which this Case may be converted.

6. This Order shall be effective and enforceable immediately upon entry, and any stay applicable under the Bankruptcy Rules or the Local Rules is hereby expressly waived and shall not apply.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: August 10th, 2022**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

3