# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10602 (JKS) |

**Objection Deadline: September 2, 2022 at 4:00 p.m. (ET)**
**Hearing Date: September 22, 2022 at 10:00 a.m. (ET)**

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO 11 U.S.C. §§ 327, 328, AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JULY 20, 2022

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby submits its application (the "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel to the Committee in connection with the Debtor's chapter 11 case (the "Case"), effective as of July 20, 2022, pursuant to sections 327, 328(a), and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Committee submits: (i) the Declaration of Bradford J. Sandler, a partner of the Firm (the "Sandler Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference, and (ii) the

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

declaration of the Committee chair attached hereto as **Exhibit B** and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327, 328, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4. On July 5, 2022 (the "Petition Date"), the Debtor commenced a case under chapter 11 of title 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Case.

5. On July 18, 2022, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in the Case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are:

(i) The Scotts Company, LLC; (ii) Animal Health International, Inc.; (iii) Wildlife Sciences, LLC; (iv) Capital Forrest Products; (v) Gallagher North America, Inc.; (vi) Hub Group, Inc.; and (vii) American Wood fibers, Inc.  *See* D.I. 63.

6. On July 20, 2022, the Committee voted to retain PSZ&J as its counsel, subject to Court approval.

7. The Firm has approximately 75 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases.  Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others: Madison Square Boys & Girls Club, Inc., Corsicana Bedding, LLC, Talen Energy Supply, LLC, Sungard Availability Services, LP (2022), Rockall Energy Holdings, LLC, Rockdale Marcellus, LLC, Limetree Bay Services, LLC, Agilon Energy Holdings II LLC, Alamo Drafthouse Cinemas Holdings, LLC, Christopher & Banks, Inc., Spherature Investments LLC, YouFit Health Clubs, LLC, Studio Movie Grill Holdings, LLC, The Roman Catholic Diocese of Rockville Centre, New York, It'Sugar FL I LLC, Tailored Brands Inc., Professional Financial Investors Inc., Ascena Retail Group, Inc., RTW Retailwinds Inc., Lucky Brand Dungarees, LLC, Neiman Marcus Group LTD LLC, Chinos Holdings, Inc., The Roman Catholic Church for the Archdiocese of New Orleans, Cinemex Holdings USA Inc., FoodFirst Global Restaurants, Inc., Whiting Petroleum Corporation, Rochester Drug Co-Operative Inc., Art Van Furniture, LLC, CraftWorks Parent, LLC, The Diocese of Buffalo, N.Y., Goodrich Quality Theaters, Inc., SD Restaurant Group, LLC, Earth Fare,

Inc., and Fairway Group Holdings Corp. 2020. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

## Relief Requested

8. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit C**, pursuant to sections 327, 328(a), and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its counsel in this Case. The Committee seeks to retain the Firm, effective as of July 20, 2022, because the Firm began providing services to the Committee as of such date. The Committee believes that retroactive approval of its retention is appropriate in this Case because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of this Case, and the Firm has been providing services to the Committee since July 20, 2022.

## Services to be Rendered

9. Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a. Assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this Case;

    b. Assisting, advising, and representing the Committee with respect to the Debtor's retention of professionals and advisors with respect to the Debtor's business and this Case;

    c. Assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed

4

        asset sales, any asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

    d.    Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

    e.    Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor' operations, and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Case or to the formulation of a plan;

    f.    Assisting, advising, and representing the Committee in connection with any sale of the Debtor's assets;

    g.    Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

    h.    Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    i.    Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

    j.    Providing such other services to the Committee as may be necessary in this Case.

10.    PSZ&J will coordinate closely with FTI Consulting, Inc. ("FTI") the Committee's proposed financial advisor, to minimize the duplication of the services provided to the Committee by each professional and meet the scope of the services for which each firm is retained to provide.

**No Adverse Interest and Disclosure of Connections**

11.    The Committee believes that PSZ&J does not hold or represent any interest that is adverse to the Committee and the Debtor's estate and does not hold or represent any interest

adverse to and has no connection with the Committee, the Debtor, its creditors or any party in interest herein in the matters upon which PSZ&J is to be retained, except as set forth in the Sandler Declaration.

12. Neither PSZ&J nor any of its attorneys has any connection with any party in interest or their attorneys or accountants, in this Case.

13. Except as provided in the Sandler Declaration, to the best of the Committee's knowledge, neither PSZ&J, nor any of its attorneys, holds or represents any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained, subject to PSZ&J's ongoing conflicts review. The Committee submits that its proposed employment of PSZ&J is in the best interests of the Committee and its members.

14. To the best of the Committee's knowledge, and except as disclosed in the Sandler Declaration, PSZ&J has had no other prior connection with the Debtor, its creditors or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

15. PSZ&J represents many committees in other bankruptcy cases, the members of which (together with other creditors of this Case) may be creditors of the Debtor. However, PSZ&J will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtor.

16. Similarly, PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this Case.

**Professional Compensation**

17. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates for professionals and paralegals presently designated to represent the Committee are:

|     |     |     |
| --- | --- | --- |
| (a) | Partners/Counsel | $945.00 to $1,775.00 per hour |
| (b) | Associates | $675.00 to $825.00 per hour |
| (c) | Paralegals | $460.00 to $495.00 per hour |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

19. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as

secretarial and other overtime. PSZ&J will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients and within the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court. PSZ&J believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

### Notice

20. Notice of this Application has been given to the following parties: (a) the U.S. Trustee for the District of Delaware; (b) counsel for the Debtor; and (c) all parties requesting notice in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. No previous application for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit C**, authorizing the Committee to employ and retain PSZ&J as its counsel, effective as of July 20, 2022, and granting such other and further relief as is just and proper.

Dated:  August 19, 2022

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AGWAY FARM & HOME SUPPLY, LLC

By: _____
Owen Ward, Chief Financial Officer of American Wood Fibers, Inc., solely in his capacity as chair of the Official Committee of Unsecured Creditors and not in his individual capacity