**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | **Re: Docket No. 168** |

**ORDER (A) APPROVING BIDDING PROCEDURES AND PROTECTIONS IN CONNECTION WITH CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) SCHEDULING AN AUCTION AND SALE HEARING; (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion for Entry of an Order: (I)(A) Approving Bidding Procedures and Protections in Connection with a Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) Scheduling an Auction and Sale Hearing; (C) Approving the Form and Manner of Notice Thereof; and (D) Granting Related Relief and (II)(A) Authorizing and Approving the Sale of Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* [D.I. 168] (the "Sale Motion")[2], the *Declaration of Jay Quickel in Support of First Day Motions* [D.I. 10] and the *Declaration of Jay Quickel in Support of the Sale Motion* (collectively, the "Quickel Declarations"), the *Declaration of Adam Meislik in Support of the Sale Motion* (the "Meislik Declaration", and collectively with the Sale Motion and the Quickel Declarations, the "Sale Pleadings") filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); the Court having reviewed the Sale Pleadings and the record in the Debtor's chapter 11 case (the "Chapter 11 Case"); the Court having considered the statements of counsel to the Debtor and other parties

---

[1]  The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2]  Except where otherwise indicated, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Pleadings or the Agreement (each as defined herein), as applicable.

in interest, the Court finds that establishing bidding and sale procedures in connection with a sale of the Assets (collectively, the "Bidding Procedures"), in accordance with the provisions contained herein (the "Bidding Procedures Order"), is in the best interests of the Debtor's estate.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    <u>Findings of Fact and Conclusion of Law</u>.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Rule 9014 of the Bankruptcy Rules.  To the extent any findings of fact herein constitute conclusions of law, they are adopted as such.  To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction and Venue</u>.  The Court has jurisdiction over the Sale Motion and the transaction contemplated in the Agreement (as defined herein) pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.    <u>Basis for Relief</u>.  The statutory bases for the relief requested in the Sale Motion are (i) sections 105, 363, 365, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and (ii) Rules 2002(a)(2), 6004, 6006, and 9014 of the Bankruptcy Rules and Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules").

D.    <u>Notice</u>.  As evidenced by the certificates of service filed with the Court, proper, timely, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding: the Sale Motion and the relief sought therein, and such notice complied with

all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules, and no other or further notice is required except as set forth herein with respect to a hearing (the "Sale Hearing") before the Court to approve the transactions contemplated by (i) that certain Asset Purchase Agreement by and between Agway Farm & Home Supply LLC and True Value Company, L.L.C. (the "Stalking Horse Bidder") in substantially the same form as attached hereto as **Exhibit 4** (the "Agreement"); and (ii) that certain Asset Purchase Agreement ("FL Hardware APA" and together with the Agreement, the "Agreements") by and between the Debtor and Florida Hardware, LLC ("FL Hardware" and collectively with the Stalking Horse Bidder, the "Stalking Horse Bidders") in substantially the same form as attached hereto as **Exhibit 5**.

    E. <u>Approval of the Bidding Procedures</u>.  The Debtor has demonstrated good and sufficient reasons for the Court to: (i) approve the Bidding Procedures; (ii) set the Auction and the Sale Hearing and approve the form and manner of notice of the Auction and the Sale Hearing; and (iii) grant the Break-up Fee as provided in this Bidding Procedures Order.  The entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, creditors, and all other parties in interest.  The Bidding Procedures are fair, reasonable, and appropriate and are designed to maximize the value to be achieved for the Assets.  The Bidding Procedures and the Agreements were each negotiated in good faith and at arm's length by the Debtor, the official committee of unsecured creditors (the "Committee") and the Stalking Horse Bidders.  The Agreements represent the highest or otherwise best offer that the Debtor has received to date to purchase the Purchased Assets, including the Inventory Assets.  The selection of the Stalking Horse Bidders were fair and appropriate and is in the best interests of the Debtor's estate under the circumstances.

F.      <u>Break-up Fee</u>. The Debtor has proposed to pay the Break-up Fee in the amount of 3% of the purchase price to each of the Stalking Horse Bidders.  The Debtor has demonstrated a compelling business justification of the payment of the Break-up Fee under the circumstances set forth in this Order and in the Agreements.  The Break-up Fee (i) is payable as provided in each Agreement, (ii) is of substantial benefit to the Debtor's estate, (iii) is reasonable and appropriate in light of the size and nature of the sale and the efforts that have been or will be expended by the relevant Stalking Horse Bidders, notwithstanding that the proposed sale is subject to higher and better offers for the Assets, (iv) was negotiated by the parties at arm's length and in good faith, and (v) is necessary to ensure that the relevant Stalking Horse Bidder will continue to pursue its proposed acquisition of the Purchased Assets contemplated in the Agreement.  The Debtor shall be responsible for payment of the Break-Up Fee which shall be paid only in the event that the relevant Stalking Horse Bidders is not the successful bidder for the Assets.  The relevant Stalking Horse Bidder is unwilling to commit to purchase the Purchased Assets under the terms of the Agreement without approval of the Break-up Fee.

