**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | |

Objection Deadline:  October 17, 2021 at 4:00 p.m. (ET)
Hearing Date:  Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,**
**AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD OF JULY 20, 2022 THROUGH AUGUST 31, 2022**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 20, 2022 by Order entered September 21, 2022 |
| Period for which Compensation and Reimbursement is Sought: | July 20, 2022 – August 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $263,934.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $391.68 |

This is a:   ☒ monthly      ☐ interim      ☐ final application.

The total time expended for preparation of this monthly fee application is approximately 4 hours and the corresponding compensation requested is approximately $2,400.00.

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

## PRIOR MONTHLY APPLICATIONS FILED

No prior applications have been filed.

### PACHULSKI STANG ZIEHL & JONES LLP PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner, 1982 | $1,525.00 | 12.00 | $18,300.00 |
| Bradford J. Sandler | Partner, 1996 | $1,445.00 | 45.20 | $65,314.00 |
| Paul John Labov | Partner, 2002 | $1,195.00 | 74.80 | $89,386.00 |
| Colin R. Robinson | Counsel, 1997 | $1,025.00 | 76.10 | $78,002.50 |
| Steven W. Golden | Associate, 2015 | $775.00 | 0.30 | $    232.50 |
| Ian Densmore | Paralegal | $495.00 | 13.90 | $  6,880.50 |
| Patricia J. Jeffries | Paralegal | $495.00 | 7.50 | $  3,712.50 |
| Cheryl A. Knotts | Paralegal | $460.00 | 0.20 | $      92.00 |
| Andrea R. Paul | Case Management Assistant | $395.00 | 2.80 | $  1,106.00 |
| Karen S. Neil | Case Management Assistant | $395.00 | 2.30 | $    908.50 |

**Grand Total:**      $263,934.50
**Total Hours:**           235.10
**Blended Rate:**      $1,122.65

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 75.50 | $91,104.50 |
| Bankruptcy Litigation | 32.30 | $35,499.50 |
| Case Administration | 28.60 | $23,828.00 |
| Claims Administration / Objections | 5.20 | $ 6,884.00 |
| Employee Benefit / Pension | 23.80 | $28,483.00 |
| Financial Filings | 1.90 | $ 2,199.50 |
| Financing | 3.50 | $ 4,197.50 |
| General Creditors' Committee | 38.70 | $42,143.50 |
| Retention of Professionals | 25.60 | $29,595.00 |
| **Totals** | **235.10** | **$263,934.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | LoopeUp | $11.68 |
| Outside Services | Advita, LLC | $198.60 |
| Pacer – Court Research | | $27.20 |
| Reproduction / Scan Copy | | $154.20 |
| **Total** | | **$391.68** |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | |

Objection Deadline:  October 17, 2021 at 4:00 p.m. (ET)
Hearing Date:  Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD OF JULY 20, 2022 THROUGH AUGUST 31, 2022**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals*, entered on August 3, 2022 [Docket No. 114] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *First Monthly Application for Compensation and Reimbursement of Expenses for the Period of July 20, 2022 through August 31, 2022* (the "Application").

By this Application, PSZJ seeks (i) a monthly interim allowance of compensation in the amount of $263,934.50 and actual and necessary expenses in the amount of $391.68 for a total allowance of $264,326.18 and (ii) payment of $211,147.60 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $391.68 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $211,539.28

---

[1]  The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

for the period of July 20, 2022 through August 31, 2022 (the "Interim Period").  In support of

this Application, PSZJ respectfully represents as follows:

**Background**

1.        On July 5, 2022 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and

managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this

chapter 11 case.

2.        On July 18, 2022, the Office of the United States Trustee established the

Committee pursuant to section 1102(a)(1) of the Bankruptcy Code, which currently is comprised

of the following seven members: (i) The Scotts Company, LLC; (ii) Animal Health International,

Inc.; (iii) Wildlife Sciences, LLC; (iv) Capital Forrest Products; (v) Gallagher North America,

Inc.; (vi) Hub Group, Inc.; and (vii) American Wood Fibers, Inc.[Docket Nos. 118 and 289].

