## EXHIBIT B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:                                                  Chapter 11

AGWAY FARM & HOME SUPPLY, LLC,        Case No. 22-10602 (JKS)

Debtor.[1]

Re: Docket No. 168, 221, 248

**ORDER (A) AUTHORIZING SALE OF CERTAIN OF DEBTOR'S ASSETS PURSUANT
TO SUCCESSFUL BIDDER(S)' ASSET PURCHASE AGREEMENTS, FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (B)
GRANTING RELATED RELIEF**

Upon consideration of: (1) *Debtor's Motion for Entry of an Order: (I)(A) Approving Bidding Procedures and Protections in Connection with a Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) Scheduling an Auction and Sale Hearing; (C) Approving the Form and Manner of Notice Thereof; and (D) Granting Related Relief and (II)(A) Authorizing and Approving the Sale of Debtor's Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* (the "Bid Protections Motion")[2] and the *Expedited Motion to Designate Stalking Horse Purchaser, Approve Stalking Horse Purchase Agreement, and Provide Bid Protections for Remaining Assets;* and (2) *Debtor's Expedited Motion to Designate Stalking Horse Purchaser, Approve Stalking Horse Purchase Agreement, and Provide Bid Protections for the Remaining Assets* (the "Expedited Bid Protections Motion" and collectively, the "Sale Motions"); filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having entered the *Order (A) Approving Bidding Procedures and Protections in Connection with Certain of the Debtor's Assets Free and Clear of Liens,*

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Bidding Procedures Motion.

*Claims, Encumbrances, and Interests; (B) Scheduling an Auction and Sale Hearing; (C)*
*Approving the Form and Manner of Notice Thereof; and (D) Granting Related Relief* on
**September 22, 2022 [D.I. No. 221]** (the "Bidding Procedures Order"); the Debtor having entered
into separate asset purchase agreements (individually, an "Agreement", and collectively, the
"Agreements")[3] to sell (i) the Debtor's intellectual property and certain equipment (the "Purchased
Assets") to True Value Company, L.L.C. ("TV"), (ii) certain of its remaining inventory (
"Inventory Assets" ) to Florida Hardware, LLC ("FL Hardware"), and (iii) the Debtor's remaining
furniture, fixtures and equipment ("FFE" and collectively with the Purchased Assets and the
Inventory Assets, the "Assets") to Myron Bowling Auctioneers, Inc. ("Myron Bowling" and
collectively with TV and FL Hardware, the "Buyers");  the Debtor receiving no overbids on the
Purchased Assets or the Inventory Assets; the Debtor having received two bids for the FFE and
having conducted an auction (the "Auction") on October 12, 2022, pursuant to which Myron
Bowling was selected as the Successful Bidder; the Debtor, in consultation with the Consultation
Parties having determined that the highest and otherwise best offers for the Assets were made by
the Buyers; the Court having held a hearing (the "Sale Hearing") on **October 14, 2022**, to consider
the Sale Motions; the Court having reviewed the Sale Motions and the record in the Debtor's
chapter 11 case (the "Case"); the Court having considered the statements of counsel to the Debtor
and the Buyers, and other evidence submitted by the parties; and after due deliberation thereon
and for good cause having been shown, the Court finds that the entry of this order (this "Sale
Order") and granting the relief set forth herein are in the best interests of the Debtor, its estate, its
creditors, and all other parties in interest.

---

[3]  All references to "Buyers" or "Agreements" herein shall refer to each individual Buyer and their respective
Agreement.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      <u>Findings of Fact and Conclusion of Law</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any findings of fact herein constitute conclusions of law, they are adopted as such. To the extent that any conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction and Venue</u>. The Court has jurisdiction over the Sale Motions, the transactions contemplated in the Agreements, and the property of the Debtor's estate, including, without limitation, the Purchased Assets, the Inventory Assets and the FFE to be sold, transferred, or conveyed pursuant to the Agreements, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      <u>Basis for Relief</u>. The statutory basis for the relief requested in the Sale Motions are (i) sections 105, 363, and 503 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, and 9014, and (iii) Rules 2002-1 and 6004-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "<u>Local Rules</u>").

D.      <u>Final Order</u>. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d) and Local Rule 6004-1(b), the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of judgment as set forth herein.

E.      <u>Adequate Notice of the Sale</u>. As evidenced by the certificates of service filed with

the Court [D.I. 173, 223, 257], proper, timely, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding: the Sale Motions, the Auction, the Sale Hearing, and the transactions contemplated by those certain Agreements including, without limitation, the sale of the Debtor's Assets (each a "Sale", and collectively, the "Sales"), have been given to all parties entitled to notice pursuant to the Bidding Procedures Order, including, without limitation, the following: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the committee of unsecured creditors ("Committee"); (c) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (d) all potential bidders (including the Buyers). The notice provided constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the Sale Motions, the Auction, the Sale Hearing, and the entry of this Sale Order, under sections 102(1), and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6006, and 9014, the Local Rules, and the Bidding Procedures Order. No other or further notice of, opportunity to object to, or other opportunity to be heard regarding the Sale Motions, the Auction, the Sale Hearing, the Sale, or the entry of this Sale Order need be given.

