B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re Agway Farm & Home Supply, LLC ,           Case No. 22-10602-JKS

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| The Gorman-Rupp Company | Tuthill Corp.-Fill Rite Division |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Brigette Burnell
PO Box 1217 (44901-1217), 600 S. Airport Rd.
Mansfield, OH 44903

Court Claim # (if known): Schedule 3.384 (see attachment)
Amount of Claim: $17,003.39
Date Claim Filed: N/A
Schedule No.: 3.384 (See attachment)

Phone: (419)755-1246
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Transferor's Name and Mailing Address:
Tuthill Corp. -Fill Rite Division
PO Box 75822
Chicago, IL 60675-5822

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Brigette A. Burnell                      Date: 11/30/2022
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Agway Farm & Home Supply, | Case No. 22-10602 |
| Debtor. | (Jointly Administered) |

**ADDENDUM TO TRANSFER**
**OF CLAIM NOTICE OF THE GORMAN-RUPP COMPANY**

1. On July 5, 2022 (the "Petition Date"), the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned case in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On August 9, 2022, the Debtor filed its Schedules of Assets and Liabilities [Docket No. 130], which listed a general unsecured claim in the amount of $17,003.39 due to Tuthill Corp.-Fill Rite Division (the "Claim"). *See* Schedule E/F, No. 3.384.

BASIS FOR TRANSFER

3. On April 26, 2022, The Gorman-Rupp Company (the "Transferee") and Tuthill Corporation (the "Transferor") entered into that certain Asset Purchase Agreement, pursuant to which Transferee acquired from Transferor, among other things, the Claim and "all notes, accounts receivable (including unbilled receivables) and other rights to payment and the full benefit of all security for such rights to payment arising from Products/Services shipped or rendered to any of [Transferor's] customers." *See* Asset Purchase Agreement, section 1.1(a)(viii). A copy of the Asset Purchase Agreement is available for viewing on the Securities

and Exchange Commission website at

https://www.sec.gov/Archives/edgar/data/42682/000119312522121550/d574496dex21.htm.

RESERVATION OF RIGHTS

4. Transferee reserves the right to amend, modify, and/or supplement the Claim at any time and in any respect, including, without limitation, for the purpose of (a) setting forth or changing the basis or the amount of the Claim; (b) further describing said Claim; and (c) providing further evidence relating to the Claim.

5. Transferee expressly reserves the right to assert any and all other claims of whatever kind or nature that it has, or may have, against the Debtor that come to Transferee's attention, regardless of whether they arise before or after the filing of this Notice.  Transferee expressly reserves all rights and remedies at law and in equity that it has or may have against the Debtor or any other person or entity.  Nothing contained herein shall limit the rights of Transferee from commencing any proceeding or taking any action concerning its claims to the extent permitted by the Bankruptcy Code or applicable non-bankruptcy law.

6. Without limiting the foregoing, the filing of Notice is not and should not be construed to be:

    a. A waiver or release of any rights against any other entity or person liable for all or part of the Claim;

    b. A waiver of the right to seek to have the reference withdrawn with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in the above-captioned case against or otherwise involving Transferee;

    c. A consent to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Transferee;

    d. A consent to the jurisdiction or authority of this Court with respect to the litigation of any non-core matter or any core matter constituting what is commonly referred to as a "*Stern* claim";

    e.  A waiver or release of the right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution;

    f.  A consent to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise;

    g.  A waiver of any right of subordination in favor Transferee of indebtedness or liens held by creditors of the Debtor;

    h.  An election of remedy which waives or otherwise affects any other remedy of Transferee;

    i.  A waiver of any setoff right of Transferee existing now or in the future;

    j.  A waiver of any right to any security held by or for Transferee or any right to claim specific assets or any right or rights of action that Transferee has or may have against the Debtor or any other entity or individuals;

    k.  A waiver of any rights Transferee may have under the Bankruptcy Code; or

    l.  A waiver of any additional claims or other rights Transferee may have against the Debtor.

**Notice:**

All notices regarding this Claim should be directed to:

Brigette Burnell
**The Gorman-Rupp Company**
P.O. Box 1217 (44901-1217)
600 South Airport Road
Mansfield, OH 44903
Brigette.Burnell@gormanrupp.com

With a copy to:

Maura P. McIntyre
**Squire Patton Boggs (US) LLP**
1000 Key Tower

127 Public Square
Cleveland, Ohio 44114
Maura.mcintyre@squirepb.com

| Debtor | **Agway Farm & Home Supply, LLC, a Delaware Limited Liability Company** | Case number (if known) | **22-10602 (JKS)** |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| 3.382 | **Nonpriority creditor's name and mailing address**<br>TRUE VALUE COMPANY<br>P O BOX 3316<br>Boston, MA 02241-3316<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $163,264.35 |
| 3.383 | **Nonpriority creditor's name and mailing address**<br>TRUPER S A DE C V<br>PO BOX 7247-6547<br>Philadelphia, PA 19170-6547<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $18,253.30 |
| 3.384 | **Nonpriority creditor's name and mailing address**<br>TUTHILL CORP - FILL RITE DIVISION<br>PO BOX 75822<br>Chicago, IL 60675-5822<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $17,003.39 |
| 3.385 | **Nonpriority creditor's name and mailing address**<br>TZUMI INNOVATIONS LLC<br>16 EAST 34TH STREET<br>MANHATTAN, NY 10016<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $420.00 |
| 3.386 | **Nonpriority creditor's name and mailing address**<br>UFP NEW LONDON INC<br>5631 SOUTH NC HIGHWAY 62<br>Burlington, NC 27215<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $52,921.69 |
| 3.387 | **Nonpriority creditor's name and mailing address**<br>UNIPET LLC<br>1005 W Bramlett Rd<br>Greenville, SC 29611<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $39,377.72 |
| 3.388 | **Nonpriority creditor's name and mailing address**<br>UNISOURCE WORLDWIDE INC<br>7472 COLLECTION CENTER DR<br>CHICAGO, GA 30384-9884<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | **As of the petition filing date, the claim is:** Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Basis for the claim:** __<br>Is the claim subject to offset? ■ No ☐ Yes | $4,030.08 |