# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10602 (JKS) |

Objection Deadline: February 24, 2023 at 4:00 p.m. (ET)
Hearing Date: Scheduled only if Necessary

**FIFTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD OF DECEMBER 1, 2022 THROUGH DECEMBER 31, 2022**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | July 20, 2022 by Order entered September 21, 2022 |
| Period for which Compensation and Reimbursement is Sought: | December 1, 2022 – December 31, 2022 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $78,515.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $96.70 |

This is a: ☒ monthly ☐ interim ☐ final application.

The total time expended for preparation of this monthly fee application is approximately 4 hours and the corresponding compensation requested is approximately $2,000.00.

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

**PRIOR MONTHLY APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 10.07.22 | 07.20.22 – 08.31.22 | $263,934.50 | $391.68 | $263,934.50 | $391.68 |
| 10.28.22 | 09.01.22 – 09.30.22 | $135,367.50 | $84.20 | $135,367.50 | $84.20 |
| 12.09.22 | 10.01.22 – 10.31.22 | $111,238.50 | $472.50 | $111,238.50 | $472.50 |
| 01.19.23 | 11.01.22 – 11.30.22 | $113,515.00 | $93.32 | $113,515.00 | $93.32 |

**PACHULSKI STANG ZIEHL & JONES LLP PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Colin R. Robinson | Counsel, 2001 | $1025.00 | 34.30 | $35,157.50 |
| Paul John Labov | Partner, 2002 | $1195.00 | 20.30 | $24,258.50 |
| Bradford J. Sandler | Partner 1996 | $1445.00 | 8.20 | $11,849.00 |
| Ian Densmore | Paralegal | $495.00 | 7.10 | $3,514.50 |
| Edward A. Corma | Associate, 2018 | $675.00 | 2.60 | $1,755.00 |
| Patricia J. Jeffries | Paralegal | $495.00 | 1.80 | $891.00 |
| Karen S. Neil | Case Management Assistant | $395.00 | 1.60 | $632.00 |
| Robert J. Feinstein | Partner, 1982 | $1525.00 | 0.30 | $457.50 |

**Grand Total:** $78,515.00
**Total Hours:** 76.20
**Blended Rate:** $1,030.38

**COMPENSATION BY CATEGORY**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 2.20 | $ 2,591.00 |
| Bankruptcy Litigation | 9.90 | $11,556.50 |
| Case Administration | 9.20 | $ 6,210.00 |
| Claims Administration / Objections | 5.80 | $ 6,323.00 |
| Compensation of Professionals | 4.20 | $ 3,000.00 |
| Compensation of Professionals / Other | 2.70 | $ 2,584.50 |
| Executory Contracts | 9.80 | $10,351.00 |
| General Creditors' Committee | 5.20 | $ 6,349.00 |
| Operations | 0.30 | $    433.50 |
| Plan & Disclosure Statement | 27.20 | $29,550.00 |
| **Totals** | **76.20** | **$78,515.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Pacer – Court Research | | $25.70 |
| Reproduction Expense | | $12.00 |
| Reproduction / Scan Copy | | $59.00 |
| **Total** | | **$96.70** |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10602 (JKS) |

Objection Deadline:  February 24, 2023 at 4:00 p.m. (ET)
Hearing Date:  Scheduled only if Necessary

**FIFTH MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD OF DECEMBER 1, 2022 THROUGH DECEMBER 31, 2022**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals*, entered on August 3, 2022 [Docket No. 114] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Fifth Monthly Application for Compensation and Reimbursement of Expenses for the Period of December 1, 2022 through December 31, 2022* (the "Application").

By this Application, PSZJ seeks (i) a monthly interim allowance of compensation in the amount of $78,515.00 and actual and necessary expenses in the amount of $96.70 for a total allowance of $78,611.70 and (ii) payment of $62,812 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $96.70 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $62,908.70 for the period of December

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

DOCS_DE:241697.1 02312/002

1, 2022 through December 31, 2022 (the "Interim Period"). In support of this Application, PSZJ respectfully represents as follows:

**Background**

1. On July 5, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

2. On July 18, 2022, the Office of the United States Trustee established the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code, which currently is comprised of the following seven members: (i) The Scotts Company, LLC; (ii) Animal Health International, Inc.; (iii) Wildlife Sciences, LLC; (iv) Capital Forrest Products; (v) Gallagher North America, Inc.; (vi) Hub Group, Inc.; and (vii) American Wood Fibers, Inc.[Docket Nos. 118 and 289].

3. On August 3, 2022, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within ten (10) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period September 30, 2022, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file

and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZJ, as counsel to the Committee, was approved effective as of July 20, 2022, by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of July 20, 2022* [Docket No. 205] (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZJ'S APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Committee. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has not received a retainer in this case.

**Fee Statements**

6. The fee statement for the Interim Period is attached hereto as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period. To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. To the extent it is feasible, PSZJ professionals attempt to work during travel.

