# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC,[1] | Case No. 22-10602 (JKS) |
| Debtor. | **Re: Docket Nos. 503, 504, 505, 506, 517, 520** |

## OMNIBUS ORDER AWARDING PROFESSIONALS INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES

Upon consideration of the interim applications (each an "Interim Application" and, collectively, the "Interim Applications") of those professionals listed on **Exhibit A** attached hereto (each an "Applicant" and, collectively, the "Applicants"), pursuant to Sections 330(a) and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et. seq* and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for the interim allowance of certain fees, including all holdbacks, and expenses for the period from October 1, 2022 through and including December 31, 2022[2] (the "Compensation Period"), filed pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* (the "Interim Compensation Order") and the Court having reviewed the Interim Applications; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Interim Applications was adequate under the circumstances; and (c) all persons with standing have been afforded the opportunity to be heard on the Interim Applications; and upon the full record of all proceedings in this case; and sufficient cause having been shown therefor,

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Pachulski Stang Ziehl & Jones LLP's compensation period is from July 20, 2022 to December 31, 2022 and FTI Consulting, Inc.'s compensation period is from July 26, 2022 through September 30, 2022.

16003150/2

**IT IS HEREBY ORDERED THAT:**

1. Each Interim Application is granted and approved as set forth herein.

2. Each of the Applicants is allowed compensation for services rendered during the Compensation Period and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amounts set forth on **Exhibit A** hereto, including any and all holdbacks.

3. To the extent not already paid pursuant to the Interim Compensation Order, the above-captioned debtor and debtor in possession is authorized and directed to pay each of the Applicants one-hundred percent (100%) of the fees and one-hundred percent (100%) of the expenses listed on **Exhibit A** hereto in satisfaction of the allowed fees for services rendered and expenses incurred during the Compensation Period.

4. All fees and expenses allowed herein shall be subject to final allowance by the Court without regard to whether such amounts have been paid to the Applicant.

5. This order shall be deemed a separate order with respect to each of the Interim Applications. Any stay of this order pending appeal with respect to any one Applicant shall only apply to the particular Applicant that is the subject of such appeal and shall not operate to stay the applicability and/or finality of this order with respect to any other of the Applicants.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this order.

**Dated: March 27th, 2023**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

2

16003150/2