```
                                                                   1

 1                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
 2
     IN RE:                            .  Chapter 11
 3                                     .  Case No. 22-10602 (JKS)
     AGWAY FARM & HOME SUPPLY,         .
 4   LLC,                              .  (Jointly Administered)
                                       .
 5                                     .  Courtroom No. 6
                                       .  824 Market Street
 6                         Debtors.    .  Wilmington, Delaware 19801
                                       .
 7                                     .  Monday, August 28, 2023
     . . . . . . . . . . . . . . . .   .  1:00 p.m.
 8
                           TRANSCRIPT OF HEARING
 9               BEFORE THE HONORABLE J. KATE STICKLES
                  CHIEF UNITED STATES BANKRUPTCY JUDGE
10
     APPEARANCES:
11
     For the Debtors:           Alan J. Friedman, Esquire
12                              SHULMAN BASTIAN FRIEDMAN & BUI, LLP
                                100 Spectrum Center Drive, Suite 600
13                              Irvine, California 92618

14                              -and-

15                              Jeffrey R. Waxman, Esquire
                                MORRIS JAMES, LLP
16                              500 Delaware Avenue, Suite 1500
                                Wilmington, Delaware 19801
17


18

19   Audio Operator:            Mandy Bartkowski, ECRO

20   Transcription Company:     Reliable
                                The Nemours Building
21                              1007 N. Orange Street, Suite 110
                                Wilmington, Delaware 19801
22                              Telephone: (302)654-8080
                                Email: gmatthews@reliable-co.com
23


24   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
25
```

1  APPEARANCES (CONTINUED):

2  For the U.S. Trustee:      Richard L. Schepacarter, Esquire
                              Office of the United States Trustee
3                             J. Caleb Boggs Federal Building
                              844 King Street, Suite 2207
4                             Lockbox 35
                              Wilmington, Delaware 19801
5

6  For the Committee:         Colin Robinson, Esquire
                              Pachulski Stang Ziehl & Jones
7                             919 North Market Street, 17th Floor
                              Wilmington, Delaware 19801
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

INDEX

| MOTIONS: | | PAGE |
|---|---|---|
| Agenda Items: | | 4 |
| Agenda Item 1: | Motion of Debtor for Order Granting Permission to File a Combined Plan and Disclosure Statement | 4 |
| Transcriptionist's Certificate | | 17 |

1  (Proceedings commenced at 1:18 p.m.)
2  THE COURT: Good afternoon. We're on the record
3 in Agway Farm & Home Supply, Case Number 22-10062 [sic].
4  MR. FRIEDMAN: Good afternoon, again, Your Honor.
5 Alan Friedman --
6  THE COURT: Good afternoon.
7  MR. FRIEDMAN: -- Shulman Bastian Friedman & Bui,
8 for Agway. Local counsel, Ms. Keilson and Mr. Waxman, are
9 also here.
10  So I'm not sure -- we had uploaded a number of
11 documents, including a proposed form of order and blackline.
12 I'm not sure if Your Honor has had the opportunity to review
13 that. These are the type of documents that have been agreed
14 to. There are two -- at least two very minor modifications
15 that are not yet in front of the Court, and I'm happy to let
16 you know what those are because we'll have to resubmit the
17 order.
18  THE COURT: Okay.
19  MR. FRIEDMAN: If you go to Docket -- I guess
20 Docket 732, which is the certification of counsel, and then
21 go to -- is it -- do you look at the redline or the clean
22 order, Your Honor? Which do you --
23  THE COURT: Let's look at the redline.
24  MR. FRIEDMAN: Under the redline? Okay.
25  THE COURT: Because I reviewed based on the

1 initial pleadings that were filed.

2 MR. FRIEDMAN: All right.

3 THE COURT: So --

4 MR. FRIEDMAN: So, if you go to, and I have to
5 find my page number here, go to -- it's Docket 732-2, page 6
6 of 33.

7 THE COURT: Okay.

8 MR. FRIEDMAN: And paragraph 8 on the same page.
9 You there?

10 THE COURT: Um-hum.

11 MR. FRIEDMAN: That should read, no later than
12 three business days after entry of this order the balloting
13 agent shall complete. For some reason that was a vestige of
14 an earlier draft that didn't get picked up. The exhibits
15 correctly reflect those all completion dates.

16 THE COURT: Okay.

17 MR. FRIEDMAN: The first one didn't. The only
18 other change that I'm aware of is if you go to -- again, go
19 to page 16 of 33, same document.

