## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC [1] | Case No. 22-10602 (JKS) |
| Debtors. | |

## AMENDED AFFIDAVIT OF SERVICE

I, Sharon Lee, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On August 30, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit D**:

- **Order (I) Granting Permission to File a Combined Plan and Disclosure Statement; (II) Approving the Disclosure Statement on an Interim Basis; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Scheduling a Joint Hearing to Consider Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto** (Docket No. 740)

- **Notice of Hearing on Confirmation of Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 743)

- **Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit A**)

- **[Customized] Class 3 (General Unsecured Claims) Ballot for Accepting or Rejecting Combined Disclosure Statement and Joint Plan of Liquidation** (attached hereto as **Exhibit B**)

- **Postage Prepaid, Return-Addressed Envelope**

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1] 1 The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230

On August 30, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit E**:

- **Order (I) Granting Permission to File a Combined Plan and Disclosure Statement; (II) Approving the Disclosure Statement on an Interim Basis; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Scheduling a Joint Hearing to Consider Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto** (Docket No. 740)

- **Notice of Hearing on Confirmation of Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 743)

- **Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (attached hereto as **Exhibit A**)

On August 30, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit F**:

- **Notice of Non-Voting Status on Combined Disclosure Statement and Joint Plan of Liquidation to Holders of Claims Conclusively Presumed to Accept or Reject the Plan** (attached hereto as **Exhibit C**)

- **Notice of Hearing on Confirmation of Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 743)

[THIS SPACE INTENTIONALLY LEFT BLANK]

On August 30, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit G**:

- **Notice of Hearing on Confirmation of Combined Disclosure Statement and Joint Plan of Liquidation of Agway Farm & Home Supply, LLC Under Chapter 11 of the Bankruptcy Code** (Docket No. 743)

In addition to the methods of service set forth herein, parties who have requested electronic notification of filings via the Bankruptcy Court's CM/ECF system were sent the above referenced documents via electronic service.

Dated: September 20, 2023

_____
Sharon Lee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 20th day of September, 2023 by Sharon Lee proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

SERINA TRAN
Notary Public - California
Orange County
Commission # 2368456
My Comm. Expires Jul 30, 2025

# **Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | |

**COMBINED DISCLOSURE STATEMENT AND JOINT PLAN
OF LIQUIDATION OF AGWAY FARM & HOME SUPPLY, LLC
<u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

**MORRIS JAMES LLP**
Jeffrey R. Waxman (DE Bar No. 4152)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue; Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
          bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
 Alan J. Friedman (CA Bar No. 132580)
 Melissa Davis Lowe (CA Bar No. 245521)
 100 Spectrum Center Drive; Suite 600
 Irvine, CA 92618
 Telephone: (949) 340-3400
 Facsimile: (949) 340-3000
 E-mail: afriedman@shulmanbastian.com
          mlowe@shulmanbastian.com
           *Counsel for Debtor and Debtor in Possession*

 Dated: August 25, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**
Bradford J. Sandler (DE Bar No. 4142)
Paul J. Labov (*pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
          plabov@pszjlaw.com
          crobinson@pszjlaw.com

*Counsel to the Official Committee of
Unsecured Creditors*

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

16278557/1

# TABLE OF CONTENTS

PAGE

DISCLAIMERS ..........................................................................................................-i-

SECTION 1 INTRODUCTION ................................................................................. 1

SECTION 2 SUMMARY OF CLASSIFICATION AND TREATMENT OF
CLAIMS AND INTERESTS UNDER PLAN AND IMPORTANT
SOLICITATION AND CONFIRMATION DATES AND DEADLINES ...................... 2

SECTION 3 DEFINED TERMS ................................................................................ 5

SECTION 4 BACKGROUND ................................................................................. 13

SECTION 5 THE CHAPTER 11 CASE ................................................................. 15

SECTION 6 CONFIRMATION AND VOTING PROCEDURES ............................. 18

SECTION 7 CERTAIN RISK FACTORS, TAX CONSEQUENCES, AND OTHER
DISCLOSURES ...................................................................................... 26

SECTION 8 UNCLASSIFIED CLAIMS ................................................................ 32

SECTION 9 CLASSIFICATION OF CLAIMS AND INTERESTS ......................... 34

SECTION 10 TREATMENT OF CLAIMS AND INTERESTS ................................ 35

SECTION 11 MEANS FOR IMPLEMENTATION OF THE PLAN ......................... 36

SECTION 12 ......................................................................................................... 38

DISTRIBUTIONS TO HOLDERS OF ALLOWED CLAIMS ................................. 38

SECTION 13 PROCEDURES FOR RESOLVING DISPUTED CLAIMS ................ 39

SECTION 14 TREATMENT OF EXECUTORY CONTRACTS  AND UNEXPIRED
LEASES .................................................................................................. 43

SECTION 15 EFFECT OF CONFIRMATION ........................................................ 44

SECTION 16 EXCULPATIONS, INJUNCTIONS, AND RELEASES ..................... 45

SECTION 17 CONDITIONS PRECEDENT TO CONFIRMATION  AND
CONSUMMATION OF THE PLAN ........................................................ 48

SECTION 18 RETENTION OF JURISDICTION .................................................... 49

SECTION 19 MISCELLANEOUS PROVISIONS .................................................. 50

SECTION 20 RECOMMENDATION ..................................................................... 54

16278557/1

# DISCLAIMERS

**EACH HOLDER OF A CLAIM AGAINST THE DEBTOR ENTITLED TO VOTE TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT SHOULD READ THE COMBINED PLAN AND DISCLOSURE STATEMENT IN ITS ENTIRETY BEFORE VOTING. NO SOLICITATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT MAY BE MADE EXCEPT PURSUANT TO THE TERMS HEREOF AND SECTIONS 1121 AND 1125 OF THE BANKRUPTCY CODE. IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT, YOU ARE RECEIVING A BALLOT WITH YOUR NOTICE OF THE COMBINED PLAN AND DISCLOSURE STATEMENT. <u>THE DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS URGE YOU TO VOTE TO ACCEPT THE COMBINED PLAN AND DISCLOSURE STATEMENT.</u>**

**THE COMBINED PLAN AND DISCLOSURE STATEMENT HAS BEEN PREPARED IN ACCORDANCE WITH SECTIONS 1121 AND 1125 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 3016 AND 3017, AND NOT IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER APPLICABLE NON-BANKRUPTCY LAW. THE COMBINED PLAN AND DISCLOSURE STATEMENT SHALL NOT BE CONSTRUED TO BE ADVICE ON THE TAX, SECURITIES, OR OTHER LEGAL EFFECTS OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AS TO HOLDERS OF CLAIMS AGAINST OR INTERESTS IN THE DEBTOR. YOU SHOULD CONSULT YOUR PERSONAL COUNSEL OR TAX ADVISOR ON ANY QUESTIONS OR CONCERNS RESPECTING TAX, SECURITIES, OR OTHER LEGAL CONSEQUENCES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.**

**THE COMBINED PLAN AND DISCLOSURE STATEMENT CONTAINS SUMMARIES OF CERTAIN STATUTORY PROVISIONS, DOCUMENTS RELATED TO THE COMBINED PLAN AND DISCLOSURE STATEMENT, ANTICIPATED EVENTS IN THE CHAPTER 11 CASE, AND FINANCIAL INFORMATION. ALTHOUGH THE PLAN PROPONENTS BELIEVE THAT THE STATEMENTS AND DESCRIPTIONS CONTAINED IN THE COMBINED PLAN AND DISCLOSURE STATEMENT ARE TRUE AND ACCURATE, THEY ARE QUALIFIED TO THE EXTENT THAT THEY DO NOT SET FORTH THE ENTIRE TEXT OF THE DOCUMENTS RELATED TO THE COMBINED PLAN AND DISCLOSURE STATEMENT AND APPLICABLE STATUTORY PROVISIONS. THE TERMS OF THE DOCUMENTS RELATED TO THE COMBINED PLAN AND DISCLOSURE STATEMENT AND APPLICABLE STATUTES GOVERN IN THE EVENT OF ANY DISCREPANCY WITH THE COMBINED PLAN AND DISCLOSURE STATEMENT. CREDITORS AND OTHER INTERESTED PARTIES SHOULD READ THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE DOCUMENTS RELATED TO THE COMBINED PLAN AND DISCLOSURE STATEMENT, AND THE APPLICABLE STATUTES THEMSELVES FOR THE FULL AND COMPLETE STATEMENTS OF SUCH TERMS AND PROVISIONS.**

16278557/1

THE FACTUAL STATEMENTS AND REPRESENTATIONS CONTAINED IN THE COMBINED PLAN AND DISCLOSURE STATEMENT ARE MADE BY THE PLAN PROPONENTS AS OF THE DATE HEREOF, UNLESS OTHERWISE SPECIFIED, AND THE PLAN PROPONENTS DISCLAIM ANY OBLIGATION TO UPDATE ANY SUCH STATEMENTS AFTER THE SOLICITATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT AND SHALL NOT BE DEEMED OR CONSTRUED TO CREATE ANY IMPLICATION THAT THE INFORMATION CONTAINED HEREIN IS CORRECT AT ANY TIME AFTER THE DATE HEREOF.

THE FINANCIAL INFORMATION CONTAINED HEREIN HAS NOT BEEN AUDITED BY A CERTIFIED PUBLIC ACCOUNTANT AND HAS NOT NECESSARILY BEEN PREPARED IN ACCORDANCE WITH GENERALLY ACCEPTED ACCOUNTING PRINCIPLES.

ANY PROJECTED RECOVERIES TO CREDITORS SET FORTH IN THIS COMBINED PLAN AND DISCLOSURE STATEMENT ARE BASED UPON THE ANALYSES PERFORMED BY THE PLAN PROPONENTS AND THEIR ADVISORS. ALTHOUGH THE PLAN PROPONENTS AND THEIR ADVISORS HAVE MADE EVERY EFFORT TO VERIFY THE ACCURACY OF THE INFORMATION PRESENTED HEREIN, THE PLAN PROPONENTS AND THEIR ADVISORS CANNOT MAKE ANY REPRESENTATIONS OR WARRANTIES REGARDING THE ACCURACY OF THIS INFORMATION.

IN CONNECTION WITH THE PLAN PROPONENTS' SOLICITATION OF ACCEPTANCES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT PURSUANT TO SECTION 1126(b) OF THE BANKRUPTCY CODE, THE PLAN PROPONENTS ARE FURNISHING A SOLICITATION PACKAGE, CONSISTING OF THE COMBINED PLAN AND DISCLOSURE STATEMENT, THE EXHIBITS HERETO, CONFIRMATION NOTICE, AND A BALLOT TO EACH RECORD HOLDER OF CLAIMS ELIGIBLE TO VOTE OR ITS COUNSEL. THE COMBINED PLAN AND DISCLOSURE STATEMENT IS TO BE USED BY EACH SUCH ELIGIBLE HOLDER SOLELY IN CONNECTION WITH ITS EVALUATION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT. USE OF THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR ANY OTHER PURPOSE IS NOT AUTHORIZED. NOTHING STATED IN THE COMBINED PLAN AND DISCLOSURE STATEMENT SHALL BE DEEMED OR CONSTRUED AS AN ADMISSION OF ANY FACT OR LIABILITY BY ANY PARTY, OR BE ADMISSIBLE IN ANY PROCEEDING INVOLVING THE DEBTOR OR ANY OTHER PARTY.

# SECTION 1
# INTRODUCTION

Agway Farm & Home Supply, LLC, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") hereby  propose the following combined disclosure statement and joint plan of liquidation pursuant to sections 1121(a) and 1125(b) of title 11 of the United States Code (the disclosure statement portion hereof, the "Disclosure Statement" and the chapter 11 plan portion hereof, the "Plan," as may be modified and/or amended from time to time, and collectively, the "Combined Plan and Disclosure Statement"). Capitalized terms used in the Combined Plan and Disclosure Statement and not otherwise defined have the meanings ascribed to such terms in Section 3.

Prepetition, the Debtor operated as a wholesale product distribution company across six different major categories: (1) seasonal home & hardware; (2) farm products; (3) lawn & garden; (4) bird food & supplies; (5) pet food & supplies; and (6) animal health needs. The Debtor also licensed the right for dealers to utilize the "Agway" brand and produced revenue from freight costs. With its headquarters in Richmond, Virginia and two warehouses and distribution centers in Cloverdale, Virginia and Westfield, Massachusetts, the Debtor distributed products to a broad network of independent retail stores along the east coast, including Maine, New Hampshire, Vermont, Massachusetts, Maryland, New York, Delaware, Rhode Island, New Jersey, Connecticut, Pennsylvania, Kentucky, West Virginia, Virginia, North Carolina, South Carolina, Georgia, and Ohio. The Debtor's goals in the chapter 11 case have been to sell substantially all of its assets, complete the wind-down of its business, collect on outstanding receivables, address pending claims, including litigation claims, and make distributions to creditors as efficiently as possible through the liquidating Plan. **The Committee, the co-proponent of the Plan with the Debtor, supports the confirmation of the Plan.**

The Plan provides for a Plan Administrator to liquidate, collect, sell, or otherwise dispose of the remaining assets of the Debtor's bankruptcy estate (the "Estate") (including, without limitation, certain causes of action), if and to the extent such assets were not previously monetized to Cash or otherwise transferred or disposed of by the Debtor prior to the Effective Date, and then to distribute all net proceeds to creditors generally in accordance with the priority scheme under the Bankruptcy Code, subject to the terms of the Plan. In a Chapter 7 proceeding, absent such consent, the recovery of general unsecured creditors would be diminished.

The Plan Proponents submit that the Combined Plan and Disclosure Statement will be distributed to all holders of Claims and Interests in accordance with section 1125(b) of the Bankruptcy Code; Rules 2002, 3016, and 3017 of the Federal Rules of Bankruptcy Procedure; and the Court's order conditionally approving the Combined Plan and Disclosure Statement [D.I. [•]]. The Combined Plan and Disclosure Statement and the exhibits hereto include a discussion of:  (i) the nature and history of the Debtor's business and liabilities; (ii) events during the Chapter 11 Case; (iii) the requirements for confirmation of the Plan and procedures for voting to accept or reject the Plan; (iv) additional factors and disclosures to be considered, including risk factors and certain U.S. federal income tax consequences of the Plan; and (v) the terms of the Plan, including the treatment of holders of Claims and Interests under the Plan. The Disclosure Statement was prepared with the intent to provide "adequate information" (as defined in the Bankruptcy Code) to

enable holders of Claims against and Interests in the Debtor to make informed decisions about the Plan.

Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in Section 19.1 of the Combined Plan and Disclosure Statement, the Plan Proponents expressly reserve the right to alter, amend, or modify the Combined Plan and Disclosure Statement, including the Plan Supplement, one or more times, before substantial consummation thereof.

***Please read the Combined Plan and Disclosure Statement, the exhibits, other supporting materials, and any appropriate ballot carefully and follow the instructions set forth below and on the appropriate ballot to vote on the Combined Plan and Disclosure Statement. The Plan Proponents believe that the Combined Plan and Disclosure Statement provides the best method of maximizing the recoveries for the holders of Claims against the Debtor. Therefore, the Plan Proponents recommend that all creditors who are entitled to vote should vote in favor of the Combined Plan and Disclosure Statement.***

Unless otherwise specified, all section or exhibit references in the Combined Plan and Disclosure Statement are to the respective section in, or exhibit to, the Combined Plan and Disclosure Statement, as the same may be amended, waived, or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Combined Plan and Disclosure Statement as a whole and not to any particular section, subsection, or clause contained herein. The headings in the Combined Plan and Disclosure Statement are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Any action to be taken by the Plan Proponents collectively as provided for herein requires unanimity between the Plan Proponents. For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; and (c) unless otherwise noted above, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

## SECTION 2
## SUMMARY OF CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER PLAN AND IMPORTANT SOLICITATION AND CONFIRMATION DATES AND DEADLINES

2.1     Summary of Classification and Treatment of Claims and Interests.

All Claims against or Interests in the Debtor, other than Administrative Claims and Priority Tax Claims, are classified for purposes of voting and distributions under the Combined Plan and Disclosure Statement. A summary of the classification of these Claims and Interests, the proposed treatment of each Class of Claims or Interests, and the voting status of each Class of Claims or Interests follows.

| Class | Treatment | Status | Entitled to Vote? |
|-------|-----------|--------|-------------------|
| Unclassified: Administrative Claims, estimated to total approx. $650,000<br><br>**Estimated Recovery: 100%** | Except to the extent that a Holder of an Allowed Administrative Claim agrees to a less favorable treatment, each Holder of an Allowed Administrative Claim, other than a Professional Fee Claim, shall receive from Available Cash, without interest, Cash equal to the Allowed amount of such Claim: (a) on or as soon as practicable after the later of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters a Final Order determining or approving such Claim; (b) in accordance with the terms and conditions of agreements between the Holder of such Claim and the Debtor or the Plan Administrator, as the case may be; (c) with respect to any Administrative Claims representing obligations incurred in the ordinary course of the Debtor's business, upon such regular and customary payment or performance terms as may exist in the ordinary course of the Debtor's business or as otherwise provided in the Plan; or (d) with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), as and when due under applicable law. | Unimpaired | No |
| Unclassified: Priority Tax Claims, estimated to total approx. $5,000 or less<br><br>**Estimated Recovery: 100%** | Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, in exchange for full and final satisfaction of each Allowed Priority Tax Claim, the Debtor or Plan Administrator, as applicable, shall pay each holder of an Allowed Priority Tax Claim, from Available Cash, the full unpaid amount of such Allowed Priority Tax Claim on the earliest of the following dates: (i) on or as soon as practicable after the Effective Date, (ii) on or as soon as practicable after the date such Allowed Priority Tax Claim becomes an Allowed Claim, and (iii) the date such Allowed Priority Tax Claim is payable under applicable non-bankruptcy law. | Unimpaired | No |

16278557/1

| Class | Treatment | Status | Entitled to Vote? |
|---|---|---|---|
| Class 1: Priority Non-Tax Claims, estimated to total approx. $5,000 or less<br><br>**Estimated Recovery: 100%** | In exchange for full and final satisfaction of each Allowed Priority Non-Tax Claim, the Debtor or Plan Administrator, as applicable, shall pay, from Available Cash, the Allowed amount of each Priority Non-Tax Claim to each Entity holding a Priority Non-Tax Claim as soon as practicable following the later of: (a) the Effective Date and (b) the date such Priority Non-Tax Claim becomes an Allowed Claim (or as otherwise permitted by law). The Debtor or Plan Administrator, as applicable, shall pay each Entity holding a Priority Non-Tax Claim in Cash in full in respect of such Allowed Claim without interest from the Petition Date; *provided however*, that such Entity may be treated on such less favorable terms as may be agreed to in writing by such Entity. | Unimpaired | No |
| Class 2: Other Secured Claims, estimated amount $0<br><br>**Estimated Recovery: 100%** | Except to the extent previously paid in full, to the extent any Other Secured Claims exist, at the option of the Debtor or the Plan Administrator, as applicable, one of the following treatments shall be provided (i) the Holder of such Claim shall retain its Lien on its collateral until such collateral is sold, and the proceeds of such sale, less costs and expenses of disposing of such collateral, shall be paid to such Holder in full satisfaction and release of such Allowed Other Secured Claim; (ii) on or as soon as practicable after the later of (a) the Effective Date, or (b) the date upon which the Bankruptcy Court enters a Final Order determining or allowing such Claim, or as otherwise agreed between the Holder of such Claim and the Debtor or the Plan Administrator, as applicable, the Holder of such Other Secured Claim will receive a Cash payment equal to the amount of its Allowed Other Secured Claim in full satisfaction and release of such Other Secured Claim; or (iii) the collateral securing the Creditor's Other Secured Claim shall be abandoned to such Creditor, in full satisfaction, release, and discharge of such Other Secured Claim. | Unimpaired | No |
| Class 3: Unsecured Claims, estimated amount $46 million but expected to be reduced after objections to certain Class 3 Claims | In exchange for full and final satisfaction of each Allowed Unsecured Claim, each Holder of an Allowed Unsecured Claim in Class 3 shall receive a Pro Rata share of Available Cash after the payment of Professional Fee Claims, Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims, and expenses related to the wind-down of the Debtor, as determined by the Plan Administrator. | Impaired | Yes |

| Class | Treatment | Status | Entitled to Vote? |
|---|---|---|---|
| **Estimated Recovery: 6% to 14%** | | | |
| Class 4: Interests<br><br>**Estimated Recovery: 0%** | There shall be no Distribution on account of Class 4 Interests. Upon the Effective Date, all Interests will be deemed cancelled and will cease to exist. | Impaired | No |

2.2    <u>Important Dates and Deadlines</u>

| | |
|---|---|
| **Voting Record Date** | **August 7, 2023** |
| **Solicitation of the Plan Completed** | **Three business days after entry of the Order approving Solicitation Motion** |
| **Deadline by which the Debtor must file Claims Objections for Voting Purposes (the "Voting Claims Objection Deadline")** | **September 14, 2023** |
| **Deadline to file Plan Supplement** | **September 28, 2023** |
| **Deadline for Creditors to Respond to Claims Objections or File 3018(a) Motions** | **September 28, 2023** |
| **Confirmation Objection Deadline** | **October 5, 2023** |
| **Voting Deadline** | **October 5, 2023** |
| **Deadline for Objections to 3018(a) Motions** | **October 12, 2023** |
| **Deadline to file Voting Tabulations Affidavit** | **October 12, 2023** |
| **Deadline to file Confirmation Brief and Proposed Form of Confirmation Order** | **October 12, 2023** |
| **Confirmation Hearing** | **October 19, 2023** |

**SECTION 3**
**DEFINED TERMS**

As used in the Combined Plan and Disclosure Statement, capitalized terms not otherwise defined have the meanings set forth below. Any term that is not otherwise defined herein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

3.1    "<u>Administrative Claim</u>" means a Claim for an expense of administration of the Chapter 11 Case arising under Sections 503(b), 507(b), 503(b)(9) or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate; (b) the value of any goods received by the Debtor within 20 days before

the Petition Date to the extent that goods were sold to the Debtor in the ordinary course of the Debtor's business; (c) Professional Fee Claims; (d) all fees and charges assessed against the Estate under 28 U.S.C. §§ 1911-1930; (e) all obligations designated as Allowed Administrative Claims pursuant to an order of the Bankruptcy Court; (f) administrative claims that were timely filed prior to the Administrative Expense Bar Date; and (g) any Tax Claims incurred by the Debtor after the Petition Date or relating to a tax year or period which occurs after the Petition Date. "Administrative Expense Bar Date" means the date that is forty-five (45) days after the Effective Date, at 5:00 p.m. Eastern time, for a Claimant to file a request for payment of any Administrative Claim (excluding Professional Fee Claims) arising on or after the Petition Date, through and including the Effective Date.

      3.3     "Allowed" means, with respect to any Claim, except as otherwise provided herein: (a) a Claim that has been scheduled by the Debtor on the Schedules as other than disputed, contingent, or unliquidated and, as to which, the Debtor, the Plan Administrator or other party in interest has not filed an objection on or before the Claims Objection Deadline; (b) a Claim that is set forth in a timely filed Proof of Claim as to which no objection has been filed and which is not otherwise a Disputed Claim; (c) a Claim that has been allowed by a Final Order; (d) a Claim that is allowed: (i) in any stipulation of amount and nature of Claim executed by the Debtor prior to the Effective Date and approved by the Bankruptcy Court; (ii) in any stipulation of amount and nature of Claim executed by the Plan Administrator on or after the Effective Date; (iii) in any stipulation of amount and nature of any Administrative Claim, Priority Non-Tax Claim, or Priority Tax Claim executed by (y) the Debtor and approved by the Bankruptcy Court, or (z) the Plan Administrator; or (iv) in any contract, instrument, indenture or other agreement entered into or assumed by Debtor in connection with and in accordance with the Plan; (e) a Claim relating to a rejected executory contract or unexpired lease that either (i) is not a Disputed Claim or (ii) has been allowed by a Final Order, in either case only if a Proof of Claim has been timely filed by the Claimant before the applicable rejection Bar Date for such claim or has otherwise been deemed timely filed under applicable law; or (f) a Claim that is allowed pursuant to the terms of the Plan. For the purpose of determining distributions pursuant to the Plan, allowance under subsections (a) and (b) only is applicable once any of the following occur (1) before the Claims Objection Deadline, the Debtor or the Plan Administrator, as applicable, determine not to object to the Claim, (2) the Claims Objection Deadline passes without an objection being filed, or (3) after the Debtor or Plan Administrator timely objects to the Claim, the Claim is allowed as provided in subparagraphs (c), (d) or (e) above. "Allowed Claim" or "Allowed … Claim" means a Claim that has been Allowed. "Available Cash" means the aggregate amount of all Cash held by the Debtor on the Effective Date which shall be used by the Plan Administrator to fund distributions and payments to Creditors and/or to pay for the expenses of the Estate, subject to the Plan. Available Cash may be used by the Plan Administrator to pay or reserve for all unpaid Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims (including any Disputed Claims until such Claims are resolved), Unsecured Claims, in accordance with the terms of the Plan, and expenses related to the wind-down of the Debtor.

      3.6     "Avoidance Actions" means any and all avoidance, recovery, subordination, or other claims, actions, or remedies which any of the Debtor, the Estate, or other appropriate party in interest has asserted or may assert under sections 502, 510, 542, 544, 545, or 547 through 553 of the Bankruptcy Code or under similar or related state or federal statutes and common law.

3.7     "Ballots" mean the ballots upon which the Holders of Impaired Claims shall indicate their acceptance or rejection of the Plan in accordance with the Plan and the Voting Instructions.

3.8     "Bankruptcy Code" means title I of the Bankruptcy Reform Act of 1978, as amended from time to time, as set forth in Sections 101 *et seq.* of title 11 of the United States Code, and applicable portions of titles 18 and 28 of the United States Code.

3.9     "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware having jurisdiction over the Chapter 11 Case.

3.10    "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 11 Case, promulgated under 28 U.S.C. § 2075 and the General and Local Rules of the Bankruptcy Court.

3.11    "Bar Date" means, as applicable, the General Claims Bar Date, the Administrative Expense Bar Date, or any other applicable deadline to file Claims referenced in the Plan.

3.12    "Bar Date Order" means the *Order Establishing Bar Dates for Filing Claims and Approving Form and Manner of Notice Thereof* [D.I. 150], which established the General Bar Date and certain other deadlines and procedures.

3.13    "Business Day" means any day, other than a Saturday, Sunday or legal holiday as defined in Bankruptcy Rule 9006(a).

3.14    "Cash" means cash and cash equivalents, including, but not limited to, bank deposits, wire transfers, checks, and readily marketable securities, instruments, and legal tender of the United States of America or instrumentalities thereof.

3.15    "Causes of Action" means all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of setoff, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims, including, without limitation, all claims and any avoidance, preference, recovery, subordination or other actions of the Debtor and/or the Estate against Creditors, insiders, and/or any other Entities under the Bankruptcy Code, based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the Effective Date.

3.16    "Chapter 11 Case" means the Chapter 11 case commenced when the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on the Petition Date, being administered under Case No. 22-10602 (JKS).

3.17    "Claim" means a claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor, including, but not limited to: (a) any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable

remedy for breach of performance if such performance gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

3.18    "Claimant" means the Holder of a Claim.

3.19    "Claims Agent" means Stretto (the trade name of Bankruptcy Management Solutions, Inc. and its subsidiaries), which was appointed as the Debtor's claims, noticing, and balloting agent.

3.20    "Claims Objection Deadline" means, with respect to all Claims other than Professional Fee Claims, (a) **180 days after the Effective Date**, or (b) such other period as may be fixed by an order of the Bankruptcy Court for objecting to Claims upon request of the Plan Administrator.

3.21    "Class" means a category of Holders of Claims or Interests, as set forth in Section 9 of the Plan.

3.22    "Combined Plan and Disclosure Statement" means this Plan and Disclosure Statement, as modified and/or amended from time to time.

3.23    "Committee" means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee in the Chapter 11 Case, co-proponent of the Combined Plan and Disclosure Statement.

3.24    "Confirmation" means the entry of the Confirmation Order, subject to all conditions specified in Section 17 hereof having been (a) satisfied or (b) waived pursuant to Section 17.

3.25    "Confirmation Date" means the date upon which the Confirmation Order is entered by the Bankruptcy Court on its docket, within the meaning of Bankruptcy Rules 5003 and 9021.

3.26    "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

3.27    "Consummation" or "Consummate" means the occurrence of the Effective Date.

3.28    "Contingent Claim" means any Claim for which a Proof of Claim has been filed with the Bankruptcy Court but was not filed in a sum certain and which Claim has not been estimated, fixed, or liquidated by the Bankruptcy Court at a sum certain as of the Effective Date, or a Claim that has accrued but nonetheless remains dependent on the occurrence of a future event that may never occur.

3.29    "Creditor" means any Holder of a Claim against the Debtor as specified in Section 101(10) of the Bankruptcy Code.

3.30    "Debtor" means Agway Farm & Home Supply, LLC, debtor and debtor-in-possession in the Chapter 11 Case.

3.31    "Disallowed Claim" means (i) a Claim, or any portion thereof, that has been disallowed by a Final Order or by other agreement of a Claimant; (ii) a Claim that has been listed in the Schedules at zero or as contingent, disputed, or unliquidated; or (iii) a Claim that has not been listed in the Schedules and as to which no Proof of Claim has been timely filed or deemed timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or other applicable law.

3.32    "Disclosure Statement" means the portion of this Combined Plan and Disclosure Statement that satisfies the disclosure requirements of section 1125 of the Bankruptcy Code.

3.33    "Disputed" means, with respect to any Claim or Interest, any Claim or Interest: (a) listed on the Schedules as unliquidated, disputed, or contingent; or (b) as to which the Debtor, the Plan Administrator, or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules or is otherwise disputed by the Debtor or the Plan Administrator in accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order.

3.34    "Disputed Claim" means: (i) any Claim or portion of a Claim as to which an objection to the allowance thereof has been interposed as of any deadline fixed under the Plan or by order of the Bankruptcy Court, which objection has not been withdrawn or determined by Final Order; (ii) any Claim scheduled by the Debtor in the Schedules as disputed, contingent, or unliquidated; or (iii) a Claim that is not listed in the Schedules. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Disputed Claim only to the extent of the objection.

3.35    "Disputed Claim Reserve" has the meaning set forth in Section 13.7 hereof.

3.36    "Distributions" means the distributions of Cash to be made in accordance with the Plan.

3.37    "Distribution Dates" means collectively the Initial Distribution Date, any Subsequent Distribution(s) Date, and the date of the Final Distribution.

3.38    "Distribution Record Date" means the close of business on the Confirmation Date.

3.39    "Effective Date" means the date selected by the Plan Proponents, which is a Business Day after the Confirmation Date on which: (a) no stay of the Confirmation Order is in effect, and (b) all conditions specified in Section 17 hereof have been satisfied, unless waived by the Plan Proponents. Within five (5) business days after the Effective Date, notice of the Effective Date shall be filed with the Bankruptcy Court by the Debtor or Plan Administrator.

3.40    "Entity" means an entity as defined in Section 101(15) of the Bankruptcy Code and, where applicable, the Committee.

3.41    "Estate" means the bankruptcy estate of the Debtor in the Chapter 11 Case created pursuant to Section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

3.42    "Exculpated Parties" has the meaning set forth in Section 16.1 hereof.

-9-

3.43    "Final Decree" means the decree contemplated under Bankruptcy Rule 3022.

3.44    "Final Distribution" means the last payment to Holders of Allowed Claims in accordance with the provisions of the Plan.

3.45    "Final Order" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction: (i) that has not been reversed, stayed, modified, or amended; (ii) as to which the time to or the right to appeal or seek reconsideration, review, rehearing, or certiorari has expired or been waived (without regard to whether the time to seek relief from a judgment under Bankruptcy Rule 9024 has expired); and (iii) as to which no appeal or petition for reconsideration, review, rehearing, or certiorari is pending.

3.46    "General Claims Bar Date" means September 19, 2022, at 5:00 p.m. prevailing Eastern Time, which was the general deadline set pursuant to the Bar Date Order for filing proofs of claim for any Claims against the Debtor that arose prior to the Petition Date.

3.47    "Governmental Unit" means the United States; State; Commonwealth, District, Territory, municipality, foreign state, department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under Chapter 11), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government. "Holder" means an entity holding a claim or an interest in any Debtor.

3.49    "Impaired" means with respect to a Claim or Class of Claims, a Claim or Class of Claims that is impaired within the meaning of Section 1124 of the Bankruptcy Code.

3.50    "Indemnified Parties" has the meaning set forth in Section 16.4 hereof.

3.51    "Initial Distribution Date" means the Effective Date, or as soon as practicable thereafter when the initial distribution shall be made to the Holders of Allowed Claims, as determined by the Plan Administrator in its reasonable discretion.

3.52    "Insider" means an insider of the Debtor, as defined in Section 101(31) of the Bankruptcy Code.

3.53    "Insurance Policies" means all insurance policies maintained by the Debtor as of the Petition Date, including but not limited to any and all director and officer insurance policies.

3.54    "Interest" means any equity interest in the Debtor, including, but not limited to, all issued, unissued, authorized, or outstanding shares or stock, whether vested or non-vested, together with any warrants, options, or contract rights to purchase or acquire such interests at any time.

3.55    "Interim Fee Order" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [D.I. 114] entered in the Chapter 11 Case.

3.56    "Lien" means any charge against or interest in property (including, but not limited to, any mortgage, lien, pledge, charge, security interest, encumbrance, or other security device of any kind) to secure payment of a debt or performance of an obligation.

3.57    "Litigation" means the interest of the Estate, the Debtor, or the Plan Administrator, as applicable, in any and all claims, rights, and Causes of Action that have been or may be commenced by the Debtor or the Plan Administrator, as applicable, except to the extent of the Released Parties.  Litigation includes, without limitation not otherwise stated herein, any action: (i) to avoid and recover any transfers of property determined to be preferential, fraudulent, or avoidable pursuant to Sections 544, 545, 547, 548, 549(a), and 550 of the Bankruptcy Code; (ii) for the turnover of property to the Debtor or the Plan Administrator, as applicable; (iii) for the recovery of property or payment of money that belongs to or can be asserted by the Debtor or the Plan Administrator, as applicable; (iv) for compensation for damages incurred by the Debtor; and (iv) equitable subordination actions against Creditors.

3.58    "Litigation Recovery" means any Cash or other property received by the Debtor or the Plan Administrator, as applicable, from all or any portion of the Litigation, including, but not limited to, awards of damages, attorneys' fees and expenses, interest, and punitive damages, whether recovered by way of settlement, execution on judgment, or otherwise.  If any Litigation is pursued on a contingent-fee basis, the Litigation Recovery will be net of any contingent fee paid to legal counsel.

3.59    "Person" means any individual, corporation, limited liability company, general partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization, Governmental Unit, or other Entity.

3.60    "Petition Date" means July 5, 2022, the date on which the Debtor filed its voluntary petition for relief commencing the Chapter 11 Case.

3.61     "Plan" means the portion of this Combined Plan and Disclosure Statement that constitutes the chapter 11 plan for the Debtor proposed by the Plan Proponents.

3.61    "Plan Administrator" means a person or Entity designated by the Committee in consultation with the Debtor, who will be disclosed prior to the Confirmation Hearing and will have all power and authorities as set forth in Section 11 of the Plan.

3.62    "Plan Administrator Certificate" means a certification filed with the Bankruptcy Court by the Plan Administrator of all distributions having been made under the Plan.

3.63    "Plan Documents" means the Plan, the Disclosure Statement, the Plan Supplement, any plan support letters, or other documents or pleadings filed by the Plan Proponents relating to the Plan.

3.62    "Plan Objection Deadline" means the deadline established by the Bankruptcy Court for filing and serving objections to Confirmation of the Plan.

3.63    "Plan Supplement" means the pleading or pleadings identified in the Plan or Disclosure Statement for filing with the Bankruptcy Court not later than five (5) Business Days prior to the Plan Objection Deadline, which shall include certain exhibits and schedules to the Plan, as well as documents, agreements, and instruments evidencing and effectuating the Plan.

3.64    "Priority Non-Tax Claim" means any Claim, other than an Administrative Claim or a Priority Tax Claim, to the extent entitled to priority under Section 507(a) of the Bankruptcy Code.

3.65    "Post-Effective Date Debtor" means the Debtor, or any successor thereto, after the Effective Date.

3.66    "Priority Tax Claim" means a Claim of a Governmental Unit of the kind specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

3.67    "Pro Rata" means proportionately so that, with respect to a Claim, the ratio of: (a) (i) the amount of property distributed on account of a particular Claim to (ii) the Allowed amount of the Claim, is the same as the ratio of (b) (i) the amount of property distributed on account of all Allowed Claims in the Class or Classes entitled to share in the applicable distribution to (ii) the amount of all Allowed Claims in such Class or Classes.

3.68    "Professional" means an Entity:  (a) employed pursuant to a Final Order in accordance with Sections 327 and 1103 of the Bankruptcy Code and to be compensated for services rendered prior to the Effective Date, pursuant to Sections 327, 328, 329, 330, and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b)(4) of the Bankruptcy Code.

3.69    "Professional Fee Claim" means those fees and expenses claimed by Professionals pursuant to Sections 330, 331, or 503 of the Bankruptcy Code, and accrued and unpaid as of the Effective Date.

3.70    "Proof of Claim" means a proof of claim filed pursuant to Section 501 of the Bankruptcy Code or any order of the Bankruptcy Court, together with supporting documents.

3.71    "Record Date" has the meaning set forth in Section 19.13 hereof.

3.72    "Rejection Bar Date" means the last date for any Entity whose claims arise out of the Bankruptcy Court approved rejection of an executory contract or unexpired lease to file a proof of claim for damages related to such rejection.  The Rejection Bar Date for such Claims will be, (i) with respect to executory contracts and unexpired leases rejected pursuant to a Court order other than the Confirmation Order, the date provided by an order approving the rejection, and, (ii) with respect to executory contracts and unexpired leases rejected pursuant to the Confirmation Order, the date that is thirty (30) days after the Effective Date.

3.73    "Remnant Assets" means any and all remaining property of the Debtor, consisting of known or unknown assets or claims which have not been previously sold, assigned, transferred or liquidated.

3.74    "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor on August 9, 2022 at D.I. 130 and 131 pursuant to Section 521 of the Bankruptcy Code, the Official Bankruptcy Forms, and the Bankruptcy Rules, as they may be amended and supplemented from time to time.

-12-

3.75 "Secured Claim" means any Claim that is secured in whole or part, as of the Petition Date, by: (i) a Lien which is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law, or (ii) a right of setoff that is valid under Section 553 of the Bankruptcy Code, to the extent of the value of such Lien or right of setoff as determined under Sections 506(a) or 1129(b) of the Bankruptcy Code, as applicable.

3.76 "Subsequent Distribution Date" means any date after the Initial Distribution Date upon which the Plan Administrator makes a distribution to any Holders of Allowed Administrative, Secured, Priority, or Unsecured Claims.

