**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AGWAY FARM & HOME SUPPLY, LLC,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 22-10602 (JKS)<br><br>**Re: Docket No. 819, 825** |

**NOTICE OF ENTRY OF ORDER CONFIRMING COMBINED DISCLOSURE STATEMENT AND JOINT PLAN OF LIQUIDATION OF AGWAY FARM & HOME SUPPLY, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE AND <u>OCCURRENCE OF EFFECTIVE DATE</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **A.**    **Confirmation of the Plan.**

On October 27, 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [Docket No. 825] (the "<u>Confirmation Order</u>")[2] confirming the *Joint Plan of Liquidation Proposed by the Debtor and the Official Committee of Unsecured Creditors* (collectively with all exhibits and supplements and any modifications or other amendments thereto, the "<u>Plan</u>") in the Chapter 11 case (the "<u>Chapter 11 Case</u>") of the above-captioned debtor (the "<u>Debtor</u>").

    **B.**    **Occurrence of the Effective Date, Appointment of the Plan Administrator and the Vesting of the Estate's Assets.**

    (i)    <u>Occurrence of the Effective Date</u>. The Plan became effective on November 30, 2023 (the "<u>Effective Date</u>").

    (ii)    <u>Appointment of the Plan Administrator</u>. Steven Balasiano has been appointed the Plan Administrator of the Plan.

As of the Effective Date, among other things, the Plan Administrator shall act for the Post-Effective Date Debtor in the same fiduciary capacity as applicable to a board of managers and officers, subject to the provisions of the Plan (and all certificates of formation, membership agreements, articles of incorporation or amendment bylaws, and related documents, as applicable, are deemed amended pursuant to the Plan to permit and authorize the same). On the Effective Date, the authority, power, and incumbency of the persons acting as managers and officers for the

---

[1] The last four digits of the Debtor's federal tax identification number are 1247. The Debtor's address is 6606 W. Broad Street, Richmond, VA 23230.

[2] Capitalized terms used but not defined in this Notice shall have the same meanings given to them in the Plan and the Confirmation Order.

Debtor shall be deemed to have resigned, and the Plan Administrator shall be appointed as the sole manager and sole officer for the Post-Effective Date Debtor. From and after the Effective Date, the Plan Administrator shall be the sole representative of and shall act for the Post-Effective Date Debtor. For the avoidance of doubt, the foregoing shall not limit the authority of the Plan Administrator to continue the employment of any former manager, director, or officer.

Among other things, the Plan Administrator shall be responsible for: (1) winding down the Debtor's business and affairs as expeditiously as reasonably possible and administering the liquidation of the Post-Effective Date Debtor after the Effective Date, (2) resolving any Disputed Claims, (3) paying Allowed Claims, (4) filing appropriate tax returns, (5) investigating and prosecuting any Causes of Action, and (6) administering the Plan. Without limiting the foregoing, the Plan Administrator shall be deemed to be substituted as the party-in-lieu of the Debtor in all matters, including (a) motions, contested matters, and adversary proceedings pending in the Bankruptcy Court, and (b) all matters pending in any courts, tribunals, forums, or administrative proceedings outside of the Bankruptcy Court, in each case without the need or requirement for the Plan Administrator to file motions or substitutions of parties or counsel in each such matter.

The Plan Administrator shall represent the Post-Effective Date Debtor and shall have the right to retain the services of attorneys, accountants, and other professionals that the Plan Administrator determines, in his sole discretion, are necessary to assist the Plan Administrator in performing his duties. The Plan Administrator shall pay the reasonable fees and expenses of such professionals upon the monthly submission of statements to the Plan Administrator. The payment of the reasonable fees and expenses of the Plan Administrator's retained professionals shall be made promptly and shall not be subject to the approval of the Bankruptcy Court.

(iii) <u>Vesting of the Estate's Assets</u>. Upon the Effective Date, title to all property of the Estate of the Debtor in the Chapter 11 Case shall vest in the Post-Effective Date Debtor and shall be retained by the Post-Effective Date Debtor for the purposes contemplated under the Plan. Without limiting the generality of the foregoing, all Causes of Action the Debtor holds or may hold against any Entity and all resulting recoveries shall vest in the Post-Effective Date Debtor upon the Effective Date and shall no longer constitute property of the Estate.