G.      <u>Local Rule</u>.  The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Sale Motion is GRANTED with respect to all issues other than the approval of the Sale, to the extent set forth herein.

2.      Except as provided to the contrary herein, all objections to the Sale Motion or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits with prejudice.

3.      <u>Approval of Bidding Procedures</u>.  The Bidding Procedures, attached hereto as **Exhibit 1**, are hereby approved in their entirety, are incorporated herein by reference, and shall govern the bids and proceedings related to the sale and the Auction, and the key dates for the sales process, attached hereto as **Exhibit 2** (the "<u>Bidding Procedures Key Dates</u>"), are hereby approved in their entirety and incorporated herein by reference.

4.      The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5.      <u>Stalking Horse Bidder</u>.  True Value Company, L.L.C. is approved as the Stalking Horse Bidder for the Purchased Assets, in accordance with the terms of the Agreement.  Florida Hardware, LLC is approved as the Stalking Horse Bidder for the Inventory Assets, in according with the terms of the FL Hardware APA.

6.      <u>Bid Deadline</u>. **October 10, 2022 at 5:00 p.m.**,[3] is hereby set as the Bid Deadline, as further detailed in the Bidding Procedures.

7.      <u>Auction</u>.  If the Debtor receives one or more Qualified Bids (as defined in the Bidding Procedures) (other than the bid submitted by the Stalking Horse Bidder) by the Bid Deadline, the Auction shall take place on **October 12, 2022 at 10:00 a.m.**, at the offices of Morris James, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, or such other place as the Debtor, in consultation with the Consultation Parties (as defined in the Bidding Procedures) shall notify all proposed attendees.  All parties other than Debtor's local counsel may attend the Auction via Zoom video conference pursuant to instructions to be provided no later than twenty-four (24) hours prior to the Auction.  The Auction shall be conducted in accordance with the Bidding Procedures and will be stenographically recorded.

---

[3] Unless expressly stated otherwise, all references to time refer to prevailing Eastern Time.

8.      Objections to Auction Process. Any objections to the Auction process must: (a) be in writing; (b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **October 13, 2022 at 4:00 p.m.**; and (e) be served upon: (i) the Debtor, Jay.quickel@agway.com; (ii) counsel to the Debtor, Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman, Melissa Lowe and Max Casal, afriedman@shulmanbastian.com, mlowe@shulmanbastian.com and mcasal@shulmanbastian.com, and Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801, Attn: Jeffrey Waxman and Brya Keilson, jwaxman@morrisjames.com and bkeilson@morrisjames.com; (iii) counsel to the Stalking Horse Bidder True Value Company, L.L.C., Beck, Chaet, Bamberger & Polsky, S.C., 330 E. Kilbourn Avenue, Suite 1085, Milwaukee, WI 53202, Attn: Devon J. Eggert, deggert@bcblaw.net; (iv) counsel to the Stalking Horse Bidder FL Hardware, Smith Gambrell Russell, 50 N. Laura Street, Suite 2600, Jacksonville, FL 32202, Attn: Brandon Dodd, bdodd@sgrlaw.com and Brian Hall, bhall@sgrlaw.com; (v) the Office of the United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard Schepacarter, Richard.Schepacarter@usdoj.gov; and (vi) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Bradford J. Sandler, bsandler@pszjlaw.com and Paul J. Labov, plabov@pszjlaw.com.

9.      Break-up Fee. Section 3.3 of the Agreement and of the FL Hardware APA is hereby approved in its entirety and binding upon the Debtor, its estate, and all parties in interest.  In connection therewith, the Debtor's obligation to pay the Break-up Fee, as provided in the Agreements, is hereby approved in its entirety and shall survive termination of the Agreements.