3.        On August 3, 2022, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications.  If no objections are made within ten (10) days after service of the monthly fee

application the Debtors are authorized to pay the Professional eighty percent (80%) of the

requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the

period September 30, 2022, and at three-month intervals or such other intervals convenient to the

Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZJ, as counsel to the Committee, was approved effective as of July 20, 2022, by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of July 20, 2022* [Docket No. 205] (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZJ'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Committee. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has not received a retainer in this case.

### Fee Statements

6.      The fee statement for the Interim Period is attached hereto as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZJ's time reports are initially handwritten or directly entered in the

billing system, by the attorney or paralegal performing the described services.  The time reports

are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping" and, unless

time was spent in one time frame on a variety of different matters for a particular client, separate

time entries are set forth in the time reports.  PSZJ's charges for its professional services are

based upon the time, nature, extent and value of such services and the cost of comparable

services other than in a case under the Bankruptcy Code.  To the extent it is feasible, PSZJ

professionals attempt to work during travel.

<b><u>Actual and Necessary Expenses</u></b>

7.      A summary of the actual and necessary expenses incurred by PSZJ for the

Interim Period is attached hereto as part of **Exhibit A**.  PSZJ customarily charges $0.10 per page

for photocopying expenses related to cases, such as this, arising in Delaware.   PSZJ's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZJ summarizes each client's photocopying charges on a daily basis.

8.      PSZJ charges $0.25 per page for out-going facsimile transmissions.  There

is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the

machines, supplies and extra labor expenses associated with sending telecopies and is reasonable

in relation to the amount charged by outside vendors who provide similar services.  PSZJ does

not charge the Debtors for the receipt of faxes in these cases.

9.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZJ charges the standard usage rates these providers charge for

computerized legal research.  PSZJ bills its clients the actual amounts charged by such services,

with no premium.  Any volume discount received by PSZJ is passed on to the client.

10.      PSZJ believes the foregoing rates are the market rates that the majority of

law firms charge clients for such services.  In addition, PSZJ believes that such charges are in

accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's

Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other

charges.

## Summary of Services Rendered

11.      The names of the timekeepers of PSZJ who have rendered professional

services in these cases during the Interim Period are set forth in the attached **Exhibit A**.  PSZJ,

by and through such persons, has prepared and assisted in the preparation of various motions and

orders submitted to the Court for consideration, advised the Debtors on a regular basis with

respect to various matters in connection with the Debtors' cases, and performed all necessary

professional services which are described and narrated in detail below.  PSZJ's efforts have been

extensive due to the size and complexity of the Debtors' cases.

**Summary of Services by Project**

12.      The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**.  **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.      **Asset Disposition**

13.      During the Interim Period, the Firm, among other things: (i) reviewed and analyzed issues in connection with the sale process of the Debtor's assets; (ii) reviewed and analyzed potential bids; (iii) addressed issues in connection with the sale of the Debtor's IP assets; (iv) conferred with estate professionals regarding the sale process and potential bids; (v) reviewed, analyzed and provided comments to bid procedures; (vi) reviewed and analyzed appraisals of the Debtor's assets; and (vii) reviewed, analyzed and provided comments to the asset purchase agreement.

Fees:  $91,104.50          Hours:  75.50

B.       **Bankruptcy Litigation**

14.       During the Interim Period, the Firm, among other things: (i) reviewed and analyzed the Debtor's "second day" motions; (ii) addressed issues in connection with discovery requests; (iii) reviewed hearing agendas; (iv) addressed issues in connection with the Debtor's cash management motion; and (v) conferred with counsel regarding the status of the investigation and diligence request responses.

Fees:  $35,499.50          Hours:  32.30

C.       **Case Administration**

15.       During the Interim Period, the Firm, among other things: (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical dates; (iii) maintained service lists; and (iv) participated in case status calls.

Fees:  $23,828.00          Hours:  28.60

D.       **Claims Administration/ Objection**

16.       During the Interim Period, the Firm, among other things: (i) reviewed and analyzed the Debtor's claims bar date motion; (ii) reviewed and analyzed potential 503(1)() claims; (iii) reviewed and analyzed litigation claims; and (iv) addressed issues in connection with insurance coverage of certain claims.