F.      Adequate Process and Disclosure. The Bidding Procedures set forth in the Bidding Procedures Order and the Expedited Bid Protections Motion were reasonable and fair to all Persons, and established in good faith. The disclosures made by the Debtor concerning the Agreements and the transactions contemplated thereunder, the Auction, and the Sale Hearing were good, complete, and adequate. A true and correct copy of the reporter's transcript from the Auction is attached hereto as **Exhibit D.**

G.      Exercise of Business Judgment. The Debtor has demonstrated a sufficient basis and compelling circumstances to sell the Assets under section 363 of the Bankruptcy Code prior to confirmation of a chapter 11 plan under section 1129 of the Bankruptcy Code, and such actions

are appropriate exercises of its reasonable business judgment and in the best interests of the Debtor, its estate, and its creditors.

H.      <u>Fair Bidding and Sale Process</u>. The Debtor, the Committee, and each of their respective professionals have complied, in good faith, in all respects with the Bidding Procedures Order and Expedited Bid Protections Motion. As demonstrated by (i) testimony and other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration at or prior to the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Bidding Procedures Order, the Debtor: (a) afforded interested potential bidders a full, fair, and reasonable opportunity to qualify as Bidders and submit their highest or otherwise best offer to purchase the Assets; (b) provided potential bidders, upon request, sufficient due diligence information to enable them to make an informed judgment on whether to bid on the Assets and to submit the materials required under the Bidding Procedures Order by the Bid Deadline; and (c) considered any Qualified Bids submitted on or before the Bid Deadline.

I.      <u>Auction</u>. The Auction: (i) was held, as provided in the Bidding Procedures Order, on **October 12, 2022**; (ii) was conducted pursuant to procedures established in good faith and in compliance with the Bidding Procedures Order and Expedited Bid Protections Motion; and (iii) afforded a full, fair, and reasonable opportunity for any Person that submitted a timely Qualified Bid to make a higher or otherwise better offer for the Assets than that of the Buyers.

J.      <u>Title to Assets</u>. The Debtor is the sole and lawful owner of, and has clear and marketable title to, the Assets to be sold pursuant to the Agreements, including, without limitation, all items of personal property as identified in the Agreements. The Debtor has full corporate power and authority to execute, deliver, and perform under the Agreements and to consummate all

transactions contemplated thereby, without any further consent or approval required. No other consents or approvals, other than as may be expressly provided for in the Agreements, are required by the Debtor.

K.  <u>Free and Clear of Liens</u>. The Buyers have offered to purchase the Assets free and clear of all Liens[4] and Liabilities[5] to the fullest extent authorized under section 363(f) of the Bankruptcy Code and other applicable law. If the sale of the Assets to the Buyers were not free and clear of all Liens and Liabilities, or if the Buyers would, or in the future could, be liable for any Liens or Liabilities, the Buyers would not have entered into the Agreements and would not consummate the Sale or the transactions contemplated by the Agreements, thus adversely affecting the Debtor, its estate, and its creditors.

L.  <u>Highest and Best Offer</u>. At the conclusion of the Auction, the Debtor determined, in consultation with the Consultation Parties, that Myron Bowling's bid for the FFE was the highest and otherwise best bid. The offer to purchase the FFE made by Myron Bowling, under the terms and conditions set forth in the Agreement: (i) was made in good faith and complied ~~in all~~

---

[4] "<u>Lien</u>" means any mortgage, pledge, lien (statutory or otherwise), encumbrance, charge, security interest, option, right of first refusal, right of first offer, easement, interest, deed of trust, servitude, transfer restriction under any shareholder or similar Agreements, security Agreements or other encumbrance or restriction on the use or transfer of any property, hypothecation, license, preference, priority, covenant, right of recovery, order of any Governmental Authority, of any kind or nature (including, without limitation, (i) any conditional sale or other title retention Agreements and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, and (iii) any leasehold interest, license, or other right, in favor of a third party or a Debtor, to use any portion of the Assets), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown; <u>provided</u>, however, that "Lien" shall not be deemed to include any license of Intellectual Property.

[5] "<u>Liability</u>" means all indebtedness, losses, claims (including, without limitation, "claims" as defined in section 101(5) of the Bankruptcy Code), damages, expenses, fines or other penalties, costs, royalties, proceedings, deficiencies, duties, obligations, and other liabilities (including, without limitation, those arising out of any Litigation, such as any settlement or compromise thereof or judgment or award therein) of a Person (whether absolute, accrued, contingent, fixed, liquidated or unliquidated, or otherwise, and whether known or unknown, and whether due or to become due, and whether in Contract, tort, strict liability, or otherwise, and whether or not resulting from third-party claims).

respects with the Bidding Procedures Order and Expedited Bid Protections Motion, as applicable; (ii) is the highest or otherwise best offer obtained for the FFE and will provide a greater recovery for the Debtor's estate than would be provided by any other alternative; (iii) is for fair, adequate, and sufficient consideration that constitutes reasonably equivalent value for the FFE being conveyed to Myron Bowling; (iv) is fair and reasonable; (v) is in the best interests of the Debtor's estate, the Debtor's creditors, and other parties in interest; and (vi) would not have been made by Myron Bowling absent the protections afforded to Myron Bowling in its respective Agreement, the Expedited Bid Protections Motion, the Bankruptcy Code, and this Sale Order.