## Actual and Necessary Expenses

7.      A summary of the actual and necessary expenses incurred by PSZJ for the Interim Period is attached hereto as part of **Exhibit A**. PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

8.      PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable

in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtors for the receipt of faxes in these cases.

9.  With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

10. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

11. The names of the timekeepers of PSZJ who have rendered professional services in these cases during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below. PSZJ's efforts have been extensive due to the size and complexity of the Debtors' cases.

**Summary of Services by Project**

12. The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. **Exhibit A** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.   **Asset Disposition**

13. During the Interim Period, the Firm, among other things, reviewed updates regarding remnant inventory sales, reviewed the auctioneer's report, and reviewed, analyzed and conferred with counsel regarding the Debtor's abandonment of certain laptops.

      Fees: $2,591.00         Hours: 2.20

B.   **Bankruptcy Litigation**

14. During the Interim Period, the Firm, among other things: (i) conferred with third parties regarding the retention of certain business records of the estate; (ii) discussed matters in connection with the Debtor's settlement procedures motion; and (iii) conferred with counsel regarding the Southern States investigation.

      Fees: $11,556.50         Hours: 9.90

C.  **Case Administration**

15.  During the Interim Period, the Firm, among other things: (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a memorandum of critical dates; (iii) maintained service lists; and (iv) reviewed agendas.

      Fees: $6,210.00      Hours: 9.20

D.  **Claims Administration/ Objection**

16.  During the Interim Period, the Firm, among other things, analyzed claims in connection with a liquidating plan, responded to various creditor inquiries and reviewed claim transfers and assignments, and conferred with counsel regarding same.

      Fees: $6,323.00      Hours: 5.80

E.  **Compensation of Professionals**

17.  During the Interim Period, the Firm, among other things, prepared certifications of counsel regarding its prior monthly fee applications, and prepared its fourth monthly fee application.

      Fees: $3,000.00      Hours: 4.20

F.  **Compensation of Professionals / Other**

18.  During the Interim Period, the Firm, among other things, assisted Committee professionals with the preparation and filing of their monthly fee applications, and reviewed monthly fee applications filed by the Debtor's professionals.

      Fees: $2,584.50      Hours: 2.70

G.  **Executory Contracts**

19.  During the Interim Period, the Firm, among other things, reviewed, analyzed and discussed matters in connection with the Debtor's motion to amend its office sublease and prepared an objection thereto.

Fees:  $10,351.00        Hours:  9.80

H.  **General Creditors' Committee**

20.  During the Interim Period, the Firm, among other things, conferred with the Committee and its advisors regarding routine case matters and status updates.

Fees:  $6,349.00         Hours:  5.20

I.  **Plan and Disclosure Statement**

21.  During the Interim Period, the Firm, among other things, (i) reviewed and revised the Debtor's combined disclosure statement and plan of liquidation (the "Combined Plan"); (ii) reviewed and analyzed various waterfalls in connection with the Combined Plan.

Fees:  $29,550.00        Hours:  27.20

**Valuation of Services**

22.  Attorneys and paraprofessionals of PSZJ expended a total 76.20 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Colin R. Robinson | Counsel, 2001 | $1025.00 | 34.30 | $35,157.50 |
| Paul John Labov | Partner, 2002 | $1195.00 | 20.30 | $24,258.50 |
| Bradford J. Sandler | Partner 1996 | $1445.00 | 8.20 | $11,849.00 |
| Ian Densmore | Paralegal | $495.00 | 7.10 | $3,514.50 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Edward A. Corma | Associate, 2018 | $675.00 | 2.60 | $1,755.00 |
| Patricia J. Jeffries | Paralegal | $495.00 | 1.80 | $891.00 |
| Karen S. Neil | Case Management Assistant | $395.00 | 1.60 | $632.00 |
| Robert J. Feinstein | Partner, 1982 | $1525.00 | 0.30 | $457.50 |

        **Grand Total:**    $78,515.00
        **Total Hours:**    76.20
        **Blended Rate:**    $1,030.38

23.    The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ for the Committee during the Interim Period is $78,515.00.

24.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that, for the period of December 1, 2022 through December 31, 2022, (i) an interim allowance be made to PSZJ for compensation in the amount $78,515.00 and actual and necessary expenses in the amount of $96.70 for a total allowance of $78,611.70 and (ii) payment of $62,812.00 (80% of the allowed fees pursuant to the

Administrative Order) and reimbursement of $96.70 (100% of the allowed expenses pursuant to the Compensation Procedures Order) for a total payment of $62,908.70, and for such other and further relief as this Court may deem just and proper.

Dated: February 6, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rfeinstein@pszjlaw.com
   bsandler@pszjlaw.com
   crobinson@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

# **DECLARATION**

STATE OF DELAWARE    :
                     :
COUNTY OF NEW CASTLE :

Bradford J. Sandler, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about August 3, 2022 and submit that the Application substantially complies with such rule and orders.

*/s/ Bradford J. Sandler*
Bradford J. Sandler