20 THE COURT: Yes. I'm there.

21 MR. FRIEDMAN: That boxed language. The words
22 that are in blue, in final approval of a disclosure
23 statement, don't make sense there. They need to be moved
24 down after the word Plan, the next line down, and final
25 approval of the disclosure statement. And those are the only

1  changes that I'm aware of that need to be made to the
2  documents as presented -- the documents that are in front of
3  the Court.
4         THE COURT:  Okay.  Thank you.
5         MR. FRIEDMAN:  Does the Court have any questions
6  about what we've submitted in terms of dates, deadlines --
7         THE COURT:  Well --
8         MR. FRIEDMAN:  -- procedures?
9         THE COURT:  -- let me ask, does anybody have any
10 objection or want to be heard with respect to this motion?
11        Mr. Robinson?
12        MR. ROBINSON:  Good afternoon, Your Honor.  Colin
13 Robinson, Pachulski Stang Ziehl & Jones, on behalf of the
14 Committee.
15        Your Honor, very briefly, we -- as you saw, it's a
16 joint conditional disclosure statement plan.  The Committee
17 supports it and we just want to get it moving so we can get
18 to the next state of the case, Your Honor.  And those minor
19 changes we are aware of and they're fine.
20        We appreciate the debtor's efforts to work through
21 comments both the Committee as a whole and some individual
22 members had.  Mr. Poppiti's client provided comments, which
23 we appreciated, and got those in there.  So -- and, of
24 course, last but not least, Mr. Schepacarter's office, of the
25 United States Trustee.

1 So, Your Honor, we're ready to go today, unless
2 Your Honor has any questions.
3 　　　　　　THE COURT: Okay. Mr. Schepacarter?
4 　　　　　　MR. SCHEPACARTER: Thank you, Your Honor. For the
5 record, Richard Schepacarter, United States Trustee.
6 　　　　　　Just to add a couple things. I think we've worked
7 out a number of issues, some of what -- some of the things I
8 can call nits [indiscernible]. Some of them are more
9 substantive issues.
10 　　　　　　Again, to appreciate the work of Ms. Sarkessian,
11 from our office, who handled a lot on the [indiscernible].
12 　　　　　　Having said that, there may be some issues, and
13 I'm going to just reserve all my rights for confirmation. I
14 think everything's going to work out, but we review so many
15 plans and disclosure statements on a -- literally on a daily
16 basis that I cannot remember one from the other. So,
17 although that's probably not an acceptable excuse in most
18 instances, under the circumstances, that's what I'm going to
19 -- that's all I have, quite frankly.
20 　　　　　　So I don't think -- like I said, I don't think
21 there's going to be any issues but, you know, we will see and
22 I'm sure we will work them out with counsel. We've been able
23 to do that throughout the case, so I don't see that -- that
24 an issue.
25 　　　　　　THE COURT: Okay.

1  MR. SCHEPACARTER:  Thank you, Your Honor.
2  THE COURT:  Thank you.  And, of course, all rights
3  are reserved --
4  MR. SCHEPACARTER:  Exactly.
5  THE COURT:  -- for confirmation.  Does anyone else
6  wish to be heard?
7  (No verbal response)
8  Okay.  I have some comments with respect to the
9  proposed order, but before I do that, does any -- is there
10 any presentation with respect to the motion or -- go ahead.
11 MR. FRIEDMAN:  At least -- Your Honor, I'm happy
12 to walk through it, and I apologize.  I haven't been in front
13 of Your Honor on this type of motion.  Normally, I -- when
14 I've been in front of the other judges, they've read
15 everything and if they have questions about the order, that's
16 usually how I proceed --
17 THE COURT:  Okay.
18 MR. FRIEDMAN:  -- but I'm happy to do whatever the
19 Court wishes here.
20 THE COURT:  Okay.  Well, I'm happy to proceed
21 forward.  I didn't want to truncate and not give you a chance
22 to talk about it if you wanted.
23 MR. FRIEDMAN:  No.  After the last hearing, I
24 think brevity would be -- we're good to move it along.
25 THE COURT:  Okay.  Well, I have some questions