3.77 "Tax" means any tax, charge, fee, levy, impost, or other assessment by any federal, state, local, or foreign taxing authority, including, without limitation, income, excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, *ad valorem*, estimated, severance, stamp, occupation, and withholding tax. "Tax" shall include any interest or additions attributable to, imposed on, or with respect to such assessments.

3.78 "Tax Claim" means all or that portion of an Allowed Claim held by a Governmental Unit for a Tax assessed or assessable against the Debtor.

3.79 "Unimpaired Claim" means an unimpaired Claim within the meaning of Section 1124 of the Bankruptcy Code.

3.80 "Unsecured Claim" means any Claim against the Debtor or Estate that is not an Administrative Claim, a Priority Tax Claim, a Priority Non-Tax Claim or an Other Secured Claim.

3.81 "U. S. Trustee" means the Office of the United States Trustee for the District of Delaware.

3.82 "Voting Instructions" means the instructions for voting on the Plan contained on the Ballots.

3.83 "Voting Record Date" means the date as of which the identity of Holders of Claims is set for purposes of determining the Entities entitled to receive and vote on the Plan.

## SECTION 4
## BACKGROUND

4.1 General Background.

(a) Debtor's Prepetition Business and Operations.

Prepetition, the Debtor operated as a wholesale product distribution company across six different major categories: (1) seasonal home & hardware; (2) farm products; (3) lawn & garden; (4) bird food & supplies; (5) pet food & supplies; and (6) animal health needs. The Debtor also licensed the right for dealers to utilize the "Agway" brand and produces revenue from freight costs. With its headquarters in Richmond, Virginia and two warehouses and distribution centers in Cloverdale, Virginia and Westfield, Massachusetts, the Debtor distributed products to a broad

network of independent retail stores along the east coast, including Maine, New Hampshire, Vermont, Massachusetts, Maryland, New York, Delaware, Rhode Island, New Jersey, Connecticut, Pennsylvania, Kentucky, West Virginia, Virginia, North Carolina, South Carolina, Georgia, and Ohio. The Debtor also licensed the right for dealers to utilize the "Agway" brand and produced revenue from freight costs.

At one point, the Debtor sold more than fifteen thousand (15,000) distinctive stock keeping units or "SKUs" with varying levels of perishability. For example, the Debtor sold both bird seed and grass seed. While bird seed itself does not have an expiration date, heat and humidity invite pests and mold that spoil the product. In regard to grass seed, there is an applicable expiration date that is subject to further testing. The Debtor classified each of its products, or SKUs, into one of: Class A, B, C, or D based upon the "liquidity" of the product or how quickly the product sells. Class A products are the most liquid while Class D products are the least liquid. The Debtor maintained a website that provides a portal for both dealers and vendors to transact business with the Debtor. The Debtor's goal in the Chapter 11 Case have been to attempt the sale of substantially all of the Debtor's assets, including the "Agway" brand, collect on outstanding receivables, address pending claims, including litigation claims, and make distributions to creditors as efficiently as possible through a liquidating plan.

(b)    Corporate and Capital Structure and Prepetition Indebtedness.

The Debtor is owned by non-Debtor Agway Holdings, LLC, as set forth on the corporate organizational chart attached hereto as **Exhibit A**. The original Agway Cooperative was formed in 1964. The original Agway Cooperative sold or closed all of its retail outlets and sold its warehouse system to and the "Agway" brand name to Southern States Cooperative ("Southern States"). On or about December 18, 2020, Southern States entered into a royalty-free, non-exclusive, non-assignable license agreement with the Debtor, allowing the Debtor to use certain trademarks owned by Southern States and sub-license those rights to existing dealers and other approved retailers for certain purposes described in and pursuant to the terms of the agreement (the "Southern States License Agreement").

As of the Petition Date, the Debtor had secured debt obligations owed to CIT Bank N.A. and CCA Financial, LLC for various equipment financing. The debt owed to CCA Financial, LLC is secured by handheld barcode scanners located at the Debtor's Cloverdale, Virginia warehouse.

Prior to the Petition Date, the Debtor had a line of credit in the amount of approximately $20,000,000 with Gibraltar Business Capital ("Gibraltar"). In January 2022, Gibraltar served the Debtor with a notice of default. After the notice of default, and before the Petition Date, the Debtor paid off its balance with Gibraltar. As a result, the Debtor's secured debt obligation to Gibraltar was extinguished.

In addition to the equipment financing described above, the Schedules estimated that the Debtor owes approximately $28 million in other prepetition unsecured claims.

(c)     Debtor's Remaining Operations.

Following the various sales of its assets, the Debtor focused principally on efficiently winding down its businesses, preserving Cash held in the Estate, and monetizing its remaining Assets. The remaining Assets include, among other things, Cash, certain deposits, prepayments, credits and refunds, insurance policies or rights to proceeds thereof, and certain Causes of Action.

This Combined Plan and Disclosure Statement provides for the Assets, to the extent not already liquidated, to be liquidated over time and the proceeds thereof to be distributed to Holders of Allowed Claims in accordance with the terms of the Plan and the treatment of Allowed Claims described more fully herein. The Plan Administrator will effect such liquidation and distributions. The Post-Effective Date Debtor will be dissolved as soon as practicable after the Effective Date.

4.2     Events Leading to Chapter 11 Filing.

In November 2020, the Debtor entered into an agreement with RSM, LLC ("RSM") to provide technology conversion services whereby the Debtor would migrate from Southern State's internal systems to their own internal systems (the "System"). Per the terms of the agreement, conversion to the System was to begin in January 2021 with a deadline of July 2021 for the System to be fully implemented and integrated. Through no fault of the Debtor, implementation of the System did not begin until September 2021. Due to the delay, the Debtor was unable to timely reconcile payments from customers in order to timely pay the Debtor's vendors, which caused irreparable damage to the Debtor.

As set forth above, in January 2022, the Debtor was sent the notice of default from Gibraltar. As a result of the default, Gibraltar refused to advance funds under its agreement with the Debtor and as such, the Debtor was unable to purchase additional inventory and eventually had no choice but to satisfy the secured loan with Gibraltar.

Due to the cumulative effect of the events outlined above, in March 2022, the Debtor initiated a wind-down plan in which the Debtor: (1) laid off about one-half of the Debtor's employees; (2) transitioned some employees to stay onboard on an hourly, as-needed basis; and (3) offered a retention bonus to certain critical employees to incentivize them to stay. The Debtor also engaged in negotiations with several strategic targets with varying interests in the intellectual property, fixed assets and inventory of the Debtor.

Ultimately, the Debtor determined that seeking relief via a chapter 11 filing was the proper course of action to maximize value for all creditors. Thus, on July 5, 2022, the Debtor commenced this Chapter 11 Case to move forward with an orderly sale of the Debtor's assets and wind-down of the Debtor's business.

## SECTION 5
## THE CHAPTER 11 CASE

The following is a brief description of certain material events that have occurred during the Chapter 11 Case.

5.1     First Day Relief.

In order to facilitate the Chapter 11 Case, minimize disruption to the Debtor's affairs, and preserve the value of the Estate, the Debtor filed motions with the Bankruptcy Court on or shortly after the Petition Date seeking certain relief, including authority to honor and pay certain prepetition workforce compensation and expenses and other related obligations, subject to certain caps, which was granted pursuant to an order entered on July 7, 2022 [D.I. 34], and the appointment of Stretto as the claims and noticing agent in the Chapter 11 Case pursuant to an order entered on the same date [D.I. 27]. The Debtor also filed motions seeking authorization to use existing cash management systems [D.I. 4], pay shippers and warehousemen [D.I. 6], assumption of existing insurance policies [D.I. 7], and establish *de minimis* asset sale procedures [D.I. 9].

5.2     Debtor's Retention of Professionals and Personnel.

The Debtor filed applications or motions, as applicable, to employ certain professionals in the Chapter 11 Case, including Shulman Bastian Friedman & Bui LLP as bankruptcy counsel and Morris James LLP as Delaware counsel (that were approved by the Court pursuant to an order entered on August 3, 2022 [D.I. 111 and D.I. 112]), and to retain and employ ABC Services Group, Inc., a restructuring advisory firm, to provide Charles Klaus as the Debtor's Chief Liquidating Officer and additional personnel, as of the Petition Date (approved by the Court pursuant to an order entered on August 19, 2022 [D.I. 148]).

The Debtor also filed a motion for approval of interim compensation and reimbursement procedures for professionals and Committee members [D.I. 54], which was granted by the Court pursuant to an order entered on October 21, 2021 [D.I. 114].

5.3     Formation of the Committee; Retention of Professionals.

On or about July 18, 2022, the U.S. Trustee formed the Committee, comprised of The Scotts Company, LLC; Animal Health International, Inc.; Wildlife Sciences, L.L.C., Capital Forrest Products, Gallagher North America, Inc., Hub Group, Inc. and American Wood Fibers, Inc. *See* [D.I. 63]. On or about November 9, 2022, the U.S. Trustee filed an amended notice of appointment that noted the resignation of Gallagher North America, Inc. from the Committee. *See* [D.I. 324]. The Committee retained Pachulski Stang Ziehl & Jones LLP as counsel to the Committee (approved by the Court pursuant to an order entered on September 9, 2022 [D.I. 205]), and FTI Consulting, Inc. as its financial advisor pursuant to an order entered on September 15, 2022 [D.I. 195].

Since the Committee's formation, it worked closely with the Debtor on the liquidation of the Debtor's inventory and the sale of the Debtor's assets. The Committee aided in the efforts to sell the Debtor's intellectual property in addition to the Debtor's remaining inventory. The Committee is in process of investigating potential causes of action that may be brought on the Estate's behalf. The Committee prepared this Plan and worked cooperatively with the Debtor to finalize it for submission to the Court and solicitation by the Estate's creditors.

5.4     Debtor's Schedules and Statement of Financial Affairs.

On August 9, 2022, the Debtor filed with the Court its Schedules, listing, among other things, approximately $21.2 million in assets, and approximately $29.3 million in general unsecured claims, subject to various qualifications and assumptions.

5.5     Claims Bar Dates.

On August 19, 2022, the Court entered an order [D.I. 150] setting September 19, 2022, as the general claims bar date (including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code) for the filing of proofs of claim and December 31, 2022, as the claims bar date for governmental units.

5.6     Debtor's Plan Exclusivity.

Upon the Debtor's motion, on November 2, 2022, the Bankruptcy Court entered an initial order [D.I. 346] extending the Debtor's exclusive period to file a plan through January 31, 2023, and solicit a plan through April 1, 2023.  Additional motions to further extend the Debtor's exclusivity to file and seek solicitation of a plan were filed by the Debtor and the current exclusivity deadline is August 7, 2023 [D.I. 699].

5.7     Liquidation of the Debtor's Inventory and Sale of Debtor's Assets.

On August 31, 2022, the Debtor, after consultation with the Committee, entered into an asset purchase agreement with True Value Company, L.L.C. ("TV") by and through which TV agreed to purchase the Debtor's intellectual property and certain equipment, on an "as is-where is" basis in exchange for a total of $725,000, subject to higher and better bids and court approval.  On August 31, 2022, the Debtor, after consultation with the Committee entered into an asset purchase agreement with Florida Hardware LLC ("FL Hardware"), by and through which FL Hardware agreed to purchase certain of the Debtor's inventory on an "as is-where is" basis for approximately $1 million.

On September 22, 2022, the Court entered the *Order (A) Approving Bidding Procedures and Protections in Connection with Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) Scheduling an Auction and Sale Hearing; (C) Approving the Form and Manner of Notice Thereof; and (D) Granting Related Relief* [D.I. 221] (the "Bid Procedures Order").  The Bidding Procedures Order approved certain bidding procedures (the "Bidding Procedures") in connection with the sale of the Debtor's assets and approved TV and FL Hardware as stalking horse bidders, and each was entitled to certain stalking horse bid protections, including a break-up fee of 3% of the consideration to be received under the relevant sale agreement.  No overbids were received and the sales to TV and FL Hardware closed in accordance with their respective asset purchase agreements.  In connection with the Debtor's sales efforts the Committee retained Hilco Streambank as Intellectual Property Marketing Agent.  The sale of the Debtor's intellectual property to TV related solely to the "Agway" brand, and did not include any of the trademarks related to the "Southern States" brand that the Debtor licensed from Southern States and sub-licensed to its dealers and retailers under the Southern States License Agreement.

-17-

On October 4, 2022, the Debtor received an offer to purchase the Debtor's furniture, fixtures and equipment ("FF&E") located at the Debtor's Cloverdale and Westfield Locations on an "as is-where is" basis from Myron Bowling Auctioneers, Inc. ("Myron Bowling"). Additionally, Myron Bowling agreed to act as the Debtor's agent to conduct a commercially reasonable sale of the Debtor's remnant inventory located at the Debtor's Cloverdale and Westfield Locations, in exchange for which Myron Bowling agreed to take no commission or expenses, but it would charge and retain a premium collected from buyers on top of the sale price. On October 7, 2022, the Debtor filed an *Expedited Motion to Designate Stalking Horse Purchaser, Approve Stalking Horse Purchase Agreement, and Provide Bid Protections for Remaining Assets* [D.I. 248], by and through which, among other things, the Debtor sought approval of Myron Bowling as the stalking horse for the sale of the FF&E, and for approval of a break-up fee. The Debtor later received an additional bid from Liquid Asset Partners, LLC ("Liquid AP") to purchase the Debtor's FF&E on an "as is where is" basis. Pursuant to the Bidding Procedures, on October 12, 2022, the Debtor conducted an auction for the sale of the FF&E. Following a robust auction, Myron Bowling was selected as the winning bidder for cash consideration of $545,550 and agreement to vacate the Debtor's facility by December 31, 2022. On December 6 and 7, 2022, Myron Bowling conducted an auction of the Debtor's remnant inventory which generated over $566,000 in net proceeds for the Estate.

## SECTION 6
## CONFIRMATION AND VOTING PROCEDURES

6.1     Confirmation Hearing.

On August 29, 2023, the Court entered an order conditionally approving the Combined Plan and Disclosure Statement (the "Conditional Approval and Procedures Order") for solicitation purposes only and authorizing the Debtor to solicit the Combined Plan and Disclosure Statement. The Confirmation Hearing has been scheduled for **October 19, 2023, at 3:00 p.m. (prevailing Eastern Time)** to consider (a) final approval of the Combined Plan and Disclosure Statement as providing adequate information pursuant to section 1125 of the Bankruptcy Code and (b) confirmation of the Combined Plan and Disclosure Statement pursuant to section 1129 of the Bankruptcy Code. The Confirmation Hearing may be adjourned from time to time by the Plan Proponents without further notice, except for an announcement of the adjourned date made at the Confirmation Hearing or by filing a notice with the Court.

6.2     Procedures for Objections.

Any objection to final approval of the Combined Plan and Disclosure Statement as providing adequate information pursuant to section 1125 of the Bankruptcy Code and/or confirmation of the Combined Plan and Disclosure Statement must be made in writing and filed with the Court by no later than **October 5, 2023, at 4:00 p.m. (prevailing Eastern Time)** and be served in accordance with the local rules of the Court on the following parties: (1) the Debtor's counsel, to Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 Attn: Jeffrey Waxman, jwaxman@morrisjames.com and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive; Suite 600 Irvine, CA 92618 Attn: Alan Friedman and Melissa Lowe, afriedman@shulmanbastian.com and mlowe@shulmanbastian.com; (2) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207,

Lockbox 35, Wilmington, Delaware 19801 (Attn: Schepacarter, Richard Schepacarter), Richard.Schepacarter@usdoj.gov; and (3) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Bradford Sandler, bsandler@pszjlaw.com, Colin Robinson, crobinson@pszjlaw.com and Paul J. Labov, plabov@pszjlaw.com. **Unless an objection is timely filed and served, it may not be considered by the Court at the Confirmation Hearing.**

   6.3    Requirements for Confirmation.

   The Court will confirm the Combined Plan and Disclosure Statement only if it meets all the applicable requirements of section 1129 of the Bankruptcy Code. Among the requirements for confirmation in the Chapter 11 Case is that the Combined Plan and Disclosure Statement be: (i) accepted by all Impaired Classes of Claims and Interests or, if rejected by an Impaired Class, that the Combined Plan and Disclosure Statement "does not discriminate unfairly" against, and is "fair and equitable" with respect to, such Class; and (ii) feasible. The Court must also find that:

   a.    the Combined Plan and Disclosure Statement has classified Claims and Interests in a permissible manner;

   b.    the Combined Plan and Disclosure Statement complies with the technical requirements of Chapter 11 of the Bankruptcy Code; and

   c.    the Combined Plan and Disclosure Statement has been proposed in good faith.

The Plan Proponents believe that the Combined Plan and Disclosure Statement complies, or will comply, with all such requirements.

   6.4    Classification of Claims and Interests.

   Section 1123 of the Bankruptcy Code provides that a plan must classify the claims and interests of a debtor's creditors and equity interest holders. In accordance with section 1123 of the Bankruptcy Code, the Combined Plan and Disclosure Statement divides Claims and Interests into Classes and sets forth the treatment for each Class (other than those claims which pursuant to section 1123(a)(1) of the Bankruptcy Code need not be and have not been classified).

   Section 1122 of the Bankruptcy Code requires the Combined Plan and Disclosure Statement to place a Claim or Interest in a particular Class only if such Claim or Interest is substantially similar to the other Claims or Interests in such class. The Combined Plan and Disclosure Statement creates separate Classes to deal respectively with Priority Non-Tax Claims, various Secured Claims, Unsecured Claims, and Interests. The Plan Proponents believe that the Combined Plan and Disclosure Statement's classifications place substantially similar Claims or Interests in the same Class and, thus, meet the requirements of section 1122 of the Bankruptcy Code.

   The Bankruptcy Code also requires that a plan provide the same treatment for each claim or interest of a particular class unless the claim holder or interest holder agrees to a less favorable treatment of its claim or interest. The Plan Proponents believe that the Combined Plan and Disclosure Statement complies with such standard. If the Court finds otherwise, however, it could deny confirmation of the Combined Plan and Disclosure Statement if the holders of Claims or

-19-

Interests affected do not consent to the treatment afforded them under the Combined Plan and Disclosure Statement.

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes. A Claim also is placed in a particular Class for the purpose of receiving distributions pursuant to the Combined Plan and Disclosure Statement only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released, or otherwise settled prior to the Effective Date.

The Plan Proponents believe that the Combined Plan and Disclosure Statement has classified all Claims and Interests in compliance with the provisions of section 1122 of the Bankruptcy Code and applicable case law. It is possible that a holder of a Claim or Interest may challenge the Plan Proponents' classification of Claims or Interests and that the Court may find that a different classification is required for the Combined Plan and Disclosure Statement to be confirmed. If such a situation develops, the Plan Proponents intend, in accordance with the terms of the Combined Plan and Disclosure Statement, to make such permissible modifications to the Combined Plan and Disclosure Statement as may be necessary to permit its confirmation. Any such reclassification could adversely affect holders of Claims by changing the composition of one or more Classes and the vote required of such Class or Classes for approval of the Combined Plan and Disclosure Statement.

**EXCEPT AS SET FORTH IN THE COMBINED PLAN AND DISCLOSURE STATEMENT, UNLESS SUCH MODIFICATION OF CLASSIFICATION MATERIALLY ADVERSELY AFFECTS THE TREATMENT OF A HOLDER OF A CLAIM AND REQUIRES RE-SOLICITATION, ACCEPTANCE OF THE COMBINED PLAN AND DISCLOSURE STATEMENT BY ANY HOLDER OF A CLAIM PURSUANT TO THIS SOLICITATION WILL BE DEEMED TO BE A CONSENT TO THE COMBINED PLAN AND DISCLOSURE STATEMENT'S TREATMENT OF SUCH HOLDER OF A CLAIM REGARDLESS OF THE CLASS AS TO WHICH SUCH HOLDER ULTIMATELY IS DEEMED TO BE A MEMBER.**

The amount of any Impaired Claim that ultimately is Allowed by the Court may vary from any estimated Allowed amount of such Claim and, accordingly, the total Claims that are ultimately Allowed by the Court with respect to each Impaired Class of Claims may also vary from any estimates contained herein with respect to the aggregate Claims in any Impaired Class. Thus, the actual recovery ultimately received by a particular holder of an Allowed Claim may be adversely or favorably affected by the aggregate amount of Claims Allowed in the applicable Class. Additionally, any changes to any of the assumptions underlying the estimated Allowed amounts could result in material adjustments to recovery estimates provided herein or the actual Distribution received by creditors. The projected recoveries are based on information available to the Plan Proponents as of the date hereof and reflect the Plan Proponents' views as of the date hereof only.

The classification of Claims and Interests and the nature of distributions to members of each Class are summarized herein. The Plan Proponents believe that the consideration, if any,

provided under the Combined Plan and Disclosure Statement to holders of Allowed Claims reflects an appropriate resolution of their Allowed Claims taking into account the differing nature and priority of such Claims and Interests. The Court must find, however, that a number of statutory tests are met before it may confirm the Combined Plan and Disclosure Statement. Many of these tests are designed to protect the interests of holders of Claims or Interests who are not entitled to vote on the Combined Plan and Disclosure Statement, or do not vote to accept the Combined Plan and Disclosure Statement, but who will be bound by the provisions of the Combined Plan and Disclosure Statement if it is confirmed by the Court.

6.5     Impaired Claims or Interests.

Pursuant to section 1126 of the Bankruptcy Code, only the holders of Claims in Classes Impaired by the Combined Plan and Disclosure Statement and receiving a payment or Distribution under the Combined Plan and Disclosure Statement may vote to accept or reject the Combined Plan and Disclosure Statement. Pursuant to section 1124 of the Bankruptcy Code, a Class of Claims may be Impaired if the Combined Plan and Disclosure Statement alters the legal, equitable, or contractual rights of the holders of such Claims or Interests treated in such Class. The holders of Claims not Impaired by the Combined Plan and Disclosure Statement are deemed to accept the Combined Plan and Disclosure Statement and do not have the right to vote on the Combined Plan and Disclosure Statement. The holders of Claims or Interests in any Class which will not receive any payment or Distribution or retain any property pursuant to the Combined Plan and Disclosure Statement are deemed to reject the Combined Plan and Disclosure Statement and do not have the right to vote. Finally, the holders of Claims or Interests whose Claims or Interests are not classified under the Combined Plan and Disclosure Statement are not entitled to vote on the Combined Plan and Disclosure Statement.

Under the Combined Plan and Disclosure Statement, Holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims) are Unimpaired and, therefore, not entitled to vote on the Combined Plan and Disclosure Statement and are deemed to accept the Combined Plan and Disclosure Statement. Holders of Claims in Class 3 (Unsecured Claims) are Impaired and entitled to vote on the Plan. Holders of Interests in Class 4 will not receive any payment or Distribution or retain any property pursuant to the Combined Plan and Disclosure Statement and, therefore, are deemed to reject the Combined Plan and Disclosure Statement and do not have the right to vote.

**ACCORDINGLY, A BALLOT FOR ACCEPTANCE OR REJECTION OF THE COMBINED PLAN AND DISCLOSURE STATEMENT IS BEING PROVIDED ONLY TO HOLDERS OF CLAIMS IN CLASS 3.**

6.6     Confirmation Without Necessary Acceptances; Cramdown.

In the event that any impaired class of claims or interests does not accept a plan, a debtor nevertheless may move for confirmation of the plan. A plan may be confirmed, even if it is not accepted by all impaired classes, if the plan has been accepted by at least one impaired class of claims, determined without including any acceptance of the plan by any insider holding a claim in that class, and the plan meets the "cramdown" requirements set forth in section 1129(b) of the Bankruptcy Code. Section 1129(b) of the Bankruptcy Code requires that a court find that a plan

(a) "does not discriminate unfairly" and (b) is "fair and equitable," with respect to each non-accepting impaired class of claims or interests. Here, because holders of Interests in Class 4 are deemed to reject the Combined Plan and Disclosure Statement, the Plan Proponents will seek confirmation of the Combined Plan and Disclosure Statement from the Court by satisfying the "cramdown" requirements set forth in section 1129(b) of the Bankruptcy Code. The Plan Proponents believe that such requirements are satisfied, as no holder of a Claim or Interest junior to those in Class 4 is entitled to receive any property under the Combined Plan and Disclosure Statement.

The concept of "unfair discrimination" is not defined in the Bankruptcy Code but has been suggested in recent case law to arise when a difference in a plan's treatment of two classes of equal priority results in a materially lower percentage recovery for the non-accepting class. Based upon their understanding of existing case law, the Plan Proponents do not believe that the Plan unfairly discriminates against any Class of Claims.

The Bankruptcy Code provides a nonexclusive definition of the phrase "fair and equitable." To determine whether a plan is "fair and equitable," the Bankruptcy Code establishes "cramdown" tests for secured creditors, unsecured creditors, and equity holders, as follows:

    a.    <u>Secured Creditors</u>. Either (i) each impaired secured creditor retains its liens securing its secured claim and receives on account of its secured claim deferred Cash payments having a present value equal to the amount of its allowed secured claim, (ii) each impaired secured creditor realizes the "indubitable equivalent" of its allowed secured claim or (iii) the property securing the claim is sold free and clear of liens with such liens to attach to the proceeds of the sale and the treatment of such liens on proceeds to be as provided in clause (i) or (ii) above.

    b.    <u>Unsecured Creditors</u>. Either (i) each impaired unsecured creditor receives or retains under the plan property of a value equal to the amount of its allowed claim or (ii) the holders of claims and interests that are junior to the claims of the dissenting class will not receive any property under the plan.

    c.    <u>Interests</u>. Either (i) each holder of an equity interest will receive or retain under the plan property of a value equal to the greatest of the fixed liquidation preference to which such holder is entitled, the fixed redemption price to which such holder is entitled or the value of the interest or (ii) the holder of an interest that is junior to the nonaccepting class will not receive or retain any property under the plan.

As discussed above, the Plan Proponents believe that the distributions provided under the Combined Plan and Disclosure Statement satisfy the absolute priority rule, where required.

6.7    <u>Feasibility</u>.

Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of a plan not be likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor (unless such liquidation or reorganization is proposed in the Combined Plan and Disclosure Statement). Because the Combined Plan and Disclosure Statement proposes a liquidation of all of the Debtor's assets, for purposes of this test, the Plan Proponents

have analyzed the ability of the Plan Administrator to meet its obligations under the Combined Plan and Disclosure Statement. Based on the Plan Proponents' analysis, the Plan Administrator will have sufficient assets to accomplish its tasks and satisfy its obligations under the Combined Plan and Disclosure Statement. Therefore, the Plan Proponents believe that the liquidation pursuant to the Combined Plan and Disclosure Statement will meet the feasibility requirements of the Bankruptcy Code.

### 6.8 Best Interests Test and Liquidation Analysis.

Even if a plan is accepted by the holders of each class of claims and interests, the Bankruptcy Code requires the Court to determine that such plan is in the best interests of all holders of claims or interests that are impaired by that plan and that have not accepted the plan. The "best interests" test, as set forth in section 1129(a)(7) of the Bankruptcy Code, requires a court to find either that all members of an impaired class of claims or interests have accepted the plan or that the plan will provide a member who has not accepted the plan with a recovery of property of a value, as of the effective date of the plan, that is not less than the amount that such holder would recover if the debtor were liquidated under chapter 7 of the Bankruptcy Code.

To calculate the probable distribution to holders of each impaired class of claims and interests if the debtor was liquidated under chapter 7, a court must first determine the aggregate dollar amount that would be generated from a debtor's assets if its chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code. To determine if a plan is in the best interests of each impaired class, the present value of the distributions from the proceeds of a liquidation of the debtor's unencumbered assets and properties, after subtracting the amounts attributable to the costs, expenses, and administrative claims associated with a chapter 7 liquidation, must be compared with the value offered to such impaired classes under the plan. If the hypothetical liquidation distribution to holders of claims or interests in any impaired class is greater than the distributions to be received by such parties under the plan, then such plan is not in the best interests of the holders of claims or interests in such impaired class.

The Plan Proponents, with the assistance of their advisors, have prepared a liquidation analysis that summarizes the Plan Proponents'' best estimate of recoveries by holders of Claims if the Chapter 11 Case were converted to a case under chapter 7 (the "Liquidation Analysis"), which is attached hereto as **Exhibit B**. In this case, the Debtor has sold, monetized and/or otherwise disposed of substantially all of its assets other than certain accounts receivable, which accounts receivable will be collected, liquidated or otherwise dealt with by the Debtor or the Plan Administrator (as applicable). Further, the remaining Available Cash and the net proceeds from some or all Causes of Action will be made available to general unsecured creditors. Based upon the Plan Proponents' current projections, Holders of Allowed Administrative, Priority Tax Claims and Non-Tax Priority Claims, and Other Secured Claims will be paid in full under the Plan, while Holders of Allowed Unsecured Claims will receive a projected distribution of approximately 6% to 14% (based on various assumptions). *See* **Exhibit B** (Liquidation Analysis) attached hereto.

Because the Plan is a liquidating plan, the "liquidation value" in the hypothetical chapter 7 liquidation analysis for purposes of the "best interests" test is substantially similar to the estimates of the results of the Chapter 11 liquidation contemplated by the Plan. However, the Plan

Proponents believe that in a Chapter 7 liquidation, there would be additional costs and expenses that the Estate would incur as a result of liquidating the Estate in a Chapter 7 case.

The costs of liquidation under Chapter 7 of the Bankruptcy Code would include the compensation of a trustee, as well as the costs of counsel and other professionals retained by the trustee. The Plan Proponents believe such costs would exceed the amount of expenses that would be incurred in implementing the Combined Plan and Disclosure Statement and winding up the affairs of the Debtor. Conversion also would likely delay the liquidation process and ultimate distribution to creditors. The Estate would also be obligated to pay all unpaid expenses incurred by the Debtor during the Chapter 11 Case (such as compensation for professionals) that are allowed in the Chapter 7 case. Ultimately, a conversion to chapter 7 would serve only to reduce the recovery to Allowed General Unsecured Claims due to the increase in Administrative Claims and Priority Claims.

Accordingly, based upon the foregoing and **Exhibit B** (Liquidation Analysis) attached hereto, the Plan Proponents believe that creditors will receive at least as much or more under the Plan than they would receive if the Chapter 11 Case were converted to a Chapter 7 case.

6.9     <u>Eligibility to Vote on the Combined Plan and Disclosure Statement</u>.

Unless otherwise ordered by the Court, only holders of Allowed Claims in Class 3 may vote on the Combined Plan and Disclosure Statement. Further, subject to the tabulation procedures that were approved by the Conditional Approval and Procedures Order, in order to vote on the Combined Plan and Disclosure Statement, you must hold an *Allowed* Claim in Class 3, or be the holder of a Claim that has been temporarily Allowed for voting purposes only pursuant to the approved tabulation procedures or under Bankruptcy Rule 3018(a).

6.10    <u>Solicitation Package / Ballot</u>.

All holders of Allowed Claims in Class 3 will receive a Solicitation Package. The Solicitation Packages will contain: (i) the Combined Plan and Disclosure Statement; (ii) the Conditional Approval Order and Procedures Order; (iii) notice of the Confirmation Hearing; (iv) a form of Ballot, including voting instructions and a pre-addressed return envelope; and (v) such other materials as the Court may direct or approve or that the Plan Proponents deem appropriate.

All other Creditors and parties in interest not entitled to vote on the Combined Plan and Disclosure Statement will receive only a copy of the notice of Confirmation Hearing and, as applicable, a notice of non-voting status.

Copies of the Combined Plan and Disclosure Statement shall be available on the Claims and Balloting Agent's website at https://cases.stretto.com/Agway/. Any creditor or party-in-interest can request a hard copy of the Combined Plan and Disclosure Statement be sent to them by regular mail by calling the Claims and Balloting Agent at (855) 524-4552 (U.S. & Canada) during regular business hours.

6.11    Voting Procedures and Voting Deadline.

The Voting Record Date for determining which holders of Claims in Class 3 may vote on the Combined Plan and Disclosure Statement is August 7, 2023.

In order for your Ballot to count, you must (1) complete, date, and properly execute the Ballot and (2) properly deliver the Ballot to the Claims and Balloting Agent by either (a) mailing the Ballot to the Claims and Balloting Agent at the following address:  Agway Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; or (b) uploading the Ballot on the Claims and Balloting Agent's online balloting platform at https://balloting.stretto.com..  Instructions for casting a Ballot will be available on the Claims and Balloting Agent's website.

Ballots must be submitted electronically, or the Claims and Balloting Agent must actually receive physical, original Ballots by mail or overnight delivery, on or before the Voting Deadline, which is **October 5, 2023 at 4:00 p.m. (prevailing Eastern Time)**.  Subject to the tabulation procedures approved by the Conditional Approval and Procedures Order, you may not change your vote once a Ballot is submitted electronically or the Claims and Balloting Agent receives your original paper Ballot.  Subject to the tabulation procedures approved by the Conditional Approval and Procedures Order, any Ballot that is timely and properly submitted electronically or received physically will be counted and will be deemed to be cast as an acceptance, rejection or abstention, as the case may be, of the Combined Plan and Disclosure Statement.

**IF YOU ARE ENTITLED TO VOTE ON THE COMBINED PLAN AND DISCLOSURE STATEMENT, YOU ARE URGED TO COMPLETE, DATE, SIGN, AND PROMPTLY MAIL THE BALLOT YOU RECEIVE. PLEASE BE SURE TO COMPLETE ALL BALLOT ITEMS PROPERLY AND LEGIBLY.  IF YOU ARE A HOLDER OF A CLAIM ENTITLED TO VOTE ON THE COMBINED PLAN AND DISCLOSURE STATEMENT AND YOU DID NOT RECEIVE A BALLOT, YOU RECEIVED A DAMAGED BALLOT, OR YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE COMBINED PLAN AND DISCLOSURE STATEMENT OR PROCEDURES FOR VOTING ON THE COMBINED PLAN AND DISCLOSURE STATEMENT, PLEASE CONTACT THE CLAIMS AND BALLOTING AGENT BY (I) TELEPHONE AT (855) 524-4552 (U.S./CANADA) OR (II) EMAIL AT TEAMAGWAY@STRETTO.COM.  THE CLAIMS AND BALLOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

6.12    Acceptance of the Combined Plan and Disclosure Statement.

If you are a holder of a Claim in Class 3, your acceptance of the Combined Plan and Disclosure Statement is important.  In order for the Combined Plan and Disclosure Statement to be accepted by an Impaired Class of Claims, a majority in number (*i.e.*, more than half) and two-thirds in dollar amount of the Claims voting (of each Impaired Class of Claims) must vote to accept the Combined Plan and Disclosure Statement.  At least one Impaired Class of Creditors, excluding the votes of insiders, must actually vote to accept the Combined Plan and Disclosure Statement. The Plan Proponents urge that you vote to accept the Combined Plan and Disclosure Statement.

## SECTION 7
## CERTAIN RISK FACTORS, TAX CONSEQUENCES, AND OTHER DISCLOSURES

7.1     <u>Certain Risk Factors to be Considered</u>.

THE COMBINED PLAN AND DISCLOSURE STATEMENT AND ITS IMPLEMENTATION ARE SUBJECT TO CERTAIN RISKS, INCLUDING, BUT NOT LIMITED TO, THE RISK FACTORS SET FORTH BELOW. HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE ON THE COMBINED PLAN AND DISCLOSURE STATEMENT SHOULD READ AND CAREFULLY CONSIDER THE RISK FACTORS, AS WELL AS THE OTHER INFORMATION SET FORTH IN THE COMBINED PLAN AND DISCLOSURE STATEMENT AND THE DOCUMENTS DELIVERED TOGETHER HEREWITH OR REFERRED TO OR INCORPORATED BY REFERENCE HEREIN, BEFORE DECIDING WHETHER TO VOTE TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT. THESE FACTORS SHOULD NOT, HOWEVER, BE REGARDED AS CONSTITUTING THE ONLY RISKS INVOLVED IN CONNECTION WITH THE COMBINED PLAN AND DISCLOSURE STATEMENT AND ITS IMPLEMENTATION.

(a)     <u>The Combined Plan and Disclosure Statement May Not Be Accepted</u>.

The Plan Proponents can make no assurances that the requisite acceptances of the Combined Plan and Disclosure Statement will be received, and the Plan Proponents may need to obtain acceptances of an alternative plan of liquidation for the Debtor, or otherwise, that may not have the support of the creditors and/or may be required to liquidate the Estate under chapter 7 of the Bankruptcy Code. There can be no assurance that the terms of any such alternative restructuring arrangement or plan would be similar to or as favorable to creditors as those proposed in the Combined Plan and Disclosure Statement.

(b)     <u>The Combined Plan and Disclosure Statement May Not Be Confirmed</u>.

Even if the Plan Proponents receive the requisite acceptances, there is no assurance that the Court, which may exercise substantial discretion as a court of equity, will confirm the Combined Plan and Disclosure Statement. Even if the Court determined that the Combined Plan and Disclosure Statement and the balloting procedures and results were appropriate, the Court could still decline to confirm the Combined Plan and Disclosure Statement if it finds that any of the statutory requirements for confirmation had not been met. As is described in greater detail in Section 6.3, section 1129 of the Bankruptcy Code sets forth the requirements for confirmation of a chapter 11 plan. While, as more fully set forth Section 6, the Plan Proponents believe that the Combined Plan and Disclosure Statement complies with or will comply with all such requirements, there can be no guarantee that the Court will agree.

Moreover, there can be no assurance that modifications to the Combined Plan and Disclosure Statement will not be required for Confirmation or that such modifications would not necessitate the re-solicitation of votes. If the Combined Plan and Disclosure Statement is not confirmed, it is unclear what distributions holders of Claims ultimately would receive with respect to their Claims in a subsequent plan of liquidation. If an alternative could not be agreed to, it is possible that the Debtor would have to liquidate its remaining assets in chapter 7, in which case it

is likely that the holders of Allowed Claims would likely receive substantially less favorable treatment than they would receive under the Combined Plan and Disclosure Statement.

(c)     Distributions to Holders of Allowed Claims Under the Combined Plan and Disclosure Statement May be Inconsistent with Projections.

Projected Distributions are based upon good faith estimates of the total amount of Claims ultimately Allowed and the funds available for Distribution. There can be no assurance that the estimated Claim amounts set forth in the Combined Plan and Disclosure Statement are correct. These estimated amounts are based on certain assumptions with respect to a variety of factors. Both the actual amount of Allowed Claims in a particular Class and the funds available for distribution to such Class may differ from the Plan Proponents' estimates. If the total amount of Allowed Claims in a Class is higher than the estimates, or the funds available for distribution to such Class are lower than the estimates, the percentage recovery to holders of Allowed Claims in such Class will be less than projected.

(d)     Objections to Classification of Claims.

Section 1122 of the Bankruptcy Code provides that a plan may place a claim or an equity interest in a particular class only if such claim or equity interest is substantially similar to the other claims or equity interests in such class. As is described in greater detail in Section 6.4, the Plan Proponents believe that the classification of Claims and Interests under the Combined Plan and Disclosure Statement complies with the requirements set forth in the Bankruptcy Code. Nevertheless, there can be no assurance the Court will reach the same conclusion.