## C. Resolution of Disputed Claims.

Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Plan Administrator shall have the right to make, file, prosecute, settle, withdraw, or resolve objections to Claims. The costs of pursuing the objections to Claims shall be borne by the Post-Effective Date Debtor. From and after the Confirmation Date, all objections with respect to Disputed Claims shall be litigated to a Final Order except to the extent the Plan Administrator elects to withdraw any such objection, or the Plan Administrator and the Claimant elect to compromise, settle, or otherwise resolve any such objection, in which event they may settle, compromise, or otherwise resolve any Disputed Claim or Disputed Interest without approval of the Bankruptcy Court.

## D. Exculpation; Injunction and Releases.

The Plan includes the following Exculpation, Injunction, and Release provisions:

(i) <u>Exculpation.</u>

The Debtor, the Debtor's officers, directors and managers that served during the Chapter 11 Case, the Committee, the members of the Committee, and each of their respective professionals retained during the Chapter 11 Case, each solely in their capacities as such (collectively, the "<u>Exculpated Parties</u>"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the sale or other disposition of the Debtor's assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Combined Plan and Disclosure Statement, or any agreement created or entered into in connection with the Combined Plan and Disclosure Statement; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

(ii) <u>Injunction.</u>

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtor or the Estate that arose prior to the Effective Date are permanently enjoined from taking the following actions against the assets to be distributed under this Plan (the "<u>Plan Assets</u>") or with respect to or in connection with any Claim or Interests that have been released or exculpated under the Plan (each a "<u>Released Claim or Interest</u>"): (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Plan Administrator, with respect to the Plan Assets or any Released Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Plan Administrator, with respect to the Plan Assets or any Released Claim or Interest; and (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, with respect to the Plan Assets or any Released Claim or Interest. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Plan Administrator under the Plan.

(iii) <u>Releases</u>

Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor, the Estate, and each of the Debtor's successors, and

assigns, including any successor to the Debtor or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, including the Plan Administrator, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the managers and/or directors of the Debtor serving in such capacity(ies) on the Petition Date (the "Released Parties") from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability whatsoever (including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtor and the Estate), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, for any act or omission in connection with, relating to, or arising out of any transactions, relationships with, or management of the Debtor, the Chapter 11 Case, the negotiation, preparation, dissemination, solicitation, and filing of this Combined Plan and Disclosure Statement, the filing of the Chapter 11 Case, the settlement of Claims or renegotiation of Executory Contracts, the pursuit of confirmation of this Combined Plan and Disclosure Statement, the consummation of this Combined Plan and Disclosure Statement, or the administration of this Combined Plan and Disclosure Statement or the property to be distributed under this Combined Plan and Disclosure Statement, or upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including before the Petition Date) related or relating to the foregoing; provided, however, that the foregoing provisions shall not operate to waive or release any Claims or Causes of Action resulting from any act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence of any of the Released Parties. Nothing herein shall be construed as releasing any of the Released Parties from any obligations that they have under or in connection with this Combined Plan and Disclosure Statement or the transactions contemplated in this Combined Plan and Disclosure Statement. For the avoidance of doubt, nothing in this Section shall waive any claim or cause of action against any managers and/or directors that served prepetition but did not serve in that capacity as of the Petition Date, and all such claims and causes of actions are expressly preserved herein.

### E. Rejection of Executory Contracts and Unexpired Leases Not Assumed.

Except with respect to: (i) executory contracts or unexpired leases that were previously assumed or rejected by order of the Bankruptcy Court, and (ii) executory contracts or unexpired leases that are the subject of a pending motion to assume or reject, pursuant to Section 365 of the Bankruptcy Code, on the Effective Date, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code; *provided however,* that nothing in this Section shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtor and the Estate, the Debtor's officers, managers and directors and/or the Post-Effective Date Debtor or of any contract providing for the storage and preservation of any documents and electronically stored information of the Debtor, which contracts the Plan Administrator will continue to maintain in full force and effect until the later of further Order of the Bankruptcy Court entered after prior notice and opportunity for hearing to parties requesting notice pursuant Bankruptcy Rule 2002 or entry of a final decree closing the Chapter 11 case. The Debtor's rejection of the Southern States License Agreement with Southern States and all sub-licenses with its dealers and retailers (collectively, the "Trademark Agreements") shall also operate as a termination the Trademark Agreements; the Confirmation Order shall constitute an

order of the Bankruptcy Court approving such rejections and terminations; and after the 180-day inventory sell-off period allowed under the Trademark Agreements, sub-licensees shall not have the right to continued use of the trademarks owned by Southern States pursuant to Section 365(n) of the Bankruptcy Code or otherwise. Nothing in this Section shall be construed as an acknowledgement that a particular contract or agreement is executory or is properly characterized as a lease. The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date. The non-Debtor parties to any rejected personal property leases shall be responsible for taking all steps necessary to retrieve the personal property that is the subject of such executory contracts and leases, and neither the Debtor, the Post-Effective Date Debtor, nor the Plan Administrator shall bear any liability for costs associated with such matters.