10.      <u>Payment of Break-up Fee</u>.  If the relevant Stalking Horse Bidder is not the Successful Bidder, the Debtor shall pay a break-up fee to the Stalking Horse Bidder in an amount equal to 3% of the purchase price (the "<u>Break-Up Fee</u>")[4] inclusive of the actual, reasonable, and documented expenses of the Stalking Horse Bidder incurred in connection with the negotiation, execution, and preparation for the consummation of the transactions contemplated in the Agreement.  The Break-up Fee is payable within two Business Days after the closing of the transaction with the Successful Bidder (or the Backup Bidder that becomes the Successful Bidder). For the avoidance of doubt, the Stalking Horse Bidder does not waive its right to the Break-up Fee by placing an Overbid(s), and shall be allowed to credit bid the amount of the Break-up Fee in any Overbid(s).

11.      The obligation to pay the Break-up Fee in full by wire transfer of immediately available funds when due shall not be discharged, modified, or otherwise affected by any chapter 11 plan in the Chapter 11 Case or by any other order or action of the Court, including but not limited to conversion of the Chapter 11 Case to a case under Chapter 7.  The Break-up Fee shall be an allowed administrative expense claim.

12.      <u>No Break-up Fees for Other Bidders</u>.  Except for the Stalking Horse Bidder, no other entity (as defined in the Bankruptcy Code) submitting an offer or Bid for the Purchased Assets or a Qualified Bid shall be entitled to any expense reimbursement, or break-up, termination, or similar fees or payment.

---

[4] Similarly, if FL Hardware is not the Successful Bidder for the Inventory Assets, the Debtor shall pay a break-up fee to FL Hardware in an amount equal to 3% of the Purchase Price (as "<u>Purchase Price</u>" is defined in the FL Hardware APA).  All other terms relating to the Break-up Fee (as defined herein) shall apply to the break-up fee authorized to be paid to FL Hardware.

13.     The Sale of the Purchased Assets is consistent with the Debtor's privacy policy and the appointment of a consumer privacy ombudsman is not required under 11 U.S.C. § 363(b)(1)(B).

14.     <u>Sale Notice</u>.  The notice of the sale of the Purchased Assets, substantially in the form attached hereto as **<u>Exhibit 3</u>** (the "<u>Sale Notice</u>"), is hereby approved in its entirety.

15.     <u>Service of the Sale Notice and Bidding Procedures Order</u>.  No later than two (2) Business Days after entry of the Bidding Procedures Order, the Debtor will cause the Sale Notice and this Bidding Procedures Order to be sent by electronic mail, if known, and first-class mail, postage prepaid, to the following: (a) all creditors or their counsel known to the Debtor to assert a lien (including any security interest), claim, right, interest, or encumbrance of record against all or any portion of the Purchased Assets; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to each of the Stalking Horse Bidders; (d) counsel to the Committee; (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (f) all applicable federal, state, and local taxing and regulatory authorities of the Debtor or recording offices or any other governmental authorities that, as a result of the sale of the Purchased Assets or Inventory Assets, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Purchased Assets or Inventory Assets or have any known interest in the relief requested by the Sale Pleadings; and (g) all potential bidders previously identified or otherwise known to the Debtor.

16.     <u>Notice</u>. Compliance with the foregoing provisions for the Sale Notice shall constitute sufficient notice of the Debtor's proposed sale of the Purchased Assets or Inventory Assets free and clear of liens, claims, interests, and encumbrances, pursuant to section 363(f) of

the Bankruptcy Code and otherwise, and, except as set forth in this Bidding Procedures Order, no
other or further notice of the sale shall be required to be provided by the Debtor.

17.    <u>Sale Objections</u>.    Any objections to the sale of any the Assets and the sale
contemplated in the Agreements, or the relief requested in the Sale Motion, must: (a) be in writing;
(b) state the basis of such objection with specificity; (c) comply with the Bankruptcy Rules and
the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District
of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **October 7,
2022 at 4:00 p.m.** (the "<u>Sale Objection Deadline</u>"); and (e) be served upon: (i) the Debtor,
Jay.quickel@agway.com; (ii) counsel to the Debtor, Shulman Bastian Friedman & Bui LLP, 100
Spectrum Center Drive, Suite 600, Irvine, California 92618, Attn: Alan J. Friedman, Melissa Lowe
and    Max    Casal,    afriedman@shulmanbastian.com,    mlowe@shulmanbastian.com    and
mcasal@shulmanbastian.com, and Morris James LLP, 500 Delaware Avenue, Suite 1500,
Wilmington, DE 19801, Attn: Jeffrey Waxman and Brya Keilson, jwaxman@morrisjames.com
and bkeilson@morrisjames.com; (iii) counsel to the Stalking Horse Bidder True Value Company,
L.L.C., Beck, Chaet, Bamberger & Polsky, S.C., 330 E. Kilbourn Avenue, Suite 1085, Milwaukee,
WI 53202, Attn: Devon J. Eggert, deggert@bcblaw.net; (iv) counsel to the Stalking Horse Bidder
FL Hardware, Smith Gambrell Russell, 50 N. Laura Street, Suite 2600, Jacksonville, FL 32202,
Attn: Brandon Dodd, bdodd@sgrlaw.com and Brian Hall, bhall@sgrlaw.com; (v) the Office of the
United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35,
Wilmington, Delaware 19801, Attn: Richard Schepacarter, Richard.Schepacarter@usdoj.gov; and
(vi) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Bradford J. Sandler,
bsandler@pszjlaw.com and Paul J. Labov, plabov@pszjlaw.com.