Fees:  $6,884.00          Hours:  5.20

**E.     Employee Benefit / Pension**

17.     During the Interim Period, the Firm, among other things, reviewed, analyzed and conferred with estate professionals regarding the Debtor's proposed KEIP and KERP motions.

Fees: $28,483.00          Hours: 23.80

**F.     Financial Filings**

18.     During the Interim Period, the Firm, among other things, reviewed and analyzed the Debtor's schedule of assets and liabilities and statement of financial affairs.

Fees: $867.00          Hours: .60

**G.     Financing**

19.     During the Interim Period, the Firm, among other things, reviewed and analyzed the Debtor's budget and conferred with estate professionals regarding the same.

Fees: $4,197.50          Hours: 3.50

**H.     General Creditors' Committee**

20.     During the Interim Period, the Firm, among other things: (i) prepared Committee bylaws; (ii) interviewed potential financial advisory firms to represent the Committee; (iii) conferred with the Committee regarding routine case matters and status updates; (iv) participated in regular weekly Committee calls; and (v) attended the 341(a) meeting of creditors.

Fees: $42,143.50          Hours: 38.70

## I.    Retention of Professionals

21.    During the Interim Period, the Firm, among other things: (i) interviewed potential financial advisors to represent the Committee; (ii) addressed issues in connection with the retention of Stretto and the data room; (iii) reviewed and analyzed the Debtor's retention applications of its professionals; (iv) prepared PSZJ's retention application and conferred with the US Trustee regarding same; (v) addressed issues in connection with Hilco's retention; and (vi) addressed indemnification issues with the US Trustee in connection with FTI's retention.

Fees:  $29,595.00            Hours:  25.60

### Valuation of Services

22.    Attorneys and paraprofessionals of PSZJ expended a total 235.10 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert J. Feinstein | Partner, 1982 | $1,525.00 | 12.00 | $18,300.00 |
| Bradford J. Sandler | Partner, 1996 | $1,445.00 | 45.20 | $65,314.00 |
| Paul John Labov | Partner, 2002 | $1,195.00 | 74.80 | $89,386.00 |
| Colin R. Robinson | Counsel, 1997 | $1,025.00 | 76.10 | $78,002.50 |
| Steven W. Golden | Associate, 2015 | $775.00 | 0.30 | $    232.50 |
| Ian Densmore | Paralegal | $495.00 | 13.90 | $  6,880.50 |
| Patricia J. Jeffries | Paralegal | $495.00 | 7.50 | $  3,712.50 |
| Cheryl A. Knotts | Paralegal | $460.00 | 0.20 | $      92.00 |
| Andrea R. Paul | Case Management Assistant | $395.00 | 2.80 | $  1,106.00 |
| Karen S. Neil | Case Management Assistant | $395.00 | 2.30 | $    908.50 |

**Grand Total:**        **$263,934.50**
**Total Hours:**              **235.10**
**Blended Rate:**        **$1,122.65**

23.     The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto.  These are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ for the Committee during the Interim Period is $263,934.50.

24.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that, for the period of July 20, 2022 through August 31, 2022, (i) an interim allowance be made to PSZJ for compensation in the amount $263,934.50 and actual and necessary expenses in the amount of $391.68 for a total allowance of $264,326.18 and (ii) payment of $211,147.60 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $391.68 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $211,539.28, and for such other and further relief as this Court may deem just and proper.

Dated:   October 7, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
_____
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor

Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rfeinstein@pszjlaw.com
       bsandler@pszjlaw.com
       crobinson@pszjlaw.com


*Counsel to the Official Committee of Unsecured Creditors*

# DECLARATION

STATE OF DELAWARE        :

                                         :

COUNTY OF NEW CASTLE   :

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b)      I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about July 13, 2022 and submit that the Application substantially complies with such rule and orders.

                                                    */s/ Bradford J. Sandler*
                                                    Bradford J. Sandler