M.  <u>Business Judgment to Consummate Sale</u>. The Debtor's determination that the Sales to the Buyers, pursuant to the Agreements, provide the highest or otherwise best offers for the Assets, and the Debtor's decisions to sell the Assets to each of the Buyers constitutes a reasonable exercise of the Debtor's business judgment and each is in the best interests of the Debtor, its estate, and its creditors. The facts and circumstances stated in the Sale Motions demonstrate the exigent nature of the Debtor's business situation, and the Debtor has articulated sound business reasons for consummating the Agreements and for selling the Assets outside of a chapter 11 plan. It is a reasonable exercise of the Debtor's business judgment to execute, deliver, and consummate the Agreements and consummate the transactions contemplated by the Agreements, subject to this Sale Order.

N.  <u>Liens</u>. Each Person with a Lien in any of the Assets to be transferred on the Closing Date[6] falls within the provisions of section 363(f) of the Bankruptcy Code and has been satisfied as to all such Liens. Those holders of Liens who did not object, or who withdrew their objections, to the Sale or the Sale Motions are deemed to have consented to entry of this Sale Order pursuant

---

[6] "Closing Date" shall mean the closing date set forth in each individual Agreement.

to section 363(f)(2) of the Bankruptcy Code. Each holder of a Lien is adequately protected by having its Lien, if any, attach to the net cash proceeds of the respective Sales ultimately attributable to the property against or in which it asserts a Lien, with the same validity and priority, and to the same extent, as existed before the Sale, and subject to the terms of the instruments that created such Lien and to any Liabilities and subject to any defenses the Debtor and its estate may possess with respect thereto. Not selling the Assets free and clear of all Liens would adversely impact the Debtor's estates, and any sale of the Assets other than one free and clear of all Liens would be of substantially less value to the Debtor's estate. Therefore, approval of the Agreements and consummation of the Sales free and clear of Liens and Liabilities is appropriate pursuant to section 363(f) of the Bankruptcy Code.

O.    <u>Assets Are Free and Clear of Liens and Liabilities</u>. To the fullest extent authorized by section 363(f) of the Bankruptcy Code, the Buyers' acquisition of their respective Assets shall be free and clear of any successor liability, including, without limitation, on account of Liens or Liabilities of any nature whatsoever, whether known or unknown, whether asserted or unasserted as of the Closing, and subject in all respects to the terms of the Agreements.

P.    <u>Valid Contract</u>. The Agreements constitute valid and binding contracts among the Debtor and the Buyers, which shall be enforceable according to their terms. From and after the Closing Date, the Agreements, the Sales themselves, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtor and any chapter 7 or chapter 11 trustee appointed in the Case, and shall not be subject to rejection or avoidance by the foregoing Persons or any other Person. Upon the Closing, the transfer of the Assets to the Buyers is a legal, valid, and effective transfer of the Assets and will vest the Buyers on their respecting Closing Date (as defined in the Agreements) with all right, title, and interest of

the Debtor in and to the Assets except those explicitly and expressly excluded in the Agreements or this Sale Order, free and clear of any and all Liens and Liabilities. Except as specifically provided in the Agreements or this Sale Order, the Buyers shall not assume or become liable for any Liens or Liabilities relating to the Assets.

Q.      <u>No Continuation or Insider Status</u>. The Buyers are not holding themselves out to the public as a continuation of the Debtor, and no common identity of directors, stockholders, members, or other equity holders exists between the Buyers and the Debtor. The transactions contemplated by the Agreements do not amount to a consolidation, merger, or *de facto* merger of any of the Buyers and the Debtor and/or the Debtor's estate; there is neither substantial continuity of enterprise between the Debtor and any of the Buyers, nor are any of the Buyers a mere continuation of the Debtor or its estate, and no Buyer constitutes an alter ego or a successor in interest to the Debtor or its estate. The Buyers are not "insiders" or "affiliates" of the Debtor, as those terms are defined in the Bankruptcy Code. The Buyers are buyers in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and, therefore, the Buyers are entitled to all the protections of sections 363(m) and 363(n) of the Bankruptcy Code with respect to the Assets.

R.      <u>Good Faith</u>. The Agreements and the transactions contemplated thereunder were negotiated and entered into in good faith within the meaning of section 363(m) of the Bankruptcy Code, based on arm's-length bargaining, and without collusion or fraud of any kind. Neither the Debtor nor the Buyers have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of or implicate section 363(n) of the Bankruptcy Code to the Agreements or to the consummation of the Sale and transfer of the Assets to the Buyers. No Buyer has violated section 363(n) of the Bankruptcy Code by any action or

inaction. The Debtor was free to deal with any other Person interested in buying or selling on behalf of the Debtor's estate some or all of the Assets. Accordingly, the Buyers are entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

S.      <u>Corporate Authority</u>. The Debtor, acting by and through its agents, representatives, and officers, has full corporate power and authority to execute and deliver the Agreements and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions and any related actions contemplated by the Agreements, except as otherwise set forth in the Agreements.