1  about the proposed form of order and, candidly, you may have
2  addressed some of these in the revisions, but I'm not sure
3  whether they were or not, so if you could just bear with me.
4          In paragraph (C) of the proposed --
5          MR. FRIEDMAN: Your Honor, are we going -- I going
6  to apologize. Are we going through the redlining or are we
7  going through --
8          THE COURT: Yes.
9          MR. FRIEDMAN: Okay.
10         THE COURT: In paragraph (C) of the proposed
11 order, which is page 3 of 33, in Docket Number 732-2, the
12 content of the solicitation package is only going to the
13 general unsecured creditors, right? It's not going to equity
14 holders?
15         MR. FRIEDMAN: It's not going to who? I'm sorry.
16         THE COURT: It's not going to interests -- parties
17 with interest in the debtor; it's only going to claimholders,
18 right? I just want to clarify that I understand your
19 solicitation and plan correctly.
20         MR. FRIEDMAN: I believe that's right. I believe
21 because they're -- the interest holders are not voting, so
22 they're getting a different package.
23         THE COURT: Right. Okay. I just -- it references
24 the content of a solicitation package and the last line
25 references interest holders and so I didn't know if that was

1   just an over-generalization or, in this particular case,
2   there was a disconnect between the plan and the solicitation.
3             MR. FRIEDMAN: I mean it's certainly a
4   generalization. The interest holders of the debtor are aware
5   of everything that's going on in the case and so I think it
6   would be fair to say they are aware of what's in the
7   solicitation package.
8             THE COURT: Okay. I had a comment about a Rule
9   3018 deadline, but I understand it's been revised to include
10  that, correct?
11            MR. FRIEDMAN: Yes.
12            THE COURT: Okay.
13            MR. FRIEDMAN: We have. I'm just finding it in
14  the redline. But, yes, there was a change related to the
15  Rule 3018 deadline.
16            THE COURT: Okay. I'm curious, and this is a nit
17  on my part, but on page 2, it says, the Court hereby finds as
18  follows, and then on page 4, it says, it hereby -- it is
19  hereby found and determined. Isn't it just ordered?
20            MR. FRIEDMAN: That's fine, Your Honor. Yes,
21  that's right. You're right.
22            THE COURT: And this is also a nit, but paragraph
23  8 that refers to the solicitation package --
24            MR. FRIEDMAN: Yes.
25            THE COURT: -- there seems to be a discrepancy

1  between the motion and the order, and maybe you've picked up
2  on that.  They -- one calls it solicitation materials; one
3  calls it solicitation packages, and it's used inconsistently
4  in the order as well, I believe.  I would probably just refer
5  to it as the same name as the motion.
6          MR. FRIEDMAN:  Okay.
7          THE COURT:  Is -- I appreciate that, in paragraph
8  8, romanette -- or F was deleted because the Court doesn't
9  approve the actual letter that's sent out by the Committee,
10 but is the Committee sending a letter?
11         MR. FRIEDMAN:  Your Honor, the Committee is not
12 going to be sending a letter because we're filing a joint
13 plan with the debtor and we think that was sufficient enough
14 to --
15         THE COURT:  Okay.
16         MR. FRIEDMAN:  -- voice the Committee's support
17 for the plan.
18         THE COURT:  Okay. Understood. I had a question
19 about paragraph 11.  I want to make sure it's the same
20 paragraph.
21         The plan supplement, is the only purpose of the
22 plan supplement to disclose the name and compensation of the
23 plan administrator?
24         MR. FRIEDMAN:  That's -- yes, Your Honor.
25         THE COURT:  That's it?

1          MR. FRIEDMAN:  That's it.

2          THE COURT:  Okay.  Bear with me a second.  On the

3  hearing notice, and this is really a question for the United

4  States Trustee, the releases by the debtor language is

5  included but the definitions are not, and it specifically

6  says the definitions aren't included.  Is there a reason the

7  U.S. Trustee's Office isn't requiring the debtors to include

8  the definition?

9          MR. SCHEPACARTER:  I am not sure -- for the

10 record, Richard Schepacarter.  I am not sure why that is.  As

11 I said, I didn't handle that part of it.

12         THE COURT:  Okay.  Well --

13         MR. SCHEPACARTER:  But I can say that, since Ms.

14 Sarkessian signed off on it, I would trust her with my life,

15 so to speak, with respect to plans and disclosure statements.

16 So there may be a reason why that occurred, so -- unless

17 counsel knows.  If counsel knows, then (indiscernible).

18         MR. FRIEDMAN:  Your Honor, it's actually not as it

19 seems.  That language says definitions not included above,

20 that's a reference to the inclusion of the effective date

21 down below, I believe, as I read that, and I have to go --

22 everything -- I don't -- yeah, right here.  See?  That

23 references that we included that because it wasn't -- it was

24 a defined term that wasn't otherwise embedded up above.