To the extent that the Court finds that a different classification is required for the Combined Plan and Disclosure Statement to be confirmed, the Plan Proponents would seek to (i) modify the Combined Plan and Disclosure Statement to provide for whatever classification might be required for Confirmation and (ii) use the acceptances received from any holder of Claims pursuant to this solicitation for the purpose of obtaining the approval of the Class or Classes of which such holder ultimately is deemed to be a member. Any such reclassification of Claims, although subject to the notice and hearing requirements of the Bankruptcy Code, could adversely affect the Class in which such holder was initially a member, or any other Class under the Combined Plan and Disclosure Statement, by changing the composition of such Class and the vote required for approval of the Combined Plan and Disclosure Statement. There can be no assurance that the Court, after finding that a classification was inappropriate and requiring a reclassification, would approve the Combined Plan and Disclosure Statement based upon such reclassification. Except to the extent that modification of classification in the Combined Plan and Disclosure Statement requires re-solicitation, the Plan Proponents will, in accordance with the Bankruptcy Code and the Bankruptcy Rules, seek a determination by the Court that acceptance of the Combined Plan and Disclosure Statement by any holder of Claims pursuant to this solicitation will constitute a consent to the Combined Plan and Disclosure Statement's treatment of such holder, regardless of the Class as to which such holder is ultimately deemed to be a member. The Plan Proponents believe that under the Bankruptcy Rules, they would be required to resolicit votes for or against the Combined Plan and Disclosure Statement only when a modification adversely affects the treatment of the Claim or Interest of any holder.

16278557/1

The Bankruptcy Code also requires that the Combined Plan and Disclosure Statement provide the same treatment for each Claim or Interest of a particular Class unless the holder of a particular Claim or Interest agrees to a less favorable treatment of its Claim or Interest. The Plan Proponents believe that the Combined Plan and Disclosure Statement complies with the requirement of equal treatment. To the extent that the Court finds that the Combined Plan and Disclosure Statement does not satisfy such requirement, the Court could deny confirmation of the Combined Plan and Disclosure Statement. Issues or disputes relating to classification and/or treatment could result in a delay in the confirmation and consummation of the Combined Plan and Disclosure Statement and could increase the risk that the Combined Plan and Disclosure Statement will not be consummated.

(e)     Failure to Consummate the Combined Plan and Disclosure Statement.

Although the Plan Proponents believe that the Effective Date will occur and may occur quickly after the Confirmation Date, there can be no assurance as to such timing, or as to whether the Effective Date will, in fact, occur.

(f)     The Releases May Not Be Approved.

There can be no assurance that the releases, as provided in Sections 16.2, will be granted. Failure of the Court to grant such relief may result in a plan that differs from the Combined Plan and Disclosure Statement or the Plan not being confirmed.

(g)     Reductions to Estimated Creditor Recoveries.

The Allowed amount of Claims in any Class could be greater than projected, which, in turn, could cause the amount of distributions to creditors in such Class to be reduced substantially. The amount of Cash realized from the monetization of the Debtor's remaining assets could be less than anticipated, which could cause the amount of distributions to creditors to be reduced substantially.

7.2     Certain U.S. Federal Income Tax Considerations.

There are a number of material income tax considerations, risks and uncertainties associated with the liquidation described in this Plan. The Plan Proponents do not offer an opinion as to any federal, state, local or other tax consequences to Holders of Claims and Interests as a result of the confirmation of the Plan.

The following discussion is a summary of certain material U.S. federal income tax consequences of the Combined Plan and Disclosure Statement to the Debtor and to certain holders (which solely for purposes of this discussion means the beneficial owner for U.S. federal income tax purposes) of Claims. The following summary does not address the U.S. federal income tax consequences to holders of Claims or Interests not entitled to vote on the Combined Plan and Disclosure Statement. This summary is based on the Internal Revenue Code, Treasury Regulations promulgated and proposed thereunder, judicial decisions, and published administrative rules and pronouncements of the IRS, all as in effect on the date hereof and all of which are subject to change or differing interpretations, possibly with retroactive effect. No legal opinions have been requested or obtained from counsel with respect to any of the tax aspects of the Combined Plan and

-28-

Disclosure Statement and no rulings have been or will be requested from the IRS with respect to the any of the issues discussed below. The discussion below is not binding upon the IRS or the courts. No assurance can be given that the IRS would not assert, or that a court would not sustain, a different position than any position discussed herein.

This discussion does not purport to address all aspects of U.S. federal income taxation that may be relevant to the Debtor or to certain holders of Claims in light of their individual circumstances, nor does the discussion deal with tax issues with respect to holders of Claims or Interests subject to special treatment under the U.S. federal income tax laws (including, for example, insurance companies; banks or other financial institutions; brokers, dealers, or traders in securities; real estate investment trusts; governmental authorities or agencies; tax-exempt organizations; retirement plans; individual retirement or other tax-deferred accounts; certain expatriates or former long-term residents of the United States; small business investment companies; regulated investment companies; S corporations, partnerships, or other pass-through entities for U.S. federal income tax purposes and their owners; persons whose functional currency is not the U.S. dollar; persons who use a mark-to-market method of accounting; persons required to report income on an applicable financial statement; persons holding Claims or Interests as part of a straddle, hedge, constructive sale, conversion transaction, or other integrated transaction; and persons who are not U.S. Holders (as defined below)). Furthermore, this discussion assumes that a holder of a Claim holds such claim as a "capital asset" within the meaning of Section 1221 of the Internal Revenue Code (generally property held for investment). This discussion does not address any U.S. federal non-income (including estate or gift), state, local, or foreign taxation, alternative minimum tax, or the Medicare tax on certain net investment income.

If a partnership (or other entity or arrangement classified as a partnership for U.S. federal income tax purposes) is a holder of Claims or Interests, the U.S. federal income tax treatment of a partner in the partnership will generally depend on the status of the partner and the activities of the partnership. A holder of a Claim or Interest that is a partnership and the partners in such partnership should consult their tax advisors with regard to the U.S. federal income tax consequences of the Combined Plan and Disclosure Statement.

THE FOLLOWING SUMMARY IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING AND ADVICE BASED UPON THE INDIVIDUAL CIRCUMSTANCES PERTAINING TO A HOLDER OF A CLAIM OR INTEREST. EACH HOLDER OF A CLAIM OR INTEREST IS URGED TO CONSULT WITH SUCH HOLDER'S TAX ADVISORS CONCERNING THE U.S. FEDERAL, STATE, LOCAL, FOREIGN, AND OTHER TAX CONSEQUENCES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.

(a)     Tax Consequences to the Debtor.

From January 1, 2023 to July 31, 2023, the Debtor generated a significant loss of approximately $2.6 million and is expected to continue to incur monthly losses. As such, no income tax obligations are expected to be borne by the Debtor related to the 2023 income tax filings. In addition, the Debtor is not expected to incur any financial obligations pursuant to miscellaneous taxes and tax-related fees that would be considered material, individually and in

aggregate, beyond the date of this Plan filing, in connection with the Plan's confirmation and its effectiveness, based on the knowledge of the Debtor.

(b)     Tax Consequences for U.S. Holders of Certain Claims.

Generally, a holder of a Claim should in most, but not all, circumstances recognize gain or loss equal to the difference between the "amount realized" by such holder in exchange for its Claim and such holder's adjusted tax basis in the Claim. The "amount realized" is equal to the sum of the cash and the fair market value of any other consideration received under a plan of reorganization in respect of a holder's Claim. The tax basis of a holder in a Claim will generally be equal to the holder's cost therefor. To the extent applicable, the character of any recognized gain or loss (e.g., ordinary income, or short-term or long-term capital gain or loss) will depend upon the status of the holder, the nature of the Claim in the holder's hands, the purpose and circumstances of its acquisition, the holder's holding period of the Claim, and the extent to which the holder previously claimed a deduction for the worthlessness of all or a portion of the Claim. Generally, if the Claim is a capital asset in the holder's hands, any gain or loss realized will generally be characterized as capital gain or loss, and will constitute long-term capital gain or loss if the holder has held such Claim for more than one year.

A creditor who receives Cash in satisfaction of its Claims may recognize ordinary income or loss to the extent that any portion of such consideration is characterized as accrued interest. A creditor who did not previously include in income accrued but unpaid interest attributable to its Claim, and who receives a distribution on account of its Claim pursuant to the Plan, will be treated as having received interest income to the extent that any consideration received is characterized for U.S. federal income tax purposes as interest, regardless of whether such creditor realizes an overall gain or loss as a result of surrendering its Claim. A creditor who previously included in its income accrued but unpaid interest attributable to its Claim should recognize an ordinary loss to the extent that such accrued but unpaid interest is not satisfied, regardless of whether such creditor realizes an overall gain or loss as a result of the distribution it may receive under the Combined Plan and Disclosure Statement on account of its Claim.

Under the Combined Plan and Disclosure Statement, the holders of certain Claims, including Unsecured Claims in Class 3, will likely receive only a partial distribution of their Allowed Claims. Whether the applicable holder of such Claims will recognize a loss or any other tax treatment will depend upon facts and circumstances that are specific to the nature of the holder and its Claims. Creditors should consult their own tax advisors.

(c)     Information Reporting and Withholding.

In connection with the Combined Plan and Disclosure Statement, the Debtor and/or the Plan Administrator will comply with all applicable withholding and information reporting requirements imposed by U.S. federal, state, local, and foreign taxing authorities, and all Distributions under the Combined Plan and Disclosure Statement will be subject to those withholding and information reporting requirements. Holders of Claims may be required to provide certain tax information as a condition to receiving Distributions pursuant to the Combined Plan and Disclosure Statement.

In general, information reporting requirements may apply to Distributions pursuant to the Combined Plan and Disclosure Statement. Additionally, under the backup withholding rules, a holder may be subject to backup withholding with respect to Distributions made pursuant to the Combined Plan and Disclosure Statement, unless a U.S. Holder provides the applicable withholding agent with a taxpayer identification number, certified under penalties of perjury, as well as certain other information, or otherwise establish an exemption from backup withholding. Backup withholding is not an additional tax. Any amounts withheld under the backup withholding rules will be allowed as a credit against a U.S. Holder's U.S. federal income tax liability, if any, and may entitle a U.S. Holder to a refund, provided the required information is timely furnished to the IRS.

In addition, from an information reporting perspective, Treasury Regulations generally require disclosure by a taxpayer on its U.S. federal income tax return of certain types of transactions in which the taxpayer participated, including, among other types of transactions, certain transactions that result in the taxpayer's claiming a loss in excess of specified thresholds. Holders of Claims or Interests are urged to consult their tax advisors regarding these regulations and whether the transactions contemplated by the Combined Plan and Disclosure Statement would be subject to these regulations and require disclosure on the holder's tax returns.

THE U.S. FEDERAL INCOME TAX CONSEQUENCES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT ARE COMPLEX. THE FOREGOING SUMMARY DOES NOT DISCUSS ALL ASPECTS OF U.S. FEDERAL INCOME TAXATION THAT MAY BE RELEVANT TO A PARTICULAR HOLDER OF A CLAIM OR INTEREST IN LIGHT OF SUCH HOLDER'S CIRCUMSTANCES. EACH HOLDER OF A CLAIM OR INTEREST IS URGED TO CONSULT WITH SUCH HOLDER'S TAX ADVISORS CONCERNING THE U.S. FEDERAL, STATE, LOCAL, FOREIGN, AND OTHER TAX CONSEQUENCES OF THE COMBINED PLAN AND DISCLOSURE STATEMENT.

7.3     Releases, Exculpations, and Injunctions.

This Combined Plan and Disclosure Statement contains certain releases, exculpations, and injunction language. Parties are urged to read these provisions carefully to understand how Confirmation and consummation of the Plan will affect any Claim, Interest, right, or action with regard to the Debtor.

**THE COMBINED PLAN AND DISCLOSURE STATEMENT SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS AGAINST THE DEBTOR TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED UNDER THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND ALL OTHER APPLICABLE LAW.**

7.4     Alternatives to the Combined Plan and Disclosure Statement.

If the requisite acceptances are not received or the Combined Plan and Disclosure Statement is not confirmed and consummated, the theoretical alternatives to the Combined Plan and Disclosure Statement would be (a) formulation of an alternative chapter 11 plan, (b) conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, or (c) dismissal of the Chapter 11 Case. The Plan Proponents do not believe that any of these

alternatives, even if viable, would afford holders of Claims or Interests a greater recovery than what is provided by the Combined Plan and Disclosure Statement.

If the Combined Plan and Disclosure Statement is not confirmed, then the Debtor or any other party in interest could attempt to formulate a different plan. The additional costs, including, among other amounts, additional professional fees, all of which would constitute Administrative Claims (subject to allowance thereof), however, may be so significant that one or more parties in interest could request that the Chapter 11 Case be converted to chapter 7. At this time, the Plan Proponents do not believe that there are viable alternative plans available to the Debtor.

If the Combined Plan and Disclosure Statement is not confirmed, the Chapter 11 Case may be converted to a case under chapter 7 of the Bankruptcy Code, pursuant to which a trustee would be elected or appointed to liquidate and distribute the Debtor's remaining assets in accordance with the priorities established by the Bankruptcy Code. As discussed above and indicated in the Liquidation Analysis, the Plan Proponents believe that the Combined Plan and Disclosure Statement provides a better outcome for holders of Claims than a chapter 7 liquidation would provide.

If the Combined Plan and Disclosure Statement is not confirmed, the Chapter 11 Case also could be dismissed. Among other effects, dismissal would result in the termination of the automatic stay, thus permitting creditors to assert state-law rights and remedies against the Debtor and its assets, likely to the detriment of other creditors. While it is impossible to predict precisely what would happen in the event the Chapter 11 Case is dismissed, it is unlikely that dismissal would result in a ratable distribution of the Debtor's assets among creditors as provided in the Combined Plan and Disclosure Statement. Thus, the vast majority of creditors could expect to receive less in the dismissal scenario than they would receive under the Combined Plan and Disclosure Statement.

## SECTION 8
## UNCLASSIFIED CLAIMS

8.1     Unclassified Claims.

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified for purposes of voting or receiving Distributions. Rather, all such Claims are treated separately as unclassified Claims as set forth in this Section, and the holders thereof are not entitled to vote on the Combined Plan and Disclosure Statement.

8.2     Administrative Claims.

(a)     Except to the extent that a Holder of an Allowed Administrative Claim agrees to a less favorable treatment, each Holder of an Allowed Administrative Claim, other than a Professional Fee Claim, shall receive from Available Cash, without interest, Cash equal to the Allowed amount of such Claim: (a) on or as soon as practicable after the later of (i) the Effective Date, or (ii) the date upon which the Bankruptcy Court enters a Final Order determining or approving such Claim; (b) in accordance with the terms and conditions of agreements between the Holder of such Claim and the Debtor or the Plan Administrator, as the case may be; (c) with respect to any Administrative Claims representing obligations incurred in the ordinary course of the

-32-

Debtor's business, upon such regular and customary payment or performance terms as may exist in the ordinary course of the Debtor's business or as otherwise provided in the Plan; or (d) with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), as and when due under applicable law.

(b)　Holders of Administrative Claims (including, without limitation, Professionals requesting compensation or reimbursement of such expenses pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code) that do not file such requests by the Administrative Expense Bar Date or other applicable deadline may be subject to objection for untimeliness and may be prohibited by order of the Bankruptcy Court from asserting such claims against the Debtor, the Estate, or their successors or assigns, or their property.

(c)　All fees due and payable under 28 U.S.C. § 1930 that have not been paid shall be paid on or before the Effective Date.

8.3　Professional Fees.

(a)　Professionals requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code or required to file fee applications by order of the Bankruptcy Court for services rendered prior to the Effective Date must file and serve pursuant to the notice provisions of the Interim Fee Order, an application for final allowance of compensation and reimbursement of expenses **no later than forty five (45) days after the Effective Date**.  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.  For avoidance of doubt, the Plan Administrator is not authorized under the Plan to object to applications for final allowance of compensation and reimbursement of expenses.

(b)　Upon approval of the fee applications by the Bankruptcy Court, the Plan Administrator shall pay Professionals all of their Allowed fees and reimbursement of expenses.

8.4　Priority Tax Claims.

Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to a less favorable treatment, in exchange for full and final satisfaction, settlement, release and discharge of each Allowed Priority Tax Claim, the Plan Administrator shall pay each holder of an Allowed Priority Tax Claim, from Available Cash, the full unpaid amount of such Allowed Priority Tax Claim on the earliest of the following dates:  (i) on or as soon as practicable after the Effective Date, (ii) on or as soon as practicable after the date such Allowed Priority Tax Claim becomes an Allowed Claim, and (iii) the date such Allowed Priority Tax Claim is payable under applicable non-bankruptcy law.

# SECTION 9
## CLASSIFICATION OF CLAIMS AND INTERESTS

9.1     Summary of Classification.

The provisions of this Section 9 govern Claims against and Interests in the Debtor.  Any Class that is vacant will be treated in accordance with Section 9.3.

The following table designates the Classes of Claims against, and Interests in, the Debtor and specifies which of those Classes are (i) Impaired or Unimpaired by the Plan, (ii) entitled to vote to accept or reject the Combined Plan and Disclosure Statement in accordance with section 1126 of the Bankruptcy Code, and (iii) deemed to accept or reject the Combined Plan and Disclosure Statement.  A Claim or portion thereof is classified in a particular Class only to the extent that such Claim or portion thereof qualifies within the description of such Class and is classified in a different Class to the extent that the portion of such Claim qualifies within the description of such different Class.

| Class | Designation | Treatment | Entitled to Vote |
|-------|-------------|-----------|------------------|
| 1 | Priority Non-Tax Claims | Unimpaired | No (presumed to accept) |
| 2 | Other Secured Claims | Unimpaired | No (presumed to accept) |
| 3 | Unsecured Claims | Impaired | Yes |
| 4 | Interests | Impaired | No (presumed to reject) |

9.2     Special Provision Governing Unimpaired Claims.

Except as otherwise provided in the Combined Plan and Disclosure Statement, nothing under the Combined Plan and Disclosure Statement shall affect the rights of the Debtor or the Plan Administrator, as applicable, in respect of any Unimpaired Claims, including all rights in respect of legal and equitable defenses to, or setoffs or recoupments against, any such Unimpaired Claims.

9.3     Vacant and Abstaining Classes.

Any Class of Claims or Interests that is not occupied as of the commencement of the Confirmation Hearing by an Allowed Claim or Interest or a Claim or Interest temporarily Allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Combined Plan and Disclosure Statement for purposes of voting to accept or reject the Combined Plan and Disclosure Statement and for purposes of determining acceptance or rejection of the Combined Plan and Disclosure Statement by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

16278557/1

## SECTION 10
## TREATMENT OF CLAIMS AND INTERESTS

10.1    Class 1—Priority Non-Tax Claims.

(a)    Classification.  Class 1 consists of all Priority Non-Tax Claims.

(b)    Treatment.  In full and final satisfaction, settlement, release, and discharge of and in exchange for each such Allowed Priority Non-Tax Claim, the Plan Administrator shall pay, from Available Cash, the Allowed amount of each Priority Non-Tax Claim to each Entity holding a Priority Non-Tax Claim as soon as practicable following the later of: (a) the Effective Date and (b) the date such Priority Non-Tax Claim becomes an Allowed Claim (or as otherwise permitted by law).  The Plan Administrator shall pay each Entity holding a Priority Non-Tax Claim in Cash in full in respect of such Allowed Claim without interest from the Petition Date; *provided however*, that such Entity may be treated on such less favorable terms as may be agreed to in writing by such Entity.

(c)    Impairment and Voting.  Class 1 is Unimpaired.  Holders of Priority Non-Tax Claims are conclusively presumed to have accepted the Combined Plan and Disclosure Statement pursuant to section 1126(f) of the Bankruptcy Code and, accordingly, are not entitled to vote to accept or reject the Combined Plan and Disclosure Statement.

10.2    Class 2—Other Secured Claims.

(a)    Classification.  Class 2 consists of all Other Secured Claims.  For purposes of distributions under the Plan, each Holder of an Other Secured Claim in Class 2 is considered to be in its own separate subclass within Class 2 (*i.e.*, Class 2A, Class 2B, *etc.*), and each such subclass is deemed to be a separate Class for purposes of the Plan.

(b)    Treatment.  Except to the extent previously paid in full, to the extent any Other Secured Claims exist, at the option of the Debtor or the Plan Administrator, as applicable, one of the following treatments shall be provided: (i) the Holder of such Claim shall retain its Lien on its collateral until such collateral is sold, and the proceeds of such sale, less costs and expenses of disposing of such collateral, shall be paid to such Holder in full satisfaction and release of such Allowed Other Secured Claim; (ii) on or as soon as practicable after the later of (a) the Effective Date, or (b) the date upon which the Bankruptcy Court enters a Final Order determining or allowing such Claim, or as otherwise agreed between the Holder of such Claim and the Debtor or the Plan Administrator, as applicable, the Holder of such Other Secured Claim will receive a Cash payment equal to the amount of its Allowed Other Secured Claim in full satisfaction and release of such Other Secured Claim; or (iii) the collateral securing the Creditor's Other Secured Claim shall be abandoned to such Creditor, in full satisfaction, release, and discharge of such Other Secured Claim; ; provided, however, that to the extent that such Other Secured Claim exists on account of a right of setoff, the Holder thereof shall retain and may effectuate such right of setoff. Subject only to the limitations of Section 553 of the Bankruptcy Code, all setoff rights are preserved under this Combined Plan and Disclosure Statement.

(c)    Impairment and Voting.  Class 2 is Unimpaired.  Holders of Other Secured Claims are conclusively presumed to have accepted the Combined Plan and Disclosure Statement

pursuant to section 1126(f) of the Bankruptcy Code and, accordingly, are not entitled to vote to accept or reject the Combined Plan and Disclosure Statement.

10.3    Class 3—Unsecured Claims.

(a)    Classification.  Class 3 consists of all Unsecured Claims.

(b)    Treatment.  In full and final satisfaction, settlement, release, and discharge of and in exchange for each such Allowed General Unsecured Claim, each Holder of an Allowed Class 3 Claim shall receive a Pro Rata share of Available Cash after the payment of Professional Fee Claims, Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims, and expenses related to the wind-down of the Debtor, as determined by the Plan Administrator, in exchange for their Allowed Claims.  Unsecured Claims are subject to all statutory, equitable, and contractual subordination claims, rights, and grounds available to the Debtor, the Estate, and pursuant to the Plan, the Plan Administrator, which subordination claims, rights, and grounds are fully enforceable prior to, on, and after the Effective Date.

(c)    Impairment and Voting.  Class 3 is Impaired, and the Holders thereof are entitled to vote on the Plan.

10.4    Class 4—Interests.

(a)    Classification.  Class 4 consists of all Interests.

(b)    Treatment.  There shall be no Distribution on account of Class 4 Interests.  Upon the Effective Date, all Interests will be deemed cancelled and will cease to exist.

(c)    Impairment and Voting.  Holders of Interests are deemed to have rejected the Plan, and are not entitled to vote.

**SECTION 11**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

11.1    Available Cash.

Available Cash shall be used to fund distributions to Creditors (including holders of Allowed Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims, Other Secured Claims and Unsecured Claims) or other payments to be made pursuant to or otherwise consistent with the Plan.  On the Effective Date, the Debtor expects to have approximately $6 million Cash on hand.

11.2    Litigation.

Except as otherwise provided herein, all Litigation is retained, vested in the Post-Effective Date Debtor, and preserved pursuant to Section 1123(b) of the Bankruptcy Code.  From and after the Effective Date, all Litigation will be prosecuted or settled by the Plan Administrator.  To the extent any Litigation is already pending on the Effective Date, the Plan Administrator, as successor to the Debtor or the Committee (in any derivative capacity or as an intervening party), will continue the prosecution of such Litigation and shall be substituted as plaintiff, defendant, or in any other

capacity for the Debtor or the Committee pursuant to the Plan and the Confirmation Order on the Effective Date, without need for any further motion practice or notice in any case, action, or matter.

### 11.3    Plan Administrator and Post-Effective Date Debtor

The Plan Administrator shall act for the Post-Effective Date Debtor in the same fiduciary capacity as applicable to a board of managers and officers, subject to the provisions hereof (and all certificates of formation, membership agreements, articles of incorporation or amendment by-laws, and related documents, as applicable, are deemed amended pursuant to the Plan to permit and authorize the same).  On the Effective Date, the authority, power, and incumbency of the persons acting as managers and officers for the Debtor shall be deemed to have resigned, and the Plan Administrator shall be appointed as the sole manager and sole officer for the Post-Effective Date Debtor and shall succeed to the powers of the Post-Effective Date Debtor's managers and officers. From and after the Effective Date, the Plan Administrator shall be the sole representative of and shall act for the Post-Effective Date Debtor.  For the avoidance of doubt, the foregoing shall not limit the authority of the Plan Administrator to continue the employment of any former manager, director, or officer.

Among other things, the Plan Administrator shall be responsible for: (1) winding down the Debtor's business and affairs as expeditiously as reasonably possible and administering the liquidation of the Post-Effective Date Debtor after the Effective Date, (2) resolving any Disputed Claims, (3) paying Allowed Claims, (4) filing appropriate tax returns, (5) investigating and prosecuting any Causes of Action, and (6) administering the Plan.  Without limiting the foregoing, the Plan Administrator shall be deemed to be substituted as the party-in-lieu of the Debtor in all matters, including (a) motions, contested matters, and adversary proceedings pending in the Bankruptcy Court, and (b) all matters pending in any courts, tribunals, forums, or administrative proceedings outside of the Bankruptcy Court, in each case without the need or requirement for the Plan Administrator to file motions or substitutions of parties or counsel in each such matter.

The Plan Administrator shall be named prior to Confirmation.  The Plan Administrator shall represent the Post-Effective Date Debtor and shall have the right to retain the services of attorneys, accountants, and other professionals that the Plan Administrator determines, in its sole discretion, are necessary to assist the Plan Administrator in performing his or her duties.  The Plan Administrator shall pay the reasonable fees and expenses of such professionals upon the monthly submission of statements to the Plan Administrator.  The payment of the reasonable fees and expenses of the Plan Administrator's retained professionals shall be made promptly and shall not be subject to the approval of the Bankruptcy Court.

### 11.4    Wind-Down

On and after the Effective Date, the Plan Administrator will be authorized to implement the Plan and any applicable orders of the Bankruptcy Court, and the Plan Administrator shall have the power and authority to take any action necessary to wind down and dissolve the Estate and take such other actions as the Plan Administrator may determine to be necessary or desirable to carry out the purposes of the Plan.  Except to the extent necessary to complete the liquidation and wind-down of any remaining assets or operations, from and after the Effective Date, the Debtor (1) for all purposes, shall be deemed to have withdrawn its business operations from any state or province in which the Debtor was previously conducting, or is registered or licensed to conduct, its business operations, and shall not be required to file any document, pay any sum, or take any

other action to effectuate such withdrawal, (2) shall be deemed to have cancelled pursuant to this Plan all Interests, and (3) shall not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date.

The filing of the final monthly operating or disbursement report (for the month in which the Effective Date occurs) and all subsequent quarterly reports shall be the responsibility of the Plan Administrator.

After the Effective Date, the Plan Administrator shall complete and file all final or otherwise required federal, state, provincial, and local tax returns for the Debtor and Post-Effective Date Debtor.

### 11.5    Dissolution of the Post-Effective Date Debtor

Upon a certification to be filed with the Bankruptcy Court by the Plan Administrator of all distributions having been made and completion of all its duties under the Plan and entry of a final decree closing the Chapter 11 Case, the Plan Administrator is authorized to take all necessary actions to dissolve the Post-Effective Date Debtor in, and withdraw the Post-Effective Date Debtor from, applicable states and provinces to the extent required by applicable law.

### 11.6    Dissolution of the Committee.

On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on the Effective Date or filed and served after the Effective Date. Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent the Plan Administrator or to be compensated or reimbursed per the Plan in connection with such representation.

## SECTION 12
## DISTRIBUTIONS TO HOLDERS OF ALLOWED CLAIMS

### 12.1    Distribution Dates.

The Plan Administrator shall make Distributions to Holders of Claims. The Plan Administrator may, in its sole discretion, make a full or partial Pro Rata Distribution to the Holders of Unsecured Claims on the Initial Distribution Date or a Subsequent Distribution Date.

### 12.2    Subsequent Distributions.

Any Distribution not made on the Initial Distribution Date or a Subsequent Distribution Date because the Claim relating to such Distribution had not been Allowed on that Distribution Date shall be held by the Post-Effective Date Debtor for Distribution on any Subsequent

Distribution Date after such Claim is Allowed. No interest shall accrue or be paid on the unpaid amount of any Distribution.

12.3    Distribution Record Date.

Except as otherwise provided in a Final Order of the Bankruptcy Court, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Distribution Record Date will be treated as the Holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Distribution Record Date. The Plan Administrator shall have no obligation to recognize any transfer of any Claim occurring after the Distribution Record Date. In making any Distribution with respect to any Claim, the Plan Administrator shall be entitled instead to recognize and deal with, for all purposes hereunder, only the Entity that is listed on the proof of claim filed with respect thereto or on the Schedules as the Holder thereof as of the close of business on the Distribution Record Date and upon such other evidence or record of transfer or assignment that is known to the Plan Administrator as of the Distribution Record Date.

12.4    Manner of Cash Payments Under the Plan.

Cash payments made pursuant to the Plan shall be in United States dollars by checks drawn on a domestic bank selected by the Plan Administrator or by wire transfer from a domestic bank, at the option of the Plan Administrator.

12.5    Time Bar to Cash Payments by Check.

Checks issued by the Plan Administrator on account of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Requests for the reissuance of any check that becomes null and void pursuant to this Section shall be made directly to the Plan Administrator by the Holder of the Allowed Claim to which the check was originally issued. Any Claim in respect of such voided check shall be made in writing on or before the later of six months from the Effective Date or ninety (90) days after the date of issuance thereof. After that date, all Claims in respect of voided checks shall be discharged and forever barred and the proceeds of those checks shall revest in and become the property of the Post-Effective Date Debtor as unclaimed property in accordance with Section 347(b) of the Bankruptcy Code.

## SECTION 13
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS

13.1    No Distributions Pending Allowance.

Notwithstanding any other provision of the Plan, the Plan Administrator shall not distribute any Cash or other property on account of any Disputed Claim unless and until such Claim becomes Allowed. Nothing contained herein, however, shall be construed to prohibit or require payment or Distribution on account of any undisputed portion of a Claim.

13.2    Resolution of Disputed Claims.

Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Plan Administrator shall have the right to make, file, prosecute, settle, withdraw, or resolve objections to Claims.  The costs of pursuing the objections to Claims shall be borne by the Post-Effective Date Debtor.  From and after the Confirmation Date, all objections with respect to Disputed Claims shall be litigated to a Final Order except to the extent the Plan Administrator elects to withdraw any such objection, or the Plan Administrator and the Claimant elect to compromise, settle, or otherwise resolve any such objection, in which event they may settle, compromise, or otherwise resolve any Disputed Claim or Disputed Interest without approval of the Bankruptcy Court.

13.3    Objection Deadline.

All objections to Claims shall be filed and served upon the Claimant not later than the Claims Objection Deadline, as such may be extended by order of the Bankruptcy Court.

13.4    Estimation of Claims.

At any time, (a) prior to the Effective Date, the Debtor, and (b) after the Effective Date, the Plan Administrator, may request that the Bankruptcy Court estimate any contingent or unliquidated Claim to the extent permitted by Section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Plan Administrator has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall have jurisdiction to estimate any Claim at any time during Litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection.  If the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on the Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on the Claim, the Debtor or the Plan Administrator, as applicable, may elect to pursue supplemental proceedings to object to the ultimate allowance of the Claim.  All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and not exclusive of one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism of the Bankruptcy Court.

13.5    Disallowance of Claims.

Except as otherwise agreed or ordered by the Bankruptcy Court, any and all proofs of claim filed after the Bar Date shall not be treated as an Allowed Claim for purposes of Distribution without any further notice or action, and Holders of such Claims may not receive any Distributions on account of such Claims, unless on or before the Confirmation Date the Bankruptcy Court has entered an order deeming such Claim to be timely filed; *provided however*, that such Claims shall be deemed Allowed (unless Disputed) after the payment in full of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Other Secured Claims, Allowed Priority Non-Tax Claims, and all Allowed Unsecured Claims.

Any Claims held by Entities from which property is recoverable under Sections 542, 543, 550, or 553 of the Bankruptcy Code or Entities that are transferees of transfers avoidable under Section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed

disallowed pursuant to Section 502(d) of the Bankruptcy Code, and Holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action the Debtor holds or may hold against any Entity have been resolved or a Bankruptcy Court order with respect thereto has been entered and all sums due, if any, to the Estate by that Entity have been turned over or paid to the Debtor or Post-Effective Date Debtor.

### 13.6 Adjustment to Claims Register Without Objection.

Any Claim that has been paid or satisfied, or any Claim that has been amended or superseded, may be adjusted or expunged on the Claims Register after the Debtor or Plan Administrator, as applicable, files an appropriate notice with the Bankruptcy Court on ten (10) days' negative notice and no objection having been filed.

### 13.7 Reserve Provisions for Disputed Claims.

On or around any Distribution Date, the Plan Administrator shall reserve Cash required for distribution on Disputed Claims as if such Claims were Allowed as filed with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Plan Administrator (the "Disputed Claim Reserve"). On each Distribution Date after the Effective Date in which the Plan Administrator makes Distributions to Holders of Allowed Claims, the Plan Administrator shall retain on account of Disputed Claims an amount the Plan Administrator estimates is necessary to fund the Pro Rata Share of such Distributions to Holders of Disputed Claims if such Claims were Allowed, with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Plan Administrator.

The Plan Administrator shall hold property in the Disputed Claim Reserve in trust for the benefit of the Holders of Disputed Claims that are ultimately determined to be Allowed. Each Disputed Claim Reserve shall be closed and extinguished by the Plan Administrator when all Distributions and other dispositions of Cash or other property required to be made hereunder will have been made in accordance with the terms of the Plan. Upon closure of the Disputed Claim Reserve, all Cash or other property held in the Disputed Claim Reserve shall revest in and become unrestricted property of the Post-Effective Date Debtor. All funds or other property that vest or revest in the Post-Effective Date Debtor pursuant to this paragraph shall be used to pay Holders of Allowed Claims in accordance with the Plan.

### 13.8 Rounding.

Whenever any payment of a fraction of a cent would otherwise be called for, the actual distribution shall reflect a rounding of such fraction down to the nearest cent.

### 13.9 No Cash Payments of Less Than $50 on Account of Allowed Claims.

Notwithstanding anything herein to the contrary, except with respect to Administrative, Priority Tax, Other Secured and Priority Non-Tax Claims, if a Distribution to be made to a Holder of an Allowed Claim on the Initial Distribution Date or any Subsequent Distribution Date would be $50 or less in the aggregate, no such Distribution will be made to that Holder unless a request therefor is made in writing to the Plan Administrator. If such request is made, such Cash shall be held for such Holder until the earlier of (i) the next Distribution Date (unless the distribution would

still be less than $50, in which case this Section shall again apply), or (ii) the date on which Final Distributions are made to the Holders of Allowed Claims.

13.10   Delivery of Distributions and Unclaimed Property.

Subject to Bankruptcy Rule 9010 and except as otherwise provided herein, Distributions to the Holders of Allowed Claims shall be made by the Plan Administrator at (a) the address of each Claimant as set forth in the Schedules, unless superseded by the address set forth on proof(s) of claim filed by such Claimant, or (b) the last known address of such Claimant if no proof of claim is filed or the Debtor or Plan Administrator has been notified in writing of a change of address. If any Distribution is returned as undeliverable, the Plan Administrator may, in its sole and absolute discretion, make reasonable commercial efforts to determine the current address of the Holder of the Claim with respect to which the Distribution was made as the Plan Administrator deems appropriate, but no Distribution to any such Holder shall be made unless and until the Plan Administrator has determined the then-current address of such Holder, at which time the Distribution to such Holder shall be made without interest. There shall be no liability on the part of the Plan Administrator if he decides in his sole and absolute discretion not to determine the current address of any undeliverable Distribution. The Plan Administrator shall have the discretion to determine how to make Distributions in the most efficient and cost-effective manner possible; provided however, that its discretion may not be exercised in a manner inconsistent with any express requirements of the Plan. On or about the time that the Final Distribution is made, the Plan Administrator may make a charitable donation with undistributed funds if, in the reasonable judgment of the Plan Administrator, the cost of calculating and making the Final Distribution of the remaining funds is excessive in relation to the benefits to the holders of Claims that would otherwise be entitled to such Distributions, and such charitable donation is provided to non-profit entity selected by the Plan Administrator and approved by the Bankruptcy Court. The Plan Administrator may also sell, assign, or transfer any Remnant Assets in his sole and absolute discretion.

Except with respect to property not distributed because it is being held in a Disputed Claim Reserve, Distributions that are not claimed by the later of the expiration of six (6) months from the Effective Date or (90) days after the date of a Distribution shall be deemed to be unclaimed property under Section 347(b) of the Bankruptcy Code and shall vest or revest in the Post-Effective Date Debtor, and the Claims with respect to which those Distributions are made shall be automatically cancelled. After the expiration of that period, the claim of any Entity to those Distributions shall be cancelled. Nothing contained in the Plan shall require the Post-Effective Date Debtor or Plan Administrator to attempt to locate any holder of an Allowed Claim. All funds or other property that vest or revest in the Post-Effective Date Debtor pursuant to this Section shall be distributed by the Plan Administrator to the other holders of Allowed Claims in accordance with the provisions of the Plan.

13.11   Books and Records.

The Debtor shall transfer dominion and control over all of its books and records, in whatever form, manner or media, to the Plan Administrator on or as soon as reasonably practicable after the Effective Date. Notwithstanding anything in Section 14.1 of the Plan, the Plan Administrator shall preserve all of the Debtor's books and records, including electronically stored

information, until the later of an Order of the Bankruptcy Court relating to such books and records entered after prior notice and opportunity for hearing to Creditors, or the entry of a final decree closing the Chapter 11 Case.