      **F.**      **Bar Dates.**

      <u>Administrative Expense Bar Date</u>.  Any request for payment of an Administrative Claim arising on or after the Petition Date, through and including the Effective Date, must be filed no later than forty-five (45) days after the Effective Date, at 5:00 p.m. Eastern time.

      <u>Professional Compensation</u>. Each Professional requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code or required to file fee applications by order of the Bankruptcy Court for services rendered prior to the Effective Date must file and serve pursuant to the notice provisions of the Interim Fee Order, an application for allowance of final compensation and reimbursement of expenses in the Chapter 11 Case, for the period through the Effective Date, no later than forty-five (45) days after the Effective Date.

      <u>Rejection Claims.</u> All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to Confirmation of the Plan, if any, must be filed with the Claims Agent within thirty (30) days after the earlier of the Effective Date or an order of the Bankruptcy Court approving such rejection. Any Claim arising from the rejection of an executory contract or unexpired lease pursuant to Confirmation of the Plan that is not filed within such times will be subject to objection. All such Claims for which Proofs of Claim are timely and properly filed and ultimately Allowed will be treated as Unsecured Claims.

      Proofs of Claim arising from the rejection of executory contracts or unexpired leases should be filed so as to be <u>received</u> by the Claims Agent on or before the applicable Bar Date at the following address:

**If by mail**    Agway Farms Claims Processing
                  c/o Stretto
                  410 Exchange, Suite 100
                  Irvine, CA 92602

Additionally, Proofs of Claim may be delivered electronically using the interface available on the Claims Agent's website at https://cases.stretto.com/Agway/file-a-claim/.

**G.    Retention of Jurisdiction by Bankruptcy Court.**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retained jurisdiction over the Chapter 11 Case after the Effective Date to the fullest extent legally permissible, including, without limitation, with respect to all matters specified in Section 18 of the Plan.

**H.    Notice Parties' Service Addresses.**

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by nationally recognized overnight or next-day courier service, first-class mail, electronic mail, or via facsimile with electronic confirmation of receipt as follows:

(i)    <u>If to the Debtor (Counsel for Debtor)</u>:

Morris James LLP
Jeffrey R. Waxman (DE Bar No. 4152)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue; Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

and

Shulman Bastian Friedman & Bui LLP
Alan J. Friedman (CA Bar No. 132580)
Melissa Davis Lowe (CA Bar No. 245521)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
E-mail: afriedman@shulmanbastian.com
mlowe@shulmanbastian.com

(ii)    <u>If to the Committee (Counsel to the Committee)</u>:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel. 302-652-4100, Fax 302-652-4400
Attn: Bradford J. Sandler, Esq.
Paul J. Labov, Esq.

        Colin R. Robinson, Esq.
        bsandler@pszjlaw.com
        plabov@pszjlaw.com
        crobinson@pszjlaw.com

(iii)    <u>If to the Plan Administrator</u>:

        Steven Balasiano
        MHR Advisory Group, LLC
        Email: steven@balasianolaw.com

**I.**    **Copies of Confirmation Order.**

Copies of the Plan and the Confirmation Order and any pleadings filed in this Chapter 11 Case can be obtained for a fee via PACER at: http://www.deb.uscourts.gov or for free or by visiting the Debtor's website at https://cases.stretto.com/Agway.

Dated: November 30, 2023        **MORRIS JAMES LLP**

        */s/ Jeffrey R. Waxman*
        Jeffrey R. Waxman (DE Bar No. 4152)
        Brya M. Keilson (DE Bar No. 4643)
        500 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        Telephone: (302) 888-6800
        Facsimile: (302) 571-1750
        E-mail: jwaxman@morrisjames.com
        E-mail: bkeilson@morrisjames.com

        and

        **SHULMAN BASTIAN FRIEDMAN & BUI LLP**
        Alan J. Friedman (admitted *pro hac vice*)
        Melissa Davis Lowe (admitted *pro hac vice*)
        Max Casal (admitted *pro hac vice*)
        100 Spectrum Center Drive, Suite 600
        Irvine, CA 92618
        Telephone: (949) 340-3400
        Facsimile: (949) 340-3000
        E-mail: afriedman@shulmanbastian.com
        E-mail: mlowe@shulmanbastian.com
        E-mail: mcasal@shulmanbastian.com

        *Counsel to the Debtor*