18.     The proposed form of Sale Order shall be filed no later than **October 13, 2022 at 4:00 p.m.**

19.     <u>Participation in the Bidding Process</u>.  All entities that participate in the bidding process or the Auction shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of the Court with respect to all matters related to the terms and conditions of the transfer of Assets, the Auction, and any transaction contemplated herein.

20.     <u>Sale Hearing</u>.  The Sale Hearing shall be held before the Court **on October 14, 2022 at 12:00 p.m.** The Sale Hearing may be continued, from time to time, without further notice to creditors or other parties in interest other than by filing a notice on the Court's docket.

21.     <u>Backup Bidder</u>.  Notwithstanding anything in the Bidding Procedures to the contrary, if an Auction is conducted, the entity with the second highest or otherwise best Qualified Bid at the Auction, as determined by the Debtor, in the exercise of its business judgment, and in consultation with the Consultation Parties (as defined in the Bidding Procedures), will be designated as the Backup Bidder. The Backup Bidder shall be required to keep its Backup Bid open and irrevocable until the earlier of (i) the closing of the transaction with the Successful Bidder, and (ii) thirty (30) days following entry of the Sale Order (the "<u>Outside Backup Date</u>") subject to the Stalking Horse Bidder's rights under the Agreement, and any deposit received from the Backup Bidder shall be maintained by the Debtor until the Outside Backup Date.  Following the Sale Hearing, if the Successful Bidder fails to consummate the Successful Bid, the Debtor shall proceed to consummate the Backup Bid with the Backup Bidder.  A hearing to authorize a sale to the Backup Bidder will be held before the Court on no less than five (5) days' notice, with objections due at least one (1) day prior to such hearing (the "<u>Backup Sale Hearing</u>").  For the

avoidance of doubt, the scope of such hearing shall be limited to issues relating to the identity of the Backup Bidder.

22.    <u>Bidding Procedures Order Controls</u>.   To the extent that any chapter 11 plan confirmed in the Chapter 11 Case or any order confirming any such plan or any other order in the Chapter 11 Case (including any order entered after any conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this Bidding Procedures Order, the provisions of this Bidding Procedures Order shall control.   Notwithstanding the above, nothing in the Bidding Procedures Order, the Agreement, or any sale order shall grant any tax exemption pursuant to Section 1146(a). The Debtor's obligations under this Bidding Procedures Order, the provisions of this Bidding Procedures Order, and the portions of the Agreement pertaining to the Bidding Procedures shall survive conversion of any of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, confirmation of any chapter 11 plan in the Chapter 11 Case, or discharge of claims thereunder and shall be binding upon the Debtor, a chapter 7 trustee, and the reorganized or reconstituted Debtor, as the case may, after the effective date of any confirmed chapter 11 plan in the Debtor's case (including any order entered after any conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code).

23.    <u>Immediate Effectiveness of the Bidding Procedures Order</u>.   Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry, and no automatic stay shall apply to this Bidding Procedures Order.

24.    <u>Calculation of Time</u>.   All time periods set forth in this Bidding Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.     <u>Authorization of Debtor</u>.  The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order in accordance with the Sale Pleadings, including executing the Agreement.  No further or additional order from the Court shall be required to give effect to the provisions set forth in this Bidding Procedures Order.

26.     <u>Inconsistencies</u>.   In the event there is any inconsistency between this Bidding Procedures Order and the Sale Pleadings, the Bidding Procedures, or the Agreement, this Bidding Procedures Order shall govern.

27.     <u>Jurisdiction</u>.   The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bidding Procedures Order.  All matters arising from or related to the implementation of this Bidding Procedures Order may be brought before the Court as a contested matter, without the necessity of commencing an adversary proceeding.

**Dated: September 22nd, 2022**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

13799547.v1