T.      <u>Actions in the Absence of Stay Pending Appeal</u>. In the absence of a stay pending appeal, the Buyers are each acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Agreements at any time on or after the entry of this Sale Order, and cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

U.      <u>No *Sub Rosa* Plan</u>. The Sales do not constitute a *sub rosa* chapter 11 plan.  The Sales of the Assets outside of a chapter 11 plan pursuant to the Agreements neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan or plan of reorganization for the Debtor.

V.      <u>Consideration</u>. The Agreements were not entered into, and neither of the Debtor or the Buyers have entered into the Agreements or proposed to consummate the transactions contemplated thereby, for the purpose of hindering, delaying, or defrauding the Debtor's present or future creditors. The total consideration provided by the Buyers for the Assets is the highest or otherwise best offer received by the Debtor, and the purchase price each of the Buyers will pay under their respective Agreements constitutes (i) reasonably equivalent value under the

Bankruptcy Code and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Assets.

W.    <u>Time Is of the Essence</u>. Time is of the essence in consummating the Sales. To maximize the value of the Assets, it is essential that the Sales of the Assets occur within the time constraints set forth in the Agreements. Accordingly, there is cause to determine inapplicable the stays contemplated by Bankruptcy Rules 6004 and 6006.

X.    <u>No Obligation Regarding Excluded Liabilities</u>. The Buyers have not agreed to assume and shall have no obligation with respect to any Liens or Liabilities of the Debtor, other than as expressly set forth in the Agreements.

Y.    <u>Personally Identifiable Information</u>. The Debtor, in connection with offering products or services, did not disclose any policy prohibiting the transfer or personally identifiable information with respect to the Assets, and, therefore, the Sales of the Assets may be approved by section 363(b)(1)(A) of the Bankruptcy Code without the appointment of a consumer privacy ombudsman, as defined in section 363(b)(1) of the Bankruptcy Code.

Z.    <u>No Claims by Debtor</u>. Except as set forth herein and under the Agreements, the Debtor agrees and acknowledges that it has no Liabilities that could be asserted against the Buyers.

AA.    <u>Compliance with Bankruptcy Code, Bankruptcy Rules, and Local Rules</u>. The consummation of the transactions contemplated under the Agreements are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code and Bankruptcy Rules, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), Bankruptcy Rules 2002, 6004, and 6006,  and  Local Rule 6004-1, and all of the applicable requirements of such sections

and rules have been complied with in respect of such transactions.

**IT IS HEREBY ORDERED THAT:**

1.        The Sale Motions are GRANTED as set forth herein.

2.        <u>Objections</u>. Except as provided to the contrary herein, all objections to the Sale Motions or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled and denied on the merits with prejudice.

3.        <u>Notice</u>. Notice of the Sale Hearing was fair, equitable, proper, and sufficient under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, the Local Rules, and as required by the Bidding Procedures Order.

4.        <u>Transfer of the Assets</u>. The Debtor, in transferring the Assets pursuant to this Sale Order and section 363 of the Bankruptcy Code, is deemed, under section 1107(a) of the Bankruptcy Code, to have all rights and powers to perform all the functions and duties of a trustee serving in a case under chapter 11 and will transfer the property pursuant to this Sale Order.

5.        <u>Consideration</u>. The Sales of the Assets to the Buyers under the Agreements constitute transfers for reasonably equivalent value and fair consideration and shall be deemed for all purposes to constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law. The Sales of the Assets to the Buyers are legal, valid, and effective transfers of the Assets notwithstanding any requirement for approval or consent of any Person.

6.        <u>Authorization</u>. The Debtor and its directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys are hereby authorized to fully perform under, consummate, and implement the terms of the Agreements, together with any and all

additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreements, this Sale Order, and the Sales of the Assets contemplated thereby including, without limitation, deeds, assignments, stock powers, and other instruments of transfer, and to take all further actions as may be necessary for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyers, or reducing to possession any or all of the Assets, as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreements, forthwith and without any further corporate action or orders of the Court. Neither the Buyers nor the Debtor shall have any obligation to proceed with the closing of the Agreements unless and until all conditions precedent to the Buyers' and the Debtor's respective obligations thereunder have been met, satisfied, or waived by the Buyers or the Debtor, as the case may be.

7.      <u>Authorization to Execute Related Documents for Agreements</u>. The Debtor and each other Person having duties or responsibilities under the Agreements, any Agreements related thereto, or this Sale Order, and their respective directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreements: to carry out all of the provisions of the Agreements; to issue, execute, deliver, file, and record, as appropriate, the documents evidencing and consummating the Agreements; to take any and all actions contemplated by the Agreements, any related agreements, or this Sale Order; and to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with and necessary or appropriate to implement, effectuate, and consummate the Agreements, any related agreements, this Sale

Order, and the transactions contemplated thereby and hereby, forthwith and all without further application to or order of the Court.