25         THE COURT:  Well --

1     MR. SCHEPACARTER: Was Your Honor's question that
2  released -- was it the definition of released parties or --
3     MR. FRIEDMAN: Because released parties is a
4  defined term.
5     THE COURT: Is defined within it.
6     MR. FRIEDMAN: It's defined in the body.
7     MR. SCHEPACARTER: Right.
8     THE COURT: Yeah.
9     MR. FRIEND: I think we included the effective
10 date definition down below because it wasn't otherwise
11 included in the body of the -- of that -- of the whole
12 released language. That's why that language is there. Now I
13 understand the Court's confusion for that.
14    THE COURT: Yeah. I am confused by that because I
15 did see that released parties was defined within the content
16 of the release language.
17    MR. FRIEDMAN: Right, in the body.
18    THE COURT: And --
19    MR. FRIEDMAN: But, for example, we -- for
20 whatever reason, we included -- we must've used an effective
21 date and then --
22    THE COURT: You -- it does. It's --
23    MR. FRIEDMAN: Then that's why we defined it down
24 below because it -- it was obviously defined earlier in the
25 plan but it wasn't included in the --

```
 1                THE COURT:  So maybe you should just drop a
 2   footnote for -- under effective date.  It's --
 3                MR. FRIEDMAN:  All right.
 4                THE COURT:  Because I think that would be less
 5   confusing.
 6                MR. FRIEDMAN:  Understood.  If Your Honor is
 7   confused, everyone is going to be confused and --
 8                THE COURT:  All right.  Well --
 9                MR. FRIEDMAN:  -- that's fine.  We'll make that
10   change.
11                THE COURT:  -- maybe not, but.  And then I had a
12   question with the Class 3 Ballot, and bear with me because I
13   want to make sure it reads the same.
14                So Class 3 gets the ballot.  They get the entire
15   solicitation package, and paragraph 1 of the ballot says a
16   copy of the solicitation procedures order is available on the
17   Bankruptcy Court website or -- yeah.  And my question is
18   this.  A copy of the order is going out with this ballot, is
19   it not?  That's part of the solicitation package?
20                MR. FRIEDMAN:  Yes it is.
21                THE COURT:  So I -- (A) I don't know if you need
22   this language, or if you just want to say it's contained in
23   this package or is also available, but --
24                MR. SCHEPACARTER:  I think we want to -- again,
25   Richard Schepacarter.  I think we want to say that it's
```

15

```
 1  available.  Like you can get the copy of the paper, but if
 2  you don't feel like reading the paper, you can see that it's
 3  at a website somewhere or --
 4              THE COURT:  Okay.
 5              MR. SCHEPACARTER:  -- it's online.  So there's
 6  more -- there's like a multiple access --
 7              THE COURT:  Okay.
 8              MR. SCHEPACARTER:  You know, sometimes they send a
 9  little -- those little -- I forget what they call them,
10  little --
11              THE COURT:  Thumb drives.  We try --
12              MR. SCHEPACARTER:  Thumb drive.  They send them
13  along with it sometimes, so you get that and you can put that
14  in your computer.  I don't know how that works -- frankly
15  works, but you can use that somehow, you know.  But even I
16  could probably get on a website.
17              THE COURT:  Okay.  All right.  I understand your
18  position then.
19              MR. WAXMAN:  Judge, just to be clear, this is for
20  an electronic version, which makes it easier and, from my
21  experience, also significantly increases the number of
22  ballots that are returned.
23              THE COURT:  Okay.  All right.  Those are the only
24  questions that I had on the proposed form of order.  So if
25  you revise it and upload it with a clean and blackline, we'll
```

1  get it entered.
2              MR. SCHEPACARTER:  Perfect.
3              THE COURT:  Okay?
4              MR. FRIEDMAN:  We will endeavor to get that done.
5              THE COURT:  Is there anything further for today?
6              MR. FRIEDMAN:  Not from the debtor, Your Honor.
7              THE COURT:  Okay.  Good.  Thank you all very much.
8              MR. FRIEDMAN:  Thank you, Your Honor.
9              THE COURT:  We stand adjourned.
10             MR. SCHEPACARTER:  Thank you, Your Honor.
11             THE COURT:  Have a good afternoon.
12         (Proceedings concluded at 1:33 p.m.)

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ Tammy L. Kelly    September 5, 2023
Tammy L. Kelly
Court Transcriptionist For Reliable