# SECTION 14
## TREATMENT OF EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES

14.1    Rejection.

Except with respect to: (i) executory contracts or unexpired leases that were previously assumed or rejected by order of the Bankruptcy Court, and (ii) executory contracts or unexpired leases that are the subject of a pending motion to assume or reject, pursuant to Section 365 of the Bankruptcy Code, on the Effective Date, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code; *provided however,* that nothing in this Section shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtor and the Estate, the Debtor's officers, managers and directors and/or the Post-Effective Date Debtor or of any contract providing for the storage and preservation of any documents and electronically stored information of the Debtor, which contracts the Plan Administrator will continue to maintain in full force and effect until the later of further Order of the Bankruptcy Court entered after prior notice and opportunity for hearing to parties requesting notice pursuant Bankruptcy Rule 2002 or entry of a final decree closing the Chapter 11 case. The Debtor's rejection of the Southern States License Agreement with Southern States and all sub-licenses with its dealers and retailers (collectively, the "Trademark Agreements") shall also operate as a termination of the Trademark Agreements; the Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections and terminations; and after the 180-day inventory sell-off period allowed under the Trademark Agreements, sub-licensees shall not have the right to continued use of the trademarks owned by Southern States pursuant to Section 365(n) of the Bankruptcy Code or otherwise. Nothing in this Section shall be construed as an acknowledgement that a particular contract or agreement is executory or is properly characterized as a lease. The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date. The non-Debtor parties to any rejected personal property leases shall be responsible for taking all steps necessary to retrieve the personal property that is the subject of such executory contracts and leases, and neither the Debtor, the Post-Effective Date Debtor, nor the Plan Administrator shall bear any liability for costs associated with such matters.

14.2    Rejection Claims.

All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Confirmation of the Plan, if any, must be filed with the Claims Agent within thirty (30) days after the earlier of the Effective Date or an order of the Bankruptcy Court approving such rejection. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to Confirmation of the Plan that is not filed within such times will be

subject to objection. All such Claims for which Proofs of Claim are timely and properly filed and ultimately Allowed will be treated as Unsecured Claims.

14.3    Insurance Policies.

Notwithstanding anything to the contrary contained herein, Confirmation of the Plan shall not discharge, impair or otherwise modify any obligations of the Insurance Policies. To the extent one or more of the Insurance Policies provide potential coverage related to one or more Causes of Action the Debtor holds or may hold against any Entity, the Debtor shall, to the extent permissible under each Insurance Policy, assign all of its rights thereunder with respect to such Causes of Action to the Post-Effective Date Debtor. All net proceeds (including, for the avoidance of doubt, net of any deductibles or retentions) of Insurance Policies received by the Post-Effective Date Debtor or Plan Administrator shall be treated as proceeds of such Causes of Action for all purposes under the Plan. The Debtor shall take no action to or otherwise impair the Insurance Policies. Nothing herein shall diminish or impair the enforceability of the Insurance Policies and related agreements that may cover Claims and Causes of Action against the Debtor or any other Entity.

## SECTION 15
## EFFECT OF CONFIRMATION

15.1    Binding Effect of the Plan.

The provisions of the confirmed Plan shall bind the Debtor, the Plan Administrator, any Entity acquiring property under the Plan, and any Creditor or Interest Holder, whether or not such Creditor or Interest Holder has filed a Proof of Claim or Interest in the Chapter 11 Case, whether or not the Claim of such Creditor or the Interest of such Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be fixed and adjusted pursuant to the Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, or Governmental Unit or parish in which any instrument related to under the Plan or related to any transaction contemplated under the Plan is to be recorded with respect to any taxes of the kind specified in Bankruptcy Code Section 1146(a).

15.2    Vesting of Property of Debtor in the Post-Effective Date Debtor.

Upon the Effective Date, title to all property of the Estate of the Debtor in the Chapter 11 Case shall vest in the Post-Effective Date Debtor and shall be retained by the Post-Effective Date Debtor for the purposes contemplated under the Plan. Without limiting the generality of the foregoing, all Causes of Action the Debtor holds or may hold against any Entity and all resulting recoveries shall vest in the Post-Effective Date Debtor upon the Effective Date and shall no longer constitute property of the Estate.

15.3    Property Free and Clear.

Except as otherwise provided in the Plan or the Confirmation Order, all property that shall vest in the Post-Effective Date Debtor shall be free and clear of all Claims, Interests, Liens, charges, or other encumbrances of Creditors or Interest Holders, other than valid rights of setoff as set forth herein, and in relevant documents, agreements, and instruments contained in the Plan

Supplement. Following the Effective Date, the Plan Administrator may transfer and dispose of any such property free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules and without further approval of the Bankruptcy Court or notice to Creditors, except as may otherwise be required under the Plan or the Confirmation Order.

# SECTION 16
## EXCULPATIONS, INJUNCTIONS, AND RELEASES

16.1    <u>Exculpation</u>.

The Debtor, the Debtor's officers, directors and managers that served during the Chapter 11 Case, the Committee, the members of the Committee, and each of their respective professionals retained during the Chapter 11 Case, each solely in their capacities as such (collectively, the "<u>Exculpated Parties</u>"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Combined Plan and Disclosure Statement, or any agreement created or entered into in connection with the Combined Plan and Disclosure Statement; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

16.2    **Releases by the Debtor.**

**Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor, the Estate, and each of the Debtor's successors, and assigns, including any successor to the Debtor or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Plan Administrator, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the managers and/or directors of the Debtor serving in such capacity(ies) on the Petition Date (the "Released Parties") from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtor and the Estate), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of any transactions, relationships with, or management of the Debtor, the Chapter 11 Case, the negotiation, preparation, dissemination, solicitation, and filing of this Combined Plan and Disclosure Statement, the filing of the Chapter 11 Case, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of this Combined Plan and Disclosure**

Statement, the consummation of this Combined Plan and Disclosure Statement, or the administration of this Combined Plan and Disclosure Statement or the property to be distributed under this Combined Plan and Disclosure Statement, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; provided, however, that the foregoing provisions shall not operate to waive or release any Claims or Causes of Action resulting from any act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence of any of the Released Parties. Nothing herein shall be construed as releasing any of the Released Parties from any obligations that they have under or in connection with this Combined Plan and Disclosure Statement or the transactions contemplated in this Combined Plan and Disclosure Statement. For the avoidance of doubt, nothing in this Section shall waive any claim or cause of action against any managers and/or directors that served pre-petition but did not serve in that capacity as of the Petition Date, and all such claims and causes of actions are expressly preserved herein.

16.3    **Injunction.**

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Plan Administrator, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Plan Administrator, with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Plan Administrator under the Plan.

16.4    Post-Confirmation Liability of Plan Administrator.

The Plan Administrator, together with its consultants, agents, advisors, attorneys, accountants, financial advisors, other representatives and the professionals engaged by the foregoing (collectively, the "Indemnified Parties") shall not be liable for any and all liabilities, losses, damages, claims, Causes of Action, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, to the Holders of Claims or Interests for any action or inaction taken in good faith in connection with the performance or discharge of their duties under the Plan, except the Indemnified Parties will be liable for actions or inactions that are grossly negligent, fraudulent, or

which constitute willful misconduct (in each case, liability shall be subject to determination by final order of a court of competent jurisdiction). However, any act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, fraud or willful misconduct. All rights of the Persons exculpated and indemnified pursuant hereto shall survive confirmation of the Plan.

16.5    Preservation of Rights of Action.

(a)    Vesting of Causes of Action.

Except as otherwise provided in the Plan or Confirmation Order, in accordance with Section 1123(b)(3) of the Bankruptcy Code, any Causes of Action that the Debtor holds or may hold against any Entity shall vest upon the Effective Date in the Post-Effective Date Debtor.

Except as otherwise provided in the Plan or Confirmation Order, after the Effective Date, the Plan Administrator shall have the exclusive right to institute, prosecute, abandon, settle, or compromise any Causes of Action the Debtor holds or may hold against any Entity, in accordance with the terms of the Plan and without further order of the Bankruptcy Court, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in the Chapter 11 Case.

Causes of Action and recoveries therefrom shall remain the sole property of the Post-Effective Date Debtor, for the ratable benefit of the Holders of Allowed Claims and holders of Claims shall have no direct right or interest in to any such Causes of Action or recovery.

(b)    Preservation of All Causes of Action Not Expressly Settled or Released.

Unless a Cause of Action against a holder of a Claim or other Entity is expressly waived, relinquished, released, compromised, or settled in the Plan and/or or any Final Order (including the Confirmation Order), the Debtor and the Plan Administrator expressly reserve such retained Cause of Action for later adjudication by the Debtor or the Plan Administrator (including, without limitation, Causes of Action not specifically identified or described in the Plan Supplement or elsewhere, or of which the Debtor may be presently unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time, or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Causes of Action upon or after the entry of the Confirmation Order or Effective Date based on the Combined Disclosure Statement and Plan, or Confirmation Order, except where such Causes of Action have been released or otherwise resolved by a Final Order (including the Confirmation Order). In addition, to the full extent permitted by applicable law, the Debtor and Plan Administrator expressly reserve the right to pursue or adopt claims alleged in any lawsuit in which the Debtor is a defendant or interested party against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits.

Subject to the immediately preceding paragraph, any Entity to which the Debtor has incurred an obligation (whether on account of services, the purchase or sale of goods, or otherwise), or that has received services from the Debtor or a transfer of money or property of the Debtor, or that has received services from the Debtor or a transfer or money or property of the

Debtor, or that has transacted business with the Debtor, or that has leased property from the Debtor, should assume and is hereby advised that any such obligation, transfer, or transaction may be reviewed by the Plan Administrator subsequent to the Effective Date and may be the subject of an action after the Effective Date, regardless of whether (i) such Entity has filed a proof of claim against the Debtor in the Chapter 11 Case; (ii) the Debtor or Plan Administrator has objected to any such Entity's proof of claim; (iii) any such Entity's Claim was included in the Schedules; (iv) the Debtor or Plan Administrator has objected to any such Entity's scheduled Claim; (v) any such Entity's scheduled Claim has been identified by the Debtor or Plan Administrator as disputed, contingent, or unliquidated; or (vi) the Debtor has identified any potential claim or Cause of Action against such Entity herein or in the Disclosure Statement.

16.6    No Discharge.

Nothing contained in the Combined Plan and Disclosure Statement shall be deemed to constitute a discharge of the Debtor under Bankruptcy Code section 1141(d)(3).

## SECTION 17
## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

17.1    Conditions to Confirmation of the Plan.

Confirmation of the Plan is conditioned upon the satisfaction of each of the following conditions precedent, any one or more of which may be waived by the Plan Proponents: (i) the Bankruptcy Court shall have approved this Combined Plan and Disclosure Statement in form and substance acceptable to the Plan Proponents; (ii) the Plan Proponents shall have determined that there will be sufficient Cash on the Effective Date to pay (or with respect to Disputed Claims to reserve for as required pursuant to the Plan) Allowed Administrative Claims, Non-Tax Priority Claims, Priority Tax Claims, Other Secured Claims in full (or in such lesser amount as may be agreed to by the applicable Claimant); and (iii) the Confirmation Order to be presented to the Bankruptcy Court at the Confirmation Hearing shall be acceptable to the Debtor and the Committee in form and substance.

17.2    Conditions to the Effective Date.

The occurrence of the Effective Date is conditioned upon the satisfaction of each of the following conditions precedent, any one or more of which may be waived by the Plan Proponents: (i) a Confirmation Order in form and substance acceptable to the Plan Proponents shall have been entered by the Bankruptcy Court and become a Final Order which is not subject to any stay of effectiveness; and (ii) all other actions and documents determined by the Plan Proponents to be necessary to implement the Plan shall have been effected and executed.

16278557/1

17.3    Waiver of Conditions Precedent.

To the fullest extent permitted by law, the conditions to the Effective Date set forth in Section 17.2 may be waived or modified in whole or in part at any time in writing by the Plan Proponents without leave from or an order of the Court upon written consent of the Committee.

**SECTION 18**
**RETENTION OF JURISDICTION**

From and after the Confirmation Date, the Bankruptcy Court shall retain such jurisdiction as is legally permissible, including, but not limited to, for the following purposes:

(a)    To hear and determine any and all objections to the allowance of a Claim, proceedings to estimate a Claim for any purpose, actions to equitably subordinate a Claim, proceedings seeking approval of any necessary claims reconciliation protocols, or any controversy as to the classification of a Claim in a particular Class under the Plan;

(b)    To administer the Plan and the proceeds thereof;

(c)    To estimate or liquidate any Disputed Claims;

(d)    To hear and determine any and all adversary proceedings, contested matters or applications pending on the Effective Date or otherwise relating to, arising from, or in connection with the Litigation; *provided however*, that the Plan Administrator shall reserve the right to commence actions in all appropriate jurisdictions;

(e)    To hear and determine any and all motions and/or objections to fix, estimate, allow and/or disallow any Claims arising therefrom;

(f)    To hear and determine any and all applications by Professionals for an award of Professional Fees;

(g)    To enable the Plan Administrator to commence and prosecute any Litigation which may be brought after the Effective Date;

(h)    To interpret and/or enforce the provisions of the Plan and the injunction provided for in the Plan and to determine any and all disputes arising under or regarding interpretation of the Plan or any agreement, document, or instrument contemplated by the Plan;

(i)    To enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified, or vacated;

(j)    To modify any provision of the Plan to the extent permitted by the Bankruptcy Code and to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

16278557/1

(k)     To enter such orders as may be necessary or appropriate in furtherance of Confirmation and the successful implementation of the Plan and to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code;

(l)     To enter any orders as required by Rule 23 of the Federal Rules of Civil Procedure, to the extent made applicable to any adversary proceeding pursuant or contested matter pursuant to Bankruptcy Rules 7023 and 9014(c), as applicable; and

(m)     To close the Chapter 11 Case when administration of the Chapter 11 Case has been completed.

## SECTION 19
## MISCELLANEOUS PROVISIONS

19.1     Revocation of the Combined Plan and Disclosure Statement.

The Plan Proponents reserve the right to revoke and withdraw the Combined Plan and Disclosure Statement at any time on or before the Confirmation Date. If the Plan Proponents revoke or withdraw the Combined Plan and Disclosure Statement, or if Confirmation or the Effective Date does not occur, then the Plan shall be deemed null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.

19.2     Severability of Plan Provisions.

In the event that, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall, with the consent of the Plan Proponents, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision hereof, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

19.3     Exhibits.

All exhibits attached to the Combined Plan and Disclosure Statement and the Plan Supplement are, by this reference, hereby incorporated herein. The Plan Proponents reserve the right to make non-substantive changes and corrections to such Exhibits in advance of the Confirmation Hearing. If any Exhibits are changed or corrected, the replacement Exhibits will be filed with the Bankruptcy Court prior to the commencement of the Confirmation Hearing.

19.4     Notices.

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by nationally recognized overnight or next-day courier service, first-class mail, electronic mail, or via facsimile with electronic confirmation of receipt as follows:

<u>Counsel for Debtor:</u>

Morris James LLP
Jeffrey R. Waxman (DE Bar No. 4152)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue; Suite 1500
Wilmington, DE  19801
Telephone:  (302) 888-6800
Facsimile:  (302) 571-1750
E-mail:  jwaxman@morrisjames.com
E-mail:  bkeilson@morrisjames.com

     and

Shulman Bastian Friedman & Bui LLP
Alan J. Friedman (CA Bar No. 132580)
Melissa Davis Lowe (CA Bar No. 245521)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
E-mail: afriedman@shulmanbastian.com
      mlowe@shulmanbastian.com

<u>Counsel for the Committee:</u>

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel. 302-652-4100, Fax 302-652-4400
Attn:  Bradford J. Sandler, Esq.
      Paul J. Labov, Esq.
      Colin R. Robinson, Esq.
          bsandler@pszjlaw.com
          plabov@pszjlaw.com
          crobinson@pszjlaw.com

<u>Plan Administrator:</u>

To be determined at later date.

19.5    Reservation of Rights.

Neither the filing of the Combined Plan and Disclosure Statement nor any statement or provision contained in the Combined Plan and Disclosure Statement, nor the taking by any party in interest of any action with respect to the Combined Plan and Disclosure Statement, shall: (a) be or be deemed to be an admission against interest and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest may have (i) against any other party in interest, or (ii) in or to any of the assets of any other party in interest, and, until the Effective Date, all such rights are specifically reserved.  In the event that the Combined Plan and Disclosure Statement is not confirmed or fails to become effective, neither the Combined Plan and Disclosure Statement nor any statement contained in the Combined Plan and Disclosure Statement may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or without the Chapter 11 Case involving the Debtor, except with respect to Confirmation of the Combined Plan and Disclosure Statement.

19.6    Defects, Omissions and Amendments.

The Plan Proponents and with the approval of the Bankruptcy Court and without notice to all Holders of Claims or Interests, insofar as it does not materially and adversely affect Holders of Claims, correct any defect, omission, or inconsistency in the Combined Plan and Disclosure Statement in such manner and to such extent as may be necessary or desirable to expedite the execution of the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement may be altered or amended before or after Confirmation as provided in Section 1127 of the Bankruptcy Code if, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interests of Holders of Claims, so long as the Combined Plan and Disclosure Statement, as modified, complies with Sections 1122 and 1123 of the Bankruptcy Code and the Debtor has complied with Section 1125 of the Bankruptcy Code.  The Combined Plan and Disclosure Statement may be altered or amended before or after the Confirmation Date but, prior to substantial Consummation, in a manner which, in the opinion of the Bankruptcy Court, materially and adversely affects Holders of Claims, so long as the Combined Plan and Disclosure Statement, as modified, complies with Bankruptcy Code Sections 1122 and 1123, the Plan Proponents  have complied with Bankruptcy Code Section 1125 and, after notice and a hearing, the Bankruptcy Court confirms such Plan, as modified, under Bankruptcy Code Section 1129.

19.7    Filing of Additional Documents.

The Debtor or Plan Administrator, as applicable, shall file with the Bankruptcy Court such agreements, instruments, pleadings, orders, papers, or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

19.8    Successors and Assigns.

The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and/or assigns of such Entity.

19.9    Setoffs and Recoupments.

The Plan Administrator may, but shall not be required to, set off against or recoup from the payments to be made pursuant to the Plan in respect of a Claim, any claim of any nature whatsoever that the Debtor, or the Estate, as applicable, may have against the Holder of such Claim, but neither the failure to do so or the allowance of any Claim hereunder shall constitute a waiver or release of any such claim by the Debtor, the Plan Administrator, or the Estate, against such Holder.

19.10   Tax Exemption.

Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security under the Plan, or the execution, delivery, or recording of an instrument of transfer pursuant to, in implementation of, or as contemplated by the Plan, including, without limitation, any transfers to or by the Debtor, if on the Effective Date, and the Plan Administrator, if after the Effective Date, of the Debtor's property in implementation of or as contemplated by the Plan (including, without limitation, any subsequent transfer of property by the Plan Administrator) shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or Governmental Unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax, or similar tax.

19.11   Implementation.

Upon Confirmation, the Debtor shall be authorized to take all steps and execute all documents necessary to effectuate the provisions contained in the Plan.

19.12   Record Date.

To the extent a "Record Date" is required for implementation of the Plan, the record date shall be the voting record date established by the Bankruptcy Court in the order conditionally approving the Disclosure Statement or such other date as the Bankruptcy Court may set.

19.13   Certain Actions.

By reason of entry of the Confirmation Order, prior to, on, or after the Effective Date (as appropriate), all matters provided for under the Plan that would otherwise require approval of members, managers or other interest holders of the Debtor under the Plan, including, without limitation, (i) the distribution of Cash pursuant to the Plan, (ii) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements or documents related to the Plan, and (iii) the adoption, execution, and implementation of other matters provided for under the Plan involving the company or organizational structure of the Debtor, shall be deemed to have occurred and shall be in effect prior to, on or after the Effective Date (as appropriate), pursuant to applicable corporation/limited liability company laws, without any requirement of further action by the members, managers or other interest holders of the Debtor, irrespective of whether the Confirmation Order specifically authorizes any such action.

Effective upon the Effective Date, the Debtor's formation documents shall each be deemed amended to prohibit the issuance by the Debtor of nonvoting securities to the extent required under Section 1123(a)(6) of the Bankruptcy Code.

On or as soon as practicable following the Effective Date, the Plan Administrator shall be authorized to cancel, annul, and extinguish all Interests.

### 19.14 Substantial Consummation.

On the Effective Date, the Plan shall be deemed substantially consummated under Bankruptcy Code Sections 1101 and 1127(b).

### 19.15 Governing Law.

Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit hereto or a schedule in the Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

### 19.16 Entire Agreement.

On the Effective Date, the Plan and the Confirmation Order shall supersede all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

## SECTION 20
## RECOMMENDATION

The Plan Proponents strongly recommend that all creditors receiving a Ballot vote in favor of the Plan. The Plan Proponents believe that the Plan is in the best interests of creditors. The Plan as structured, among other things, allows creditors with Allowed Claims to participate in distributions believed to be in excess of those that would otherwise be available were the Chapter 11 Case dismissed or converted under Chapter 7 of the Bankruptcy Code and minimizes delays in recoveries to creditors.

16278557/1

**FOR ALL THE REASONS SET FORTH IN THIS DISCLOSURE STATEMENT, THE PLAN PROPONENTS BELIEVE THAT THE CONFIRMATION AND CONSUMMATION OF THE PLAN IS PREFERABLE TO ALL OTHER ALTERNATIVES.  THE PLAN PROPONENTS URGE ALL CREDITORS ENTITLED TO VOTE TO ACCEPT THE PLAN AND TO EVIDENCE SUCH ACCEPTANCE BY RETURNING THEIR BALLOTS SO THAT THEY WILL BE RECEIVED BY 4:00 P.M. EASTERN TIME ON OCTOBER 5, 2023.**

Dated: August 25, 2023

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

and

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Alan J. Friedman, Esquire (admitted *pro hac vice*)
Melissa Davis Lowe, Esquire (admitted *pro hac vice*)
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
E-mail: afriedman@shulmanbastian.com
E-mail: mlowe@shulmanbastian.com

*Counsel to the Debtor and Debtor in Possession*

## EXHIBIT A

## Corporate Chart

# Agway Organizational Chart

Key:

ULTIMATE OWNERS

Unaffiliated Third Party

Portfolio Company (Formation Jurisdiction) (Ownership %)



CriticalPoint Fund I, LP (Delaware)

Equity Acquisition Group, LLC (Delaware)

50% — 50%

Project Fence Acquisition, LLC (Delaware)

Southern States Cooperative, Incorporated

15% — 85%

Agway Holdings, LLC (Delaware) Manager is Paladin

Agway Farm & Home Supply, LLC (Delaware) Manager is Paladin

AGWAY

## EXHIBIT B

## Liquidation Analysis

*Agway Waterfall Recovery Scenarios*
*As of 7.25.23*

| Notes | | | Best Case | Worst Case |
|---|---|---|---|---|
| | **Recovery Scenarios** | | | |
| | Chapter 11 Recovery Analysis | | | |
| | Operations ending | | 10/6/2023 | 10/6/2023 |
| A | Cash as of 6/30/2023 | | $ 4,698,054 | $ 4,698,054 |
| | **Plus: Additional Cash Receipts** | | | |
| B | Accounts Receivable Collections | | $ 386,916 | $ 193,458 |
| C | Avoidance Actions based on SOFA | | 600,000 | 300,000 |
| D | Recovery from Litigation | | TBD | TBD |
| | **Total Additional Cash Receipts** | | **$ 986,916** | **$ 493,458** |
| | **Less: Cash Disbursements Post Closing Operations** | | | |
| E | Payroll and Taxes | | $ 144,545 | $ 189,091 |
| | Other Expenses | | 100,000 | 125,000 |
| F | Accrued but unpaid professional fees | | 667,470 | 667,470 |
| G | Professional Fees (July 1, 2023 - Oct 6, 2023) | | 387,273 | 580,909 |
| | **Total Cash Disbursements Post Closing Operations** | | **$ 1,299,288** | **$ 1,562,470** |
| | **Total Available before Liquidating Trust Funding** | | **$ 4,385,682** | **$ 3,629,042** |
| H | Liquidating Trust Professionals | | 350,000 | 500,000 |
| | **Total Available for Distribution** | | **$ 4,035,682** | **$ 3,129,042** |
| | Total Claim Amount | | $ 29,445,017 | $ 46,249,177 |
| | *% Recovery* | | *13.7%* | *6.8%* |

Note: Proration for partial month ending October 6, 2023 based on business days.

A: Cash balance of $4,698,054 based on June 2023 MOR.

B: A/R balance of $773,832 based on June 2023 MOR. High scenario assumes 50% recovery,

Low scenario assumes 25% recovery.

C: Payments to creditors within 90 days estimated at $3,000,000 based on [Dkt. 131].

High scenario assumes 20% recovery, low scenario assumes 10% recovery.

D: Recoveries from outstanding litigation have not been determined, and any recoveries

would increase the distributable amount to creditors.

E: Monthly payroll has been averaging ~$80,000 from March to June 2023. The analysis assumes $80,000 in July with a 50%, 25%, and 25%

reduction in August, September, and the partial month ending October 6, 2023, respectively under the high scenario and a

50%, 75%, and 75% reduction in July, August, September, and the partial month ending October 6, 2023, respectively under

the low scenario. Prorated for partial month ending October 6, 2023.

F: Accrued professional fees according to Schedule of Payments to Professionals from Debtor and Fee Applications filed with the court.

G: Professional fees assumed to be $120,000 per month under the high scenario and $180,000 per

month under the low scenario. Prorated for partial month ending October 6, 2023.

H: Liquidation Trust Professionals will likely be UCC professionals who have institutional knowledge of the case,

therefore, the fees would be lower than a Chapter 7.

*Agway Waterfall Recovery Scenarios*
*As of 7.25.23*

| | Recovery Scenarios | | |
|---|---|---|---|
| | Chapter 7 Liquidation Recovery Scenario | | |
| | | **Best Case** | **Worst Case** |
| Notes | Operations ending | 10/6/2023 | 10/6/2023 |
| A | Cash as of 6/30/2023 | $ 4,698,054 | $ 4,698,054 |
| | **Plus: Additional Cash Receipts** | | |
| B | Accounts Receivable Collections | $ 309,533 | $ 154,766 |
| C | Avoidance Actions based on SOFA | 450,000 | 225,000 |
| D | Recovery from Litigation | TBD | TBD |
| | **Total Additional Cash Receipts** | **$ 759,533** | **$ 379,766** |
| | **Less: Cash Disbursements Post Closing Operations** | | |
| E | Payroll and Taxes | $ 144,545 | $ 189,091 |
| | Other Expenses | 100,000 | 125,000 |
| F | Accrued but unpaid professional fees | 667,470 | 667,470 |
| G | Professional Fees (July 1, 2023 - Oct 6, 2023) | 387,273 | 580,909 |
| | **Total Cash Disbursements Post Closing Operations** | **$ 1,299,288** | **$ 1,562,470** |
| | **Total Available before Chapter 7 Trustee Fees** | **$ 4,158,299** | **$ 3,515,350** |
| H | Chapter 7 Trustee Statutory Fees (3%) | 106,749 | 81,461 |
| I | Chapter 7 Trustee Professional Fees | 600,000 | 1,000,000 |
| | **Total Available for Distribution** | **$ 3,451,550** | **$ 2,433,890** |
| | Total Claim Amount | $ 29,445,017 | $ 46,249,177 |
| | *% Recovery* | *11.7%* | *5.3%* |

Note: Proration for partial month ending October 6, 2023 based on business days.

A:  Cash balance of $4,698,054 based on June 2023 MOR.

B:  A/R balance of $773,832 based on June 2023 MOR. High scenario assumes 40%
    recovery, Low scenario assumes 20% recovery. Recovery percentages are lower than in Chapter 11
    because it is likely that the Chapter 7 Trustee will settle quicker to bring funds into the estate.

C:  Payments to creditors within 90 days estimated at $3,000,000 based on [Dkt. 131]. High scenario assumes
    15% recovery, low scenario assumes 7.5% recovery. Recovery percentages are lower than in Chapter 11
    because it is likely that the Chapter 7 Trustee will settle quicker to bring funds into the estate.

D:  Recoveries from outstanding litigation have not been determined, and any recoveries would increase
    the distributable amount to creditors.

E:  Monthly payroll has been averaging ~$80,000 from March to June 2023. The analysis assumes $80,000 in July with a 50%, 25%, and 25%
    reduction in August, September, and the partial month ending October 6, 2023, respectively under the high scenario and a
    50%, 75%, and 75% reduction in July, August, September, and the partial month ending October 6, 2023, respectively under
    the low scenario. Prorated for partial month ending October 6, 2023.

F:  Accrued professional fees according to Schedule of Payments to Professionals from Debtor and Fee Applications filed with the court.

G:  Professional fees assumed to be $120,000 per month under the high scenario and $180,000 per
    month under the low scenario. Prorated for partial month ending October 6, 2023.

H:  Chapter 7 Trustee Statutory Fees equal to 3% of distributable funds.

I:  Chapter 7 Trustee Professional Fees estimated between $600,000-$1,000,000. Estimate based on Chapter
    7 Trustee and FA having to get up to speed and having no institutional knowledge.

# **Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | |

## CLASS 3 (GENERAL UNSECURED CLAIMS) BALLOT FOR
## ACCEPTING OR REJECTING COMBINED DISCLOSURE STATEMENT
## AND JOINT PLAN OF LIQUIDATION

PLEASE TAKE NOTICE THAT on August 29, 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")[2] entered an Order (I) Granting Permission to File a Combined Plan and Disclosure Statement; (II) Approving the Disclosure Statement on an Interim Basis; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Scheduling a Joint Hearing to Consider Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto (the "Solicitation Procedures Order"). A copy of the Solicitation Procedures Order is available on the Bankruptcy Court's website (ecf.deb.uscourts.gov) or by visiting the Balloting Agent's website for this case at https://cases.stretto.com/Agway, under the tabs "Plan & Solicitation" or "Search Court Docket." By no later than September 28, 2023, the Debtor shall file a supplement to the Plan which shall identify the proposed Plan Administrator and compensation to be received.

This ballot is being provided to you because records indicate that you are a Holder of a Class 3 Claim (General Unsecured Claims) as of **August 7, 2023** (the "Voting Record Date"), and, accordingly, you have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.

> **ANY BALLOTS SUBMITTED MUST BE ACTUALLY RECEIVED NO LATER THAN OCTOBER 5, 2023 AT 4:00 P.M. (ET) (the "Voting Deadline"). IT IS NOT SUFFICIENT FOR THE BALLOT TO BE POST-MARKED ON THE VOTING DEADLINE. Please see page 4 of this Ballot for information on how and where to submit the Ballot.**

**Your rights are described in the Plan. Please read the Plan and follow the enclosed voting instructions carefully before completing this ballot. You may wish to seek legal advice concerning this Ballot, the Plan, or your treatment under the Plan. Please note that the**

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined herein shall have meanings ascribed to them in the Plan.

**Balloting Agent, defined below, cannot provide legal advice.**

You must submit your ballot to Stretto, the Debtor's Balloting Agent (the "Balloting Agent"), by mail, hand delivery or overnight delivery to the address on page 4 below. Alternatively, Ballots may be submitted to the Balloting Agent through the E-Balloting portal at: https://cases.stretto.com/Agway.

To submit your Ballot via the Balloting Agent's online portal, please visit https://balloting.stretto.com and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique eBallot Password: _____

The Balloting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each eBallot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each eBallot ID# you receive, as applicable.

Creditors who cast a Ballot using the Balloting Agent's online portal should NOT also submit a paper Ballot.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY 4:00 P.M. (EASTERN TIME) ON OCTOBER 5, 2023.**

If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you have voted.

No person has been authorized to give any information or advice, or to make any representation, other than what is included in the materials delivered with this ballot.

**Item 1.    Amount of Class 3 Claim (General Unsecured Claims)**

The undersigned hereby certifies that as of August 7, 2023, the undersigned was the owner (or authorized signatory for an owner) of a General Unsecured Claim in the amount of $_____.

**Item 2.    Vote of Class 3 Claim**

The Holder of the Class 3 Claim set forth in Item 1 votes to (please check one):

| **Accept the Plan (votes FOR)** | **Reject the Plan (votes AGAINST)** |
|:---:|:---:|
| ☐ | ☐ |

**Your rights are described in the Plan. Please read and follow the enclosed voting instructions carefully before completing this ballot.**

**Item 3.    Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.      as of the Voting Record Date, the undersigned was the owner (or authorized signatory for an owner) of a Class 3 Claim in the amount set forth in Item 1;

2.      the Holder is eligible to be treated as the Holder of the Class 3 Claim set forth in Item 1 for the purposes of voting on the Plan;

3.      the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.      the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

5.      the Holder understands and acknowledges that only the latest-dated, properly executed Ballot cast and actually received by the Voting Deadline with respect to the Class 3 Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 3 Claim set forth in Item 1, such other Ballot shall be deemed revoked;

6.      the Holder understands and acknowledges that the Debtor shall verify the amount of the Class 3 Claim held by the Holder as of the Voting Record Date set forth in Item 1.

7.      the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 4.     Holder Information and Signature.**

Name of Holder: _____
*(print or type)*

Signature: _____

Name of Signatory: _____
*(if other than Holder)*

Title:     _____

Address: _____

_____

_____

E-mail (Optional) _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT**
**<u>PROMPTLY BY MAIL TO, HAND DELIVERY OR OVERNIGHT DELIVERY TO</u>**

Agway Farm & Home Supply, LLC Ballot Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**Alternatively, Ballots may be submitted to the Balloting Agent through the E-Balloting Portal at <u>https://balloting.stretto.com</u>.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (EASTERN TIME) ON OCTOBER 5, 2023.**

**If you have any questions, please contact the Balloting Agent at: Telephone: (855) 524-4552; or emailing TeamAgway@stretto.com**

**VOTING INSTRUCTIONS FOR CLASS 3 (GENERAL UNSECURED CLAIMS)**

1.     As described in the Plan, the Debtor is soliciting the votes of Holders of Class 3 Claims with respect to the Plan. The Plan is included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2.     The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in

number of claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 3 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the Ballot so that it is **actually received by the Voting Deadline**.  The delivery of a Ballot will be deemed made only when the Balloting Agent has actually received the original, executed Ballot or the Ballot is accepted through the Balloting Agent's online Ballot submission portal on the Balloting Agent's website.

4.  The time by which a Ballot is **actually received** by the Balloting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is **October 5, 2023 at 4:00 p.m.** (Eastern Time).

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtor determines otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any party other than the Balloting Agent at the address above.

6.  If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received and properly executed will supersede and revoke any previously received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

7.  If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Balloting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

8.  If a Holder of a Claim submits a duplicate paper Ballot and an electronic Ballot (as provided for using the E-Ballot platform on the Balloting Agent's website), only the electronic Ballot will be counted.

9.  For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so, separate Claims held by a single Creditor against the Debtor in Class 3 will be aggregated as if such Creditor held a single Claim against the Debtor in Class 3, and the votes related to those Claims shall be treated as a single vote on the Plan.

10.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

11.  The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

12.  Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

13. You must vote your entire Class 3 Claim, whether you have a single or multiple claims within Class 3, either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

14. In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Balloting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

15. Any Ballot that is properly completed, executed, and timely returned to the Balloting Agent that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

16. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan, or marked to partially reject and partially accept the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

17. Unless otherwise provided, if you have delivered a valid Ballot for the acceptance or rejection of the Plan, you may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Balloting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claim(s) to which it relates, and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn. The Debtor expressly reserves the right to contest the validity of any such withdrawals of Ballots.

18. Subject to any contrary order of the Court, the Debtor, in consultation with the Committee, reserves the right to reject any and all Ballots that are not in proper form.

19. Subject to any contrary order of the Court, the Debtor, in consultation with the Committee, reserves the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

20. Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

21. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously

furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth above).

# **Exhibit C**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AGWAY FARM & HOME SUPPLY, LLC, | Case No. 22-10602 (JKS) |
| Debtor.[1] | |

## NOTICE OF NON-VOTING STATUS ON COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION TO HOLDERS OF CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT OR REJECT THE PLAN

PLEASE TAKE NOTICE THAT on August 29, 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>")[2] entered an Order (I) Granting Permission to File a Combined Plan and Disclosure Statement; (II) Approving the Disclosure Statement on an Interim Basis; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Scheduling a Joint Hearing to Consider Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto (the "<u>Solicitation Procedures Order</u>"). A copy of the Solicitation Procedures Order is available on the Bankruptcy Court's website (ecf.deb.uscourts.gov) or by visiting the Balloting Agent's website for this case at <u>https://cases.stretto.com/Agway</u>, under the tabs "Plan & Solicitation" or "Search Court Docket."

PLEASE TAKE NOTICE THAT you are a Holder or potential Holder of a Claim against the Debtor that, due to the nature and treatment of such Claim under the Plan, is not entitled to vote on the Plan. Specifically, under the terms of the Plan, a Holder of a Claim in a Class that is not Impaired under the Plan and therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, is not entitled to vote on the Plan. A Holder of a Claim in a Class that is Impaired under the Plan but is not receiving anything under the Plan, is conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and is not entitled to vote on the Plan.

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Plan or related documents at no additional cost, you should contact the Debtor's Balloting Agent by: (a) visiting the Debtor's restructuring website at: https://cases.stretto.com/Agway; or (b) calling the Balloting Agent at 855-524-4552.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE ANY QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN, PLEASE CONSULT WITH YOUR ATTORNEY. IF YOU HAVE ANY QUESTIONS ABOUT ANYTHING STATED HEREIN OR WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE BALLOTING AGENT. PLEASE NOTE THAT THE BALLOTING AGENT CANNOT PROVIDE LEGAL ADVICE.**

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms used but not otherwise defined herein shall have meanings ascribed to them in the Plan.