8.    <u>Backup Bidder</u>. Liquid Asset Partners, LLC ("<u>Backup Bidder</u>") is designated and confirmed as the Backup Bidder with respect to the sale of the FFE and its bid to acquire the FFE for total consideration of $559,000.00 is confirmed as the Backup Bid. The Backup Bidder shall be required to keep its Backup Bid open and irrevocable until the earlier of (i) the closing of the transaction with Myron Bowling, and (ii) thirty (30) days following entry of this Sale Order (the "<u>Outside Backup Date</u>").  Further, in the event that Myron Bowling fails to consummate the Sale pursuant to the terms of the Agreement, the Debtor may proceed to consummate the Backup Bid without need for further hearing or order of this Court.  In the event that Myron Bowling fails to consummate the Sale pursuant to the terms of the Agreement, all references to "Buyer" of the FF&E Assets herein shall apply to Liquid Asset Partners, LLC, and Liquid Asset Partners, LLC shall be subject to the obligations of the Backup Bid, and Liquid Asset Partners, LLC shall be entitled to the rights and privileges as the Buyer as set forth herein.

9.    <u>Authorization for Governmental Filings</u>. The Debtor and the Buyers are authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, Agreements, or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreements, any related Agreements, or this Sale Order, including, without limitation, amended and restated certificates or articles of incorporation and bylaws, or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtor and the Buyers may determine are necessary or appropriate. The execution of any such document or the

taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such Persons to so act. The directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys of the Debtor shall be, and hereby are, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, or enforceable).

10.    <u>Authorization of Buyers for Licenses</u>. The Buyers shall be authorized, as of their respective Closing Dates, to: (a) operate any property or any other business transacted with respect to the Assets under all licenses, permits, registrations, and governmental authorizations and approvals; and (b) obtain and pay any and all fees associated with any lawful license or permit, until such time that the Buyers are able to cause said licenses, permits, registrations, or governmental authorizations or approvals to be transferred to the Buyers or until such time that the Buyers are able to obtain replacement licenses and permits.

11.    <u>Cooperation Regarding Licenses</u>. The Debtor shall: (a) reasonably cooperate in the transfer of all licenses and permits to the Buyers; (b) execute and deliver such documentation and certificates as are necessary or required to operate, transfer, or cancel the licenses and permits; and (c) not engage in any acts that would interfere with the Buyers' operation, transfer, or cancellation of licenses or permits. All such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to the Buyers.  The Buyers shall be responsible for all costs and/or fees in connection with the transfer of any licenses and permits.

12.    <u>Transfer of Assets</u>. All of the Debtor's interests in the Assets to be acquired by the Buyers under the Agreements shall be, as of the Closing Date, transferred to and vested in the Buyers. Upon the occurrence of the Closing Date, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer of the Assets acquired by the Buyers under the Agreements and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Assets to the Buyers.

13.    No Liability of Buyers. Except as otherwise provided for herein and in the Agreements, the transfer of the Assets does not and will not subject the Buyers and/or their affiliates, designees, assignees, successors, directors, officers, employees, equity holders, authorized signatories, members, agents, representatives, attorneys (each a "Protected Party," and all such Persons collectively and together with the Buyers, the "Protected Parties") or any of their respective property or assets to any Liability by reason of such transfers and assignments under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability.

14.    No Assumption of Liabilities. Except as provided in or pursuant to the Agreements, the Buyers are not assuming and are not deemed to assume, and the Buyers shall not be, nor shall any affiliate of the Buyers be, in any way liable or responsible for, as a successor or otherwise, any Liens or Liabilities of the Debtor in any way whatsoever relating to or arising prior to the consummation of the transactions contemplated by the Agreements, or any liabilities calculable by reference to the Debtor or its operations, or to any or all of the Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreements, which Liens and Liabilities are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Buyers or any of their affiliates.

15.    No Successor Liability. To the fullest extent permitted by applicable law, neither the Buyers nor their affiliates, successors, or assigns shall, as a result of the consummation of the

transactions set forth in the Agreements: (a) be an alter ego, mere continuation, or a successor in interest to the Debtor or the Debtor's estate; (b) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor; or (d) be a joint employer or co-employer with, or successor employer, of the Debtor. The Buyers shall not assume, or be deemed to assume or in any way be responsible for, any Liability of the Debtor or its estate, except as specifically provided for in the Agreements. Except as specifically provided by the Agreements, the Buyers shall not assume, be deemed to assume, or in any way be responsible for any Liens or Liabilities of the Debtor and/or its estate, including, without limitation, pursuant to any successor liability or other theory of liability or responsibility for any Liability against the Debtor, against an insider of the Debtor, against the Assets, the Debtor's assets, or similar liability.

16.    <u>Transfer of Assets Free and Clear of Liens and Liabilities</u>. Pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, title to the Assets shall pass to the Buyers on the Closing Date, free and clear of any and all Liens and Liabilities, except as specifically provided by the Agreements.