# **Exhibit D**



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| 13605 Carroll Co Coop Inc - Galax Br | Attn: Susan Randall | 201 Meadow Street | | | Galax | VA | 24333 | |
| 15526 Southern States Marlinton Coop | | 719 Third Avenue | | | Marlinton | WV | 24954 | |
| 17126 Petersburg Coop, Inc | Attn: Kristi L Mongold | 15 Potomac Ave | | | Petersburg | WV | 26847 | |
| A Duie Pyle Trucking Inc. | | PO Box 564 | | | West Chester | PA | 19381-0564 | |
| A&B Milling Co Inc. | | PO Box 278 | | | Enfield | NC | 27823 | |
| Absorbent Products Ltd | | 724 Sarcee St E | | | Kamloops | BC | V2H 11E7 | Canada |
| Accounting Principals | | 1015l Deerwood Park Blvd 200-400 | | | Jacksonville | FL | 32256 | |
| ACF Inc. | | PO Box 745875 | | | Atlanta | GA | 30374-5875 | |
| ACME General Supply | | 11234 Air Park Rd | | | Ashland | VA | 23005 | |
| ACME Paper And Supply Co | | PO Box 422 | | | Savage | MD | 20763 | |
| Advanced Drainage Sys Inc. | | PO Box 631130 | | | Cincinnati | OH | 45263-1130 | |
| AGRATRONIX | 1780 MILLER PKWY | | | | STREETSBORO | OH | 44241 | |
| AGRIVENTURES RETAIL | | 126 HOUSATONIC AVE | | | NEW MILFORD | CT | 06776-0000 | |
| Allianz Trade Americas as Agent for ETHICAL PRODUCTS, INC. | | 800 Red Brook Blvd, #400C | | | Owings Mills | MD | 21117 | |
| Allianz Trade Americas as Agent for HYDROFARM, LLC | | 800 Red Brook Blvd, #400C | | | Owings Mills | MD | 21117 | |
| Allianz Trade Americas as Agent for SOMERSET HARDWOOD FLOORING, INC. | | 800 Red Brook Blvd, #400C | | | Owings Mills | MD | 21117 | |
| Allied Seed LLC | | PO Box 2500 | | | Bloomington | IL | 61702-2500 | |
| AMA Transportation Inc. | | 14 Dunham Rd | | | Billerica | MA | 01821 | |
| American Colloid Company | | 1 Highland Ave | | | Bethlehem | PA | 18017 | |
| American Wood Fibers Inc. | Attn: Owen Ward | 9740 Patuxent Woods Dr | Suite 500 | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Circleville, OH | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Dixfield, ME | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Jessup, MD | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Lebanon, KY | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Marion, VA | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Somerset, KY | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers Inc. - Troy, VA | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| Ancra International LLC | | 25591 Network Place | | | Chicago | IL | 60673-1255 | |
| Ani-Logics Outdoors | | PO Box 158 | | | Worthington | MN | 56187 | |
| Animal Health International, Inc. | c/o Goodman Allen Donnelly, PLLC | Attn: Donna J. Hall | 150 Boush Street, Suite 900 | | Norfolk | VA | 23510 | |
| Aquascape Designs Inc. | | PO Box 2022 | | | Aurora | IL | 60507-2022 | |
| Argee Corp | | 9550 Pathway St | | | Santee | CA | 92071 | |
| Argo Partners [as Assignee of Behlen Mfg. Co.] | Attn: Paul Berg | 12 W 37th St | Suite 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Border Concepts Inc.] | Attn: Paul Berg | 12 W 37th St | Suite 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Boss Pet Products Inc] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Classic Brands LLC] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Coast of Maine Brands - Quarryville] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Coast of Maine Brands] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Cox Shavings Inc] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Evergreen Enterprises] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Mascot Pecan Co] | Attn: Paul Berg | 12 W 37th St | Suite 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of McCutcheons] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Melnor Inc] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Michigan Peat] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Midwestern Pet Foods Inc] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of North Central Companies] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Songbird Essentials LLC] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Southeastern Freight Lines] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of TCI Trucking & Warehousing] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Virginia Diner] | Attn: Paul Berg | 12 W 37th St | Suite 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Woodstream Corp] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| ASM Industries/Pacer Pumps | Susan Hein | 41 Industrial Circle | | | Lancaster | PA | 17601 | |
| Asmark Institute Inc. | | 4941 Goetz Dr | | | Owensboro | KY | 42301 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Atlas Chemical Corporation | | PO Box 141 | | | Cedar Rapids | IA | 52406 | |
| Atlas Paper Co | | PO Box 2186 | | | Woburn | MA | 01888 | |
| Austinville Limestone Co | Attn: Kevin Mann | 223 Newtown Church Rd | PO Box 569 | | Austinville | VA | 24312 | |
| Automatic Trap | Blair Calder | 19201 Sonoma Hwy 196 | | | Sonoma | CA | 95476 | |
| Automotive Rentals, Inc [ARI Fleet LT] | Attn: Frank Clement | 4001 Leadenhall Road | | | Mount Laurel | NJ | 08054 | |
| Automotive Resources International | | PO Box 5039 | | | Mt. Laurel | NJ | 08054 | |
| Avanti | | PO Box 67000 | Dept 210401 | | Detroit | MI | 48267-2104 | |
| AVERITT EXPRESS INC | | PO BOX 102159 | | | Atlanta | GA | 30368-0000 | |
| BASF CORPORATION | | 100 Park Ave | | | Florham Park | NJ | 07932-1089 | |
| Behrens Manufacturing LLC | | Lockbox 446060 | | | St Paul | MN | 55164-0076 | |
| Bekaert Corporation | c/o Credit Department | Attn: Kimberly Keyes | 1395 South Marietta Parkway | Building 500, Suite 100 | Marietta | GA | 30067 | |
| Benebone LLC | | 7089 Queenscourt Ln | | | Macungie | PA | 18062 | |
| Bennetts Creek Nursery | | 17497 Benns Church Blvd | | | Smithfield | VA | 23430 | |
| Berne Apparel Company | Attn: Shannon Rose | 2501 E 850 N | PO Box 530 | | Ossian | IN | 46777-0530 | |
| Berry Global Films | Deborah Tenore - Credit Manager | 101 Oakley Street | | | Evansville | IN | 47710 | |
| Best Bee Brothers LLC | Attn: Jodie McGowan | 12745 W Townsend St | | | Brookfield | WI | 53005 | |
| Big & J Industries, LLC | Attn: Brittni Meyer | 208 N. Wheeler Ave | | | Grand Island | NE | 68801 | |
| Bio Lab Inc | | Dept Ch 14106 | | | Palatine | IL | 60055-1406 | |
| Black Gold Compost Co | | PO Box 190 | | | Oxford | FL | 34484-0190 | |
| Bloem LLC | | PO Box 583 | | | Hudsonville | MI | 49426 | |
| Bluegrass Treated Wood Inc. | | 12015 Jefferson St | | | Mitchell | GA | 30820 | |
| Bonide Products Co Inc. | Attn: Mark Hough | 8601 Six Forks Road, Suite 300 | | | Raleigh | NC | 27615 | |
| Boss Manufacturing Company | c/o West Chester Holding LLC | 25 British American Blvd | | | Latham | NY | 12110-1405 | |
| Botanical Interests | | 660 Compton St | Unit A | | Broomfield | CO | 80020 | |
| Bradford Capital Holdings, LP [as Assignee of Agri-Fab, Inc] | Attn: Brian L. Brager | PO Box 4353 | | | Clifton | NJ | 07012 | |
| Bradford Capital Holdings, LP [as Assignee of CMC Steel] | c/o Bradford Capital Management, LLC | Attn: Brian Brager | PO Box 4353 | | Clifton | NJ | 07012 | |
| Bradford Capital Holdings, LP [as Assignee of Dare Products Inc.] | Attn: Brian L. Brager | PO Box 4353 | | | Clifton | NJ | 07012 | |
| Bradford Capital Holdings, LP [as Assignee of Milwaukee Metropolitan Sewerage District] | Attn: Brian L. Brager | PO Box 4353 | | | Clifton | NJ | 07012 | |
| Bradford Capital Holdings, LP [as Assignee of WINA, LLC d/b/a Whitetail Institute of America] | Attn: Brian L. Brager | PO Box 4353 | | | Clifton | NJ | 07012 | |
| Bradford Capital Holdings, LP [as Assignee of Woodgrain Millwork Inc.] | Attn: Brian L. Brager | PO Box 4353 | | | Clifton | NJ | 07012 | |
| Buds & Blooms Nursery Inc. | | 7501 US Hwy 29 N | | | Brown Summit | NC | 27214 | |
| Burpee Garden Products Co | | PO Box 536755 | | | Pittsburgh | PA | 15253-5909 | |
| C E T C O | | 92 WY-37 | | | Lovell | WY | 82431-0000 | |
| C&S Products Company Inc. | | PO Box 4997 | | | Des Moines | IA | 50306-4997 | |
| C2 Grant County Mulch Inc. | | 17554 Washington Hwy | | | Doswell | VA | 23047 | |
| Cam Too Camellia Nursery Inc. | | 805 Oakbury Ct | | | Greensboro | NC | 27455 | |
| Capital Forest Products | c/o Coface North America Insurance Company | Attn: Amy Schmidt | 650 College Rd E | Ste 2005 | Princeton | NJ | 08540 | |
| Cargill, Incorporated | Attn: Nicole Murphy | 15407 McGinty Road W., MS 24 | | | Wayzata | MN | 55391 | |
| Carhartt, Inc. | Adam Fredrick | 5800 Mercury drive | | | Dearborn | MI | 48126 | |
| Carolina Greenhouse Plants Inc. | Attn: Joanne | PO  BOX 1140 | | | Kinston | NC | 28503 | |
| Carolina Soil Inc. | | PO Box 1140 | | | Kinston | NC | 28503 | |
| Cat Gloves | | 221 W First St | | | Kewanee | IL | 61443 | |
| Cavalor | | 3529 Corporate Dr | | | Dalton | GA | 30721 | |
| CCA Financial LLC | Attn: Sharon C Cole | 7275 Glen Forest Drive | Suite 100 | | Henrico | VA | 23226 | |
| Central Garden and Pet | Jerry Zweiger | 9390 Golden Trout St | | | Boise | ID | 83704 | |
| Central Pet Specialty [Kaytee] | Jerry Zweiger | 9390 Golden Trout St | | | Boise | ID | 83704 | |
| Central Specialty Pet [Kaytee] | Jerry Zweiger | 9390 Golden Trout St | | | Boise | ID | 83704 | |
| Centurion Garden & Outdoor Living | DEBORAH MORAN | 6907 UNIVERSITY AVE 311 | | | MIDDLETON | WI | 53562 | |
| CG ROXANE LLC | | 1210 S Hwy 395 PO Drawer A | | | Olancha | CA | 93549-0000 | |
| Church & Dwight Co Inc. | | PO Box 95055 | | | Chicago | IL | 60694 | |
| CLOVERDALE WAREHOUSE - F & H | | PO BOX 459 | | | Cloverdale | VA | 24077-0459 | |
| Coast Of Maine Brands | | 145 Newbury St | | | Portland | ME | 04101 | |
| Coastal Pet Product Inc. | | PO Box 901304 | | | Cleveland | OH | 44190-1304 | |
| Coburn Chemicals Inc. | | 12 Galloway Ave | | | Cockeysville | MD | 21030 | |
| COLD SPRING AVENUE LLC | | 360 COLD SPRING AVE | | | West Springfield | MA | 01089-0000 | |
| Colloid Environmental Tech LLC | | 1 Highland Ave | | | Bethlehem | PA | 18017 | |
| Compana Pet Brands | | 702 Spirit 40  Park Drive | Suite 107 | | Chesterfield | MO | 63305 | |
| Continental Industries Inc. | | 319 S Buckman | PO Box 865 | | Shepherdsville | KY | 40165 | |
| Cordex North America Inc. | | 501 Cambria Ave | | | Bensalem | PA | 19020 | |



# Exhibit D
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| Corona Clipper Inc | Accounts Receivable | 22440 Temescal Canyon Road | | | Corona | CA | 92883 | |
| Critical Point Advisors LLC | | 1230 Rosecrans Ave | | | Manhattan Beach | CA | 90266 | |
| D&D Commodities Ltd | | PO Box 359 | | | Stephen | MN | 56757 | |
| Dano Group | | 4 Omega Drive | | | Stamford | CT | 06907 | |
| Decker Mfg Co | | PO Box 370 | 312 Blondeau Street | | Keokuk | IA | 52632 | |
| Diamond Farrier Co | Fred Ruddy | PO Box 1346 | | | Shelbyville | KY | 40066-1346 | |
| Dimex LLC | | 28305 State Route 7 | | | Marietta | OH | 45750 | |
| Dize Company | | PO Box 937 | | | Winston Salem | NC | 27102 | |
| Dorfman Pacific | | PO Box 674620 | | | Detroit | MI | 48267-4620 | |
| Doskocil Mfg Co Inc. Dba Petmate | | PO Box 733418 | | | Dallas | TX | 75373-3418 | |
| Drakes Farm Service [Drake's Farm Service Inc.] | Attn: Denny Drake | 340 Logansport Rd | | | Morgantown | KY | 42261 | |
| DRIVER BROTHERS INC | | 27 NISWANDER RD | | | Staunton | VA | 24401-0000 | |
| DRP Resources, Inc. | | 1430 SE Huffman Rd | | | Port St Lucie | FL | 34952 | |
| Dry Creek Products Inc. | | 1160 Pittsford Victor Rd | | | Pittsford | NY | 14534 | |
| DRY CREEK ULYSSES PA | | 1160 PITTSFORD VICTOR ROAD SUITE F 2ND F | | | Pittsford | NY | 14534-0000 | |
| D-S Livestock Equipment, LLC | Attn: Dennis Schoenian | 18059 National Pike | | | Frostburg | MD | 21532 | |
| Duke Pecan Co LLC | | PO Box 555 | | | West Point | MS | 39773 | |
| Duraflame Inc. | | PO Box 8542 | | | Pasadena | CA | 91109-8542 | |
| Dutch Valley Growers | | 22201 S US HWY 421 | | | Lacrosse | IN | 46348 | |
| Dyk Automotive LLC | | PO Box 74008910 | | | Chicago | IL | 60674-8910 | |
| Earth Rated | | 1350 Rue Mazurette | Suite 308 | | Montreal | QC | H4N 11H2 | Canada |
| Eastern Shore Forest Products Inc. | | 3667 Saint Lukes Rd | | | Salisbury | MD | 21804 | |
| Easy Gardener | | PO Box 21025 | | | Waco | TX | 76702-1025 | |
| EASY GARDNER JOBES ROSS | | 9696 International Blvd | | | CINCINNATI | OH | 45246-0000 | |
| EASY HEAT WOOD PELLETS CORP | | 15 Sprague Rd | | | South Charleston | OH | 45368-0000 | |
| Eaton Brothers Corp | | 3530 Lakeview Rd | | | Hamburg | NY | 14075 | |
| Elwood Staffing Services, Inc. | Sarah Stair | 4111 Central Ave | | | Columbus | IN | 47203 | |
| EMSCO Inc. DBA EMSCO Group | | PO Box 151 | | | Girard | PA | 16417 | |
| Encap LLC | | 320 N Broadway | Suite 340 | | Greenbay | WI | 54303 | |
| Envirem Organics Ltd. | c/o Eaton Peabody | Attn: Shawn K. Doil, Esq. | PO Box 15235 | | Portland | ME | 04112 | |
| Epoch Rain Barrels | | 1413 Evans St | | | Greenville | NC | 27834 | |
| Euler hermes agent for CORDNA TWINE & CORDAGE INC (CLCA000675) | | 800 Red brook blvd., | 400 C | | Owings Mills | MD | 21117 | |
| EVOLVED HABITATS | | 431 EAST SOUTH ST | | | Plano | IL | 60545-0000 | |
| EXCEL TRUCK GROUP | | PO Box 7178 | | | Roanoke | VA | 24019-0000 | |
| Expeditors International Of Washington Inc. | | 2550 Ellsmere Ave | Suite B | | Norfolk | VA | 23513 | |
| F.M. Brown's Sons Inc. | | 205 Woodrow Ave | | | Sinking Spring | PA | 19608 | |
| Fair Harbor Capital, LLC [as Assignee of Earthway Products] | | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC [as Assignee of F B C Chemical Corporation] | | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC [as Assignee of Garmon Corporation (NaturVet)] | | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC [as Assignee of Redmond Minerals] | | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC [as Assignee of Tenax Corporation] | | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Farm Innovators, Inc. | Benjamin Clark | 2255 Walter Glaub Drive | | | Plymouth | IN | 46563 | |
| Federal Express | | PO Box 371461 | | | Pittsburg | PA | 15250-7461 | |
| Federal Insurance Company | c/o Chubb | Attn: Brian Rawson | 202A Hall's Mill Road - 2E | | Whitehouse Station | NJ | 08889 | |
| Festival Windchimes | | PO Box 823 | | | Manassas Park | VA | 20113 | |
| FIMCO, Inc d/b/a Ag Spray Equipment | Attn: Monica Clark | 50 S Sixth St | Ste 1500 | | Minneapolis | MN | 55402 | |
| First Citizens Bank & Trust Company [CIT Bank] | Bankruptcy processing Solutions, Inc | PO Box 593007 | | | San Antonio | TX | 78259 | |
| Flex O Glass Inc.- AG | | PO Box 51400 | | | Chicago | IL | 60651-0400 | |
| Foley & Lardner LLP | Mark Wolfson | 100 Tampa Street, Suite 2700 | | | Tampa | FL | 33602 | |
| Foliera Inc. | | 4655 Bartlett Rd | | | Beamsville | ON | L0R 1- 1B1 | |
| Four Paws [Central Garden and Pet] | Jerry Zweiger | 9390 Golden Trout St | | | Boise | ID | 83704 | |
| Franchise Tax Board | c/o Bankruptcy Section MS A340 | PO Box 2952 | | | Sacramento | CA | 95812-2952 | |
| Franklin Brothers Nursery | | 3193 Vicksboro Rd | | | Henderson | NC | 27536 | |
| Frost Cutlery Company LLC | | PO Box 22636 | | | Chattanooga | TN | 37422 | |
| Gaia Enterprises, Inc. | | 103 Roy Lane | | | Huntingdon | PA | 19006 | |
| Gardenscape | | PO Box 184 | | | Eau Claire | PA | 16030 | |
| Garmin International | | 1200 E 151st St | | | Olathe | KS | 66062-3426 | |
| Generac Power Systems, Inc. | c/o Wagner Falconer & Judd, Ltd | Fifth Street Towers | 100 South Fifth Street, Suite 800 | | Minneapolis | MN | 55402 | |
| General Timber Inc. | | 625 Farmville Coal Mine Rd | | | Sanford | NC | 27330 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| General Tools & Instruments Company LLC | Attn: Polina Drusman | 75 Seaview Drive | | | Secaucus | NJ | 07094 | |
| Ghost Controls LLC | Attn: Paty Paredes | 3166 Hartsfield Road | Suite # 100 | | Tallahassee | FL | 32303 | |
| GHP Group Inc. | Attn: Erick Tafel | 6440 W. Howard St. | | | Niles | IL | 60714 | |
| Gish Logging Inc. | | 4980 Path Valley Rd | | | Fort Loudon | PA | 17224 | |
| Glamos Wire, Inc. | David Isberner | 2300 Main Street | | | Lino Lakes | MN | 55038 | |
| Global Harvest Foods | Global Harvest Foods | 16000 Christensen Rd Ste 300 | Attn : Accounting | | Tukwila | WA | 98188 | |
| GRAGG FARM SUPPLY LLC | | 1920 HENDERSON MILL RD | | | MORGANTON | NC | 28655-0000 | |
| Grant County Mulch Inc | Ms. Tonya Berg | 181 Mulch Drive | | | Petersburg | WV | 26847 | |
| Gratronix LLC | | 1780 Miller Pkwy | | | Streetsboro | OH | 44241 | |
| Graymont (Pa) Inc. | | Box 200700 | | | Pittsburgh | PA | 15251-0700 | |
| Great Southern Wood Preserving, Inc. | Christopher M. Mims | 1100 US Highway 431 North | PO Box 610 | | Abbeville | AL | 36310 | |
| Green Garden Products (Seed) | | 2005 Greenbrier Ave SE | | | Boston | MA | 02241-1163 | |
| Gregory Pallet and Lumber Co LLC | | 2005 Greenbrier Ave SE | | | Roanoke | VA | 24013 | |
| Growmark FS, LLC | Attn: Michael J. Lentz, Esq. | 323 West Camden Street | Suite 700 | | Baltimore | MD | 21201 | |
| Growmark, Inc | c/o Lawrence Law LLC | Attn: Michael J. Lentz, Esq. | 323 West Camden Street | Suite 700 | Baltimore | MD | 21201 | |
| GSM OUTDOORS LLC | | 5250 Frye Rd | | | Irving | TX | 75061-0000 | |
| Gulf Stream H & G Inc. For Tech Pac LLC | | PO Box 640822 | | | Cincinnati | OH | 45264-0822 | |
| Hain Capital Investors Master Fund, LTD [as Assignee of Gallagher North America, Inc.] | | 301 Route 17 North | 7th Floor | | Rutherford | NJ | 07070 | |
| Hain Capital Investors Master Fund, LTD [as Assignee of Rhino Seed & Landscape Supply, LLC] | | 301 Route 17 North | 7th Floor | | Rutherford | NJ | 07070 | |
| HANES GEO COMPONENTS | | 500 N McLin Creek Rd | | | Conover | NC | 28613-0457 | |
| Happy Jack, Inc | | PO Box 475 | 2122 Highway 258 South | | Snow Hill | NC | 28580 | |
| Healthy Pet LP | Carol Rodgers, Accounts Receivable | 6960 Salashan Parkway | | | Ferndale | WA | 98248 | |
| High Country Plastics Inc. | | 1502 Aviation Way | | | Caldwell | ID | 83605 | |
| Hoover's Hatchery Company, LLC | Attn: Beth Hancock | PO Box 200 | | | Rudd | IA | 50471 | |
| HORIZON GLOBAL AMERICAS INC | | PO Box 779094 | | | Chicago | IL | 60677-9094 | |
| Hub Group, Inc. | Attn: Geoffrey F. De Martino | 2002 Hub Group Way | | | Oak Brook | IL | 60523 | |
| Hundley Seed Co | | PO Box 93 | | | Champlain | VA | 22438 | |
| Hundred Farm Supply | | PO Box 111 | 2 Virginia St | | Hundred | WV | 26575-0111 | |
| HUVEPHARMA INC | | 525 Westpark Dr, Suite 230 | | | Peachtree City | GA | 30269-0000 | |
| Hy Ko Products Inc. | | 60 Meadow Ln | | | Northfield | OH | 44067-1415 | |
| I Must Garden, LLC | Marilyn Cox | 1500 Garner Rd - Ste D | | | Raleigh | NC | 27610 | |
| INDIPETS INC | ATTN: SUMIT SETHI | 20 HAYPRESS RD | UNIT 324 | | CRANBURY | NJ | 08502 | |
| INLAND TARP & LINER INC | | 1600 N Main St | | | Fostoria | OH | 44830-0000 | |
| Intergro, LLC | Lennox Law, PA | PO Box 20505 | | | Tampa | FL | 33622 | |
| Iron Will Farm Inc. | | PO Box 152 | | | Gaylordsville | CT | 06755 | |
| Jimmy Noel | | 2318 10th Street NW | | | Roanoke | VA | 24012 | |
| Johnson Controls Fire Protection LP [Simplex Grinnell] | | 10405 Crosspoint Blvd | | | Indianapolis | IN | 46256 | |
| Johnson's Milling & Feed, Inc. | Attn: Donna Johnson | 8810 US Hwy 64-90 West | | | Taylorsville | NC | 28681 | |
| Jones Natural Chews Co | | 4960 28Th Ave | | | Rockford | IL | 61109 | |
| Justrite Safety Group | | PO Box 207010 | | | Dallas | TX | 75320-7010 | |
| KEN BROWN | | PO BOX 1140 | | | Kinston | NC | 28503 | |
| Ken Mulch | | 2708 Outer Loop Rd. | | | Louisville | KY | 40219 | |
| Kent Pet Group, Inc. | Attn: Lori Christy | 2905 US Highway 61 N | | | Muscatine | IA | 52761 | |
| KENT PRECISION FOODS GROUP, INC. | ATTN: MARK RAUENBUEHLER AND LORI A CHRISTY | 2905 US HIGHWAY 61 N | | | MUSCATINE | IA | 52761 | |
| Kik International LLC | | Dept Ch 14106 | | | Palentine | IL | 60055-4106 | |
| King AG Products Inc. | | 25584 N 65 Hwy | | | Carrollton | MO | 64633 | |
| Kontoor Brands | Anna Puryear | 400 N Elm Street | | | Greensboro | NC | 27401 | |
| Kreamer Feed | | 215 Kreamer Ave | | | Kreamer | PA | 17833 | |
| Kwang Sung America Inc. Ksa Polymer | | 3 Point Dr | Suite 310 | | Brea | CA | 92821 | |
| Kyjen Company LLC dba Outward Hound | | 15514 E Hinsdale Circle | | | Centennial | CO | 80112 | |
| Lacrosse Footwear Inc.- Lacrosse, WI | | PO Box 1450 NW 5325 | | | Minneapolis | MN | 55485-5325 | |
| LARRY LEFKOWITZ | | 4619 SURF AVE | | | BROOKLYN | NY | 11224 | |
| Lawrence D. Oliver Seed Company Inc. | Stephen Hardy & Cynthia Hardy | PO Box 156 | | | Milton | VT | 05468 | |
| Lehigh Anthracite, LP | c/o Coface North America Insurance Company | 650 College Rd E | Suite 2005 | | Princeton | NJ | 08540 | |
| Lexington Paint & Supply | | 103 Park Central Ct | | | Nicholasville | KY | 40356 | |
| Lhoist North America of Virginia Inc [Lhoist - Cheml Lime] | Attn: Legal | 5600 Clearfork Main Street | Ste 300 | | Fort Worth | TX | 76109 | |
| LIBERTY DISTRIBUTION CO | | 3160 Hanford Drive | | | Lebanon | PA | 17046-0000 | |
| Liberty Mutual Insurance [Liberty Insurance Corp, Liberty Mutual Fire Insurance] | J. Lawson | 100 Liberty Way | | | Dover | NH | 03820 | |
| Liberty Steel & Wire | | 75 Remittance Dr | | | Chicago | IL | 60675 | |



**Exhibit D**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LIGNETICS INC | | PO BOX 631532 | | | CINCINNATI | OH | 45263-1532 | |
| Lignetics of West Virginia - Strong, ME | | PO Box 631532 | | | Cincinnati | OH | 45263-1532 | |
| Lignetics of West Virginia Inc. | | PO Box 631532 | | | Cincinnati | OH | 45263-1532 | |
| Lignetics of West Virginia Inc. - Glenville, WV | | PO Box 631532 | | | Cincinnati | OH | 45263-1532 | |
| Logical Brand, Inc. | | 4900 Centennial Blvd | | | Nashville | TN | 37209 | |
| Longfellow's Greenhouses | | 81 Puddledock Road | | | Manchester | ME | 04351 | |
| Luster Leaf Products, Inc. | Sandy Ackman | 1961 Dillard Court | | | Woodstock | IL | 60098 | |
| Madison Wood Preservers Inc. | Attn: President, General, or Managing Agent | 216 Oak Park Rd | | | Madison | VA | 22727 | |
| Maine Woods Pellet Co., LLC | | PO Box 1401 | 84 Harlow Street | | Bangor | ME | 04402-1401 | |
| Manchester Tank & Equipment Co | Attn: David Jones | 1000 Corporate Centre Dr | Ste 300 | | Franklin | TN | 37067 | |
| MANNA PRO PRODUCTS LLC | | 5750 NW 41St Street | | | Riverside | MO | 64150-0000 | |
| Mansfield Oil Company of Gainesville, Inc. | c/o Thompson, O'Brien, Kappler & Nasuti, PC | 2 Sun Court | Suite 400 | | Peachtree Corners | GA | 30092 | |
| Mar Vo Mineral Co Inc. | | 115 E Bacon St | | | Hillsdale | MI | 49242 | |
| Master Gardner Co | | 5770 N Blackstock Rd | | | Spartanburg | SC | 29303 | |
| MCSB Inc. dba The Naked Bee | c/o Accounting | Attn: Jesus H. Chacon and Humberto Chacon | PO Box 11408 | | Knoxville | TN | 37939 | |
| Mercury Paint Corporation | c/o Jeff Berman | 4808 Farragut Rd | | | Brooklyn | NY | 11203 | |
| Mibro Div of Richelieu America Ltd | Maria Domingues | 237 N River Road Suite 2 | | | Mount Clemens | MI | 48043-1020 | |
| Micron Bio Systems | | PO Box 868 | | | Buena Vista | VA | 24416-0868 | |
| Mid West Metal Products Co Inc. | | PO Box 710363 | | | Cincinnati | OH | 45271-0221 | |
| Midwest Can Company | | 10800 W Belmont Ave | Suite 200 | | Franklin Park | IL | 60131 | |
| Miller Manufacturing Company, Inc. | c/o Kutak Rock LLP | Attn: Jon K. Breyer | 60 Sixth Street, SUite 3400 | | Minneapolis | MN | 55402 | |
| MOHEGAN SUN | Attn.: Gerry Gordon | 1 Mohegan Sun Blvd | | | Uncasville | CT | 06382-0000 | |
| Monrovia Nursery Co | File 2260 | 1801 W Olympic Blvd | | | Pasadena | CA | 91199-2260 | |
| Moore Farm Inc. | | 2225 Hall Rd | | | Mount Ulla | NC | 28125 | |
| Morton Salt Inc. | | Dept Ch 19973 | | | Palatine | IL | 60055 | |
| Motomco Ltd | | PO Box 8421 | | | Madison | WI | 53708 | |
| Mr Heater Inc. | | PO Box 74542 | | | Cleveland | OH | 44194-0002 | |
| MSP Design Group | | 641 Phoenix Dr | | | Virginia Beach | VA | 23452 | |
| Mulch Manufacturing, Inc. | David Wargo | 24200 County Road 561 | | | Astatula | FL | 34705 | |
| MUNROE FEED & SUPPLY | | 200 FAIRVIEW AVE | | | REHOBOTH | MA | 02769-0000 | |
| National Salvage & Service Corporation | Mike Snapp | 6755 Old SR 37 | | | Bloomington | IN | 47401 | |
| National Union Fire Insurance Company of Pittsburgh, PA [as Assignee of Oklahoma Steel & Wire [Iowa Steel & Wire]] | c/o Adam L. Rosen PLLC | 1051 Port Washington Blvd | PO Box 552 | | Port Washington | NY | 11050 | |
| Natures Way Bird Products LLC | | 9054 E Washington St | | | Chagrin Falls | OH | 44023 | |
| NC GRANITE CORP | | 151 Granite Quarry Trail | | | Mount Airy | NC | 27030-0000 | |
| Neat Distributing LLC | c/o Price Meese Shulman & D'Arminio, P.C., | Attn: Rick A. Steinberg | 50 Tice Boulevard, Suite 380 | | Woodcliff Lake | NJ | 07677 | |
| Neogen Corp | | 25153 Network Place | | | Chicago | IL | 60673-1251 | |
| Neptunes Harvest | | 88 Commercial St | | | Gloucester | MA | 01930 | |
| Netherland Bulb Company | Accts Receivable | 2720 Industrial Way | | | Vineland | NJ | 08360 | |
| Nexstep Commercial Products | Steve Keller, CFO | 625 Burt Street | | | Springfield | OH | 45505 | |
| NJ E-Z PASS | NJ E-Z PASS CUSTOMER SERVICE CENTER | PO BOX 4972 | | | TRENTON | NJ | 08650 | |
| No Spill Inc. | | 10975 Benson Dr | | | Overland Park | KS | 66210 | |
| North Atlantic | | 100 Progress Ave | | | Springfield | MA | 01104 | |
| North States Industries Inc. | | 5455 Highway 169 N | | | Plymouth | MN | 55442 | |
| NOVOS LAW, LLP | | 1801 Century Park East, 16th floor | | | Los Angeles | CA | 90067-0000 | |
| Nutramax Laboratories Veterinary Science | | 946 Quality Dr | | | Lancaster | SC | 29720 | |
| Old Farmers Almanac | Attn: Accounts Receivable | PO Box 520 | 1121 Main St | | Dublin | NH | 03444 | |
| OLD WORLD INDUSTRIES, LLC | ATTN: KIM KRUGMAN AND JOSEPHINE BENKERS | 3100 SANDERS ROAD, SUITE 500 | | | NORTHBROOK | IL | 60062 | |
| Oldcastle APG, Inc. [Oldcastle Architectural] | Attn: Tony C. Jones | CRH Americas, Inc. | 900 Ashwood Parkway | Suite 600 | Atlanta | GA | 30338 | |
| OLDCASTLE PATIO | | 481 Springwater Road | | | Poland Spring | ME | 04274-0000 | |
| OLDCASTLE SOIL & MULCHES | | 481 Springwater Road | | | Poland Spring | ME | 04274-0000 | |
| Orbit Irrigation Products, LLC | David Locher | PO Box 328 | | | Bountiful | UT | 84011 | |
| Origin Point Brands LLC | | PO Box 745130 | | | Atlanta | GA | 30374-5130 | |
| OVEREZ CHICKEN COOP LLC | | 207 Redwood Ln | | | Manheim | PA | 17545-0000 | |
| PACKAGING CORP OF AMERICA | | 7500 Shadwell Dr Ste B | | | Roanoke | VA | 24019-0000 | |
| Parker Mccrory | | 2000 Forest Ave | | | Kansas City | MO | 64108 | |
| PARKER MCCRORY (PARTS ONLY) | | 2000 FOREST AVE | | | KANSAS CITY | MO | 64108-0000 | |
| Paslode NZ | | PO Box 100 303 | | | Auckland | | | New Zeland |
| PBI GORDON CORPORATION | | PO BOX 504228 | | | SAINT LOUIS | MO | 63150-0000 | |
| PDZ Company LLC | Attn: Tom Menner | 1212 N Washinton St | Suite 107 | | Spokane | WA | 99201 | |
| Pet Adventures Worldwide Inc. | | 8494 Firebird Dr | | | West Chester | OH | 45014 | |