17.    Without limiting the terms of the foregoing paragraph, the Purchased Assets shall pass to the Buyers on the Closing Date free and clear of all Liens and Liabilities, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as transferee or successor or otherwise, of any kind, nature, or character whatsoever, arising out of or on account of: (a) any employment, collective bargaining, or other labor agreement or the termination thereof; (b) any defined benefit, multiemployer, defined contribution, retirement, medical benefit, or any other employee pension, welfare, compensation, or other employee benefit plans, agreements, practices, or programs, including,

without limitation, any pension plan of or related to any of the Debtor or any of Debtor's affiliates or predecessors or any current or future employees of any of the foregoing, or the termination of any of the foregoing; (c) the Debtor's business operations or the cessation thereof; (d) any litigation involving one or more of the Debtor; (e) the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) and any other federal or state environmental health and safety laws and regulations; (f) any employee, benefit, worker's compensation, occupational disease, or unemployment or temporary disability related Liability, including, without limitation, Liabilities that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act of 1974, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Worker Adjustment and Retraining Act of 1988, (vii) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985, (x) the Multiemployer Pension Plan Amendments Act of 1980, (xi) state discrimination laws, (xii) state unemployment compensation laws or any other similar state and local laws, (xiii) state workers' compensation laws, or (xiv) any other state, local, or federal employee benefits laws, regulations, or rules, or other state, local, or federal laws, regulations, or rules relating to any employment with any of the Debtor or any of their respective predecessors; (g) any antitrust laws; (h) any product liability or similar laws, whether state or federal or otherwise; (i) any bulk sales or similar laws; (j) any federal state, or local tax statutes, regulations, or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (k) any common law doctrine of *de facto* merger or successor or transferee liability, successor-in-interest liability theory, or any other theory of or related to successor liability; and

the Debtor hereby waive and release the Buyers from any such Liens and Liabilities, except as specifically provided by the Agreements.

18.    <u>Liability Regarding Employees Prior to Closing</u>. The Buyers shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with the Debtor for any purpose or under the laws of the United States, any state, territory, or possession thereof, and the Buyers shall not have any obligation to pay any past wages, benefits, or severance pay or extend or make any benefits or benefit programs, including, without limitation, the Consolidated Omnibus Budget Reconciliation Act of 1985 or any similar laws or regulations, to any of the Debtor's employees or former employees, including, without limitation, any such employees who may become employees of the Buyers.

19.    <u>Release of Liens</u>. All Persons (a) holding Liens on the Assets, (b) that have filed financing statements, mortgages, or other documents or instruments evidencing Liens against the Assets, or (c) otherwise asserting Liabilities against the Assets shall, and hereby are directed to, execute and deliver to the Buyers such releases or termination statements to effectuate the Sales of the Assets to the Buyers free and clear of any and all Liens, and all Persons hereby are forever barred, estopped, and permanently enjoined from asserting such Persons' Liens against the Buyers or its affiliates. Upon consummation of the transactions set forth in the Agreements, if any Person that has filed financing statements, mechanic's liens, *lis pendens*, or other documents or Agreements evidencing Liens against or in the Assets, has not delivered to the Debtor prior to the Closing Date under the Agreements, in proper form for filing and executed by the appropriate Persons, termination statements, instruments of satisfactions, releases of all Liens that such Person has with respect to the Assets (unless otherwise assumed in the Agreements), or otherwise, then: (a) the Debtor is hereby authorized to execute and file such statements, instruments, releases, and

other documents on behalf of the Person with respect to the Assets; and (b) the Buyers are hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens in the Assets of any kind or nature. For the avoidance of doubt, to the extent necessary, upon consummation of the transactions set forth in the Agreements, the Buyers are authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record, notice filings, or financing statements recorded to attach, perfect, or otherwise notice any Lien that is extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code.

20.     <u>Claims After Closing Date</u>. Effective on the Closing Date, all Persons asserting Liens, Liabilities, and/or contract rights against the Debtor and/or any of the Assets are hereby permanently enjoined and precluded from, with respect to such Liens, Liabilities, and/or contract rights: (a) asserting, commencing, or continuing in any manner any action against the Protected Parties, or against any Protected Party's assets or properties, including, without limitation, against the Assets; (b) the enforcement, attachment, collection, or recovery, by any manner or means, of any judgment, award, decree, or order against the Protected Parties or any properties or Assets of the Protected Parties; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Protected Parties or any properties or Assets of the Protected Parties, including, without limitation, the Assets; (d) asserting any setoff (to the extent not taken pre-petition) or right of subrogation of any kind against any obligation due the Protected Parties; and (e) taking any action, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Sale Order or the Agreements.

21.    <u>Interference with Assets</u>. All Persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Assets to the Buyers in accordance with the terms of the Agreements or this Sale Order.

22.    <u>Self-Executing Order</u>. The provisions of this Sale Order authorizing the Sales of the Assets free and clear of Liens and Liabilities shall be self-executing, notwithstanding any requirement for approval or consent by any Person, and neither the Debtor nor the Buyers shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the foregoing provisions of this Sale Order; <u>provided</u>, <u>however</u>, that this paragraph shall not excuse such Persons from performing any and all of their respective obligations under this Sale Order or the Agreements, and the Debtor and the Buyers, and each of their respective directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Buyers deem necessary or appropriate to implement and effectuate the terms of the Agreements and this Sale Order.