# Exhibit D

Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Pet AG Inc. | | PO Box 505258 | | | St Louis | MO | 63150-5258 | |
| Pet Factory Inc. | | 845 East High St | | | Mundelein | IL | 60060 | |
| Phillips Feed & Pet Supply | David Landis | 3747 Hecktown Road | | | Easton | PA | 18045 | |
| Pitt Ohio Express Inc. | | PO Box 643271 | | | Pittsburgh | PA | 15264-3271 | |
| Plant Food Company Inc. | | 38 Hightstown Cranbury | | | Cranbury | NJ | 08512 | |
| PLANTATION PRODUCTS LLC | | 3780 Tradeport Court | | | Lockbourne | OH | 43137-0000 | |
| Polygro, LLC | Lennox Law, PA | PO Box 20505 | | | Tampa | FL | 33622 | |
| Polyvinyl Films Inc. | | PO Box 753 | | | Sutton | MA | 01590 | |
| Powerfields | | 344 Kendall Rd | | | Blairsville | PA | 15717 | |
| PRECIOUS CAT INC | | 6210 Clear Creek Pkwy | | | Cheyenne | WY | 82007-1943 | |
| Premier Horticulture Inc. | | PO Box 671254 | | | Dallas | TX | 75267-1254 | |
| Prides Corner Farms, Inc | | 122 Waterman Rd | | | Lebanon | CT | 06249 | |
| Profile Products LLC | | 36443 Treasury Center | | | Chicago | IL | 60694-6400 | |
| Pure Treats Inc | Attn: Jouda Jaouadi | 373 Joseph Carrier | | | Vaudreuil Dorion | Quebec | J7V8N3 | Canada |
| Purina Animal Nutrition, LLC | | 1080 County Rd F West | | | Shoreview | MN | 55126 | |
| QUICKEL, JAY | | 8014 W 131ST TERRACE | | | Overland Park | KS | 66213-0000 | |
| Quikrete | | PO Box 930134 | | | Atlanta | GA | 31193 | |
| Radio Systems Corporation | Donna Craig | 10427 PetSafe Way | | | Knoxville | TN | 37932 | |
| Ragan & Massey LLC | Mike Massey | 101 Ponchatoula Parkway | | | Ponchatoula | LA | | |
| RALCO NUTRITION INC | | 600 Michigan Rd | | | Marshall | MN | 56258-0000 | |
| RB Rubber Products Inc. | | PO Box 734035 | | | Chicago | IL | 60673-4035 | |
| RED WING SHOES | | 314 Main St | | | Red Wing | MN | 55066-0000 | |
| Redbarn Pet Products Inc. | | 3229 E Spring St | | | Long Beach | CA | 90806 | |
| Redwood Multimodel | | 1765 N Elston Ave | Suite 301 | | Chicago | IL | 60642 | |
| RETAIL INTERNAL VENDOR | | 5949 St Rt 136 | | | West Union | OH | 45693-0000 | |
| RICOH USA INC | | 300 Eagleview Blvd | | | Exton | PA | 19341-0000 | |
| Ridley Feed Ingrdnt | | PO Box 74008549 | | | Chicago | IL | 60674-8549 | |
| Riverbend Nursery LLC | | 1295 Mt Elbert Rd NW | | | Riner | VA | 24149 | |
| Roanoke Feed Mill | | 1003 Walnut Ave | | | Vinton | VA | 24179 | |
| Robert Half Management Resources | | 12400 Collections Center Dr | | | Chicago | IL | 60693 | |
| ROBIN BIG AND J INDUSTRIES LLC | | 208 N Wheeler Ave | | | Grand Island | NE | 68801-0000 | |
| Rocky Brands | c/o Customer Financial Services | Attn: Sara Bowe | 39 E Canal St | | Nelsonville | OH | 45764 | |
| Roto Salt Co., Inc | Attn: Ann Olney | 118 Monell St | | | Penn Yan | NY | 14527 | |
| Royal Wood Shavings Inc. | | 2327 Bd Du Versant N #250 | | | Quebec | Quebec | G1N 4C2 | Canada |
| RSM LLC | Attn: President, General, or Managing Agent | 5155 Paysphere Circle | | | Chicago | IL | 60674 | |
| RUBBERMAID COMM PRODS | | 75 REMITTANCE DRIVE SUITE 1167 | | | Chicago | IL | 60675-1167 | |
| Rubbermaid Inc. | | 75 Remittance Dr | Suite 1167 | | Chicago | IL | 60675-1167 | |
| Ruckers Wholesale Service Co | | PO Box 277 | | | Bridgeport | IL | 62417 | |
| Rugg Manufacturing Corp | Attn: Robert Montolio | P.O. Box 142 | 248 Industrial Road | | Leominster | MA | 01453 | |
| Rustoleum Corp | | PO Box 931946 | | | Cleveland | OH | 44193 | |
| Saint Gabriel Laboratories | | 14044 Litchfield Dr | | | Orange | VA | 22960 | |
| Sands Anderson PC Richmond Reg | | 1111 E Main St | | | Richmond | VA | 23218 | |
| Sandys Plants Inc. | c/o Sandy's Plants, Inc. | 8011 Bell Creek Rd | | | Mechanicsville | VA | 23111 | |
| Saunders Brothers, Inc | Attn: Cheryl LaPuma and Emily A. Erikson | 2717 Tye Brook Hwy | | | Piney River | VA | 22964 | |
| Scott Pet Products, Inc. | Attn: Courtney Hostetler | 1543 N US Highway 41 | | | Rockville | IN | 47872-7146 | |
| Scotts Company | Attn: President, General, or Managing Agent | 14110 Scottslawn Rd | | | Marysville | OH | 43041 | |
| SCOTWOOD INDUSTRIES | | PO BOX 959707 | | | SAINT LOUIS | MO | 63195-9707 | |
| SCOTWOOD INDUSTRIES - FOB WESTFIELD, MA | | PO BOX 414809 | | | KANSAS CITY | MO | 64141-4809 | |
| Seedway Inc. | | PO Box 250 | | | Hall | NY | 14463-0250 | |
| SERGEANTS PET CARE PRODUCTS LLC | | PO BOX 120383 DEPT 0383 | | | DALLAS | TX | 75312-0383 | |
| Service Tool Co LLC | | P. O. Box 12240 | | | New Iberia | LA | 70560 | |
| Seymour Midwest LLC | | PO Box 1674 | | | Warsaw | IN | 46581-1674 | |
| Shameless Pets Inc. | | 474 N Lake Shore Dr | | | Chicago | IL | 60611 | |
| ShelterLogic | Attn: Amy Bellows | 150 Callender Rd | | | Watertown | CT | 06795 | |
| Siffron | | PO Box 932397 | | | Cleveland | OH | 44193 | |
| Simmons Mfg Company | | PO Box 100250 | | | Atlanta | GA | 30384 | |
| Skouts Honor | | 3927 Oceanic Dr | | | Oceanside | CA | 92056 | |
| SL 323 Lockhouse Road LLC | | 195 Morristown Road | | | Basking Ridge | NJ | 07920 | |
| Smith Seed Services | Attn: Noah Daugherty | PO Box 288 | | | Halsey | OR | 97348 | |
| Smittys Supply Inc. | Attn: Thomas Hood | 63415 Hwy 51 N | | | Roseland | LA | 70456 | |
| SOLUCAL USA INC | | 308 NE Front St | | | Milford | De | 19963-0000 | |
| Somerset Pellet Fuel Co. 85216 | | PO Box 1075 | | | Somerset | KY | 42502 | |
| Southeast Seed Inc. | c/o The Griffis Law Firm, LLC | 13 SE 1st Avenue | | | Chiefland | FL | 32626-0604 | |
| Southern Container Corp of Wilson, Inc. | Harry Tyson | P.O. Box 216 | | | Wilson | NC | 27894 | |
| Southern Outdoor Technologies, LLC. | | PO Box 1135 | | | West Point | MS | 39773 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Southern States Carroll County Cooperative, Incorporated | Susan Randall | PO Box 98 | 505 East Stuart Dr | | Hillsville | VA | 24343 | |
| Southern States Chatham Cooperative Inc | | 968 Halifax Road | | | Chatham | VA | 24531 | |
| Southern States Co-Op Clarksburg | | 114 O'Days Place | | | Clarksburg | WV | 26301 | |
| Southern States Cooperative, Inc. | c/o Hirschler Fleischer PC | Attn: Stephen E. Leach | 1676 International Drive | Suite 1350 | Tysons | VA | 22102 | |
| Southern States Winchester Coop #19605 | Stephanie Dailey | 447 Amherst Street | | | Winchester | VA | 22601 | |
| Spectrum Group | | Dept Ch 14233 | | | Palatine | IL | 60055 | |
| SPECTRUM PRODUCTS INC | | 500 Virginia Dr #514 | | | Ft Washington | PA | 19034-0000 | |
| SPS Commerce Inc. | | PO Box 205782 | | | Dallas | TX | 75320 | |
| SS Winchester Coop Stephens City Branch # 19595 | Stephanie Dailey | 5784 Valley Pike | | | Stephens City | VA | 22655 | |
| SSC INC | | | | | | | | |
| STA Rite Flotec Industries Inc. | | 13771 Collections Center Dr | | | Chicago | IL | 60693 | |
| Standlee Hay Company Inc. [Standlee Premium Products, LLC] | John O. Fitzgerald, II | 22349 Kimberly Rd Ste E | | | Kimberly | ID | 83341 | |
| Stay Tuff Fence Manufacturing | | 2700 Central St | | | Poplar Bluff | MO | 63901 | |
| Stephens Pipe And Steel | | PO Box 618 | | | Russell Springs | KY | 42642 | |
| Stoltzfus Feed & Supply, Inc. | Melissa Geib | PO Box 427 | 80 Route 41 | | Gap | PA | 17527 | |
| Suburban Propane | Jade Diana | 240 Route 10 West | | | Whippany | NJ | 07462 | |
| Sungro Horticulture Inc | Isabelle Vanstone | 770 Silver Street | | | Agawam | MA | 01001 | |
| Sunset Vista Designs Co Inc. | Attn: Connie Wong | 9850 Sixth St | | | Rancho Cucamonga | CA | 91730 | |
| Sunshine Mills, Inc. | Stuart M. Maples | Maples Law Firm, PC | 200 Clinton Ave. W. | Suite 1000 | Huntsville | AL | 35801 | |
| SWAN PRODUCTS INC | | PO BOX 87618 DEPT #10369 | | | Chicago | IL | 60680-0618 | |
| Sweet Meadow Farm [Albert Michaud] | Attn: Al Michaud | 111 Coolidge St | | | Sherborn | MA | 01770 | |
| T F H PUBLICATIONS INC | | P O BOX 847828 | | | DALLAS | TX | 75284-7828 | |
| Tarter Gate Company LLC d/b/a Tarter Farm & Ranch Equipment | c/o Price Meese Shulman & D'Arminio, P.C. | Attn: Rick A. Steinberg | 50 Tice Boulevard, Suite 380 | | Woodcliff Lake | NJ | 07677 | |
| TechPac [Garden Tech] | Jerry Zweiger | 9390 Golden Trout St | | | Boise | ID | 83704 | |
| The Espoma Company | Jeremy Brunner, President | 6 Espoma Road | | | Millville | NJ | 08332 | |
| The Gorman-Rupp Company [as Assignee of Tuthill Corp.-Fill Rite Division] | Attn: Brigette Burnell | PO Box 1217 | | | Mansfield | OH | 44903 | |
| The Higgins Group Corp. | | 2420 NW 116th St | | | Miami | FL | 33167 | |
| The Imagine Group, LLC | | PO Box 603849 | | | Charlotte | NC | 28260-3849 | |
| The J.M. Smucker Company [The J.M. Smucker Co. and Smucker Retail Foods, Inc] | Attn: Jackie Welch, Vice President - Litigation | One Strawberry Ln | | | Orville | OH | 44667 | |
| The KONG Company, LLC | Andrew Dallmann | 16191 Table Mountain Pkwy | | | Golden | CO | 80403 | |
| The Lennox International Inc. | c/o Law Office of R. Bruce Fickley, Esq. | Attn: R. Bruce Fickley, Esq. | PO Box 4005 | | Roanoke | VA | 24015 | |
| The Scotts Company LLC | c/o Vorys, Sater, Seymour and Pease LLP | Attn: Tiffany Strelow Cobb | 52 East Gay Street | | Columbus | OH | 43215 | |
| The Wild Bone Company | | 140 Jalyn Dr | | | New Holland | PA | 17557 | |
| Thermacell Repellents Inc. | | 26 Crosby Dr | | | Bedford | MA | 01730 | |
| Therm-O-Rock East, Inc. | | 100 Pine Street | PO Box 429 | | New Eagle | PA | 15067 | |
| Tobb Products LLC | | PO Box 871 | | | Lebanon | MO | 65536 | |
| TOTAL QUALITY LOGISTICS INC | | PO Box 634558 | | | Cincinnati | OH | 45263-0000 | |
| TRC Master Fund LLC [as Assignee of Garant GP] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund LLC [as Assignee of Green Thumb Com] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund LLC [as Assignee of Pearl Valley Farms Inc.] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund LLC [as Assignee of Pine Tree Farms Inc.] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund LLC [North West Rubber Ltd.] | Attn: Terrel Ross | P.O. Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund, LLC [as Assignee of Chapin International Inc] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund, LLC [as Assignee of Heath Manufacturing Company] | Attn: Josh Shlomowit | 100 Merrick Rd Ste 308E | | | Rockville Centre | NY | 11570 | |
| Tri County Wood Preserving | | 1377 N Hwy 1223 | | | Corbin | KY | 40701 | |
| True Value Company | | PO Box 3316 | | | Boston | MA | 02241-3316 | |
| Truper SA De CV | | PO Box 7247-6547 | | | Philadelphia | PA | 19170-6547 | |
| Tzumi Innovations LLC | | 16 E 34th St | | | Manhattan | NY | 10016 | |
| UFP New London Inc. | | 5631 South NC Highway 62 | | | Burlington | NC | 27215 | |
| Uniplet LLC | Attn: Robert Davies | 1005 W. Bramlett Road | | | Greenville | SC | 29611 | |
| Unisource | | 7472 Collection Center Dr | | | Chicago | GA | 30384-9884 | |
| United Pet Group Inc. | | 32854 Collection Center Dr | | | Chicago | IL | 60693-0328 | |
| United Salt Corporation | | PO Box 53744 | | | Lafayette | LA | 70505-3735 | |
| Universal Synergy Group LLC | | 1390 Columbia Ave 239 | | | Lancaster | PA | 17603 | |
| Valogix | | 27 Division St | | | Saratoga Springs | NY | 12866 | |

 STRETTO

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| VAN BLOEM GARDENS | | 3301 Hudson Trails Dr | | | Hudsonville | MI | 49426-0000 | |
| VAPORIZER - DLVD | | 245 Main St | | | Moosup | CT | 06354-0000 | |
| VAPORIZER - NEW CASTLE, PA | | 245 Main St | | | Moosup | CT | 06354-0000 | |
| VAPORIZER - PLAINFIELD, CT | | 245 Main St | | | Moosup | CT | 06354-0000 | |
| VAPORIZER - RETSOF, NY | | 245 Main St | | | Moosup | CT | 06354-0000 | |
| Vaporizer LLC | Harris Beach PLLC   Attn: Kevin Tompsett, Esq. | 99 Garnsey Road | | | Pittsford | NY | 14534 | |
| Veritiv Operating Company | Attn: Marianne Nichols | 6120 South Gilmore Road | | | Fairfield | OH | 45014 | |
| VERSAPET INC | | 141 Hamilton Rd | | | New Hamburg, ON N3A 2H1 | | | |
| Vitakraft Sun Seed Inc. | | PO Box 33 | | | Bowling Green | OH | 43402 | |
| Ware Manufacturing Inc. | | PO Box 51559 | | | Los Angeles | CA | 90051-5859 | |
| Watkins Products | Anne Dotts | 1635 Simonton Dr | | | Statesville | NC | 28625-4349 | |
| Weaver Leather Inc. | | PO Box 68 | | | Mt. Hope | OH | 44660 | |
| Weber-Stephen Products LLC | Randy Perry | 1415 South Roselle Road | | | Palatine | IL | 60067 | |
| WESTCHESTER PROTECTIVE GEAR | | 11500 CANAL ROAD | | | CINCINNATI | KY | 42541-0000 | |
| Wet & Forget Inc [Wet & Forget, NZ LP] | Attn: Kendra Hubbard | 2531 Technology Dr | Unit 301 | | Elgin | IL | 60124 | |
| Wildlife Sciences, LLC | Attn: William J Gleason | 11400 K-Tel Drive | Suite A | | Hopkins | MN | 55343 | |
| Williamson Greenhouses Inc. | | 1469 Beulah Rd | | | Clinton | NC | 28328 | |
| Wilton Commercial II LLC | | 4901 Dickens Rd | | | Richmond | VA | 23230 | |
| Wind River [QMT Windchimes] | Attn: Dana Sullivan | PO Box 823 | 8431 Euclid Avenue | | Manassas Park | VA | 20113 | |
| Wolverine World Wide, Inc. | Alex Parks | 9341 Courtland Drive NE | | | Rockford | MI | 49351-4935 | |
| Worthington Cylinders | | 27406 Network Place | | | Chicago | IL | 60673 | |
| Yankee Publishing Incorporated [Yankee Magazine] | c/o Szabo Associates, Inc | 3355 Lenox Road NE, Suite 945 | | | Atlanta | GA | 30326 | |
| Yaya Organics LLC | | 633 Maple St | | | Contoocook | NH | 03229 | |
| Youngs | | PO Box 145 | | | Dundee | MI | 48131 | |
| Zeiglers Distributor Inc. | | 27 Lebanon Valley Pkwy | | | Lebanon | PA | 17042 | |
| Zesty Paws LLC | | 600 Remington | | | Bolingbrook | IL | 60440 | |
| Zoetis US LLC | | PO Box 419022 | | | Boston | MA | 02241-9022 | |

# **Exhibit E**



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Agway Farm & Home Supply, LLC | c/o Morris James LLP | Attn: Jeffrey R. Waxman & Brya M. Keilson | 500 Delaware Ave | Suite 1500 | Wilmington | DE | 19801 |
| Agway Farm & Home Supply, LLC | c/o Shulman Bastrian | Attn: Alan J. Friedman & Melissa Davis Lowe | 100 Spectrum Center Dr | Suite 600 | Irvine | CA | 92618 |
| Animal Health International Inc. | Attn: Heather Kayser | PO Box 1418 | | | Loveland | CO | 80539 |
| Animal Health International Inc. | c/o Bernick Lifson PA | Attn: Jack E. Pierce | 600 Highway 169 South | Suite 1700 | Minneapolis | MN | 55426 |
| Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield | c/o McGuireWoods LLP | Attn: Joseph S. Sheerin, Esq. | Gateway Plaza | 800 E Canal St | Richmond | VA | 23219-3916 |
| Cargill Animal Nutrition- Pro Pet | | PO Box 74008099 | | | Chicago | IL | 60674-8099 |
| City Clerk of Boston, MA | | 1 City Hall Ave | | | Boston | MA | 02109 |
| City Clerk of Richmond, VA | Accounts Payable Department | 900 E Broad St | Room 1004 | | Richmond | VA | 23219 |
| Delaware Secretary of State | Division of Corporations | PO Box 898 | Franchise Tax | | Dover | DE | 19903 |
| Delaware State Treasury | | 820 Silver Lake Blvd | Suite 100 | | Dover | DE | 19904 |
| Growmark FS, LLC | c/o Franklin & Prokopik | Attn: William A. Crawford | 500 Creek View Rd | Suite 502 | Newark | DE | 19711 |
| Internal Revenue Service | | 310 Lowell St | | | Andover | MA | 01810 |
| Internal Revenue Service | | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |
| Massachusetts Department of Revenue | | 200 Arlington St | | | Chelsea | MA | 02150 |
| Massachusetts Office of the Attorney General | | 1 Ashburton Place | 20th Floor | | Boston | MA | 02108 |
| Massachusetts Secretary of the Commonwealth Corp Div | | One Ashburton Place | Room 1717 | | Boston | MA | 02108-1512 |
| Office of the U.S. Trustee for the District of Delaware | Attn: Richard L. Schepacarter | 844 N King St | Suite 2207 | Lockbox 35 | Wilmington | DE | 19801 |
| Official Committee of Unsecured Creditors | c/o Pachulski Stang Ziehl & Jones LLP | Attn: Bradford J. Sandler, Colin R. Robinson, & Steven W. Golden | 919 N Market St, 17th Floor | PO Box 8705 | Wilmington | DE | 19899-8705 |
| Official Committee of Unsecured Creditors | c/o Pachulski Stang Ziehl & Jones LLP | Attn: Robert J. Feinstein | 780 Third Ave | 34th Floor | New York | NY | 10017-2024 |
| Securities & Exchange Commission | | 100 F St NE | | | Washington | DC | 20549 |
| Securities & Exchange Commission | Attn: Lara Shalov Mehraban | New York Regional Office | 100 Pearl St | Suite 20-100 | New York | NY | 10004-2616 |
| Southern States Cooperative, Inc. | c/o Hirschler Felischer | Attn: Andrew P. Sherrod | The Edgeworth Building | 2100 E Carey St (23223), PO Box 500 | Richmond | VA | 23218 |
| Southern States Cooperative, Inc. | c/o Hirschler Fleischer | Attn: Stephen E. Leach | 8270 Greensboro Dr | Suite 700 | Tysons | VA | 22102 |
| Southern States Cooperative, Inc. | c/o Young Conaway Stargatt & Taylor, LLP | Attn: Ryan P. Newell & Robert F. Poppiti, Jr. | 1000 N King St | | Wilmington | DE | 19801 |
| The Scotts Company, LLC | Attn: David S. Robinson | 7873 Lakeshore Ct | | | Parker | CO | 80134 |
| True Value Company, LLC | c/o Beck Chaet Bamberger & Polsky SC | Attn: Devon J. Eggert | 330 E Kilbourn Ave | Suite 1085 | Milwaukee | WI | 53202 |
| True Value Company, LLC | c/o Joyce, LLC | Attn: Michael J. Joyce | 1225 King St | Suite 800 | Wilmington | DE | 19801 |
| U.S. Attorneys Office for the District of Delaware | Attn: David C. Weiss | Hercules Building | 1313 N Market St | Suite 400 | Wilmington | DE | 19801 |
| Virginia Commissioner of Revenue | | 144 N Sycamore St | | | Petersburg | VA | 23803 |
| Virginia Department of Taxation | | 1957 Westmoreland St | | | Richmond | VA | 23230 |
| Virginia Department of Taxation | | 600 E Main St | Suite 1100 | | Richmond | VA | 23219 |
| Virginia Office of the Attorney General | | 202 N Ninth St | | | Richmond | VA | 23219 |
| Virginia State Income Tax | | 9901 Lori Rd | | | Chesterfield | VA | 23832 |
| Wildlife Sciences LLC | Attn: William J. Gleason | 11400 K Tel Dr | Suite A | | Hopkins | MN | 55343 |
| Woodgrain Millwork Inc. | Attn: President, General, or Managing Agent | 300 NW 16th St | | | Fruitland | ID | 83619 |
| Woodgrain Millwork Inc. | Attn: President, General, or Managing Agent | PO Box 202637 | | | Dallas | TX | 75320 |

# **Exhibit F**



# Exhibit F
Served via First-Class Mail

| Name | Attention | Address | City | State | Zip |
|------|-----------|---------|------|-------|-----|
| Agway Holdings, Llc | | 1230 Rosecrans Avenue, Suite 170 | Manhattan Beach | CA | 90266 |
| Allgeier, Anthony William | | 1194 Commonwealth Dr | Hardy | VA | 24101-0000 |
| Altman, Samual Jacob | | 3008 Parkwood Ave | Richmond | VA | 23221-0000 |
| Automotive Rentals, Inc. [Ari Fleet Lt] | Attn: Frank Clement | 4001 Leadenhall Road | Mount Laurel | NJ | 08054 |
| Belden, Robert Alexander | | 70 Murphy Ln | Chicopee | MA | 01020-0000 |
| Brant, Gregory Alan | | 16 Maple St | Chester | MA | 01011-0000 |
| Burns, Sheila Elaine | | 53 Pochassic St | Westfield | MA | 01085-0000 |
| Cole, Darrian Keith | | 5539 Sweetfern Dr | Roanoke | VA | 24019-0000 |
| Dana Staton | | 4626 Eden Drive | Roanoke | VA | 24012-0000 |
| Daviau, Kevin | | 21 Naomi Street | Chicopee | MA | 01020-0000 |
| First Citizens Bank & Trust Company [Cit Bank] | Bankruptcy Processing Solutions, Inc | Po Box 593007 | San Antonio | TX | 78259 |
| Garriss, Amanda | | 25018 James Ave | North Dinwiddie | VA | 23803-0000 |
| Gentle, Erica Craner | | 11706 Walnut Wood Ct | Midlothian | VA | 23112-0000 |
| Gholson, Shauna E | | 8319 Marwood Dr | N Chesterfield | VA | 23235-0000 |
| Gill, Fred | | 2914 Trinity Rd | Troutville | VA | 24175-0000 |
| Grossman, Matt | | 12209 Ivyglen Court | Richmond | VA | 23232-0000 |
| Hall, Shari Denise | | 531 Henderson St | Williamsburg | VA | 23185-0000 |
| Hancock, Marcus | | 1904 Staunton Ave Nw | Roanoke | VA | 24014-0000 |
| Haracz, Jennifer Ann | | 717 East Mountain Road | Westfield | MA | 01085-0000 |
| Harwood, Brent A | | 11308 Annie Laura Lane | Rockville | VA | 23146-0000 |
| Hub Group, Inc. | Attn: Geoffrey F. De Martino | 2002 Hub Group Way | Oak Brook | IL | 60523 |
| Ludwig, Zach | | 515 N 31St St | Richmond | VA | 23232-0000 |
| Mckesson, Alice Cherie | | 4901 Tag Place | Glen Allen | VA | 23060-0000 |
| Melendez, Lisandra | | 22 Stuart St | Springfield | MA | 01119-0000 |
| Owen, Julie Lynne | | 3509 Oliver Rd | Roanoke | VA | 24012-0000 |
| Quickel, Jay | | 8014 W 131St Terrace | Overland Park | KS | 66213-0000 |
| Rollins, Melanie | | 10404 Scenic Place | Glen Allen | VA | 23060-0000 |
| Sadlowski, Mary T | | 91 Pequot Pt Rd | Westfield | MA | 01085-0000 |
| Shankle, James E | | 30 Firglade Ave | Springfield | MA | 01108-0000 |
| Williams, Michelle | | 6113 Almond Creek North Lane | Henrico | VA | 23231-0000 |
| Wilson, Courtney Elisabeth | | 11 Hardley Drive | Cranbury | NJ | 08512-0000 |

# **Exhibit G**


**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| 13605 Carroll Co Coop Inc - Galax Br | Attn: Jeffrey Dean | PO Box 98 | | | Hillsville | VA | 24343 | |
| 13605 Carroll Co Coop Inc - Galax Br | Attn: Trina Frazier | 6606 West Broad Street | | | Richmond | VA | 23230 | |
| 360 Cold Spring Avenue LLC | | 360 Cold Spring Ave | | | West Springfield | MA | 01089 | |
| 7z9wh&nw | | | | | | | | |
| Abbott Farm Suppliers, Inc. | | 445 South Main St | | | Halifax | VA | 24558 | |
| ABC Services Group, Inc. | | 13681 Newport Ave | Suite 8-609 | | Tustin | CA | 92780 | |
| Ace Hardware & Building Supply Inc. | | 667 Us 431 N | | | Livermore | KY | 42352 | |
| ACHELLE PETERBOROOUGH AGWAY | | 65 ROUTE 202 JAFFREY RD | | | Peterborough | NH | 03458-0000 | |
| ACMEPAPER AND SUPPLY | | | | | | | | |
| Acors Country Store Llc | | 845 Church Street Ste C | | | Tappahannock | VA | 22560 | |
| Adkins Home Center, Inc. | | 250 Cheat Valley Hwy | | | Parsons | WV | 26287 | |
| Adobe | | 345 Park Ave | | | San Jose | CA | 95110-2704 | |
| ADP LLC | | PO Box 842875 | | | Boston | MA | 02284-2875 | |
| ADP Screening And Selection Services Corp | | PO Box 645177 | | | Cincinnati | OH | 45264-5177 | |
| AEP | Attn: President, General, or Managing Agent | 420 Riverport Rd | | | Kingsport | TN | 37660-3500 | |
| AG Adjustments, Ltd | | 740 Walt Whitman Rd | | | Melville | NY | 11747 | |
| AG SPRAY EQUIPMENT INC | | PO Box 1150 | | | Minneapolis | MN | 55480-1150 | |
| AG Spray Equipment Inc. | | FIMCO Inc. Lockbox 135071 | | | Minneapolis | MN | 55480-1150 | |
| Agri Fab Inc. | | PO Box 6718 | | | Carol Stream | IL | 60197-6718 | |
| Agri-Fab | Attn: Denise Moller | 809 S. Hamilton St | | | Sullivan | IL | 61951 | |
| Agri-Fab, Inc | Attn: AR Dept | 809 S Hamilton St | | | Sullivan | IL | 61951 | |
| AGV Cleaning | | 144 Summit Ave | | | Chicpee | MA | 01020 | |
| Agway | | | | | | | | |
| Agway Farm & Home Supply, LLC | | 6606 W Broad St | | | Richmond | VA | 23230 | |
| Ainsworth Pet Nutrition LLC | | PO Box 536204 | | | Pittsburgh | PA | 15253-5904 | |
| Allen County Farmers | | 512 Smith Grove Rd | | | Scottsville | KY | 42164 | |
| Alterra Tools Limited | | Zhaoyi Rd Dongsheng Town Zhongshan | | | Guangdong | | | China |
| AM Leonard Inc. | | PO Box 816 | | | Piqua | OH | 45356-0816 | |
| American Benefits Group | | 320 Riverside Drive | | | Florence | MA | 01062 | |
| American Colloid Co | | PO Box 955112 | | | St Louis | MO | 63195-5112 | |
| American Colloid Company | Attn: Sara Sehdev | PO Box 955112 | | | St. Louis | MO | 63195-5112 | |
| American Wood Fibers Inc. | | 9740 Patuxent Woods Dr | | | Columbia | MD | 21046 | |
| American Wood Fibers, Inc. | c/o Ruder Ware | Attn: John D. Leary | 402 Graham Ave | PO Box 187 | Eau Claire | WI | 54702-0187 | |
| Ames Company - Camp Hill | | PO Box 8500 | Lockbox 8491 | | Philadelphia | PA | 19178-8491 | |
| Anchor Hocking LLC | | 519 N Pierce Ave | | | Lancaser | OH | 43130 | |
| ANIMAL HEALTH INTERNATIONAL INC | | 1858 Charter Ln Ste 100 | | | Lancaster | PA | 17601-6743 | |
| Animal Health International Inc. | Attn: President, General, or Managing Agent | 2915 Rocky Mountain Ave | Suite 400 | | Loveland | CO | 80538 | |
| Animal Health International Inc. | Attn: President, General, or Managing Agent | PO Box 561305 | | | Denver | CO | 80256-1305 | |
| Animal Health International, Inc | Attn: Heather Kayser | PO Box 1418 | | | Loveland | CO | 80539 | |
| Animal Health International, Inc. | c/o Goodman Allen Donnelly, PLLC | Attn: Donna J. Hall & Brian B. Veith | 4050 Innslake Dr | # 200 | Glen Allen | VA | 23060-3327 | |
| Animal Health International, Inc. | c/o Goodman Allen Donnelly, PLLC | Attn: Donna J. Hall & Brian B. Veith | 150 Boush St | Suite 900 | Norfolk | VA | 23510 | |
| Animal Health International, Inc. | Scott A. Lifson | 600 Highway 169, Ste 1700 | | | Minneapolis | MN | 55426 | |
| Anthem, Inc. | Attn: Victoria Lynn | 220 Virginia Ave | | | Indianapolis | IN | 46204 | |
| Anthem, Inc. | c/o Agway Farm & Home Supply, LLC | Attn: Peter Veillette, ARM | 521 5th Ave | 15th Floor | New York | NY | 10175 | |
| Apex Tool Group LLC | | 62661 Collections Center Dr | | | Chicago | IL | 60693-0626 | |
| Argo Partners | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Argo Partners [as Assignee of Ragan & Massey Inc] | | 12 West 37th Street | Ste 900 | | New York | NY | 10018 | |
| Asec Group, LLC Dba Personiv | | 8601 Ranch Road 2222 | Bldg 1 | Suite 450 | Austin | TX | 78730 | |
| Ashland Feed Store | | 120 Thompson St | | | Ashland | VA | 23005 | |
| ASM Industries/Pacer Pumps | Susan Hein | 41 Industrial Circle | | | Lancaster | PA | 17601 | |
| Assurant | c/o Voyager Indemnity Insurance Company | 260 Interstate North Circle SE | | | Atlanta | GA | 30339 | |
| AT Films Inc. | | PO Box 633485 | | | Cincinnati | OH | 45263 | |
| Atlus Receivables Management | | 2121 Airline Dr | Ste 520 | | Metairie | LA | 70001-5987 | |
| Aubuchon Alexandria | | 7934 Fort Hunt Road | | | Alexandria | VA | 22309 | |
| Austinville Limestone Co | | PO Box 569 | | | Austinville | VA | 24312 | |
| Automatic Trap Company | | 19201 Sonoma Hwy | Suite 196 | | Sonoma | CA | 95476 | |
| Automotive Rentals, Inc. [Automotive Resources International] | Attn: Frank Clement | 4001 Leadenahll Road | P.O. Box 5039 | | Mount Laurel | NJ | 08054 | |
| AVERITT EXPRESS | | 1415 Neal St. | PO Box 3166 | | Cookeville | TN | 38502-3166 | |
| Axiom Impressions LLC | | 3200 E Heartland Dr | | | Liberty | MO | 64068 | |
| Bar G Horse & Cattle Supply | | 1060 Astondale Road | | | Bishop | GA | 30621 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Battery Shop of New England Inc. | | 40 Silva Land | | | Dracut | MA | 01826 | |
| Bay State Sprinkler Co Inc. | | PO Box 564 | | | West Chester | PA | 19381-0564 | |
| Bayco Provisions Inc. | | 68 W Peacock Ave | | | Denton | NC | 27239 | |
| Bdk Feed & Supply Llc | | 660 West Main Street | | | Blanchester | OH | 45107 | |
| Bee Line Corp | | PO Box 6 | | | Springfield | MA | 11010 | |
| Behlen Mfg Co | | 4025 E 23rd St | | | Columbus | NE | 68601 | |
| Behlen Mfg. Co. | | 1628 Collections Center Drive | | | Chicago | IL | 60693 | |
| Behlen Mfg. Co. [Behlen County] | Erik Hash | 4025 E. 23rd St. | | | Columbus | NE | 68601 | |
| Bekaert Corporation | | PO Box 101280 | | | Atlanta | GA | 30392 | |
| Bekaert Corporation | Attn: President, General, or Managing Agent | 1395 S Marietta Pkwy | Bldg 500 | Suite 100 | Marietta | GA | 30067 | |
| Bekaert Corporation | c/o Euler Hermes | Attn: Allianz Trade | 800 Red Brook Blvd | Suite 400 C | Owings Mills | MD | 21117 | |
| Bekaert Corporation | c/o Euler Hermes / Allianz Trade | 800 Red Brook Blvd | Suite 400 C | | Owings Mills | MD | 21117 | |
| Benebone LLC | | | | | | | | |
| Berne Apparel Company | | PO Box 856854 | | | Minneapolis | MN | 55485-6854 | |
| Berne Apparel Company | c/o Beckman Lawson, LLP | Attn: Edmund P. Kos | 201 West Wayne Street | | Fort Wayne | IN | 46802 | |
| Bernick Lifson | | 600 Highway 169 S | Suite 1700 | | Minneapolis | MN | 55426-1221 | |
| Berry Global Films | | PO Box 633485 | | | Cincinnati | OH | 45263-3485 | |
| Best Bee Brothers LLC | | 12745 W Townsend St | | | Broofield | WI | 53005 | |
| Bethel Feed & Supply | | 528 West Plane St. | | | Bethel | OH | 45106 | |
| Big & J Industries LLC Robin 117568 | | 208 N Wheeler Ave | | | Grand Island | NE | 68801 | |
| Big & J Industries, LLC | c/o Galyen Boettcher Baier PC, LLO | Attn: Jeff Galyen | 100 N. 13th Street, Suite 300 | | Norfolk | NE | 68701 | |
| Big Stone Gap Farm & Garden Supply Inc. | | 1522 3Rd Ave E | | | Big Stone Gap | VA | 24219 | |
| Binghamton Agway Cooperative, Inc. | Attn: President or other officer | 145 Broad Ave | | | Binghamton | NY | 13904 | |
| Binghamton Agway Cooperative, Inc. | c/o Registered Agent | 333 Butternut Dr | | | Dewitt | NY | 13214 | |
| BIO LAB INC | | 1725 North Brown Rd | | | Lawrenceville | GA | 30043-8119 | |
| Bio Lab Inc | Attn: Kelly Baia | 101 Macintosh Blvd | | | Concord | ON | L4K 4R5 | |
| Bloem LLC | Attn: Andrea Susan Adams | 3301 Hudson Trail Dr | | | Hudsonville | MI | 49426 | |
| Blueridge Farmers Coop - Route 29 Br | | 2381 Leake Square | | | Charlottesville | VA | 22911 | |
| Blueridge Farmers Coop-Charlottesville Br | | 810 Harris St | | | Charlottesville | VA | 22903 | |
| Boam Law | | 1010 College St | | | Bowling Green | KY | 42102 | |
| Bonnie Plant Farm | | 1727 Hwy 223 | | | Union Springs | AL | 36089 | |
| Boomi Inc. | | 1400 Liberty Ridge Dr | | | Chesterbrook | PA | 19087 | |
| Border Concepts Inc. | | PO Box 735239 | | | Dallas | TX | 75373 | |
| Border Concepts, Inc | Attn: Sandy Peterson | 7621 Little Ave #426 | | | Charlotte | NC | 28226 | |
| Boss Pet Products Inc. | | PO Box 734038 | | | Chicago | IL | 60673-4038 | |
| Boss Pet Products, Inc. | Diana DeSmit | 1221 Page St | | | Kewanee | IL | 61443 | |
| Bowens Farm Supply | | 2550 Riva Rd | | | Annapolis | MD | 21401 | |
| Bowling Feed & Hardware, Inc. | | 3415 Court Street | | | Catlettsburg | KY | 41129 | |
| Brubaker Grain - Collinsville | | 4850 Hamilton Eaton Rd | | | Hamilton | OH | 45013 | |
| Brubaker Grain & Chemical, Inc - West Alex | | 2918 Quaker Trace Rd | | | West Alexandria | OH | 45381-9630 | |
| Brubaker Grain Brookville | | 11597 Upper Lewisburg Salem Rd | | | Brookville | OH | 45309 | |
| Brubaker Grain Eaton | | 412 S Franklin St | | | Eaton | OH | 45320 | |
| Brubaker Grain Farmersville | | 307 West Center St | | | Farmersville | OH | 45325 | |
| Bruceton Ag-Services, Inc | | 28 Springs Rd | | | Grantsville | MD | 21536 | |
| Burgess Farm Service Inc | | 201 Patrick St | | | Keyser | WV | 26726 | |
| Burley Clay Products | | PO Box 35 | | | Roseville | OH | 43777-0035 | |
| Byler Seed And Hardware | | 16496 Nash Rd | | | Middlefield | OH | 44062 | |
| C&K Systems Inc. | | 780 Lynnhaven Pkwy | Suite 345 | | Virginia Beach | VA | 23452 | |
| C1 Coast Of Maine Brands | | 372 Puseyville Rd | | | Quarryville | PA | 17566 | |
| C1 Vaporizer - Plainfield, Ct | | PO Box 536192 | | | Pittsburg | PA | 15253-5903 | |
| C2 Dry Creek | | 958 State Rt 49W | | | Ulysses | PA | 16948 | |
| C2 Vaporizer - Retsof, NY | | PO Box 536192 | | | Pittsburg | PA | 15253-5903 | |
| Calhoun Feed Service | | 515 Nebo Rd | | | Madisonville | KY | 42431 | |
| Cameron Kruse | | 15419 Bay Cove Ct | | | Houston | TX | 77059 | |
| Canine Caviar Pet Foods Inc. | | PO Box 6551 | | | Corona | CA | 92878 | |
| Cans Unlimited Inc. | | PO Box 934231 | | | Atlanta | GA | 31193-4231 | |
| Capital Forest | c/o Archer & Greiner P.C. | Attn: Jerold S. Kulback & Douglas G. Leney | 1025 Laurel Oak Road | | Voorhees | NJ | 08043 | |
| CAPITAL FOREST FENCING | | PO Box 536696 | | | Pittsburg | PA | 15253-0000 | |
| Capital Forest Products Inc. | | PO Box 536696 | | | Pittsburg | PA | 15253 | |
| CAPITAL FOREST SOILS | | PO Box 536696 | | | Pittsburg | PA | 15253-0000 | |
| Capital Forrest Products | Attn: Bryant R. O'Kane | 222 Severn Ave | Bldg 14 | Suite 100 | Annapolis | MD | 21403 | |
| Cargill - Wholesale DC's | | PO Box 842621 | | | Dallas | TX | 75284-2621 | |
| Cargill Animal Nutrition | | 637 Mattes Rd | | | Friendsville | PA | 18818 | |
| CARGILL ANIMAL NUTRITION - (PRO PET) | | 904 NE 10th Avenue | | | McMinnville | OR | 97128-4035 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Cargill Animal Nutrition West Branch | | N 4th St PO Box 667 | | | West Branch | IA | 52358 | |
| CARGILL INC | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill Inc. | | PO Box 418954 | | | Boston | MA | 02241 | |
| Cargill Salt | Attn: President, General, or Managing Agent | 825 E Douglas Ave | | | Wichita | KS | 67202 | |
| Cargill Salt | Attn: President, General, or Managing Agent | PO Box 9300 | | | Minneapolis | MN | 55440 | |
| Cargill Salt Division | | PO Box 751992 | | | Charlotte | NC | 28275-1992 | |
| Cargill Salt Division - Akron, Oh | | PO Box 751992 | | | Charlotte | NC | 28275-1992 | |
| CARGILL SALT DIVISION - AKRON, OH | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill Salt Division - Clnc.innati, Oh | | PO Box 9300 | | | Charlotte | NC | 28275-1992 | |
| CARGILL SALT DIVISION - CINCINNATI, OH | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill Salt Division - Cleveland, Oh | | PO Box 751992 | | | Charlotte | NC | 28275-1992 | |
| CARGILL SALT DIVISION - CLEVELAND, OH | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| CARGILL SALT DIVISION - DLVD | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| CARGILL SALT DIVISION - LANSING, NY | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill Salt Division - Watkins Glen, Ny | | PO Box 751992 | | | Charlotte | NC | 28275-1992 | |
| CARGILL SALT DIVISION - WATKINS GLEN, NY | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill Salt Division - White March, Md | | PO Box 751992 | | | Charlotte | NC | 28275-1992 | |
| CARGILL SALT DIVISION - WHITE MARCH, MD | | PO Box 9300 | | | MINNEAPOLIS | MN | 55440-0000 | |
| Cargill, Incorporated | Attn: Lori Westrick | 9320 Excelsior Blvd., MS 150 | | | Hopkins | MN | 55343 | |
| Carhartt | | PO Box 856843 | | | Minneapolis | MN | 55485-6843 | |
| Carolina Greenhouse Plants Inc. | | PO Box 1140 | | | Kinston | NC | 28503 | |
| Carolina Greenhouse Plants Inc. | Attn: Lisa Cobb | 1504 Cunningham Road | | | Kinston | NC | 28501 | |
| CARSON FARM & GARDEN Inc | | 2616 COLONEL THOMPSON HIGHWAY | | | ST MATTHEWS | SC | 29135-0000 | |
| Carson Industries | | 189 Foreman Rd | | | Freeport | PA | 16229 | |
| Carthage Agribusiness Inc. | | 3710 Hwy 15-501 | | | Carthage | NC | 28327 | |
| CCA Financial, LLC | | 7275 Glen Forest Dr | Suite 100 | | Richmond | VA | 23226 | |
| CCA Financial, LLC | Sharon Cole | 7275 Glen Forest Drive | Suite 100 | | Richmond | VA | 23226 | |
| Centerra Coop - Andover | | 225 East Main St | | | Andover | OH | 44003 | |
| Centerra Coop - Ashland Retail | | 1290 Middle Rowsburg | | | Ashland | OH | 44805 | |
| Centerra Coop - Chardon | | 12285 Ravenna Road | | | Chardon | OH | 44024 | |
| Centerra Coop - Grafton | | 717 Erie Street | | | Grafton | OH | 44044 | |
| Centerra Coop - Medina | | 6701 Wooster Pike | | | Medina | OH | 44256 | |
| Centerra Coop - Middlefield | | 14961 South State Ave | | | Middlefield | OH | 44062 | |
| Centerra Coop - Seville | | 16 Market St | | | Seville | OH | 44273 | |
| Centerra Coop - Sterling | | 6800 Chestnut St | | | Sterling | OH | 44276 | |
| Centerra Coop - Wooster | | 427 W Henry St | | | Wooster | OH | 44691 | |
| Centerra Coop- Cortland | | 312 Mecca St | | | Cortland | OH | 44410 | |
| Centerra Coop- Jefferson | | 135 East Walnut Street | | | Jefferson | OH | 44047 | |
| Centerra Coop- Ravenna | | 467 Cleveland Rd | | | Ravenna | OH | 44266 | |
| Central Garden and Pet | | | | | | | | |
| Central Garden and Pet | AR | PO BOX 277743 | | | ATLANTA | GA | 30384 | |
| Central Park & Pet | | 1340 Treat Blvd | Suite 600 | | Walnut Creek | CA | 94597 | |
| Central Specialty Pet / CASA | | 7215 Collections Center Dr | | | Chicago | IL | 60693 | |
| Central Specialty Pet / CASA | Accounts Receivable | 7215 Collections Center Dr | | | Chicago | IL | 60693 | |
| Centurion Garden And Outdoor Living Inc. | | 6907 University Ave 311 | | | Middleton | WI | 53562 | |
| CETCO | | PO Box 955112 | | | St Louis | MO | 63195-5112 | |
| CG Roxane LLC | | Dept Ch 16405 | | | Palatine | IL | 60055-6405 | |
| CH Robinson | | PO Box 9121 | | | Minneapolis | MN | 55480 | |
| Chambers Farm & Garden Supply Warehouse Inc. | | 404 Mcnabb Road Sw | | | Cullman | AL | 35055 | |
| Chapin International Inc. | | PO Box 74191 | | | Cleveland | OH | 44194-4191 | |
| Chase Staffing Services | | PO Box 534501 | | | Atlanta | GA | 30353-4501 | |
| Cherokee Feed & Seed - Gainesville | | 869 Grove St Sw | | | Gainesville | GA | 30501 | |
| Cherokee Feed & Seed, Inc. | | 2370 Hightower Road | | | Ball Ground | GA | 30107 | |
| Chiesa Shahinian & Gianyomasi Pc | | One Boland Dr | | | Wet Orange | NJ | 07052 | |
| CHS Cooperatives | | PO Box 1450 NW 9365 | | | Minneapolis | MN | 55485-8414 | |
| Cintas Corporation | | 704 Industrial Ave | | | Bedford | VA | 24523 | |
| Cintas Corporation 220 | | PO Box 630129 | | | Cincinnati | OH | 45263-1025 | |
| CIT Group/Commercial Services | | PO Box 1036 | | | Charlotte | NC | 28201-1036 | |
| Citi Bank N.A. | | 10201 Centurian Pkwy N | Suite 100 | | Jacksonville | FL | 32256-4114 | |