23.    <u>Highest and Best Offer</u>. The Sales of the Purchased Assets, the Inventory Assets, the FFE, the terms and conditions of the Agreements, the successful bid by Myron Bowling, and the transactions contemplated thereby and all of the terms and conditions thereof, are the highest and best offer for the Assets and hereby are authorized and approved in all respects.

24.    <u>Approval of Agreements and Other Contracts</u>.  Subject to the changes to terms of the Agreement with Myron Bowling on the record at the Auction, the Agreements, substantially in the forms attached hereto as <u>Exhibit A</u>, <u>Exhibit B</u>, and <u>Exhibit C</u> are hereby approved pursuant

to section 363(b) of the Bankruptcy Code, and the Debtor is authorized to consummate and perform all of their obligations under the Agreements and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Agreements. The Agreements and any related agreements, documents, or other instruments may be modified, amended, or supplemented in accordance with the terms thereof without further order of the Court, provided, however, that such modifications, amendments, or supplements are (i) not materially inconsistent with the terms of the Agreements or this Sale Order; and (ii) provided to the Committee and its professionals at least 2 days in advance.

24.25. Order does not Approve Retention of Myron Bowling as Auctioneer. Notwithstanding the foregoing or anything in the Myron Bowling Agreement, nothing in this Order approves any such terms or conditions of employment of Myron Bowling as auctioneer for the Debtor. The retention of Myron Bowling as auctioneer shall be subject to approval by the Court.

25.26.  Authorization Pursuant to Bankruptcy Code. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Sales of the Assets to the respective Buyers under the Agreements and the transactions related thereto, upon the Closing, are authorized and approved in all respects, and the Debtor shall be, and hereby is, authorized and empowered to sell such Assets to the Buyers in accordance with the Agreements and this Sale Order.

26.27.  Order Binds Successors. The terms of this Sale Order shall be binding on, in all respects, upon: (a) the Buyers and their respective successors and assigns; (b) the Debtor; (c) successors of the Debtor, including, without limitation, any trustee or examiner appointed in the Case or upon a conversion of the Case to proceedings under chapter 7 of the Bankruptcy Code; (d) all known and unknown creditors of, and holders of equity interests in, the Debtor, including,

without limitation, any holders of Liens and Liabilities; (e) state licensing authorities; and (f) all other parties in interest in the Case and their successors and assigns (collectively, the "Bound Parties"). This Sale Order shall survive any dismissal of the Case. The provisions of this Sale Order and the terms and provisions of the Agreements, and any actions taken pursuant hereto or thereto as of the date of entry of such order shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtor or converting the Case to chapter 7, and the terms and provisions of the Agreements, as well as the rights and interests granted pursuant to this Sale Order and the Agreements shall continue in this or any superseding case and shall be binding upon the Bound Parties and their respective successors and permitted assigns, including, without limitation, any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in the Case or any case under chapter 7 after any conversion of the Case shall be and hereby is authorized to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Sale Order and the Agreements, and the Buyers and the trustee shall be and hereby are authorized to perform under the Agreements upon the appointment of the trustee without the need for further order of this Court.

27. 28.   Order Binds Government Authorities. This Sale Order shall be binding in all respects upon all governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code), including, without limitation, federal, state, and governmental agencies and departments, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any

documents or instruments, or who may be required to report, insure any title or state of title in or to any lease, and each of the foregoing Persons, is hereby ~~directed~~ authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreements.

~~28.~~29.  Good Faith Purchaser. Each of the Buyers is a good faith purchaser and is hereby granted and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code to a good faith Buyer.

~~29.~~30.  Validity and Enforceability. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under the Agreements or obligation or right granted pursuant to the terms of this Sale Order (unless stayed pending appeal), and, notwithstanding any reversal, modification, or vacatur, the validity and enforceability of any transfer under the Agreements or obligation or right granted pursuant to the terms of this Sale Order shall be governed in all respects by the original provisions of this Sale Order and the Agreements, as applicable.

~~30.~~31.  Transfer of Title. With respect to the transactions consummated pursuant to this Sale Order, this Sale Order shall be the sole and sufficient evidence of the transfer of title to the Buyers, and the sale transactions consummated pursuant to this Sale Order shall be binding upon and shall govern the acts of all Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order, including, without limitation, all filing agents, filing

officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such Persons is hereby directed to accept this Sale Order as sole and sufficient evidence of such transfer of title and shall rely upon this Sale Order in consummating the transactions contemplated hereby.

31.32.  Buyers' Use and Enjoyment. All Persons, presently, or on or after the Closing Date, in possession of some or all of the Assets are directed to surrender possession of the Assets directly to the respective Buyer or its designees on the Closing Date or at such time thereafter as the Buyers may request. Following the Closing under the Agreements, no holder of any Liens against the Assets shall have any basis to interfere with the Buyers' use and enjoyment of the Assets based on or related to such Liens, or any actions that the Debtor may take in the Case, and no Person may take any action to prevent, interfere with, or otherwise impair consummation of the transactions contemplated in or by the Agreements or this Sale Order.