**Exhibit G**

Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| City Clerk of Westfield | | 28 Sackett St | | | Westfield | MA | 01085 | |
| City of Westfield | | PO Box 4122 | | | Woburn | MA | 01888-4122 | |
| Classic Brands LLC | | 29 E King St | Ste 201 | | Lancaster | PA | 17502-2852 | |
| Clay Farm Bureau Coop | | 111 Main Street | | | Clay | WV | 25043 | |
| Clearbrook Feed & Supply Inc. | | 115 Hopewell Lane | | | Clearbrook | VA | 22624 | |
| Clintwood Farm And Garden Supply Inc | | 179 S Market St | | | Clintwood | VA | 24228 | |
| Cloverdale Warehouse - F&H | | SSC Cloverdale Distribution Center | | | Cloverdale | VA | 24077-0459 | |
| CMC | | 6565 N MacArthur Blvd Suite 800 | | | Irving | TX | 75039 | |
| CMC Steel | | Dept 1030 | | | Atlanta | GA | 30374-2438 | |
| CMC Steel | Attn: President, General, or Managing Agent | 6565 N MacArthur Blvd | Suite 800 | | Irving | TX | 75039 | |
| CMC Steel | Attn: President, General, or Managing Agent | PO Box 742438 | | | Atlanta | GA | 30374-2438 | |
| CMC Steel | Heather Potter | 3030 Rocky Point W  Suite 265 | | | Tampa | FL | 33607 | |
| CMI | | PO Box 456 | | | Upper Darby | PA | | |
| Coast of Maine Brands | Attn: Britt Knowlton | 145 Newbury St. | | | Portland | ME | 04101 | |
| COAST OF MAINE BRANDS - QUARRYVILLE | | 372 Puseyville Rd | | | Quarryville | PA | 17566-0000 | |
| Coast of Maine Brands-Quarryville | Attn: Jon Cryer and Britt Knowlton | 372 Puseyville Rd | | | Quarryville | PA | 17566 | |
| Cobro Americas | | Av. Paseo de la Reforma 42 | Centro, Cuauhtémoc | | Mexico City | | 06010 | Mexico |
| Cognizant Technology Solutions U.S. Corporation | | 211 Quality Circle | | | College Station | TX | 77845 | |
| Coleman Farm Supply | | 152 Main Street | | | Appomattox | VA | 24522 | |
| Colloid Environmental Tech LLC | Attn: Sara Sehdev | PO Box 955112 | | | St. Louis | MO | 63195-5112 | |
| Columbia Gas of Massachusetts | | PO Box 55215 | | | Boston | MA | 02205-5215 | |
| Comcast | | PO Box 70219 | | | Philadelphia | PA | 19176-0219 | |
| Comcast | Attn: President, General, or Managing Agent | 1 Comcast Center | | | Philadelphia | PA | 19103-2838 | |
| Commandlink LLC | | 22722 29th Drive SE, Ste 100 | | | Bothell | WA | 98021 | |
| Commandlink LLC | | PO Box 1246 | | | Everett | WA | 98206-1246 | |
| Commandlink LLC | c/o Keating & Lyden, LLC | 3020 Carbon Place | Ste 202 | | Boulder | CO | 80301 | |
| Commonwealth Of Massachusetts | | 251 Causeway St | Suite 500 | | Boston | MA | 02241-7599 | |
| Communications (RC) | | 2634 Delta Ln | | | Elk Grove Villiage | IL | 60007 | |
| Contech Engineered Solution | | PO Box 936362 | | | Atlanta | GA | 31193-6217 | |
| Continental Casualty Company | | 23453 Network Place | | | Chicago | IL | 60673-1234 | |
| Conyers Pet & Livestock Supply | | 4479 Ga Hwy 20 | | | Conyers | GA | 30013 | |
| Cook'S Farm Supply | | 2408 Battleground Road | | | Cowpens | SC | 29330 | |
| Corona Clipper | | 22440 Temescal Canyon Rd | | | Corona | CA | 92883-4200 | |
| Corona Clipper Inc. | | 22440 Temescal Canyon Road | | | | CA | 92883 | United States |
| Couhig Partners LLC | | 1100 Poydras St | Suite 3250 | | New Orleans | LA | 70163 | |
| Country Oaks Farm & Pet Supply | | 5967 Hwy 41 South | | | Bolingbroke | GA | 31004 | |
| Country Oaks Farm and Home Supply Inc. | | 659 Veteran Hwy | | | Barnesville | GA | 30204 | |
| Cox Shavings Inc. | | 1001 New Columbia Rd | | | Campbellsville | KY | 42718 | |
| CRH Americas, Inc. | | 900 Ashwood Pkwy | Suite 600 | | Atlanta | GA | 30338 | |
| CS Business Solutions LLC | | PO Box 115 | | | Closter | NJ | 07624 | |
| CSC | | PO Box 7410023 | | | Chicago | IL | 60674-5023 | |
| CSC | | PO Box 7410023 | | | Chicago | IL | 60674-5023 | |
| Csxt N/A 014766 Pitts | | PO Box 640839 | | | Pittsburg | PA | 15264-0839 | |
| Custom Recycling Inc. | | 85 Defco Park Rd | | | North Haven | CT | 06473 | |
| CZ Vaporizer - Dlvd | | PO Box 536192 | | | Pittsburg | PA | 15253-5903 | |
| Dano Enterprises Inc. | | PO Box 4470 | | | Stamford | CT | 06907 | |
| Dano Group | c/o Lennon Murphy & Phillips, LLC | Attn: Patrick F. Lennon | 1599 Post Road East | | Westport | CT | 06880 | |
| Dare Products Inc | Robert Wilson | 860 Betterly Road | | | Springfield | MI | 49037 | |
| Dare Products Inc. - Vendor | | PO Box 157 | | | Battle Creek | MI | 49016-0157 | |
| Dare Products, Inc. | | PO Box 157 | | | Battle Creek | MI | 49016-0157 | |
| Darling Ingredients Inc. | | PO Box 671401 | | | Dallas | TX | 75267-1401 | |
| Davie Farm Service | | 116 Wilkesboro St | | | Mocksville | NC | 27028 | |
| Deacero | | 4051 E Santa Ana St | Suite D | | Ontario | CA | 91761 | |
| Decker Manufacturing | Andrea Eaton | PO Box 370 | | | Keokuk | IA | 52632 | |
| Dentons US LLP | | 4520 Main St | Suite 1100 | | Kansas City | MO | 64111-7700 | |
| Dish LLC | | PO Box 94063 | | | Palatine | IL | 60094-4063 | |
| Dish Network | Attn: President, General, or Managing Agent | 9601 S Meridian Blvd | | | Meridian | CO | 80112 | |
| DNU - 41032 Sioux Steel Company | | Drawer #2384 | | | Troy | MI | 48007-5935 | |
| Dodson Pest Control | | PO Box 17242 | | | Baltimore | MD | 21297 | |
| Dorse & Whitney LLP | | 801 Grand Ave | Suite 4100 | | Des Moines | IA | 50309-8002 | |

In re: Agway Farm Home Supply, LLC
Case No. 22-10602 (JKS)



**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Drakes Farm And Home | | 4224 Drakes Main St | | | Drakes Branch | VA | 23937 | |
| Drakes Farm Service | | 340 Logansport Rd | | | Morgantown | KY | 42261 | |
| D-S Livestock Equipment, LLC | | 18059 National Pike | | | Frostburg | MD | 21532 | United States |
| D-S Livestock LLC | | 18059 National Pike | | | Frostburg | MD | 21532 | |
| Durvet Inc. | | PO Box 801190 | | | Kansas City | MO | 64180 | |
| Dutch Valley Growers | Amy | 22201 S US HWY 421 | | | LaCrosse | IN | 46348 | |
| Dutch Valley Partners LLC | | 4067 E 4000 N Rd | | | Bourbonnais | IL | 60914 | |
| E E Vaughan & Son Inc. | | 200 Meredith St | | | Lawrenceville | VA | 23868 | |
| Earth Duster LLC | | PO Box 22 | | | Elkins | AR | 72727 | |
| Earthway Products Inc. | | 1009 Maple St | | | Bristol | IN | 46507 | |
| EARTHWAY PRODUCTS, INC | | 1009 MAPLE ST | | | BRISTOL | IN | 46507 | |
| Eastern Shore Forest Products Inc. | Attn: John Custis | 25020 Shore Pkwy | Ste 2A | | Onley | VA | 23418 | |
| East-Penn Manufacturing Co. Inc. | | PO Box 784191 | | | Philadelphia | PA | 19178-4191 | |
| Easy Gardner Jobes Ross | | PO Box 21025 | | | Waco | TX | 76702-1025 | |
| Easy Heat Wood Pellets Corp | | PO Box 15 | | | Dublin | OH | 43017 | |
| Ebix Inc. | | PO Box 2153 | | | Birmingham | AL | 35287-9394 | |
| Eglon Farm Service Inc | | 55 Main Street | | | Eglon | WV | 26716 | |
| Elm Electrical Inc. | | 68 Union St | | | Westfield | MA | 01085-2496 | |
| Elwood Staffing Services Inc. | | 4111 Central Ave | | | Columbus | IN | 47203 | |
| Enhance HCM | | 1230 Rosecrans Ave | Ste 530 | | Manhattan Bch | CA | 90266-2486 | |
| Envirem Organics Ltd | | PO Box 402 | | | Unity | ME | 04988 | |
| Envirem Organics Ltd. | Attn: Andrew Kimball | PO Box 402 | | | Unity | ME | 04988 | |
| enVista | | PO Box 7047 | Group Q | | Indianapolis | IN | 46207 | |
| Enviren Organics, Inc | | Perimeter Rd | | | Miramichi | NB | E1N 0A1 | Canada |
| Equine Specialty Feed Company | | 315 Lake St E | | | Wayzata | MN | 55391 | |
| Espoma Company | Attn: President, General, or Managing Agent | 6 Espoma Rd | | | Millville | NJ | 08332 | |
| Ethical Products Inc. | | 27 Federal Plaza | | | Bloomfield | NJ | 07003 | |
| Etonien LLC | | 1230 Rosecrans Ave | Ste 530 | | Manhattan Bch | CA | 90266-2486 | |
| Euler Hermes | | 800 Red Rock Blvd | Suite 400C | | Owings Mills | MD | 21117 | |
| Everest Indemnity Insurance Company | | 100 Everest Way | | | Warren | NJ | 07059 | |
| Evergreen Enterprises | | P.O. Box 602961 | | | Charlotte | NC | 28260-2961 | |
| Evergreen Enterprises | | PO Box 602961 | | | Charlotte | NC | 28260-2961 | |
| Evergreen Enterprises | Attn: Renee Hill | 5915 Midlothian Turnpike | | | Richmond | VA | 23225 | |
| Evolved Habitats | c/o Plano Molding | 500 Duvick Ave | | | Sandwich | IL | 60548-7032 | |
| Executive Security Concepts | | PO Box 456 | | | Daleville | VA | 24083 | |
| F B C CHEMICAL CORPORATION | | PO Box 599 | | | Mars | PA | 16046-0000 | |
| Fabral Corporation | | PO Box 2153 | Dept #3473 | | Birmingham | AL | 35287-3473 | |
| FARM & HOME SERVICE | | 9064 FREDERICK RD | | | ELLICOTT CITY | MD | 21042-0000 | |
| Farm & Home Service, Inc. | | 7625 Main St | | | Sykesville | MD | 21784 | |
| Farm & Home Supply Kilmarnock | | 469 N Main St | | | Kilmarnock | VA | 22482 | |
| Farm Innovators Inc. | | PO Box 546 | | | Plymouth | IN | 46563 | |
| Farmers & Planters Too Llc | | 308 Mill Street | | | Salisbury | MD | 21801 | |
| Farmers Feed Of Ripley, Inc. | | 620 N Church Street | | | Ripley | WV | 25271 | |
| Farnam Company Inc. | | PO Box 504336 | | | St. Louis | MO | 63150 | |
| FBC Chemical Corporation | | PO Box 931180 | | | Cleveland | OH | 44193 | |
| Federal Insurance Company (Chubb) | c/o Chubb Group of Insurance Companies | 2155 W Pinnacle Peak Rd | Suite 205 | | Phoenix | AZ | 85027-1215 | |
| Files.com | | 222 S Mill Ave | Suite 800 | | Tempe | AZ | 85281 | |
| FIMCO, Inc d/b/a Ag Spray Equipment | Attn: Joe Gill | 200 S Derby Ln | | | North Sioux City | SD | 57049 | |
| Fimco, Inc dba Spray Equipment | c/o Thompson McMullan, PC | Attn: J. Buckley Warden & John P O'Malley | 100 Shockoe Slip | 3rd Floor | Richmond | VA | 23219 | |
| First Insurance Funding | | PO Box 7000 | | | Carol Stream | IL | 60197-7000 | |
| FL Hardware | c/o Smith Gambrell & Russell | Attn: Brandon Dodd & Brian Hall | 50 N Laura St | Suite 2600 | Jacksonville | FL | 32202 | |
| Flynns Pest Control Inc. | | 32 Anawan St | | | Rehoboth | MA | 02769 | |
| FMC Corporation | c/o Bank of America | 2929 Walnut St | | | Philadelphia | PA | 19104 | |
| Focus Management Group USA, Inc. | | 30725 US Hwy 19N | PMB 330 | | Palm Harbor | FL | 34684 | |
| Focus Management Group USA, Inc. | | 30725 Us Hwy 19N PMB 330 | | | Palm Harbor | FL | 34684 | |
| Foley & Lardner LLP | | | | | | | | |
| Foley & Lardner LLP | | 777 E Wisconsin Ave | | | Milwaukee | WI | 53202 | |
| Foley & Lardner LLP | Accounts Receivable | 777 E. Wisconsin Avenue | | | Milwaukee | WI | 53202 | |
| Food Science Corp | | 20 New England Dr | Suite 10 | | Essex Jct | VT | 05252 | |
| Fords Feed & Seed Llc | | 2270 Valway Rd | | | Lenoir | NC | 28645 | |
| Four Paws | | PO Box 277743 | | | Atlanta | GA | 30384-7743 | |
| Four Paws | AR | PO BOX 277743 | | | ATLANTA | GA | 30384 | |
| G & G Farm Service Inc. | | 17434 Gravatt Rd | | | Milford | VA | 22514 | |
| Gallagher | | PO Box 844366 | | | Kansas City | MO | 64184-4366 | |



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Gallagher | Attn: President, General, or Managing Agent | 2850 Golf Rd | | | Rolling Meadows | IL | 60008 | |
| Gallagher North America | c/o Dentons US LLP | Attn: Robert A Hammeke | 4520 Main St | Suite 1100 | Kansas City | MO | 64111 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | | PO Box 844366 | | | Kansas City | MO | 64184-4366 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | | PO Box 844366 | | | Kansas City | MO | 64184-4366 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | Attn: Julie McGovern | 5005 NW 41st St | | | Riverside | MO | 64150 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | Attn: Julie McGovern | 5005 NW 41st Street | | | Riverside | MO | 64150 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | c/o CSC-Lawyers Incorporating Service | Attn: Julie McGovern | 221 Bolivar Street | | Jefferson City | MO | 65101 | |
| Gallagher North America, Inc. [Gallagher Power Fence Inc.] | c/o CSC-Lawyers Incorporating Service | Attn: Julie McGovern | 221 Bolivar Street | | Jefferson City | MO | 65101 | |
| Galyen Boettcher Baier | | 100N 13th St | Suite 300 | | Norfolk | NE | 68701 | |
| Garant GP | | 375 Chemin St-Francois Ouest | | | St-Francois | Quebec | G0R 3A0 | Canada |
| Garant GP | | PO Box 12442 | | | Newark | NJ | 07101-3542 | |
| Gardenscape Transport Inc. | | PO Box 184 | | | Eau Claire | PA | 16030 | |
| Garmon | | | | | | | | |
| Garmon Corp. [NaturVet] | Attn: Kathy Rogers | 27461 Via Industria | | | Temecula | CA | 92590 | |
| Garmon Corporation | | 27461 Via Industria | | | Temecula | CA | 92590 | |
| Garrison Farm & Home Center, Inc. | | 20600 Hwy 31 South | | | Thorsby | AL | 35171 | |
| Generac Power Systems Inc. | | 29330 Network Place | | | Chicago | IL | 60673-1293 | |
| General Tools And Instruments Co  LLC | | PO Box 735063 | | | Chicago | IL | 60673-5063 | |
| Ghost Controls LLC | | 3166 Hartsfield Rd | | | Tallahassee | FL | 32303 | |
| GHP Group Inc. | | 6440 W Howard St | | | Niles | IL | 60714 | |
| Giles Farm Bureau Coop | | 3745 Virginia Avenue | | | Pearisburg | VA | 24134 | |
| Glamos Wire Products | | 2300 Main St | | | Lino Lakes | MN | 55038 | |
| Glamos Wire, Inc. | David Isberner | 2300 Main Street | | | Lino Lakes | MN | 55038 | United States |
| Global Equipment Co Inc. - Apache Mfg | | PO Box 1248 | | | Norfolk | NE | 68702-1248 | |
| Global Harvest Foods | Global Harvest Foods | 16000 Christensen Rd Ste 300 | Attn : Accounting | | Tukwila | Washington | 98188 | United States |
| Global Harvest Foods Inc. | | 16000 Christensen Rd | Suite 300 | | Seattle | WA | 98188 | |
| Gragg Farm Supply Llc | | 1920 Henderson Mill Rd | | | Morganton | NC | 28655 | |
| Grant County Mulch Inc. | | 181 Mulch Dr | | | Petersburg | WV | 26847 | |
| Grant County Mulch, Inc. | c/o The Law Office of Kathy M. Santa Barbara, PLLC | Attn: Kathy M. Santa Barbara | 518 W. Stephen St | | Martinsburg | WV | 25401 | |
| GREAT SOUTHERN WOOD PRESERVING | | 403 West Washington | | | Abbeville | AL | 36310-0000 | |
| Green Thumb Com | | PO Box J | | | Oldham | SD | 57051 | |
| Greenberg Grant Richards | | 5858 Westheimer Rd | 5th Floor | | Houston | TX | 77057 | |
| Greenleaf Nursery Company | | Dept # 96 0460 | | | Oklahoma City | OK | 73196-0460 | |
| gregorypalletand lumber | | | | | | | | |
| Griffey Farms Llc | | 10041 Pottershop Rd | | | Centerville | IN | 47330 | |
| Griffith'S General Store, Inc. | | 4301 Hwy 197 N | | | Green Mountain | NC | 28740 | |
| Growmark FS, LLC | | 308 North East Front Street | | | Milford | DE | 19963 | |
| Growmark FS, LLC | c/o Lawrence Law LLC | Attn: Michael J. Lentz, Esq. | 323 West Camden Street | Suite 700 | Baltimore | MD | 21201 | |
| GROWMARK INC - BLOOMINGTON IL | | 1701 Towanda Ave | | | Bloomington | IL | 61701-0000 | |
| Growmark Inc - Bloomington, IL | | PO Box 2500 | | | Bloomington | IL | 61702-2500 | |
| Growmark, Inc | Attn: Carolina DeLeon- Bond | 1701 Towanda Avenue | | | Bloomington | IL | 61701 | |
| Growmark, Inc | Attn: Carolina DeLeon- Bond | 1701 Towanda Avenue | | | Bloomington | IL | 61701 | |
| Growmark, Inc., & Gromark FS LLC | c/o Lawrence Law, LLC | Attn: Michael J. Lentz & Brianna G. Pickhardt | The Warehouse at Camden Yards | 323 W Camden St Suite 700 | Baltimore | MD | 21201 | |
| GSM Outdoors LLC | | PO Box 535189 | | | Prairie | TX | 75053 | |
| Guntersville Feed Store Llc | | 1321 Blount Ave | | | Guntersville | AL | 35976 | |
| Halls Farm & Feed Llc | | 201 Etter Dr | | | Nicholasville | KY | 40356 | |
| Hancock Co Farm Supply | | 740 Madison St | | | Hawesville | KY | 42348 | |
| Hanes Geo Components | | | | | | | | |
| Hanes Geo Components | c/o L&P Financial Service Co | PO Box 60984 | | | Charlotte | NC | 28260 | |
| Hanmi Bank | | 10180 Reseda Blvd | | | Northridge | CA | 91324 | |
| Hanover Specialty Industrial Property | c/o Verlan Fire Insurance Company | 40 Columbia Corporate Center | 10480 Little Patuxent Pkwy | Suite 500 | Columbia | MD | 21044 | |
| Happy Jack Inc. | | Highway 258 South | | | Snow Hill | NC | 28580 | |
| Harris Holding LLC | | 539 Lesjardin Dr | | | Palm Beach Gardens | FL | 33410 | |
| Harris Holding LLC | | PO Box 564 | | | West Chester | PA | 19381-0564 | |
| Harris Holding, LLC | | 539 Les Jardin Drive | | | Palm Beach Gardens | FL | 33410 | |
| Harris Holding, LLC | c/o Williams Mullen | Attn: Jennifer M. McLemore | 200 S 10th Street Suite 1600 | | Richmond | VA | 23219 | |
| Hatcher Supply, Inc. | | 140 Thanksgiving Lane | | | Huntingtown | MD | 20639 | |



**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Hathaway Paper Company | | PO Box 1618 | | | Waynesboro | VA | 22980-1452 | |
| Hawkins Supply Inc | | 1796 Skippers Rd | | | Emporia | VA | 23847 | |
| HC Companies Inc. | | PO Box 932855 | | | Cleveland | OH | 44193 | |
| Healthy Pet LP Corp | | PO Box 84921 | | | Seattle | WA | 98124-6291 | |
| Heath Mfg Company | | 140 Mill St | | | Coopersville | MI | 49404 | |
| Henry Company | | 23269 Network Place | Lockbox 23269 | | Chicago | IL | 60673 | |
| Heritage Cooperative | | 364 Lisbon St. | | | Canfield | OH | 44406 | |
| Heritage Cooperative - Barnesville | | 37065 Barnesville Bethesda Rd | | | Barnesville | OH | 43713 | |
| Heritage Cooperative - Bluffton | | 110 Railroad St | | | Bluffton | OH | 45817 | |
| Heritage Cooperative - Caldwell | | 815 Planning Mill St | | | Caldwell | OH | 43724 | |
| Heritage Cooperative - Cambridge | | 342 Steubenville Ave | | | Cambridge | OH | 43725 | |
| Heritage Cooperative - Fresno | | 23917 State Rt 93 | | | Fresno | OH | 43824 | |
| Heritage Cooperative - Lisbon Branch | | 330 South Lincoln Ave | | | Lisbon | OH | 44432 | |
| Heritage Cooperative - Marietta | | 219 Third Street | | | Marietta | OH | 45750 | |
| Heritage Cooperative - Mechanicsburg | | 140 South Main Street | | | Mechanicsburg | OH | 43044 | |
| Heritage Cooperative - New Philadelphia | | 1062 West High Ave | | | New Philadelphia | OH | 44663 | |
| Heritage Cooperative - Waterford | | 4702 Milner Rd | | | Waterford | OH | 45786 | |
| Heritage Cooperative - Westville | | 26661 State Route 62 | | | Beloit | OH | 44609 | |
| Heritage Cooperative - Woodsfield | | 113 East Marietta St | | | Woodsfield | OH | 43793 | |
| Heritage Cooperative Bethesda | | 109 Depot St | | | Bethesda | OH | 43719 | |
| Heritage Cooperative Pleasant City | | 56683 Marietta Rd | | | Pleasant City | OH | 43772 | |
| Heritage Cooperative Urbana | | 304 Bloomfield Ave | | | Urbana | OH | 43044 | |
| Heritage Cooperative West Mansfield | | 11177 Twp Rpad | | | West Mansfield | OH | 43358 | |
| Hiatt Manufacturing Inc. | | 3600 S Yosemite St | Suite 1000 | | Denver | CO | 80237 | |
| Hills Supply Co Inc | | 186 W Athens St | | | Winder | GA | 30680 | |
| Himalayan Corp | | 19817 74th Ave NE | | | Arlington | WA | 98223-5021 | |
| Hines Growers Inc. | | Dept# 35076 | | | San Francisco | CA | 94139 | |
| HL Lawson & Son Inc. | | PO Box 13566 | | | Roanoke | VA | 24035 | |
| Holland Fertilizer Company, Inc. | | 364 Piedmont Highway | | | Cedartown | GA | 30125 | |
| HOOSAC VALLEY FARMERS EXCHANGE | | PO BOX 299 | | | SCHAGHTICOKE | NY | 12154-0000 | |
| Hoovers Hatchery Company LLC | | 205 Chicksaw St | | | Rudd | IA | 50471 | |
| Howe Farm Supply, Inc. | | 963 Farilane Dr | | | Vanceburg | KY | 41179 | |
| Howells Motor Freight Inc. | | 51 Summons Dr | | | Cloverdale | VA | 24077 | |
| Hub Group Trucking Inc. | Attn: President, General, or Managing Agent | 2000 Clearwater Dr | | | Oak Brook | IL | 60523-8809 | |
| Hub Group Trucking Inc. | Attn: President, General, or Managing Agent | PO Box 532083 | | | Atlanta | GA | 30353-2083 | |
| HUB Group, Inc., d/b/a/ Unyson Logistics | c/o Troutman Pepper Hamilton Sanders, LLP | Attn: Joanna J. Cline & Emily L. Wheatley | Hercules Plaza, #5100, 1313 N Market St | PO Box 1709 | Wilmington | DE | 1899-1709 | |
| Hudson Farm Supply | | 213 Harrington Ave | | | Harrington | DE | 19952 | |
| Hudsons Hardware Inc Clayton | | 77 Amelia Church Road | | | Clayton | NC | 27520 | |
| Hundred Farm Supply | Attn: David A. Cumberledge | 66 Taylor Park Loop | | | Little Rock | AR | 72211 | |
| Hundred Farm Supply | | 2 Virginia St | | | Hundred | WV | 26575 | |
| Huvepharma Inc. | | Dept 3854 | | | Dallas | TX | 75312-3854 | |
| Hwy 28 Farm & Garden | | 1319 Hwy 28 By Pass | | | Abbeville | SC | 29620 | |
| HYDROFARM - FOXFARM FERTILIZER | | 1304 SOUTHPOINT BLVD | STE 200 | | PETALUMA | CA | 94954-7464 | |
| Hydrofarm LLC | | PO Box 102326 | | | Pasadena | CA | 91189-2326 | |
| I Must Garden LLC | | 1500 Garner Rd | | | Raleigh | NC | 27610 | |
| Indipets Inc. | | 20 Haypress Rd | Suite 324 | | Cranbury | NJ | 08512 | |
| Inland Tarp & Liner Inc. | | 4172 N Frontage Road E | | | Moses Lake | WA | 98837 | |
| Intergro Inc. | | PO Box 567 | | | Safety Harbor | FL | 34695 | |
| Intergro, LLC | Attn: Felix Renta | 2915 SR 590, #15 | | | Clearwater | FL | 33759 | |
| Irving Farms Marketing | | PO Box 667 | | | Caribou | ME | 04736 | |
| J A Oldfield & Son | | 8447 Us Hwy 460 West | | | Mize | KY | 41352 | |
| J.P. Morgan Chase Bank | | 1111 Polaris Pkwy | | | Columbus | OH | 43240 | |
| J.P. Morgan Securities, LLC | Attn: Nicholas C. Klym | Three James Center | 1051 E Cary St | Suite 1415 | Richmond | VA | 23219 | |
| Jarden Home Brands | | 75 Remittance Dr | | | Chicago | IL | 60675-1167 | |
| Jefferson Landmark | | 1525 State Hwy 152 | | | Bloomingdale | OH | 43910 | |
| Jefferson Landmark Inc. | | 994 East Market St | | | Cadiz | OH | 43907 | |
| JM Smucker Company | | 39198 Treasury Company | | | Chicago | IL | 60694 | |
| John Hart Farms LLC | | 101 Route 31 North | | | Pennington | NJ | 08534 | |
| Johnson Controls Fire Protection LP | | Dept Ch 10320 | | | Palatine | IL | 60055 | |
| Jowar Discount | | 202 Coal Heritage Road | | | Iaeger | WV | 24844 | |
| JSD Management Inc. | | 1283 College Park Dr | | | Dover | DE | 19904 | |
| Kaufman & Canoles PC | | 150 W Main St | Suite 2100 | | Norfolk | VA | 23510-1665 | |
| Kaufman & Canoles PC | | PO Box 3037 | | | Norfolk | VA | 23514 | |



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Kaytee Products Inc. | | 7215 Collections Center Dr | | | Chicago | IL | 60693 | |
| Kearns Brinen & Monaghan | | 20 E Division St | 2nd Floor | | Dover | DE | 199001 | |
| Kees Farm Service And Supply Llc | | 1889 N State Hwy 7 | | | Grayson | KY | 41143 | |
| Ken-Mulch Inc. | | 2708 Outer Loop | | | Louisville | KY | 40219 | |
| KENT PET GROUP INC | | 2905 Highway 61 North | | | Muscatine | IA | 52761-0000 | |
| Kent Pet Group Inc. | | 27452 Network Place | | | Chicago | IL | 60673 | |
| KENT PET GROUP, INC. | | 27452 NETWORK PLACE | | | CHICAGO | IL | 60673 | |
| Kent Precision Foods Group Inc. | | 26948 Network Place | | | Chicago | IL | 60673-1269 | |
| KENT PRECISION FOODS GROUP, INC. | ATTN: MARK RAUENBUEHLER | 26948 NETWORK PLACE | | | CHICAGO | IL | 60673-1269 | |
| Kik International LLC | Attn: Kelly Baia | 101 Macintosh Blvd | | | Concord | ON | L4K 4R5 | Canada |
| Killens Farm & Home Services | | 123 Montrado St | | | Meadow Bridge | WV | 25976 | |
| Kong Company | | 16191-D Table Mountain Pkwy | | | Golden | CO | 80403-1641 | |
| Kontoor Brands | Accounts Receivable | PO Box 640017 | | | Pittsburgh | PA | 15264 | |
| Kontoor Brands Inc. | | PO Box 640017 | | | Pittsburgh | PA | 15264 | |
| Kreamer Feed Inc. | | PO Box 38 | | | Kreamer | PA | 17833 | |
| L L Goodnight & Sons, Inc. | | 605 Saw Rd | | | China Grove | NC | 28023 | |
| Land O Lakes Purina Feeds LLC | | 13639 Collections Center Dr | | | Chicago | IL | 60693 | |
| Lawrence Transportation System Inc. | | 872 Lee Hwy | Unit 203 | | Roanoke | VA | 24019-8516 | |
| LAX | Attn: President, General, or Managing Agent | | | | | | | |
| LD Oliver Seed Co Inc. | | PO Box 156 | | | Milton | VT | 05468 | |
| Lebanon Seaboard Corp | | PO Box 8500 S 9280 | | | Philadelphia | PA | 19178-9280 | |
| Lehigh Anthracite LP | | 1233 E Broad St | | | Tamaqua | PA | 18252 | |
| Lehigh Outfitters LLC | | PO Box 7410432 | | | Chicago | IL | 60674-0432 | |
| Lennox International Inc. | | 100 Randolph Rd | Ste 1 | | Somerset | NJ | 08873-1384 | |
| Lenovo Financial Services | | 10201 Centurion Pkwy N | Suite 100 | | Jacksonville | FL | 32256 | |
| Lexington Farm And Garden Services Inc. | | 1800 South Main St | | | Lexington | NC | 27292 | |
| LFS Inc. | | 851 Coho Way | | | Bellingham | WA | 98225 | |
| Lfs Stores Llc, Dba Ladds Farm Supply | | 10 Euharlee Rd | | | Cartersville | GA | 30120 | |
| Lhoist North America | | PO Box 281526 | | | Atlanta | GA | 30384-1526 | |
| Liberty Distribution Co | | 188 Inverness Dr W | Ste 800 | | Englewood | CO | 80112-5208 | |
| Liberty Farm & Garden Llc | | 4739 Nc Hwy 49 North | | | Liberty | NC | 27298 | |
| Liberty Mutual Insurance | | 175 Berkeley St | | | Boston | MA | 02116 | |
| Liberty Mutual Insurance [Liberty Insurance Corp, Liberty Mutual Fire Insurance] | | PO Box 91012 | | | Chicago | IL | 60680 | |
| Lingo Staffing Inc. | | PO Box 823461 | | | Philadelphia | PA | 19182-3461 | |
| Link Handle Company | | 500 N Broadway | | | Seymour | IN | 47274 | |
| Liquid Asset Partners, LLC | | 2700 Patterson Ave SE | | | Grand Rapids | MI | 49546 | |
| Logicbroker, Inc | | 1 Enterprise Drive | Suite 425 | | Shelton | CT | 06484 | |
| Lovin Equipment And Sales Inc | | 1551 Sweetwater Rd | | | Robbinsville | NC | 28771 | |
| Lozier Store Fixtures | | PO Box 3577 | | | Omaha | NE | 68103-0577 | |
| LS Evolution LLC | | 1650 Willow Lawn Dr | | | Richmond | VA | 23230 | |
| Ltd Farm And Garden | | 1073 Meadowbrook Dr | | | King | NC | 27021 | |
| Lucid App | | 10355 South Jordan Gateway | Suite 150 | | South Jordan | UT | 84095 | |
| Lucid App | | 365 Canal St | | | New Orleans | LA | 70130 | |
| Lumos | Attn: President, General, or Managing Agent | 1900 Roanoke Rd | | | Daleville | VA | 24083 | |
| Luster Leaf Inc. | | 1961 Dillard Ct | | | Woodstock | IL | 60098 | |
| Madison Wood Preserves Incorporated | c/o Davies, Barrell, Will Lewellyn & Edwards, PLC | Attn: Stephen K. Lewellyn, Esq. | 122 W Cameron St | PO Box 1147 | Culpeper | VA | 22701 | |
| Maine Farmers Exchange | | PO Box 869 | | | Presque Isle | ME | 04769 | |
| MAINE WOOD PELLETS CO LLC | | 164 Harmony Rd | | | Athens | MA | 04912-0000 | |
| Maine Wood Pellets Co LLC | | PO Box 120 | | | Athens | ME | 04912 | |
| Manakey Group LLC | | PO Box 25 | | | Grand Haven | MI | 49417-0025 | |
| Manchester Tank And Equipment | | 12536 Collection Ctr Dr | | | Chicago | IL | 60693 | |
| Manhattan Associates, Inc. | | 2300 Windy Ridge Parkway | 10th Floor | | Atlanta | GA | 30339 | |
| Manhattan Scale WMS | | 2300 Windy Ridge Pkwy | 10th Floor | | Atlanta | GA | 30339 | |
| Manna Pro Corporation | | PO Box 959074 | | | St Louis | MO | 63195-9074 | |
| Manna Pro Products LLC | | PO Box 959074 | | | St Louis | MO | 63195-9074 | |
| Manpowergroup US Inc. | | 21271 Network Place | | | Chicago | IL | 60673 | |
| Mansfield Oil Company Of Gainesville | | PO Box 733706 | | | Dallas | TX | 75373-3706 | |
| Mansfield Oil Company of Gainesville, Inc. | | 1025 Airport Parkway | | | Gainesville | Georgia | 30501 | |
| Mascot Pecan Co | | PO Box 760 | | | Glennville | GA | 30427 | |
| Maybury Associates Inc. | | 90 Denslow Rd | | | East Longmeadow | MA | 01028-3160 | |
| McCorkle Nurseries Inc. | | 4904 Luckys Bridge Rd | | | Dearing | GA | 30808 | |
| McCutcheons | | PO Box 243 | | | Frederick | MD | 21705 | |