32.33.  Authority to Assign, Lease, Sublease, License, Sublicense, Transfer, Otherwise Dispose. In connection with the transactions under the Agreements, in their sole and absolute discretion, the Buyers are authorized to allocate or assign, lease, sublease, license, sublicense, transfer, or otherwise dispose of the Assets, to any or multiple Persons (affiliated or unaffiliated) all or a portion of its rights, interests, or obligations under the Agreements. Upon any such assignment, the references in this Sale Order or the Agreements to Buyers shall also apply to any such assignee.

33.34.  Enforcement of Sale Order. Subject to the occurrence of the Closing of the Sales, all Persons are prohibited from taking any actions related to the enforcement of Liens or Liabilities against the Buyers or Assets; provided, however, that nothing in this order shall prevent any Person

from seeking to enforce against the Buyers any applicable rights or obligations under the Agreements.

34.35.  Release. Subject in all respects to the terms of the Agreements, the Debtor hereby waives any and all actions related to, and hereby releases, the Buyers and the property of Buyers (including, without limitation, the Assets), and, as applicable, their shareholders, controlling persons, directors, agents, officers, subsidiaries, affiliates, successors, assigns, managers, principals, officers, employees, investors, funds, advisors, attorneys, professionals, representatives, accountants, investment bankers, and consultants, each in their respective capacity as such, from, any and all Liens and Liabilities of any kind, whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by Agreements, understanding, law, equity, or otherwise, except to the extent assumed or established under the Agreements or this Sale Order, provided, however, that the Debtor and the Debtor's estate reserve any and all claims related to the enforcement of the Agreements and any disputes thereunder.

35.36.  Missing Provisions / No Impact on Enforceability. The failure to include specifically any particular provisions of the Agreements or any of the documents, agreements, or instruments executed in connection therewith in this Sale Order shall not diminish or impair the force of such provision, document, agreements, or instrument, it being the intent of the Court, the Debtor, and the Buyers, that the Agreements and each provision, document, agreement, and instrument be authorized and approved in its entirety with such amendments thereto as may be made in conformity with this Sale Order prior to the Closing Date.

36.37.  Suspension or Revocation of Permits and Licenses. To the maximum extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Assets sold, transferred, or conveyed to the Buyers on account of the filing or pendency of the Case or the consummation of the Sales.

37.38.  Avoidance of Sale. The Sales of the Assets are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code or other applicable law or statute.

38.39.  Bulk Sale Laws. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the Sales and the transactions contemplated by the Agreements.

39.40.  Inconsistencies. To the extent there are any inconsistencies between the terms of this Sale Order, the Agreements, and any prior order or pleading with respect to the Sale Motions in the Case, the terms of this Sale Order shall govern.

40.41.  Non-Severability. The provisions of this Sale Order are non-severable and mutually dependent without the express written consent of the Buyers.

41.42.  Provisions in Subsequent Orders. Nothing contained in any chapter 11 plan confirmed in the Case, the order confirming any chapter 11 plan, or any order in the Case (including, without limitation, any order approving a wind-down or dismissal of the Case or any order entered as part of or after any conversion of the Cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate from the provisions of the Agreements or this Sale Order, and to the extent of any conflict or derogation between this Sale Order or the Agreements and such future chapter 11 plan or order, the terms of this Sale Order and the Agreements shall control.

42.43.  No Relief From Stay Necessary. The Buyers shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreements or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the preceding sentence.

43.44.  No Ombudsman Required. The Sale of the Assets is consistent with the Debtor's privacy policy and the appointment of a consumer privacy ombudsman is not required under 11 U.S.C. § 363(b)(1)(B).

44.45.  Order Is Effective Immediately. Notwithstanding the provisions of Rules 6004(h), 6006(d), and 7062 of the Bankruptcy Rules, this Sale Order shall not be stayed after entry and shall be effective immediately upon entry, and its provisions shall be self-executing, and subject to the terms of the Agreements, the Debtor and the Buyers are authorized to close the Sales immediately upon entry of this Sale Order. The Buyers have acted in "good faith," and, in the absence of any Person obtaining a stay pending appeal, if the Debtor and the Buyers close under the Agreements, then the Buyers shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Agreements if this Sale Order or any authorization contained herein is reversed or modified on appeal.

45.46.  Sale Order Survives Dismissal. In the event of the dismissal of the Case, the terms of this Sale Order shall remain in effect notwithstanding section 349 of the Bankruptcy Code.

46.47.  Buyers are Parties in Interest. Each Buyer is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sales and any issues related to or otherwise connected to the Agreements and the Sales.

47.48.  Notice of Sale Closing. Within one (1) Business Day of the occurrence of the Closing of each Sale, the Debtor shall file and serve a notice of the closing of the applicable Sale.

48.49.  Exclusive Jurisdiction. The Court shall retain exclusive jurisdiction to enforce the terms and provisions of the Agreements, this Sale Order, and the Bidding Procedures Order in all respects and to decide any disputes concerning this Sale Order and the Agreements, or the rights and duties all Persons hereunder or thereunder, as applicable, or any issues relating to this Sale Order or the Agreements, including, without limitation, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Assets, and all issues and disputes existing in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of all Liens and Liabilities.