**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| McCutcheon's Apple Products, Inc. | Attn: Lynn McCutcheon, Purchasing Manager | PO Box 243 | | | Frederick | MD | 21701 | |
| Mcdonald General Store | | 4575 Hwy 49 North | | | Concord | NC | 28025 | |
| MD Security | | 4 James Circle | | | Peperell | MA | 01463 | |
| Medford Nursery Inc. | | PO Box 1145 | | | Medford | NJ | 08055 | |
| Melissa And Doug LLC | | PO Box 590 | | | Westport | CT | 06881 | |
| Melnor Inc. | Attn: A/R | 109 Tyson Dr | | | Winchester | VA | 22603 | |
| Mercury Paint Corp Dba National Paint | | 4808 Farragut Rd | | | Brooklyn | NY | 11203 | |
| Merit Distribution Group | | 1310 Union St | | | Spartanburg | SC | 29302-3342 | |
| Messinas | | 55 Willow St | | | Washington | NJ | 07882 | |
| Metal Sales Mfg Corporation | | PO Box 203502 | | | Dallas | TX | 75320-3502 | |
| MetLife, Inc. | Attn: Sharon Francis-Varszegi | 18210 Crane Nest Dr. | | | Tampa | FL | 33647 | |
| Metropolitan Life Insurance Company | | PO Box 804466 | | | Kansas City | MO | 64180-4466 | |
| Mibro Group (Div Of Richelieu America) | | PO Box 7410101 | | | Chicago | IL | 60674-0101 | |
| Michigan Peat | | PO Box 301297 | | | Dallas | TX | 75303 | |
| Michigan Peat | Lisa Marks | P O Box 301297 | | | Dallas | TX | 75303-1297 | |
| Microsoft | Attn: Legal Department | One Microsoft Way | | | Redmond | WA | 98052 | |
| Microsoft (M365) | | 6 Logue Ct | | | Greenville | SC | 29615 | |
| Microsoft Azure | | 6 Logue Ct | | | Greenville | SC | 29615 | |
| Microsoft Power BI | | 6 Logue Ct | | | Greenville | SC | 29615 | |
| Midwester Pet Foods Inc | c/o NACM Southwest | 751 Plaza Blvd | | | Coppell | TX | 75019 | |
| Midwestern Pet Foods Inc. | | 9634 Hedden Road | | | Evansville | IN | 47725 | |
| Midwestern Pet Foods, Inc | | | | | | | | |
| Midwestern Pet Foods, Inc | Attn: Derek Tabor | 9634 Hedden Rd | | | Evansville | IN | 47725 | |
| Milk Products Inc. | | 435 E Main St | | | Chilton | WI | 53014 | |
| Miller Manufacturing Company | c/o Kutay Rock LLP | Attn: K. Jon Breyer | 60 S Sixth St | Suite 3400 | Minneapolis | MN | 55402 | |
| Miller Manufacturing Company, Inc. | Attn: Dan Ferrise | 2910 Water Road, Suite 150 | | | Eagan | MN | 55121 | |
| MILLER MFG CO INC | | PO BOX 7 | | | RUSH CITY | MN | 55069-0007 | |
| Miller Mfg Co Inc. | | PO Box 7 | | | Rush City | MN | 55069 | |
| MILLERTON AGWAY | | 5980 N ELM AVE | | | MILLERTON | NY | 12546-0000 | |
| Milorganite Div Mmsd | | PO Box 78847 | | | Milwaukee | WI | 53278-0847 | |
| Milwaukee Metropolitan Sewerage District | Attn: Thomas A Nowicki | 260 West Seeboth Street | | | Milwaukee | WI | 53204 | |
| MIRACO-GALLAGHER | | PO Box 844366 | | | Kansas City | MO | 64184-4366 | |
| MJ Norton Security Inc. | | 1819 Page Blvd | | | Springfield | MA | 01151 | |
| Moneta Farm & Home Center, Inc. | | 11739 Moneta Road | | | Moneta | VA | 24121 | |
| Monrovia Nursery Company | | 817 E Monrovia Place | | | Azusa | CA | 91702 | |
| Montpelier Agway | Attn: David Ide | 190 Montpelier Road | | | Montpelier | VT | 05602 | |
| Morgantown Ag | | 1974 Hunters Way | | | Morgantown | WV | 26505 | |
| Moss Adams | | 999 Third Ave | Suite 2800 | | Seattle | WA | 98104-4057 | |
| Mountain View Hardware Llc | | 4511 Rock Creek Rd | | | Hays | NC | 28635 | |
| Mr Heater-Import | | PO Box 6660 | | | Cleveland | OH | 44135 | |
| MSC Industrial Supply Co Inc. | | PO Box 953635 | | | Saint Louis | MO | 63195-3635 | |
| Mt Jackson Farm Service Llc | | 5385 North Main Street | | | Mt. Jackson | VA | 22842 | |
| MTD Products Inc. | | PO Box 734368 | | | Chicago | IL | 60673-4368 | |
| MTD Southwest Inc. | | PO Box 734368 | | | Chicago | IL | 60673-4368 | |
| Mulch Manufacturing Co | | 6747 Taylor Rd SW | | | Reynoldsburg | OH | 43068 | |
| Mutual of Omaha | Attn: Jenny Charkoudian | 8115 Maple lawn Blvd, Suite 160 | | | Fulton | MD | 20759 | |
| Myron Bowling Auctioneers, Inc | Christopher Lee | 3901 Kraus Lane | | | Hamilton | OH | 45014 | |
| NACM-Southwest | | Faye Goodman 751 Plaza Blvd | | | Coppell | TX | 75019 | |
| Naked Bee | | PO Box 11408 | | | Knoxville | TN | 37939 | |
| National Salvage & Service Corp | | PO Box 300 | | | Clear Creek | IN | 47426 | |
| National Salvage & Service Corporation | Tim Rushenberg | 6755 Old SR 37 | | | Bloomington | IN | 47401 | |
| Nature Products USA | | PO Box 120 | | | Stillwater | MN | 55082 | |
| NC Granite Corp | | PO Box 151 | | | Mounty Airy | NC | 27030 | |
| Neat Distributing LLC | | PO Box 82 | | | Dunnville | KY | 42528 | |
| NeilsenIQ/Spaceman | | 200 W Jackson Blvd | | | Chicago | IL | 60606 | |
| Nelons Feed | | 519 Maple St | | | Hendersonville | NC | 28792 | |
| Netherland Bulb Co-Ssc | | 2720 Industrial Way | | | Vineland | NJ | 08360-1550 | |
| NETHERLAND BULB CO-SSC | | 2720 INDUSTRIAL WAY | | | VINELAND | NJ | 08360-1550 | |
| Nexcommunications Inc | | 520 Clanton Rd | | | Charlotte | NC | 28217 | |
| Nexcommunications Inc. | | 1927 S Tryon St | | | Charlotte | NC | 28203 | |
| NEXSTEP COMMERCIAL PRODUCTS | | 1450 W Ottawa Road | | | Paxton | IL | 60957-0071 | |
| Nexstep Commercial Products | | PO Box 2096 | | | Mount Vernon | OH | 43050-7296 | |
| NFP P&C Trust - AZ | | | | | | | | |
| NFP Property And Casualty Services Inc. | | 401 Market St | | | Philadelphia | PA | 19106 | |
| Noel Custom Cleaning Services LLC | | 2318 10th St NW | | | Roanoke | VA | 24012 | |



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| North Carolina Dept of Agriculture | | 1020 Mail Service Center | | | Raleigh | NC | 27699-1020 | |
| North Central Companies | | 601 Carlson Pkwy | Suite 400 | | Minnetonka | MN | 55305-5226 | |
| North Central Companies, Inc. | Attn: Jeremy John Sandager | 601 Carlson Parkway | Suite 400 | | Minnetonka | MN | 55305 | |
| North East Frtways Dba Land Air Express | | PO Box 920385 | | | Needham | MA | 02492-0005 | |
| North Fulton Feed & Seed Company | | 12950 Highway 9 North | | | Alpharetta | GA | 30004 | |
| North West Rubber Ltd | | PO Box 8000 | | | Sumas | WA | 98295 | |
| North West Rubber Ltd. | Attn: David John Pruim | 33850 Industrial Avenue | | | Abbotsford | BC | V2Z 3A1 | Canada |
| North West Rubber Ltd. | | | | | | | | |
| Northeast Overhead Door Co Inc. | | PO Box 564 | | | West Chester | PA | 19381-0564 | |
| Nutrimax, Inc. | | PO Box 9967 | | | Greensboro | NC | 27429-0967 | |
| Nutri-Vet Wellness | | PO Box 959967 | | | St Louis | MO | 63195-9967 | |
| NV Pets Sales and Marketing | | PO Box 9786 | | | Bakersfield | CA | 93389 | |
| Oglethorpe Feed & Seed | | 900 Athens Rd | | | Crawford | GA | 30630 | |
| Ohio County Farm Service | | 489 State Route 69 North | | | Hartford | KY | 42347 | |
| Ohnson Controls Fire Protection LP | | Dept Ch 10320 | | | Palatine | IL | 60055 | |
| Oklahoma Steel & Wire [Iowa Steel & Wire] | Brent Henry | PO Box 220 | Hwy 70 South | | Madill | OK | 73446 | |
| Oklahoma Steel and Wire Co Inc. | | PO Box 220 | | | Madill | OK | 73446 | |
| OLD WORLD INDUSTRIES | | 3100 Sanders Rd Suite 500 | | | Northbrook | IL | 60062-0000 | |
| Oldcastle APG, Inc. [Oldcastle Architectural] | Attn: Julie Demers | PO Box 527 | | | Poland Springs | ME | 04274 | |
| Oldcastle OSP Lime & Rock | Attn: President, General, or Managing Agent | 481 Springwater Road | | | Poland Spring | ME | 4274 | |
| Oldcastle OSP Lime And Rock | | PO Box 281479 | | | Atlanta | GA | 30384-1479 | |
| Oldcastle Soil & Mulches | | PO Box 281479 | | | Atlanta | GA | 30384-1479 | |
| Onward Manufacturing Company Ltd | | Lock Box #200642 | | | Pitsburg | PA | 15251 | |
| Oracle America Inc. | Bank Of America Lockbox Services | 15612 Collections Center Dr | | | Chicago | IL | 60693 | |
| Oracle America, Inc. | | 500 Oracle Parkway | | | Redwood Shores | CA | 94065 | |
| ORBIT IRRIGATION LLC | | 1470 South 5070 West | | | Salt Lake City | UT | 84104-0000 | |
| Orbit Irrigation LLC | | PO Box 328 | | | Bountiful | UT | 84011 | |
| Our Town Hardware, Inc. | | 6301 Castle Hayne Road | | | Castle Hayne | NC | 28429 | |
| PACER PUMPS | | P O BOX 26234 | | | RICHMOND | VA | 23260-0000 | |
| Pacer Pumps | Division of ASM Industries Inc. | 41 Industrial Circle | | | Lancaster | PA | 17601-5927 | |
| Palmetto Farm Supply | | 333 Broad Street | | | Sumter | SC | 29151 | |
| Palmetto Farm Supply - Florence | | 1600 W Darlington St | | | Florence | SC | 29501 | |
| Palmetto Farm Supply Camden | | 40 E Dekalb Street | | | Camden | SC | 29020 | |
| Parsons Farms Llc | | 01 West State Street | | | West Jefferson | NC | 28694 | |
| Pascoe Workforce Solutions | | PO Box 5046 | | | New Britain | CT | 06050-5046 | |
| Paycom Software, Inc. | Attn: Jordan Long | 7501 W Memorial Rd | | | Oklahoma City | OK | 73142 | |
| Paycom Software, Inc. | Attn: Seth Vanhoozier | 919 E Main St | Suite 1602 | | Richmond | VA | 23219 | |
| PDZ COMPANY LLC | | PO BOX 504228 | | | SAINT LOUIS | MO | 63150-0000 | |
| PDZ Company, LLC | | | | | | | | |
| Pearl Valley Farms Inc. | Ray Baker | 968 S Kent Rd | | | Pearl City | IL | 61062 | |
| Penske Truck Leasing Co. L.P. | Attn: Rick Kemery | 2675 Morgantown Road | | | Reading | PA | 19607 | |
| Phillips Feed & Pet Supply | | 3747 Hecktown Rd | | | Easton | PA | 18045 | |
| Phillips Feed & Pet Supply | Attn: President, General, or Managing Agent | 3747 Hecktown Rd | | | Easton | PA | 18045 | |
| Pine Tree Farms Inc. | | PO Box 254 | | | Interlaken | NY | 14847 | |
| Pine Tree Farms, Inc. | Attn: Neal Stillions | 3714 Cayuga St. | | | Interlaken | NY | 14847 | |
| Pine Tree Farms, Inc. | c/o Obermayer Rebmann Maxwell & Hippel LLP | Attn: Michael D. Vagnoni, Esq. | Centre Square West | 1500 Market Street, Suite 3400 | Philadelphia | PA | 19102 | |
| Plantation Products LLC | | PO Box 411163 | | | Boston | MA | 02241-1163 | |
| Polygro LLC | | PO Box 567 | | | Safety Harbor | FL | 34695 | |
| Polygro, LLC | Attn: Felix Renta | 2915 SR 590, #15 | | | Clearwater | FL | 33759 | |
| Polyvinyl Films Inc. | Attn: Maria Connor | 38 Providence Rd | | | Sutton | MA | 01590 | |
| Ppg Architectural Finishes Inc. | | PO Box 534979 | | | Atlanta | GA | 30353-4979 | |
| Precision Delivery Solutions | | PO Box 920385 | | | Needham | MA | 02492-0005 | |
| Precision Hydraulics Co Inc. | | 256 Industrial Dr | | | Roanoke | VA | 24019 | |
| Premier Powder Coating And Custom Fab LLC | | 115 N 2Nd W | | | Rexburg | ID | 83440 | |
| Prides Corner Farms | | 122 Waterman Rd | | | Lebanon | CT | 06249 | |
| Principle Plastics Inc. | | 1136 W 135th St | | | Gardena | CA | 90247 | |
| Private Brands Inc. Gordon Corp Specialty | | PO Box 504228 | | | St Louis | MO | 63150-4228 | |
| Probec Inc. | | 357 E Southern Ave | | | South Williamsport | PA | 17702 | |
| Progressive Dairy Systems | | 3990 State Route 14 | | | Columbiana | OH | 44408 | |
| Project Fence Acquisition LLC | c/o Broker & Associates Professional Corporation | Attn: Jeffrey W. Broker | 18111 Von Karman Ave | Suite 460 | Irvine | CA | 92612-7153 | |
| PSAV Presentation Services | | 23918 Network Place | | | Chicago | IL | 60673 | |



**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Pughtown Farm Center Inc. | | 819 Pughtown Road | | | Spring City | PA | 19475 | |
| Pure Treats Inc. | | 373 Joseph-Carrier | | | Vaudreuil-Dorioin | QC | J7V 5V5 | Canada |
| Quality Steel Corporation | | PO Box 11407 | Dept 6402 | | Birmingham | AL | 35246-6402 | |
| R & D Cross | | 13801 MARTIN RD | | | BRANDYWINE | MD | 20613-0000 | |
| R & D Cross | | 13801 Martin Rd | | | Brandywine | MD | 20613 | |
| Radio Systems Corporation-Electric Dr | | PO Box 633051 | | | Cincinnati | OH | 45263-3051 | |
| Ragan & Massey Inc. | | 101 Ponchatoula Pkwy | | | Ponchatoula | LA | 70454 | |
| Ragan & Massey LLC | | 101 Ponchatoula Parkway | | | Ponchatoula | LA | 70454 | |
| Ragan & Massey, LLC | Attn: Clerk of the Court, Gary T. Stanga | 110 N Bay St | Suite 100 | PO Box 667 | Amite City | LA | 70422 | |
| Railroad Distribution Services Inc. | | 94 N Elm St | Suite 404 | | Westfield | MA | 01085 | |
| Ray Murray Inc. | | PO Box 1302 | | | Fall River | MA | 02722 | |
| RC Communications | | 6621 Greeley St | | | Tujunga | CA | 91042 | |
| RE Michel Company Inc. | | PO Box 2318 | | | Baltimore | MD | 21203 | |
| Red Barn Farm & Garden Ctr | | 114 Margaret Street | | | Gadsden | AL | 35903 | |
| Red Wing Shoes | | 301-B N Polk St | | | Pineville | NC | 28134 | |
| Red Wing Shoes | | 437 Eisenhower Dr | | | Hanover | PA | 17331 | |
| REDMOND MINERALS | | 2725 North 100 West | | | Redmond | UT | 84652-0000 | |
| Redmond Minerals | | PO Box 219 | | | Redmond | UT | 84652 | |
| Redwood Logistics | | 1765 Elston St | Suite 216 | | Chicago | IL | 60642 | |
| Reeves Hardware Co | | 95 Bo Jones Street | | | Clayton | GA | 30525 | |
| Reeves International | | 14 Industrial Rd | | | Pequannock | NJ | 07440 | |
| Registrations By Design Inc. | | PO Box 1019 | | | Salem | VA | 24153 | |
| Republic Services | | 845 Burnett Rd | Lot 2 & 3 | | Chicopee | MA | 01020 | |
| Republic Services Inc. 956 | | PO Box 9001099 | | | Louisville | KY | 40290-1099 | |
| Revenue Assurance Partners | | PO Box 4883 | | | Covington | LA | 70434 | |
| Reynolds Enterprises of Broome Inc. DBA Binghamton Agway | Attn: Krystal App | 145 Broad Ave | | | Binghamton | NY | 13904 | |
| RF HW Lease-Cca | | | | | | | | |
| Rhino Seed & Landscaping Supply, LLC | c/o Harvey Babcock & Associates | Attn: Harvey K Babcock | 30445 Northwestern Hwy | #230 | Farmington Hills | MI | 48334 | |
| Rhino Seed and Turf Supply | | 850 North Old US 23 | | | Brighton | MI | 48114 | |
| Richardson Kontogouris Emerson LLP | | 2942 Columbia St | | | Torrance | CA | 90503 | |
| Richardson Kontogouris Emerson LLP | | 2942 Columbia St | | | Torrance | CA | 90503 | |
| Ricoh USA Inc. | | PO Box 827577 | | | Philadelphia | PA | 19182 | |
| Ringcentral Inc. | | 20 Davis Dr | | | Belmont | CA | 94002 | |
| Roanoke Gas | Attn: President, General, or Managing Agent | 519 Kimball Ave NE | | | Roanoke | VA | 24016 | |
| Roanoke Gas Company Corp | | PO Box 70848 | | | Charlotte | NC | 28272 | |
| Roanoke Valley Lawn Care LLC | | PO Box 543 | | | Blue Ridge | VA | 24064 | |
| Robert Allen Home & Garden | | 4240 Roger B Chaffee | | | Wyoming | MI | 49548 | |
| Rockbridge Farmers Coop | | 645 Waddell Street | | | Lexington | VA | 24450 | |
| Rocking R Division - Harrisonburg | | 1030 S High St P. O. Box 1109 | | | Harrisonburg | VA | 22803 | |
| Rockingham Coop Farm Bur G&I Acct | | 1044 S High Street | | | Harrisonburg | VA | | |
| Rockingham Coop Farm Bureau Inc. | | PO Box 161 | | | Troutville | VA | 24175 | |
| Rockingham Coop Waynesboro Store | | 1000 West Broad St | | | Waynesboro | VA | 22980 | |
| Rockingham Cooperative | | 107 Depot Street | | | Bridgewater | VA | 22812 | |
| Rockingham Cooperative | | 110 Wilson Ave | | | Monterey | VA | 24465 | |
| Rockingham Cooperative | | 135 West Spotswood Avenue | | | Elkton | VA | 22827 | |
| Rockingham Cooperative | | 335 W Spring St | | | Woodstock | VA | 22664 | |
| Rockingham Cooperative | | 368 5Th Avenue | | | Timberville | VA | 22853 | |
| Rockingham Cooperative - Harrisonburg | | 1044 S. High Street | | | Harrisonburg | VA | 22801 | |
| Rockingham Cooperative - Troutville | | 8649 Cloverdale Rd | | | Troutville | VA | 24175 | |
| Rockingham Cooperative - Wirtz | | 3220 Wirtz Rd | | | Wirtz | VA | 24184 | |
| Rockingham Cooperative Ace Hardware | | 2589 Stuarts Draft Hwy | | | Stuart Drafts | VA | 24477 | |
| Rockingham Cooperative Inc. - Strasburg | | 455 E King Street | | | Strasburg | VA | 22657 | |
| Rockingham Cooperative Verona Ace Hdwr | | 241 Lee Highway | | | Verona | VA | 24482 | |
| Rockingham Coopertive Stuarts Draft | | 2575 Stuarts Draft Hwy | | | Stuarts Draft | VA | 24477 | |
| Rocky Brands USS LLC | | 39 E Canal St | | | Nelsonville | OH | 45764 | |
| Ropam Enterprises Inc. | | PO Box 1141 | | | Salem | VA | 24153 | |
| Roto Salt Co Inc. | | 118 Monell St | | | Penn Yan | NY | 14527 | |
| Royal Oak Sales Inc. | | PO Box 116672 | | | Atlanta | GA | 30368-6672 | |
| Royal Pest Solutions Inc. | | 53 McCullough Dr | | | New Castle | DE | 19720 | |
| ROYAL WOOD SHAVINGS INC - CANADA | | 2327 BD DU VERSANT N #250 | | | QC, G1N 4C2 | | | |
| ROYAL WOOD SHAVINGS INC - RED OAK | | 2327 BD DU VERSANT N #250 | | | QC, G1N 4C2 | | | |
| Royal Wood Shavings Inc. | | 2327 Bd Du Versant N #250 | | | Quebec | QC | G1N 4C2 | Canada |
| Rubinbrown LLP | | 1200 Main St | Suite 1000 | | Kansas City | MO | 64105 | |
| Ruffin Farm Supply | | 11382 Bells Hwy | | | Ruffin | SC | 29475 | |


| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Rugg Mfg Co | | PO Box 142 | | | Leominster | MA | 01453-0142 | |
| RUGG MFG CO | | PO BOX 142 | | | LEOMINSTER | MA | 01453-0142 | |
| Rustys Feed & Seed Llc | | 505 Alabama Hwy 203 | | | Elba | AL | 36323 | |
| Ryder Transportation Svcs Inc. | | PO Box 96723 | | | Chicago | IL | 60693 | |
| S & J Ellis Farms Inc. | | 5949 St Rt 136 | | | West Union | OH | 45693 | |
| Safety Kleen Corp | | PO Box 382066 | | | Pittsburg | PA | 15250-8066 | |
| Safety Works Inc. | | PO Box 65060 | | | Baltimore | MD | 21264 | |
| Salesforce | | PO Box 203141 | | | Dallas | TX | 75320-3141 | |
| Sandy Fork Fertilizer | | 6142 Hwy 58 | | | Buffalo Junction | VA | 24529 | |
| Saunders Brothers Inc. | | 2717 Tye Brook Hwy | | | Piney River | VA | 22964 | |
| SCOTT PET PRODUCTS | | 1543 N US HIGHWAY 41 | | | ROCKVILLE | IN | 47872-7146 | |
| Scotts Company | | PO Box 93211 | | | Chicago | IL | 60673-3211 | |
| Scotwood Industries | | 211 Servistar Industrial Way | | | Westfield | MA | 01085 | |
| Scotwood Industries | | PO Box 959707 | | | Saint Louis | MO | 63195-9707 | |
| SEAY MILLING | | MAIN ST | | | DILLYN | VA | 23936-0000 | |
| Seay Milling & | | Main St | | | Dillwyn | VA | 23936 | |
| Segra | | PO Box 631139 | | | Cincinatti | OH | 45263-1139 | |
| Sergeants Pet Care Products LLC | | Dept 0383 | | | Dallas | TX | 75312-0383 | |
| Service Tool Co LLC | | PO Box 12240 | | | New Iberia | LA | 70562-2240 | |
| Service Tool Co LLC | Attn: Shawn Bourque Smith | 2501 S Lewis St | | | New Iberia | LA | 70560 | |
| Seymour Midwest LLC | Attn: Holly Schmucker | 2666 S Country Club Rd | | | Warsaw | IN | 46580 | |
| SGS North America Inc. | | PO Box 2502 | | | Carol Stream | IL | 60132-2502 | |
| Sherin And Lodgen LLP | | 101 Federal St | | | Boston | MA | 02110 | |
| Shulman Bastian Friedman & Bui LLP | | 100 Spectrum Center Dr | Suite 600 | | Irvine | CA | 92618 | |
| Siegels Covington Country Store Inc | | 242 E Broadway | | | Covington | OH | 45318 | |
| Skyline Services LLC | | 292 Lockhouse Rd | | | Westfield | MA | 01085 | |
| SL 323 Lockhouse Road LLC | | 195 Morristown Rd | | | Basking Ridge | NJ | 07920 | |
| Sl 323 Lockhouse Road LLC | Attn: Accounts Receivable | 195 Morristown Rd | | | Basking Ridge | NJ | 07920 | |
| SL 323 Lockhouse Road LLC | Attn: Legal Department | 195 Morristown Road | | | Basking Ridge | NJ | 07920 | |
| SMARTSCALE GALLAGHER | | PO Box 844366 | | | Kansas City | MO | 64168-0000 | |
| Smith Seed Services | | PO Box 288 | | | Halsey | OR | 97348 | |
| SMITTYS SUPPLY INC | | 63399 Highway 51 | | | Roseland | LA | 70456-0000 | |
| Solo Motors Inc. | | PO Box 79376 | | | Baltimore | MD | 21279-0376 | |
| Songbird Essentials LLC/Gold Crest Distributing | | PO Box 355 | | | Mexico | MO | 65265 | |
| SOUTHEAST SEED INC | | P O BOX 2728 | | | Hammond | LA | 70404-0000 | |
| Southeast Seed Inc. | | 9030 SE 70th Ave | | | Trenton | FL | 32693 | |
| Southeast Seed, Inc. | c/o The Griffis Law Firm LLC | Attn: Stanley H. Griffis, III | 13th SE 1st Ave | | Chiefland | FL | 32626 | |
| SOUTHEASTERN FREIGHT LINES INC | | | | | | | | |
| SOUTHEASTERN FREIGHT LINES INC [SEFL] | Attn: Joyce Blanton | PO Box 100104 | | | Columbia | SC | 29202 | |
| Southeastern Freight Lines, Inc. | | PO Box 100104 | | | Columbia | SC | 29202-3104 | |
| Southern Container Corp Of Wilson Inc. | | PO Box 216 | | | Wilson | NC | 27893 | |
| Southern Container Corp of Wilson, Inc. | William MJ Farris, Farris and Thomas Law | 104 Nash Street N | PO BOX 2848 | | Wilson | NC | 27894 | |
| Southern Outdoor Technologies Inc. | | PO Box 1135 | | | West Point | MS | 39773 | |
| Southern States Carroll County Cooperative, Inc. | Jeffrey Dean | PO Box 98 | | | Hillsville | VA | 24343 | |
| Southern States Carroll County Cooperative, Inc. | Trina Frazier | 6606 West Broad Street | | | Richmond | VA | 23230 | |
| SOUTHERN STATES CHATHAM COOP INC | | | | | | | | |
| Southern States Cooperative | | 6606 W. Broad Street | | | Richmond | VA | 23230 | |
| Southern States Cooperative Inc. | | 6606 W Broad St | | | Richmond | VA | 23230 | |
| Southern States Cooperative, Inc. | Attn: Tommy Didlake | 6606 West Broad Street | | | Richmond | VA | 23230 | |
| Southern States Cooperative, Inc. | c/o O'Neil, Cannon, Hollman, DeJong & Laing S.C. | Attn: Grant C. Killoran & Laura J. Lavey | 111 E Wisconsin Ave | Suite 1400 | Milwaukee | WI | 53202 | |
| Southern States Cooperative, Inc. | c/o Tommy Didlake, CFO | 6606 West Broad Street | | | Richmond | VA | 23230 | |
| Southern States Cooperative, Inc. | Tommy Didlake, CFO | 6606 West Broad Street | | | Richmond | VA | 23230 | |
| Southern States Mt Airy Coop #16243 | MELISSA KEITH | 1312 S MAIN STREET | #13 | | MT AIRY | MD | 21771 | |
| Spaulding Equipment Company | | 22950 Kings Highway | | | Randolph | VA | 23962 | |
| Spectrum Products Inc. | | PO Box 2075 | | | Wake Forest | NC | 27588 | |
| SPS Commerce, Inc. | | 333 South Seventh Street | Suite 1000 | | Minneapolis | MN | 55402 | |
| Statesville Service | | 3213 Taylorsville Rd | | | Statesville | NC | 28625-2966 | |
| Steel Tech Inc. | | PO Box 373 | | | Walhalla | ND | 58282 | |
| Stoltzfus Feed & Supply Inc. | | 80 Route 41 | | | Gap | PA | 17527 | |
| Suburban Propane LP | | PO Box 270 | | | Whippany | NJ | 07981 | |



| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Sue Martin Pallet | | 61 Fenton Rd | | | Monson | MA | 01057 | |
| Summit Handling Systems Inc. | | 11 Defco Park Rd | | | North Haven | CT | 06473 | |
| Sun Gro Horticulture | Attn: President, General, or Managing Agent | 28793 Network Place | | | Chicago | IL | 60673-1287 | |
| Sungro Horticulture Inc | | PO Box 714837 | | | Cincinnati | OH | 45271-4837 | |
| Sunshine Mills Inc. | Attn: President, General, or Managing Agent | 500 6th St SW | PO Box 676 | | Red Bay | AL | 35582 | |
| Sunshine Mills Inc. | Attn: President, General, or Managing Agent | PO Box 2153 | Dept 40311 | | Birmingham | AL | 35287 | |
| Sunshine Mills, Inc. | | 500 6th St. SW | | | Red Bay | AL | 35582 | |
| Superior Plus Energy Service Inc. | | PO Box 981045 | | | Boston | MA | 02298 | |
| Swan Products Inc. | | Dept #10369 | | | Chicago | IL | 60680-0618 | |
| T R Akridge & Son Inc | | 55 Wyatt St | | | Fredonia | KY | 42411 | |
| Tarantin Industries Inc. | | 86 Vanderveer Rd | | | Freehold | NJ | 07728 | |
| Tarheel Hardware | | 195 North Nc 41 | | | Beulaville | NC | 28518 | |
| Tarter Farm & Ranch Equipment | Attn: President, General, or Managing Agent | 10739 US-127 | | | Dunnville | KY | 42528 | |
| Tarter Farm & Ranch Equipment | Attn: President, General, or Managing Agent | PO Box 10 | | | Dunnville | KY | 42528 | |
| TBD | | | | | | | | |
| TCI Trucking & Warehousing | | PO Box 53721 | | | Lafayette | LA | 70505-3721 | |
| TechPac [Garden Tech] | Accounts Receivable | PO BOX 640822 | | | CINCINATTI | OH | 45264 | |
| Tejas Software Inc | | 6171 S Nome Ct | | | Englewood | CO | 80111-5855 | |
| Tenax Corporation | | 4800 E Monument St | | | Baltimore | MD | 21205 | |
| Tenax Corporation | Attn: Anna Zimmerman | 4800 East Monument Street | | | Baltimore | MD | 21205 | |
| TFH Publications Inc. | c/o Bank Of America | PO Box 427 | | | Neptune | NJ | 7754 | |
| The Gorman-Rupp Company [as Assignee of Tuthill Corp.-Fill Rite Division] | Attn: Brigette Burnell | 600 S Airport Blvd | | | Mansfield | OH | 44903 | |
| The Gorman-Rupp Company [as Assignee of Tuthill Corp.-Fill Rite Division] | c/o Squire Patton Boggs (US) LLP | Attn: Maura P. McIntyre | 1000 Key Tower | 127 Public Square | Cleveland | OH | 44114 | |
| The Imagine Group, LLC | Attn: Timothy J Bettenga | 1000 Valley Park Drive | | | Shakopee | MN | 55379 | |
| The Lester Group Inc | | 14 E Liberty St | | | Martinsville | VA | 24112 | |
| THE SCOTTS CO-MARYSVILLE OH | | 14110 Scottslawn Road | | | Marysville | OH | 43041-0000 | |
| The Scotts Co-Marysville Oh | | PO Box 93211 | | | Chicago | IL | 60673-3211 | |
| THE SCOTTS COMPANY-LEBANON CT | | 14110 Scottslawn Road | | | Marysville | OH | 43041-0000 | |
| The Sign Shop | | 215 E Main St | | | Westfield | MA | 01085 | |
| Therm-O-Rock Inc. | | PO Box 429 | | | New Eagle | PA | 15067 | |
| Timothy C. Kamyk, Personal Representative of the Estate of Kenneth Kamyk | c/o Sullivan Law & Associates | Attn: Richard P. Sullivan, Esq. | 4695 MacArthur Ct | Suite 450 | Newport Beach | CA | 92660 | |
| Tomahawk Transport Llc | | 255 Rockhouse Fork Rd | | | Salyersville | KY | 41465 | |
| Total Quality Logistics | | 4289 Ivy Pointe Blvd | | | Cincinnati | OH | 45245 | |
| Town N Country Farm & Pet Supply Llc | | 59 Hwy 212 West | | | Monticello | GA | 31064 | |
| TRC Master Fund LLC [as Assignee of Heath Mfg Company] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund LLC [as Assignee of North West Rubber Ltd] | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| TRC Master Fund, LLC | Attn: Terrel Ross | PO Box 633 | | | Woodmere | NY | 11598 | |
| Triest Irrigation | | PO Box 1147 | | | Darlington | SC | 29540 | |
| Trisurar Specialty Insurance Company (RT Specialty) | | 210 Park Ave | Suite 1300 | | Oklahoma City | OK | 73102-5639 | |
| Truck Shields LLC Dba Signature Products | | PO Box 150342 | | | Ogden | UT | 84415 | |
| Turf Center Inc | | 1409 Spencerville Rd | | | Spencerville | MD | 20868 | |
| Tuthill Corp - Fill Rite Division | | PO Box 75822 | | | Chicago | IL | 60675-5822 | |
| U.S. Customs and Border Protection | Attn: Revenue Division, Bankruptcy Team | 6650 Telecom Dr. | Suite 100 | | Indianapolis | IN | 46278 | |
| Union Corrugating Co Inc. | | Dept #5918 | | | Birmingham | AL | 35246-5918 | |
| Union Storage And Transfer Corp | | 4275 Main Ave | | | Fargo | ND | 58103 | |
| Unipet LLC | | PO Box 1386 | | | Greenville | SC | 29602 | |
| US Department of Labor - OSHA | | 1441 Main St | | | Springfield | MA | 01103-1493 | |
| USDA Agricultural Marketing Services | Attn: Basil Coale | 100 Riverside Pkwy | Suite 101 | | Fredericksburg | VA | 22406 | |
| Valley Boiler Inc. | | PO Box 564 | | | West Chester | PA | 19381-0564 | |
| Van Bloem Gardens | | PO Box 550 | | | Meridian | MS | 39302-0550 | |
| Vaporizer LLC | | PO Box 536192 | | | Pittsburg | PA | 15253-5903 | |
| Vaporizer LLC | | PO Box 536192 | | | Pittsburgh | PA | 15253-5903 | |
| Vaporizer LLC | Attn: President, General, or Managing Agent | 245 Main St | | | Moosup | CT | 6354 | |
| Vericore | | 10115 Kincey Ave | Suite 100 | | Huntsville | NC | 28078 | |



**Exhibit G**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | Address 3 | City | State | Zip | Country |
|------|-----------|-----------|-----------|-----------|------|-------|-----|---------|
| Veritiv | | PO Box 409884 | | | Atlanta | PA | 15264-4520 | |
| Verizon Wireless | | PO Box 25505 | | | Lehigh Valley | PA | 18002 | |
| Versailles Farm Home & Garden Llc | | 197B Frankfort St | | | Versailles | KY | 40383 | |
| Versapet Inc. | | 322 Horner Ave | Unit 2 | | Etobicoke | ON | M8W 11Z3 | Canada |
| Virginia Berry Farm | | Box 4 | | | Ruther Glen | VA | 22546 | |
| Virginia Diner | | 322 W Main St | | | Wakefield | VA | 23888-2940 | |
| Virginia Truck Center, Inc. dba Excel Truck Group | | 267 Lee Highway | | | Roanoke | VA | 24019 | |
| Vivid Life Sciences LLC | | PO Box 41632 | | | Minneapolis | MN | 55441 | |
| VSP Vision Care | Attn: Cha'ron Clark | 3333 Quality Dr | | | Rancho Cordova | CA | 95670 | |
| Walkwhiz LLC | | 1101 Wilson Blvd | | | Arlington | VA | 22209 | |
| Waynes Feed Store | | 869 Andrews Road | | | Murphy | NC | 28906 | |
| Waynes Forklift Service | | 10809 Slings Gap Rd | | | Bent Mountain | VA | 24059 | |
| WB Mason Company Inc. | | PO Box 981101 | | | Boston | MA | 02298-1101 | |
| WDG Holdings LLC | | PO Box 901 | | | Tupelo | MS | 38802 | |
| WEBER STEPHEN PRODUCTS CO-PALATINE | | PO BOX 388 | | | BURLINGTON | MA | 01803-0688 | |
| Weber Stephen Products Co-Palatine | | PO Box 96439 | | | Chicago | IL | 60693-6439 | |
| Webster Express | | PO Box 388 | | | Burlington | MA | 01803-0688 | |
| Werres Corp | | PO Box 759022 | | | Baltimore | MD | 21275-9022 | |
| Westchester Protective Gear | | PO Box 22231 | | | New York | NY | 10087 | |
| Western Virginia Water Authority | | PO Box 17381 | | | Baltimore | MD | 21297-1381 | |
| Western Virginia Water Authority | Attn: President, General, or Managing Agent | 12042 W Broad St | | | Richmond | VA | 23233 | |
| Westfield Gas & Electric | | PO Box 9189 | | | Chelsea | MA | 02150-9189 | |
| Westfield Gas & Electric | Attn: President, General, or Managing Agent | 100 Elm St | | | Westfield | MA | 01085 | |
| Westfield Water | Attn: President, General, or Managing Agent | 28 Sackett St | | | Westfield | MA | 01085 | |
| WET & FORGET Inc. | | 2521 Technology Drive Ste 209 | | | Elgin | IL | 60124-0000 | |
| Wet & Forget Inc. | | PO Box 5805 | | | Elgin | IL | 60121 | |
| White County Farmers Exchange | | 951 S Main St | | | Cleveland | GA | 30528 | |
| Whitetail Inst Of America | | Pradco Outdoor Brands | | | Birmingham | AL | 35242 | |
| WHITETAIL INST OF AMERICA | Attn: Greg Dryden | 5724 Hwy 280 East | | | Birmingham | AL | 35242-0000 | |
| Wholesome Pride Pet Treats | | 2160 N Fox Hollow Dr | Suite 7 | | Nixa | MO | 65714 | |
| WILLIAM BENEDICT INC | | 480 PURDY HILL RD | | | MONROE | CT | 06468-0000 | |
| William E. Fagaly & Son Inc. | | 6858 Hill Street | | | Miamitown | OH | 45041 | |
| William F Sullivan & Co Inc. | | 107 Appleton St | | | Holyoke | MA | 01040 | |
| William Sullivan | | 107 Appleton St | | | Holyoke | MA | 01040 | |
| Wolverine World Wide | | 25759 Network Pl | | | Chicago | IL | 60673 | |
| Wolverine World Wide, Inc. | | | | | | | | |
| WOODGRAIN MILLWORK, INC [Woodgrain Inc] | Attn: Deborah Gossard | 300 NW 16th ST | | | Fruitland | ID | 83619 | |
| Woodstream Corp | | 1985 Solutions Center | | | Chicago | IL | 60677-1009 | |
| YOST'S COUNTRY STORE | | 91 WELSH RD | | | SUGARLOAF | PA | 18249-0000 | |
| Zoetis US LLC | Attn: Stefan A. Chlapaty | 712 Kimberton Road | | | Chester Springs | PA | 19425 | |